**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JODI ROUVIERE and ANDRE ROUVIERE, her husband,<br><br>Plaintiffs,<br><br>v.<br><br>DEPUY ORTHOPAEDICS, INC. and HOWMEDICA OSTEONICS CORPORATION d/b/a STRYKER ORTHOPAEDICS,<br><br>Defendants. | Case No.: 1:18-cv-04814-AJN-SDA |

**STIPULATED PROTECTIVE ORDER RESTRICTING DISCLOSURE OF CONFIDENTIAL INFORMATION**

The undersigned parties hereby stipulate and agree that this Stipulated Protective Order shall govern the designated confidential documents and information exchanged during the course of the litigation of the above-captioned matter (hereinafter "Confidential Materials") by the parties: Pro se Plaintiffs Jodi Rouviere and Andre Rouviere ("Plaintiffs") and Defendants DePuy Orthopaedics, Inc. ("DePuy") and Howmedica Osteonics Corp. ("HOC"). The parties further stipulate and agree that the Confidential Materials subject to this Order shall be used solely for the purpose of this litigation.

Accordingly, it is this 8 day of May, 2019, ORDERED:

A. Designation of Discovery Materials as Confidential:

All designated documents and information produced during the course of this litigation, including production by way of discovery responses and deposition procedures, shall be subject to this Order concerning confidential information, as set forth below:

(1) The designation of confidential information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word "CONFIDENTIAL." One who provides material may designate as confidential only when such person in good faith believes it contains sensitive personal information, trade secrets or other

confidential research, development, or commercial information. Except for documents produced for inspection at the party's facilities, the designation of confidential information shall be made prior to, or contemporaneously with, the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

(2) Portions of depositions of a party or a party's present and former officers, directors, employees, agents, experts, and representatives shall be deemed confidential only if they are designated when the deposition is taken or within thirty days after receipt of the transcript. Any testimony that describes a document which has been designated as "CONFIDENTIAL," as described above, shall also be designated as "CONFIDENTIAL." Any deposition exhibits that have been marked "CONFIDENTIAL" shall be treated as "CONFIDENTIAL" documents under the terms of this Order and shall not be annexed to the deposition transcript as exhibits thereto unless the transcript is marked accordingly to maintain the confidentiality of the documents.

(3) Information or documents designated as confidential under this Order shall not be used or disclosed by the parties or counsel for the Defendants or any persons identified in subparagraph (4) below for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

(4) The parties and counsel for the Defendants shall not disclose or permit the disclosure of any documents or information designated as confidential under this Order to any other person or entity, except that disclosures may be made as follows:

(a) Pro se Plaintiffs Jodi Rouviere and Andre Rouviere, and Attorneys of record for the Defendants to this action, including the partners and associates of any law firm appearing in this action on behalf of Defendants;

(b) Employees of any law firm appearing for Defendants in this action, including paralegals and secretaries who are actively engaged in assisting counsel in this litigation;

(c) Independent scientific, non-legal, experts or consultants actually retained by any party specifically for purposes of assisting the party and/or the party's counsel in the preparation and presentation of the claims or defenses in this case. However, in the event a receiving party wishes to make disclosure of Confidential Materials to an expert/consultant who happens to also be a current employee, officer, director or consultant of any competitors of the Defendants, or to any expert/consultant who, at the time of disclosure, is anticipated to become an employee, officer, director or consultant of any competitor of the Defendants, irrespective of whether the individual is actually retained as an expert/consultant for Plaintiffs, the parties shall meet and confer to determine a method to address such request *prior to* disclosure. A "competitor," for purposes of this provision, shall be defined as any medical device designer, manufacturer or seller of artificial joint implants. However, DePuy and HOC shall not disclose the other's confidential documents to experts or consultants without express written consent of the other Defendant. In the event DePuy or HOC wish to make such a disclosure, they shall meet and confer;

(d) Any person who has prepared or assisted in the preparation of any particular document produced by the parties. Only the particular confidential document may be disclosed to the person under this sub-section;

(e) The author of any such document and/or the person or persons to whom the documents were addressed or delivered. Only the particular confidential document may be disclosed to the persons under this sub-section;

