UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.: 1:18- cv- 4814-AJN

JODI ROUVIERE, Individually and
ANDRE ROUVIERE, her husband, Individually,

    Plaintiff

v.

DEPUY ORTHOPAEDICS, INC.,
DEPUY PRODUCTS, INC.,
DEPUY INTERNATIONAL, LIMITED,
JOHNSON & JOHNSON, INC.,
and JOHNSON & JOHNSON SERVICES, INC.,
and STRYKER CORPORATION,
STRYKER SALES CORPORATION, and
HOWMEDICA OSTEONICS CORPORATION,
d/b/a STRYKER ORTHOPAEDICS

    Defendants

_____/

# PLAINTIFFS' MOTION FOR ENTRY OF AN ORDER TO GOVERN PROCEDURE AND PROTOCOL OF EXPLANT INSPECTIONS AND PLAINTIFFS' RESPONSE TO DEFENDANT, HOWMEDICA OSTEONICS CORP, LETTER TO THE COURT OF AUGUST 15, 2019

Plaintiffs, Jodi Rouviere and Andre Rouviere, pro se, hereby file this, Plaintiffs Motion for Entry of An Order to Govern Procedure and Protocol of Explant Inspection and Plaintiffs' Response to Defendant, Howmedica Osteonics Corp. ("HOC") Letter to the Court of August 15, 2019 and states:

1.     On August 15, 2019, the Defendants have directly corresponded with this honorable Court, off the record and ex parte. While we understand that the local rules may permit such communications, Plaintiffs are unsure how to respond. Accordingly, Plaintiffs file the instant Motion and Response to Defendant's letter, and shows unto the Court the following:

2.     The issue that has been addressed by these Plaintiffs over the past month, and regarding which Plaintiffs file this Motion is simply as follows:

a) Defendants advised Plaintiffs that they wanted to inspect the explanted materials.

b) At that time, Plaintiffs were in possession of the explanted materials.

c) Plaintiffs' agreed to Defendants' proposed protocol for the non-destructive examination of Explanted Product, attached as exhibit "A".

d) Thereafter, on July 10, 2019, Plaintiffs personally wrapped, packaged and sealed the explanted components (6 components, placed with cups and liners together, reducing to 3 separately wrapped pieces in the package). Andre Rouviere's assistant affixed the FedEx shipping label supplied by the Depuy lawyer, and delivered it to FedEx.

e) On July 12, 2019, Defendant Depuy's attorney sent Plaintiffs an email stating that he personally received the package and that he had opened the packaging and removed the explant components. Of concern, the Depuy

lawyer intimated that there may be some damage or spoliation as a result of the purported packaging by Plaintiffs.

> *"The explants were not bubble wrapped individually as instructed so you could hear them "jingling" before the box was opened."*

f) At that point, Plaintiffs were concerned for the safety and protection of the explanted components because Defendant, Depuy, has already breached their requested stipulated procedures and protocols for non-destructive inspection in several respects, jeopardizing the safety and integrity of the evidence, including:

 1) The lawyers should not have received the package, but once received, they should never have opened the package!

   i. The package was never supposed to go to Depuy's lawyers, but directly to Depuy Orthopaedics and then to Materials Research Laboratory of Depuy. It is possible that the Depuy's Lawyer provided a shipping label addressed to himself was a mistake.

   ii. But when the Depuy lawyers actually received the package of explanted components upon their desk, the Depuy lawyers deliberately determined to open the package with evidence. There is no plausible purpose or excuse for Depuy's

lawyers to unpack and access the explant evidence in this case, voluntarily presenting themselves as the eyewitness and the "accuser".

    iii.    Depuy's conduct in opening this package of evidence is extremely inappropriate and should be sanctioned.

2) Once the Depuy lawyers determined to open the package, the Depuy lawyers did not document and record the unpackaging process adequately or competently, and in direct violation of the stipulated specific procedures and protocols.

    i. Per Stipulation (Exhibit "A" at paragraphs 2 & 3):

> "Prior to decontamination (Step 5), **photograph the <u>unopened</u> package to document its exact condition as-received**. This photography is conducted in the Macro-Photography Laboratory using a Nikon D3 or F3 35mm camera.
>
> Similarly, **photograph <u>each step</u> of the un-packaging procedure to document its condition**. Additional photos may be taken....
>
> Once component(s) are **completely unpackaged, photographs will be taken of the component(s) to document their condition...**"

    ii.    Depuy lawyers, however produced 8 photographs (attached). There is no photograph of the "unopened package";

there are 3 photographs of the purported unpackaging and unwrapping of the 3 individually wrapped and packaged components; and 3 extremely marginal photographs documenting the condition of the components <u>after</u> unpackaging.

3. Notably, the Plaintiffs' focus on the protocol was to insure that there would be no destructive testing. Plaintiffs did not even consider the possibility that there would be issues with the packaging and delivery. This was language that was proposed and included by the Defendants, apparently from previous protocols ordered by other courts.

4. But the fact is, Defendants received the Plaintiffs' explanted components, shook the unopened box, then opened the package and removed the explanted components, violating the acknowledged and agreed protocol, which effectively spoiled or destroyed evidence of the truth regarding the cause and Defendants' participation in any potential spoliation. As a result, all we have to rely upon now is the Defendants' lawyers' stories.

5. Plaintiffs would be extremely prejudiced by any spoliation of this evidence. Plaintiffs have absolutely no motive nor benefit from creating issues regarding shipment of this critical evidence. Defendants' assertion

that Plaintiffs would be so incompetent or such buffoons to sabotage their own evidence is not plausible, and impossible to prove without the photographs and documentation Defendants lawyers conveniently decided to destroy.