(f) In-house counsel of Defendants, other members of Defendants' in-house legal departments, members of the litigation control group of the Defendants with respect to this matter;

(g) Confidential records produced by Plaintiffs may be made to other employees or agents of the Defendants, if necessary for purposes of defending this action. However, outside counsel for DePuy and HOC shall not disclose the other's confidential documents to employees or agents other than those set forth in subparagraph (4)(f) without express written consent of the other Defendant. In the event DePuy or HOC wish to make such a disclosure, they shall meet and confer; and

(h) Court reporters and deponents, if the deponent was the author or recipient of the confidential document; or others present at trial or depositions held in this matter with the consent of counsel for the designating party or by further Order of the Court.

(5) Except as provided in subparagraph (4) above, Plaintiffs pro se and counsel for the Defendants shall keep all documents designated as confidential, which are received under this Order, secure within their exclusive possession and shall take reasonable efforts to place such documents in a secure area.

(6) All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential under this Order, or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear. The parties shall make reasonable efforts to limit the number of copies of any Confidential documents to only those necessary for the prosecution or defense of the claims in this action.

(7) Any person furnished with any Confidential Materials produced during this litigation pursuant to ¶ 4, above, shall be advised of the fact that these materials are deemed to be "CONFIDENTIAL" and are the subject of this Order. Also, with regard to the persons referenced in ¶ 4(c) above, any such persons furnished with a copy of any Confidential Materials shall first be given a copy of the Order and must, prior to reviewing any Confidential Materials which have been produced pursuant to this Stipulated Protective Order, sign a written acknowledgment (in the form annexed hereto as Exhibit A) indicating that he/she has read this

Stipulated Protective Order and agrees to be bound by its terms. Pro se Plaintiffs and counsel for the Defendants shall maintain any and all such written acknowledgments, along with a complete list of any and all persons who have been shown, reviewed or received "CONFIDENTIAL" documents or other Confidential Materials. The list shall be made available for inspection in the event that inspection is so ordered by the Court.

B. Dispute Regarding Designation:

If any party objects to the designation of a document as "CONFIDENTIAL," such party shall advise the designating party by written objection within sixty (60) days of receipt. If no objection is received within sixty (60) days then any objection to the designation is waived. If timely objection to the designation is made then within sixty (60) days after receipt of such document, the party who designated the document as "CONFIDENTIAL" shall set forth in writing the basis for the designation. If the objecting party continues to dispute the designation, the objecting party shall so state in a letter to the designating party. The designating party shall bear the burden of applying to the Court for the entry of an appropriate Order within forty-five (45) days of receipt of the letter setting forth the continued objection to the designation by the objecting party. All documents designated "CONFIDENTIAL" shall remain so designated unless: (1) they are declassified by counsel for the designating party, (2) more than sixty (60) days have elapsed after receipt of a continuing objection and the producing party fails to file a motion with the Court, or (3) an Order of the Court declassifies the document(s) or extends the time periods herein.

C. Return of Documents:

Upon completion of this litigation, each of the parties to this Action shall certify that the files containing Confidential Materials have been destroyed or returned to the producing party's counsel, or to Plaintiffs pro se, as applicable, including any such materials provided to all persons identified in ¶ 4 above. The parties reserve the right to request that the designated documents be returned rather than destroyed. The Clerk of the Court may return to counsel for

the parties, or Plaintiffs pro se, as applicable, or destroy any sealed material at the end of the litigation.

D. Documents Filed With The Court:

(1) All Confidential Materials that are filed by any party with the Court shall be filed in a sealed envelope bearing the caption of this action and containing the following notice: "CONFIDENTIAL, SEALED BY STIPULATION AND PROTECTIVE ORDER." or filed using any specific procedures set forth by the Court to maintain the confidentiality of the documents. These documents shall only be made available for inspection by the Court or other appropriate persons pursuant to the terms of this Protective Order.

(2) Oral argument on any motion in which reference is anticipated to be made to Confidential Materials shall be scheduled with the intent of minimizing disclosure to the extent possible, but no counsel for any party shall be deemed in violation of this Stipulation and Protective Order for disclosure of any Confidential Materials during oral argument.