6. Plaintiffs' issue can and should be easily resolved upon written motions and entry of appropriate order, without expensive and inconvenient hearings or conferences.

7. At this point, Plaintiffs do not know whether there is any actual spoliation by Defendant's antics and presume that any contact that may have occurred upon unpackaging the evidence would not rise to the level of impacting the evidentiary value (spoliation), but Plaintiffs are concerned about making sure the process is governed by this Court moving forward to protect and preserve the evidence. Accordingly, Plaintiffs move for entry of an Order preserving the present condition of the explanted components and mandating a protocol for the non-destructive testing (proposed Order attached as Exhibit "B"), and for sanctions against Depuy lawyers for their deliberate breach of the stipulation on the inspection protocol.

**PLAINTIFFS' RESPONSE TO LETTER OF AUGUST 15, 2019, WHICH HOC LAWYERS SENT TO THIS COURT:**

8. The only current issue raised by the Defendants is the packaging and delivery of the explanted components from the Plaintiffs to Defendants, and particularly Depuy.

9. The History of the Issue: On July 12, 2019, Defendant, HOC forced everything on hold, delaying and manipulating Plaintiffs for over two (2) weeks, and causing unnecessary time and expense. First it was the Depuy lawyers exclaiming that the explanted components were "improperly packaged". After balking a couple weeks, Defendants agreed to review plaintiff's proposed order on inspection protocol and has finally provided its proposed revision. And then on July 29, 2019 the HOC lawyer takes over and says his client has not agreed to Depuy's revision, delaying matters further. Conspicuously, the Depuy lawyers have not been heard from since.

10. Plaintiffs finally advised HOC lawyers that Plaintiffs would file a Motion on Friday, August 16, 2019 to bring this issue before the Court, and urged their agreement. The day before the deadline, Defendant HOC lawyer writes a letter to the Judge (attached as Exhibit "C").

11. Defendant HOC's "requests" in its letter to the Judge:

a) The Plaintiffs have not produced photographs of the packaging process.

   i. This informal demand was first made on July 16, 2019, and is not the subject of formal discovery. However, at this time Plaintiffs photographs of the packaging process are work product and are not relevant (at least not until a spoliation issue exists, which would be Defendants' burden). There exists no prejudice to the Defendants, because they are perfectly aware of its condition was upon delivery/receipt. (Note, Defendants have photographs of the condition of the explants prior to delivery). However, there is prejudice to Plaintiffs in terms of time, expenses, frustration.

l) "HOC requested supplementation of Ms. Rouviere's interrogatory... It is unknown to HOC whether Plaintiffs have sent the explants to other experts."

   i. There is nothing that needs to be updated. This is a subterfuge for work product, and just another side-show, without substance.

m) "A draft proposal [for an Order on inspection protocol] has been circulated, but HOC believes that it would be premature to enter into a protocol for inspection of the explants until Ms. Rouviere has provided the chain of custody discovery requested above."

      i. The Defendants' refusal to discuss entry of an Order on the protocol for inspection of the explanted components unless and until Plaintiffs provide responses to Defendants' informal, improper and irrelevant requests is not in good faith and is simply gamesmanship. This is not a request, its HOC's unreasonable refusal to respond to the instant issue in good faith, and HOC's unrelated quid pro quo demand.

n) "HOC requests that the Court schedule a conference to discuss these issues";

      i. The issues proposed do not support or justify the Court's time (or Plaintiffs), and would be more effectively and efficiently resolved through motion practice.

o) In addition, HOC would like to discuss another issue regarding Plaintiffs, Jodi and Andre Rouviere's respective roles and activities in prosecuting this action in light of Mr. Rouviere's status.

      i. This is gobbledygook and fails to apprise Plaintiffs (or the Court) of what this issue might be.

12. Finally, Plaintiffs respectfully request this Court's understanding and consent to limit any and all future communications by or between the Plaintiffs and counsel for Defendants Depuy and HOC, to be in writing, only (other than while attending Court conferences, hearings, depositions or trial and on the record, or during mediation).

WHEREFORE, the Plaintiffs, Jodi Rouviere and Andre Rouviere, respectfully move this Court for entry of an Order to Preserve Evidence, and Establish Appropriate Guidelines for Evidence Handling during Non-Destructive Inspections in this matter; Denying Defendant, HOC's Letter Motion; for time and costs expended on this frivolous and contrived issue; and for sanctions against Depuy's lawyers for deliberate and self-serving violation of its agreed protocol to commence this wild goose chase, and sanctions against HOC lawyers for complicity in this deception and refusing to confer in good faith.

WE HEREBY certify that a true and correct copy was electronically forwarded to: Joe Eaton, Barnes &Thornberg, LLP 11 South Meridian Street, Indianapolis, Indiana 46204; Joe.Eaton@Btlaw.com  James Francis Murdica, Barnes & Thornburg LLP, 43 West 43rd Street, Suite 175, New York, NY, US 10036, jfmurdica@pbwt.com and Paul E. Asfendis , Gibbons P.C., One Pennsylvania Plaza, 37th Floor New York, NY 10119-3701, pasfendis@gibbonslaw.com this 20th day of August 2019.

By: _____  By: _____
Jodi L. Rouviere                     Andre A. Rouviere
4070 Laguna Street                   4070 Laguna Street
Coral Gables, Florida 33146          Coral Gables, Florida 33146
Tel: (305)774-7000                   Tel: (305)774-7000
Email: erd@att.net                   Email: erd@att.net