E. Objections To Production of Documents:

No party shall be deemed by the entry of this Stipulated Protective Order to have waived any objection to the production of any discovery materials on any grounds or to have waived any other right, defense or objection that may otherwise be interposed in this action.

F. Inadvertent Production:

In the event a document is produced inadvertently that is considered by the producing party to be privileged or confidential, in whole or in part, such document may be retrieved by that party upon written notice to the receiving party that the producing party claims the document to be privileged or confidential, in whole or in part. After service of such notice of inadvertent production, the party receiving such document can challenge the propriety of the designation of privilege or confidentiality, but must treat the produced document as a confidential document until such challenge is resolved by Court Order or otherwise. The receiving party must return

any such inadvertently produced document to the producing party for proper designation within seven (7) days of such notice. Failure to return all copies of any such inadvertently produced privileged or confidential documents precludes the use of such documents for purposes of this specific litigation as well as for any other purposes, and precludes the receiving party from challenging the propriety of the designation of privilege or confidentiality.

G. Subpoena Requesting Production:

The parties consent that in the event a party to this action is served with a subpoena for the production of any document covered by this Stipulated Protective Order, the subpoenaed Party shall:

(1) not produce any documents covered by this Consent Protective Order unless the Order has been lifted; and

(2) serve upon the subpoenaing party, with a copy to all counsel of record in the above-captioned litigation, objections to the production of documents covered by this Stipulated Protective Order based upon the Order, and attach a copy of this Order to the objection.

H. Amendments to Protective Order:

Nothing in this Stipulated Protective Order shall be deemed to prevent any party from seeking amendments hereto in order to: (1) restrict the right of access and/or further utilize the documents covered hereunder and/or the information referred to therein; (2) allow access to persons not included within the terms of this Stipulated Protective Order; or (3) for any other reason.

I. Trial:

The issue of disclosure or non-disclosure of Confidential Materials or testimony at trial shall be resolved by further stipulation among and between the parties and/or by further Order of the Court.

J. Documents Produced by Party:

Nothing herein shall be deemed to restrict in any manner the use by the parties of their own documents or materials.

K. Amendment by Court Order:

The terms of this Stipulated Protective Order are subject to further Order of the Court.

The terms and form of this Stipulated Protective Order are hereby consented to:

Jodi Rouviere
Plaintiff *pro se*
4070 Laguna Street
Coral Gables, FL 33146

Joseph Eaton, Esq.
BARNES & THORNBURG, LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
Tel: (317) 231-7705
Fax: (317) 231-7433
Joe.eaton@btlaw.com

*Attorneys for Defendant DePuy Orthopaedics, Inc.*

Andre Rouviere
Plaintiff *pro se*
4070 Laguna Street
Coral Gables, FL 33146

Paul E. Asfendis, Esq.
GIBBONS P.C.
One Pennsylvania Plaza, 37th Floor
New York, New York 10019-3701
Tel: (212) 613-2000
Fax: (212) 554-9650
pasfendis@gibbonslaw.com

*Attorneys for Defendant Howmedica Osteonics Corp.*

So Ordered:

HON. STEWART D. AARON

**EXHIBIT A**

## CONFIDENTIALITY ATTESTATION

I hereby attest to my understanding that information and/or documents designated "CONFIDENTIAL" may be provided to me pursuant to the terms, conditions and restrictions of a Stipulated Protective Order signed by the parties to the action captioned *Jodi Rouviere and Andre Rouviere v. DePuy Orthopaedic, Inc. and Howmedica Osteonics Corp.*, Case No. 1:18-cv-04814-AJN-SDA; I have been given a copy of the Stipulated Protective Order and have had its meaning and effect explained to me by the attorneys providing me with such information and documents; and I hereby agree to be bound by its terms.

I further agree that I shall not disclose to others, except in accordance with the Order, such information or documents, and that such information or documents shall be used only for the purpose of the legal proceeding in which the documents were produced.

I further agree and attest to my understanding that my obligation to honor the confidentiality of such information or documents will continue even after the termination of this legal proceeding.

I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Order, I may be subject to sanctions, including, but not limited to, contempt of court.

______________________________