**CONTRACT FOR PAYMENTS RELATED TO ATTORNEY SERVICES**
**PROVIDED TO INDIGENT DEFENDANTS**
**(HEREINAFTER REGISTRY CONTRACT) (Fiscal Year 2019-2020)**

This Registry Contract entered into by and between the Justice Administrative Commission, a Commission of the State of Florida (JAC), and _____
ANDRE ROUVIERE

an attorney (Attorney), and _____
a legal entity (if applicable) (Legal Entity). For purposes of this Registry Contract, Attorney means any individual attorney or legal entity, such as a law firm or partnership registered with the Florida Department of State, approved pursuant to s. 27.40, F.S., to provide legal services for indigent persons. For compensation and tax reporting purposes, payments pursuant to this Registry Contract shall be made payable only to the holder of the tax identification number designated at the end of this Registry Contract. Unless a waiver is granted by JAC Attorney is required to utilize a Federal Employer Identification Number (FEIN). If Attorney is permitted to use a Social Security Number, Attorney assumes the risks associated with such use including, but not limited to, interception, misuse, and identity theft. Payment by JAC under this Registry Contract may only be made to Attorney or the Legal Entity. The obligations of this Registry Contract apply equally to Attorney and Legal Entity. Any breach of a provision of this Registry Contract by Attorney under the authority or supervision of Legal Entity shall also constitute a breach of this Registry Contract by Legal Entity. If Legal Entity is the party approved pursuant to s. 27.40, F.S., to be appointed to cases, this Registry Contract is the basis under which the services of Attorney shall be provided.

This Registry Contract applies to all appointments made pursuant to s. 27.40, F.S., including appointments made pursuant to a registry implemented under s. 27.40(3), F.S., and off-registry appointments made pursuant to s. 27.40(7)(a), F.S.

In consideration of the mutual covenants and provisions contained herein, the parties agree as follows:

This Registry Contract supersedes and terminates all prior Agreements or Contracts for Payments Related to Attorney Services between Attorney and JAC for court appointments pursuant to s. 27.40, F.S.

I.     TERM

The term of this Registry Contract shall be for a period beginning on the date of execution by JAC through June 30, 2020, unless suspended or terminated sooner as provided herein. If it becomes necessary to replace this Registry Contract with another Registry Contract, then the new Registry Contract shall supersede and terminate this Registry Contract.

Eff. 7/1/05 - Rev. 5/21/19.                                    Terminates June 30, 2020

II.    SERVICES

1.    Attorney contracts with JAC to provide legal services for indigent person(s) constitutionally or statutorily entitled to the appointment of counsel for the categories of cases as provided by the Florida Statutes and the General Appropriations Act.  JAC shall not provide compensation for any category of case not listed in the Florida Statutes and the General Appropriations Act.  Attorney shall not seek compensation or reimbursement by JAC for fees, costs, or related expenses except for those categories of cases specifically delineated in the Florida Statutes and the General Appropriations Act.  The indigent person(s) is deemed to be the client (Client) of Attorney or Legal Entity appointed by the court.

2.    Attorney shall personally perform the legal services required for the case.  Attorney shall at all times comply with all requirements of the Florida Statutes, the Rules of Professional Conduct, the Rules Regulating The Florida Bar, and the practice and procedures of courts within the Circuit.  Attorney may not reassign or subcontract any appointed case or portion thereof to another attorney or bill for work performed by another attorney.  This limitation on subcontracting, reassigning, or billing shall include associates or partners of Attorney's law firm regardless of whether the associate or partner is on the registry.  Attorney affirmatively waives the right to seek compensation for work performed by any other attorney.  Attorney shall not bill for work performed by a paralegal, secretary (or other similar clerical office support), legal assistant, administrative assistant, or any other employee of Attorney's law practice.  Attorney shall not bill for clerical or secretarial work, or work of a similar nature, performed by Attorney.  Attorney shall not bill for overhead expenses either directly or indirectly through a due process provider. Overhead expenses include, but are not limited to, expenses associated with postage, courier services, internal or in-house copying, telephone charges including long distance and collect calls, and computerized research services such as Westlaw and Lexis/Nexis. Attorney shall not bill for purchase of computer equipment including portable flash and hard drives and other storage media, portable devices such as MP3 players, office equipment, office supplies, legal materials, books, personal items, haircuts, manicures, or other such personal services for the client.  Attorney may only be compensated for services reasonably necessary for defense of the case.

3.    Attorney shall provide to Client all professional legal services reasonably required related to pending matters from the time of appointment through conclusion.  When appropriate, Attorney agrees to file a notice of appeal and to take such other action as may be required to protect the Client's interests in accordance with Florida's Rules of Procedure.

4.    Attorney shall provide competent representation to the Client.

5.    As soon as feasible following appointment, Attorney shall open an appointed case either by using the new case opening system available through *My JAC* (JAC's secure website) or by submitting the order of appointment and other case opening documents to the email address designated for that purpose, currently pleadings@justiceadmin.org.

Eff. 7/1/05 - Rev. 5/21/19.                                        Terminates June 30, 2020

Attorney shall open the case prior to submission of any motion or intended billing for attorney's fees, due process costs, or related expenses and within ninety (90) days following the date of appointment.  When opening the case, Attorney shall provide JAC a copy of the Court's order of appointment that clearly indicates the name of the judge, the style of the case, and the case number.  It is Attorney's sole responsibility to obtain and provide an order of appointment within the time frames specified in this subsection.  In criminal cases, Attorney shall provide JAC a copy of the charging document and any sentence-enhancing document with the order of appointment.  If a charging document is never filed, the Attorney shall provide a copy of the face-sheet of the docket or other court document which delineates the charges against the defendant.  In civil cases other than those brought under Ch. 39 or Ch. 63, F.S., the Attorney shall provide a copy of the pleading that initiated the case.  Attorney shall indicate on orders appointing Legal Entity the name and The Florida Bar number of the attorney assigned to the case. The timely opening of cases and submission of orders of appointment is essential and critical to this Registry Contract.  If Attorney fails to open the case and provide JAC with the order of appointment within the time frames specified by this subsection, the allowable attorney's fees may be reduced by $25 as an administrative processing fee.  This fee shall not apply if the attorney's fees are subject to a penalty for untimely billing under the terms of this Registry Contract.

6.      Attorney or Attorney's firm shall own, possess, or have routine access to a computer, portable drive(s) (or other storage media capable of receiving electronic discovery), a printer, and a scanner.  Attorney shall have internet access and an email account capable of receiving correspondence from JAC.

7.      JAC provides a secure website, *My JAC,* through which Attorney and any authorized representative(s) may track billings, open new cases, submit billings, and execute contracts with JAC.  Attorney is responsible for registering an account on *My JAC*.  Attorney will only allow persons authorized by Attorney to have access to the Attorney's *My JAC* account.  Attorney is liable for the actions of any authorized persons as if Attorney had performed the action personally including, but not limited to, submitting or signing documents on behalf of Attorney.  Attorney has the sole responsibility for taking action necessary to maintain security of Attorney's *My JAC* account including, but not limited to, changing passwords for the account if an authorized person leaves Attorney's employ.  For security purposes, Attorney grants JAC the authority to collect client internet protocol (IP) addresses and browser information when Attorney logs onto *My JAC*.

8.      Attorney shall submit any billing for payment of attorney fees and/or reimbursement of due process costs and related expenses through the Online Billing Submission system located on *My JAC*.  Attorney shall use a unique invoice number for each billing submitted to JAC.  Attorney shall approve or reject any billing for due process services submitted by a due process vendor through *My JAC* as soon as feasible, generally no more than 10 business days after notification that a due process vendor has submitted a billing.

III.    COMPENSATION

1.      Attorney shall be paid in accordance with the schedule of fees prescribed by the Florida Statutes and the General Appropriations Act in effect at the time of Attorney's date of appointment.  For appointments prior to July 1, 2007, the rates established by the local Article V Indigent Services Committee will apply to the extent those rates are or remain consistent with Florida law.  Attorney agrees and acknowledges that the compensation to be paid pursuant to this Registry Contract shall be the sole, exclusive, and full compensation to which Attorney shall be entitled for cases Attorney is appointed to pursuant to this Registry Contract.

2.      For the cases compensated on a flat fee basis, if Attorney withdraws or discharges prior to the full performance of his or her duties through the completion of the case, the court shall presume that the attorney is not entitled to the payment of the full flat fee.

3.      Overpayments by JAC of attorney fees, costs, or related expenses are subject to full recovery by JAC.  The method of recovery is at the discretion of JAC and may include, but not be limited to, offsets against future payments, direct reimbursement of overpayment to JAC by Attorney, or any other remedies available to a creditor by law.

4.      Except as provided in this Registry Contract, Attorney agrees to complete all cases assigned to Attorney, even though completion of the case may occur beyond the term of this Registry Contract.  Compensation for cases that remain open beyond this Registry Contract shall be subject to this Registry Contract unless superseded by another Registry Contract.  At the time of entry of judgment or sentencing in each case appointed under this Registry Contract, Attorney shall be prepared to make a good faith estimate of the total amount of fees, costs, and related expenses as may be needed to protect the State's interest in recovery of costs under s. 938.29, or s. 985.203, F.S.

5.      The State of Florida and JAC's performance and obligation to pay under this Registry Contract are contingent upon an annual appropriation by the Legislature.  JAC's performance under this Registry Contract is also contingent upon compliance by Attorney with JAC's Policies and Procedures for Court-Appointed Counsel (JAC Policies and Procedures).

6.      For any case with a date of appointment on or after July 1, 2007, the procedures set forth in s. 27.5304(12), F.S., constitute the sole method by which Attorney can seek compensation in excess of the flat fee authorized by the Florida Statutes and the General Appropriations Act or the statutory caps.  For cases with a date of appointment prior to July 1, 2007, Attorney acknowledges and accepts that JAC has the right to an evidentiary hearing for any case in which Attorney seeks to exceed statutory limitations.

7.      Attorney and/or Legal Entity shall designate who shall receive payment from JAC under this Registry Contract.  Payment by JAC under this Registry Contract may only be made to Attorney or Legal Entity.  Attorney and Legal Entity shall hold JAC harmless from any and all liability which might arise from any dispute or litigation as a result of a payment

by JAC.  This sub-paragraph does not authorize Legal Entity to assign work on the case to any other attorney other than an attorney who has entered into this Registry Contract.

8.      For appointments on or after July 1, 2007, if Attorney intends to seek compensation in excess of the flat fee set forth in the General Appropriations Act, Attorney agrees not to seek compensation at an hourly rate in excess of the hourly rates set forth in s. 27.5304(12), F.S.  For purposes of hourly billing, a capital (death) case is any offense for which the potential sentence is death, the state has filed a notice containing a list of the aggravating factors the state intends to prove, the state has not waived seeking the death penalty at the time the Attorney is appointed to represent the Defendant, and the Attorney is eligible and qualified to accept appointment to death penalty cases.  If Attorney is not on the registry for death penalty cases, the appointment shall be deemed as a capital (non-death) appointment unless the order of appointment specifically indicates that Attorney is qualified to accept appointment to death penalty cases.

9.      For appointments on or after July 1, 2007, the flat fee for capital (death) cases including capital appeals only applies to any offense for which the potential sentence is or remains death, the state has filed a notice containing a list of the aggravating factors the state intends to prove, and the state has not waived seeking the death penalty at the time the Attorney is appointed to represent the Defendant. In order to receive the flat fee for a capital case, Attorney must be eligible and qualified to accept appointment to death penalty cases.  If a capital case appointment does not meet these criteria, then the case is considered capital (non-death) appointment or felony appeal for billing purposes.  If Attorney is not on the registry for death penalty cases, the appointment shall be deemed as a capital (non-death) appointment unless the order of appointment specifically indicates that Attorney is qualified to accept appointment to death penalty cases.

10.     For appointments on or after July 1, 2014, the flat fees in the General Appropriations Act for RICO cases apply when the Defendant is charged with an offense under the Florida RICO (Racketeer Influenced and Corrupt Organization) Act (Ch. 895, F.S.).  The applicable flat fee will be based on the highest offense for which the Defendant is charged in the information or indictment even if that charge is not a RICO offense.

11.     For cases billed on a flat fee basis, Attorney authorizes JAC to correct the billing to comport with the flat fee established in the General Appropriations Act.  Attorney agrees to hold JAC harmless for any correction to adjust the billing to comport with the flat fee established under the General Appropriations Act.  Any billing seeking extraordinary compensation must be submitted using the proper forms for an extraordinary billing as set forth in JAC Policies and Procedures.

12.     If Attorney has accrued more than $25,000 in unbilled attorney fees on a case, Attorney should submit an interim billing to JAC, unless Attorney reasonably anticipates the case will reach final disposition within six months.

IV.     DUE PROCESS COSTS

1.      Attorney acknowledges and agrees that due process costs are the sole responsibility of Attorney.  JAC is not privy to any agreement or contract between Attorney and due process providers and in no way accepts responsibility or liability for quality of service, terms and conditions, or any other aspects of any agreement or contract between Attorney and due process providers.

2.      Pursuant to ss. 27.425 and 27.5305, F.S., the rates for due process services are established annually in the General Appropriations Act.  To the extent that there are no rates adopted by the General Appropriations Act for a type of service in a particular judicial circuit, JAC may adopt maximum rates which will be posted on the JAC website.  For purposes of this Registry Contract, the phrase "Established Rates" is defined as the rates established annually in the General Appropriations Act and the rates established by JAC where there are no rates established by the General Appropriations Act.  The Established Rates are subject to change and may be amended from time to time during the course of this Registry Contract.  It is Attorney's responsibility to remain informed of changes and amendments to the Established Rates.  The Established Rates shall be posted on JAC's website at https://www.justiceadmin.org/court_app_counsel/formsandrates.aspx#rates.

3.      JAC, as a courtesy to Attorney and at the sole discretion of JAC, may make payment directly to due process providers that have executed a due process contract with JAC.  Payment by JAC directly or by reimbursement to Attorney for due process services shall only be made if the billing procedures and rates sought are in compliance with Florida Statutes, applicable court Administrative Orders, and JAC Policies and Procedures.  If Attorney engages a due process vendor at rates in excess of the Established Rates, or in excess of higher rates specifically authorized by written court order, Attorney shall be responsible for the difference between the applicable Established Rates or rates authorized by court order, and the rates billed by the vendor.  JAC is entitled to notice and an opportunity to be heard prior to any court authorizing rates higher than the Established Rates.

4.      Attorney agrees that if a due process vendor or other entity providing services to the defense does not have a contract with JAC or is unwilling to bill JAC directly, then Attorney shall pay the vendor or other entity and seek reimbursement from JAC as provided herein.  Although a contract is generally not required for other state entities, a state entity must be willing to bill JAC directly in order for JAC to make direct payment to the state entity.

5.      Attorney agrees to supply JAC with all necessary documentation required under this Registry Contract and JAC Policies and Procedures for JAC to process for payment any direct billings from due process providers.  Attorney agrees to respond to any billing audit deficiency related to a due process provider billing within thirty (30) days of receipt of a billing audit deficiency.  The failure to provide necessary documentation required for payment of due process providers may result in JAC withdrawing the privilege of JAC making direct payment to due process providers.  If Attorney or a due process provider

fails to respond to a billing audit deficiency or fails to provide necessary documentation within a reasonable period of time, then JAC may take appropriate action including, but not limited to, rejecting the bill for payment, issuing a letter of objection to payment, or paying the amount authorized pursuant to the Established Rates or applicable court order.

6.      Except when prior court approval is not required pursuant to the express terms of the Florida Statutes, the General Appropriations Act, or JAC Policies and Procedures, a motion for due process costs must be served upon JAC prior to a court entering an order authorizing or otherwise approving due process costs.   Attorney agrees and acknowledges that the existence of an administrative order or local rules authorizing costs without prior court approval does not relieve Attorney from filing a motion seeking prior approval or authorization for due process costs.   JAC is entitled to at least five (5) business days' notice of any hearing set on a motion for due process costs.   JAC's failure to respond to a motion for due process costs shall not be deemed a waiver of JAC's right to be heard regarding the authorization for due process costs.   Attorney shall not seek to obtain a court order prior to obtaining a response from JAC.   If Attorney obtains an order in violation of this subparagraph, Attorney agrees not to contest any motion to vacate filed by JAC.

7.      JAC shall have standing to contest the authorization for any due process costs and the amount of said due process costs.   Attorney shall have the burden to establish that the due process costs are reasonable and necessary to the defense of the case.

8.      Any order authorizing the procurement of due process services must list the service(s) to be provided, the compensation rates for the due process providers where the rates sought exceed the Established Rates, and a maximum amount authorized for each service.   A maximum amount authorized is not necessary for orders authorizing transcripts.   Any order not containing this information is not sufficient for payment purposes.

9.      A motion seeking authorization or additional funds for a private investigator, interpreter, mitigation specialist, or an expert shall set forth the particularized need for the requested services based on the circumstances of the case.   Attorney is responsible for tracking the amounts incurred by a private investigator, interpreter, mitigation specialist, or an expert and filing an appropriate motion for additional funds before the exhaustion of the prior order(s) authorizing due process services.

10.     Attorney acknowledges that any private investigator retained to provide services in Florida must be licensed pursuant to Florida law.   JAC is not authorized to pay for any private investigator services provided in Florida by a person not properly licensed pursuant to Florida law.

11.     Attorney agrees that the role of a private investigator is limited to providing investigative services such as locating and interviewing witnesses; locating and securing documents and other evidence relevant to the case; performing background checks; and researching any other factual issues relevant to the case such as credibility and character

Eff. 7/1/05 - Rev. 5/21/19.                                          Terminates June 30, 2020

of witnesses. Where private service of process is authorized, an investigator can also serve subpoenas on ordinary, non-law enforcement witnesses; however, the investigator can only bill the flat rates applicable for private service of process regardless of the amount of time spent serving the subpoena. Attorney agrees investigator is not a substitute for a paralegal or secretary and cannot be used to perform administrative tasks including, but not limited to, retrieving discovery from the state attorney; copying documents from a court file; delivering materials to the defendant; or any other tasks of a paralegal or secretarial nature. If multiple investigators are employed on a case, only one investigator should be assigned or compensated for any particular task. Also, JAC shall only compensate a single investigator for attendance at meetings with Attorney or other members of the defense team regardless of the number of investigators that attend the meeting. JAC will not pay for any time related to training investigators or investigator interns. If an investigator accepts cases for a circuit outside the location of the investigator's office, the investigator cannot seek reimbursement for travel time, mileage, lodging, or any other travel expenses to travel to the circuit of the case absent specific authorization from the Court. A private investigator providing services on a case shall not provide expert or mitigation specialist services on the same case.

12.    Service of process upon witnesses should be through the sheriff unless the sheriff is unable or unavailable to provide service of process. Under s. 57.081, F.S., the sheriff is available to provide service of process without prepayment in cases involving indigent persons. Attorney specifically agrees that the sheriff must be used to serve in-county law enforcement absent exceptional circumstances. In order to use a private process server to serve in-county law enforcement officers, Attorney must file with service upon JAC a motion setting forth the exceptional circumstances requiring use of a private process server.

13.    Pursuant to s. 28.345, F.S., Attorney is exempt from all court-related fees and charges assessed by the clerks of the circuit courts and the clerks of court shall provide without charge to Attorney as private court-appointed counsel access to and a copy of a public record. As delineated in s. 57.081 F.S., an indigent person shall receive the services of the courts, sheriffs, and clerks, with respect to pending proceedings, despite his or her present inability to pay for these services including filing fees; service of process; certified copies of orders or final judgments; a single photocopy of any court pleading, record, or instrument filed with the clerk; examining fees; mediation services and fees; subpoena fees and services; service charges for collecting and disbursing funds; and any other cost or service arising out of pending litigation. Attorney is responsible for ensuring compliance with the terms of ss. 28.345 and 57.081, F.S., including, but not limited to, (1) providing necessary documentation to the clerk of court or sheriff and (2) filing appropriate motions with the trial court to obtain such services pursuant to the exemption or without prepayment. JAC shall not reimburse Attorney, either directly or indirectly through a due process provider, for charges paid to the court, the sheriff, or the clerk of court, in relation to services for which Attorney was statutorily exempt pursuant to s. 28.345, F.S., or the indigent client was entitled to receive without prepayment pursuant to s. 57.081, F.S.

14.     If Attorney intends to procure due process services at rates higher than the Established Rates, Attorney must file a written motion setting forth the basis for the higher rate with service upon JAC.  Attorney has the burden to establish that the particular due process service is necessary to the defense of the case, and that Attorney made a diligent effort to find the service within the Established Rates.  A prior authorization for a higher rate for the same or similar services in an unrelated proceeding shall not relieve Attorney from diligent efforts in the case at issue.  In order to obtain reimbursement, the order must contain a finding that the due process service is necessary to the defense of the case, and that Attorney made a diligent effort to find the service within the Established Rates.  Diligent effort includes, but is not limited to, evidence that Attorney sought the services of at least three providers willing to work on the case but none were willing to work within the Established Rates.  Absent an order expressly authorizing a rate in excess of the Established Rates, JAC will only pay or reimburse for due process services at the Established Rates.  If Attorney procures services at a higher rate, Attorney is solely responsible for paying the difference.

15.     Attorney shall not seek authorization from the court for out-of-state experts or mitigation specialists, absent a showing that there are no such providers with appropriate skills or expertise available, first, in the county in which the case was filed and, second, in any other county in the State of Florida.  If Attorney obtains an out-of-state due process provider without making such a showing, Attorney agrees not to request reimbursement for any travel expenses including compensation for travel time on behalf of the due process provider.  An order authorizing the employment must be in writing and contain specific findings regarding the unavailability of a qualified in-state expert or mitigation specialist.  Attorney shall submit a copy of the order to JAC.

16.     For interpreting services, JAC is responsible for services provided outside the court such as depositions and witness interviews.  JAC is not responsible for payment of interpreting services provided in court or at other judicial proceedings such as grand jury proceedings and proceedings before a general magistrate.

17.     JAC shall only pay for actual services provided by due process providers that are reasonably necessary for the defense of the case.  JAC has no responsibility for and will not pay for any cancellation fees or loss of business charges.

18.     JAC shall not prepay or provide a retainer for due process services.  Attorney shall not seek to have JAC prepay or provide a retainer for due process services.  If a due process provider requires prepayment or a retainer, Attorney shall pay the amount and seek reimbursement only after the due process provider has completed the services for which the prepayment or retainer was paid.  Attorney shall only be reimbursed the amount necessary to compensate the due process provider at the appropriate hourly rate irrespective of the amount of the retainer.

19.     JAC will not pay for any transcript that is not authorized by court order.  The court order must be attached to the bill for said transcripts.  Attorney must provide the court reporter with a copy of the order of appointment and the order authorizing the transcript.

Absent exigent circumstances, Attorney shall not seek approval for transcription of a deposition or hearing before the deposition or hearing has occurred.  In determining the number of pages to be billed, JAC will pay for a title page; index, appearance and/or contents page(s); the transcription of the testimony of the proceeding or deposition; one errata sheet for a deponent or witness; and necessary court reporter certification page(s) at the conclusion of the transcript.  JAC will not pay for any pages containing word indexes, summaries, or similar information unless specifically required by court rule.  All transcripts must comply with the minimum formatting requirements set forth in Florida Rule of Judicial Administration 2.535(f).

20.     JAC may pay for the cost of preparing a transcript of a deposition only if Attorney secures an order from the court finding that preparation of the transcript is necessary, in which case JAC may pay for one original and one copy only.  The order should reflect the name of each witness and date of the deposition to be transcribed.

21.     JAC may pay for the cost of one original transcript of any deposition, hearing, or other proceeding.  Any other payment for a transcript of that same deposition, hearing, or other proceeding, regardless of whether the transcript is an additional original transcript or a copy, shall be at the rate paid for a copy of a transcript.  This subparagraph applies regardless of which state agency or other person or entity pays for the first original transcript.  JAC pays rates for regular delivery (10 business days) unless Attorney has filed a motion justifying expedited rates and the court has entered an order authorizing expedited rates.

22.     Attorney shall reimburse JAC for any costs such as an interest charge, loss of prompt payment discount, or other costs or expenses to JAC due to delay in payment of a due process invoice attributable to Attorney's error or omission.  Attorney shall attempt to resolve any dispute between Attorney and any due process providers without JAC intervention.

23.     For capital cases in which State has not waived the death penalty, as soon as practicable after appointment, defense counsel shall set a hearing for the trial court to determine a reasonable budget for due process costs with notice to JAC of said hearing. This budget shall be based on the circumstances of the case, the amount needed to provide the defendant with the basic tools of defense as mandated by due process concerns under the state and federal constitutions, the amount appropriated for due process costs in the General Appropriations Act, and the amount the Office of the Public Defender for the applicable circuit expends for similar capital cases.  Attorney shall make diligent efforts to remain within this budget.  Prior to authorizing expenditures in excess of this budget, Attorney will set the matter for hearing with notice to JAC.  The provisions of this sub-paragraph are in addition to the other requirements for due process services set forth in this Registry Contract.

24.     Attorney shall not obtain due process services for his or her court-appointed clients from a due process provider or other business entity of which Attorney or Attorney's spouse or child is an officer, partner, director, or proprietor or in which Attorney or

Attorney's spouse or child, or any combination of them, has a material interest in any form whatsoever.  Attorney shall also not obtain due process services for court-appointed clients from a due process provider or other business entity with whom Attorney shares any form of financial interest including, but not limited to, joint ownership of property. Attorney shall not solicit or accept anything of value to Attorney, including a gift, loan, reward, promise of future employment, favor, or service, from a due process provider or other business entity who provides due process services to Attorney's court-appointed clients.

25.    Signing the Invoice/Voucher Cover for a due process provider is not a ministerial act.  By signing the Invoice/Voucher Cover, Attorney is certifying that the services provided by the due process provider were satisfactorily performed and were necessary. Attorney is solely responsible for verifying the services listed on the JAC Invoice/Voucher Cover are an accurate representation of the due process services received by Attorney. If Attorney knew or should have known that the information contained on an Invoice/Voucher Cover was inaccurate at the time the Attorney executed the Invoice/Voucher Cover and this results in an overpayment to the due process provider, Attorney is jointly liable with the due process provider for any recoupment of the overpayment by JAC as provided herein.

## V.    ATTORNEY QUALIFICATIONS

1.    Attorney represents that he or she is a member in good standing of The Florida Bar and meets at least the minimum experience and continuing education requirements as established pursuant to s. 27.40, F.S.

2.    Attorney shall notify JAC and the Chief Judge of each circuit in which Attorney participates in a court-appointed registry of any disciplinary action against Attorney or Legal Entity where probable cause has been found.  Attorney shall notify JAC and the Chief Judge of all appointed cases in which there is a judicial finding that Attorney provided ineffective assistance of counsel.

## VI.    LICENSES/FLORIDA BAR MEMBERSHIP

It shall be the sole responsibility of Attorney to comply with all applicable federal, state, county, and municipal statutes, ordinances, rules, and regulations in the performance of Attorney's obligations under this Registry Contract.  Attorney shall, throughout the term of this Registry Contract, be a member in good standing with The Florida Bar.

## VII.    INDEPENDENT CONTRACTOR

The parties agree that this Registry Contract does not create the relationship of attorney and client between Attorney and JAC.  This Registry Contract is not intended to, and shall not be construed to, create the relationship of agent, servant, employee, partnership, joint venture, or association between JAC and Attorney.  Attorney is, and shall at all times be deemed, an independent contractor and shall be wholly responsible for the manner in which Attorney performs the services required by the terms of this Registry Contract.

Attorney exclusively assumes responsibility for the acts of Attorney's employees, agents, subcontractors, and all others acting at the direction of, or on behalf of, Attorney as they relate to the services to be provided under this Registry Contract.  Attorney and Attorney's agents and employees shall not be entitled to any rights or privileges of employees of the State of Florida including, but not limited to, compensation insurance, malpractice insurance, and unemployment insurance, as a result of this Registry Contract.

VIII.   NO ASSIGNMENT

Attorney shall not delegate or assign this Registry Contract or compensation owed to Attorney under this Registry Contract.  Attorney shall not assign or delegate any duties or work to another attorney unless that attorney is also appointed to that case.  Attorney shall not bill for services rendered by another attorney and affirmatively waives the right to seek compensation for work performed by any other attorney.

IX.   NO PROHIBITION ON PRIVATE PRACTICE

Nothing in this Registry Contract shall preclude Attorney from representing privately retained clients provided that no private case shall be accepted that is likely to cause a conflict of interest with a case appointed to Attorney under this Registry Contract.

X.   BILLING REQUIREMENTS FOR REIMBURSEMENT OF ATTORNEY'S FEES, COSTS, AND RELATED EXPENSES

1.   Attorney shall submit to JAC all bills for attorney's fees, due process costs, or related expenses within ninety (90) days after final disposition of the case.  The filing of an appeal does not stay the time for submitting a bill relating to representation at the lower court level even if Attorney is appointed to represent the Client on appeal.  For any bill submitted to JAC more than ninety (90) days after final disposition, in accordance with s. 27.5304, F.S., the allowable attorney's fees, due process costs, or related expenses shall be reduced by fifteen (15) percent. The reduction is a contractual penalty for failing to submit a bill in a timely fashion as required by s. 27.5304, F.S.  A bill shall not be deemed submitted to JAC until all of the documents required under JAC Policies and Procedures have been received by JAC.  For cases that reached final disposition prior to May 24, 2007, May 24, 2007 shall be deemed to be the date of final disposition for purposes of this sub-paragraph.

2.   For cases for which disposition occurs on or after July 1, 2010, and where any bill is submitted to JAC more than one (1) year after final disposition, in accordance with s. 27.5304, F.S., the allowable attorney's fees, due process costs, or related expenses shall be reduced by fifty (50) percent.  The reduction is a contractual penalty for failing to submit a bill in a timely fashion as required by s. 27.5304, F.S.  A bill shall not be deemed submitted to JAC until all of the documents required under JAC Policies and Procedures have been received by JAC.

3.   For cases for which disposition occurs on or after July 1, 2010, and where any bill is submitted to JAC more than two (2) years after final disposition, in accordance with s.

Eff. 7/1/05 - Rev. 5/21/19.                         Terminates June 30, 2020

27.5304, F.S., the allowable attorney's fees, due process costs, or related expenses shall be reduced by seventy-five (75) percent.  The reduction is a contractual penalty for failing to submit a bill in a timely fashion as required by s. 27.5304, F.S.  A bill shall not be deemed submitted to JAC until all of the documents required under JAC Policies and Procedures have been received by JAC.

4.      For purposes of this Registry Contract, the term "disposition" means:

    a.      At the trial court level, that the court has entered a final appealable judgment, unless rendition of judgment is stayed by the filing of a timely motion for rehearing.  The filing of a notice of appeal does not stay the time for submission of an intended billing; and

    b.      At the appellate court level, that the court has issued its mandate.

5.      Attorney shall comply with all the requirements of this Registry Contract, Florida Statutes, JAC Policies and Procedures, Administrative Orders, and applicable court orders. Attorney shall submit requests for compensation on applicable JAC forms to obtain compensation for services rendered pursuant to this Registry Contract.   JAC Policies and Procedures are incorporated into this Registry Contract by reference and can be found on JAC's website at https://www.justiceadmin.org/court_app_counsel/index.aspx.      JAC Policies and Procedures may be amended from time to time during the course of this Registry Contract.  It is Attorney's sole responsibility to remain informed of changes and updates to JAC Policies and Procedures.

6.      If Legal Entity is appointed to a case and Attorney is assigned to the case, invoices presented by Legal Entity shall be certified by Attorney.  The Attorney assigned to the case shall execute a contract with JAC.  Attorney shall bill for all cases under one tax identification number.  Attorney shall execute a new contract if Attorney changes tax identification number or moves to a new firm.  Any sharing of compensation with prior firms or future firms is the responsibility of Attorney and Legal Entity.

7.      Attorney invoices for fees, costs, or related expenses shall be supported by documentation that includes, but is not limited to, the Order of Appointment, the charging document or other initial pleading, and the disposition documents.  For appeals, Attorney shall supply a paper or electronic copy of the briefs filed by Attorney in the case.

8.      For appointments prior to July 1, 2007, in cases for which hourly billing is authorized, Attorney shall also provide an hourly statement that comports with the requirements set forth in JAC Policies and Procedures.  Attorney shall only bill in hours and tenths of hours and services shall be listed in chronological order beginning with the date of Attorney's appointment to the case.  Attorney shall provide detailed description for each service or activity listed on the invoice, including, but not limited to, the date of service, the increment of time associated with the service or activity, the identification of documents and materials, the number of pages, and the names of deponents and

witnesses interviewed, as applicable.  If the reported activity involves more than one assigned case, Attorney's time shall be divided, as appropriate, among the cases even if one or more of said cases is subject to a flat fee.  In no event may Attorney's time exceed the total actual clock time required for the reported activity.  Attorney shall also provide a copy of the Court's progress docket.  Attorney shall not bill for services in a single entry across multiple dates.

9.     When seeking compensation on an hourly basis, administrative activities do not constitute services for which Attorney may seek compensation.  For purposes of this Registry Contract, administrative activities include, but are not limited to, the following:

   a.     Services performed by support staff, paralegals, law clerks, and secretaries.

   b.     Time related to or in furtherance of billing or time related to defending a disputed bill.

   c.     Time spent reviewing invoices of due process providers.

   d.     Time spent preparing motions for attorney's fees and costs, due process costs, and/or related expenses, and time spent in hearing on said motions.

   e.     Time spent on activities not reasonably related to the merits of the underlying case including time spent preparing and reviewing routine pleadings and documents (such as notices of hearings and depositions, notices of unavailability, subpoenas, and returns of service); calendaring hearings and setting depositions; and providing instructions to staff.

   f.     Time spent on office or administrative functions including secretarial and administrative work performed by any person, including Attorney.

   g.     Time spent defending against a bar complaint, 3.850 motion, or other grievance filed by the client.

   h.     Time spent on any other activity not reasonably related to the defense of the case.

   i.     Time spent on correspondence with JAC and conversations with JAC personnel.

Attorney agrees not to seek hourly compensation for any such services including, but not limited to, the services listed above.

10.     If Attorney provides services related to more than one case, Attorney shall apportion the time spent among all the cases to which the services related regardless of how the cases are billed.  If Attorney is in court on multiple cases, the time spent shall be apportioned among all the cases regardless of the manner in which the cases are billed.

Attorney shall not bill all the time to a single case on an hourly basis and then seek flat fee compensation on the other cases.

11.     If Attorney has been appointed to more than one case for the same defendant within a thirty (30) day period or more than one case for the same defendant reaches final disposition within a thirty (30) day period, Attorney shall bill simultaneously for all cases appointed to that defendant.  For purposes of the contractual penalties for untimely billing, the date of final disposition shall be the date the last case reaches final disposition. Attorney shall not seek to bill one or more of the cases on a flat fee basis while seeking unusual and extraordinary compensation as to other cases appointed to the same defendant.   Attorney must either bill all cases on a flat fee basis or submit a single intended billing for all cases seeking unusual and extraordinary compensation.  If Attorney bills one or more of the cases on a flat fee basis and subsequently bills another case on an hourly basis, Attorney shall offset the prior flat fee payments from the amount sought in the hourly billing.

12.     Attorney shall not seek a court order for payment nor accept payment for a billing before JAC has completed review of a properly presented invoice.  The JAC billing audit deficiency is an instrument used to convey that a billing is deficient and does not serve as JAC's Letter of Objection or No Objection to any billing submitted by Attorney.  Attorney shall not file a motion for compensation based upon a billing audit deficiency. Attorney shall not file a motion for attorney's fees, costs, and/or related expenses until Attorney receives a Letter of Objection or No Objection from JAC.  A copy of the Letter of Objection or No Objection must be attached to the motion.  If Attorney obtains an order in violation of this subparagraph, Attorney agrees not to contest any motion to vacate filed by JAC. Attorney will not seek to enforce or otherwise compel performance by JAC of an order obtained in violation of this subparagraph.

13.     In capital or other cases where court-appointed lead counsel and a co-counsel have been appointed, JAC will review all attorney invoices for fees, costs or related expenses simultaneously.   It shall be the lead and co-counsel's responsibility to coordinate the submission of their bills.  Attorney agrees not to set a motion for hearing until JAC has received and reviewed billings from both attorneys.

14.     Attorney shall not seek compensation or reimbursement by JAC for fees, costs or related expenses associated with the defense of a bar grievance, nor shall Attorney seek a court order for payment or accept payment for such fees, costs, or related expenses.

15.     Except for witness fees authorized by law, Attorney shall not seek compensation or reimbursement by JAC for fees, costs, or related expenses associated with being called as a witness in any proceeding related to his or her services under this Registry Contract including, but not limited to, motions for post-conviction relief.

16.     Attorney shall provide JAC with a minimum of five (5) business days' notice of any hearing on a motion relating to attorney's fees, costs, or related expenses except for a

motion seeking compensation in excess of the flat fee which requires a minimum of 20 days' notice.

17.     Attorney agrees to not object or otherwise contest any request by JAC to appear telephonically at any hearing or other judicial proceeding related to attorney's fees, due process costs or related expenses including any evidentiary hearing on a motion seeking fees or costs in excess of the flat fee or statutory limitations.

18.     Attorney shall maintain appropriate documentation, including a contemporaneous, current, and detailed hourly accounting of time spent representing the Client. If Attorney fails to maintain such contemporaneous and detailed hourly records, Attorney waives the right to seek compensation in excess of the flat fee established in s. 27.5304, F.S., and the General Appropriations Act.  These records and documents are subject to review by JAC, subject to the attorney/client privilege and work product privilege.  Attorney shall maintain the records and documents in a manner that enables the attorney to redact information subject to a privilege in order to facilitate and not impede JAC's review of the records and documents.  A finding by JAC that Attorney waives the right to seek compensation in excess of the flat fee established in s. 27.5304, F.S., and the General Appropriations Act, for failing to maintain detailed and contemporaneous records or for failing to allow JAC to inspect those records shall be presumed to be valid, unless a court concludes that JAC's finding is not supported by competent and substantial evidence.

19.     Attorney shall be familiar with the statutory and contractual requirements for submission of billings to JAC.  It is Attorney's responsibility to verify that all necessary documentation required for payment of a billing is submitted to JAC prior to or with the initial submission of a billing.  Attorney is also responsible for verifying that the case has reached a billable stage and submitting the billing in an amount consistent with contractual and statutory requirements.  Repeated failures to submit billings that comport with statutory and contractual requirements constitute good cause for JAC to terminate this Registry Contract.

20.     Any letter of objection or no objection, or audit deficiency notice shall expire one year from the date of issuance.  If Attorney or due process provider fails to act on the letter or notice within one year of issuance, then the billing shall be deemed abandoned without further notice.

XI.     ADDITIONAL   BILLING   REQUIREMENTS   WHEN   ATTORNEY   SEEKS
        COMPENSATION IN EXCESS OF THE FLAT FEE OR STATUTORY CAPS

1.      If Attorney seeks compensation in excess of the flat fee or statutory limitations, Attorney shall identify the factual and legal issues, in a separate explanatory statement attached to the JAC voucher, that render the case extraordinary and unusual, and thus make the case eligible for compensation above the flat fee pursuant to Florida law.  This statement shall include, but not be limited to, the number of witnesses, the number of days of trial, and the legal issues presented to the court.  This statement is subject to the

Affidavit Verifying Attorney's Fees, Costs, or Related Expenses included on the JAC voucher cover and executed by Attorney.

2.      If Attorney seeks to bill hourly under s. 27.5304(12), F.S., Attorney shall propose an hourly rate not to exceed the rate authorized pursuant to Florida law.  Said hourly rate shall be only that amount necessary to ensure that the total fees paid are not confiscatory. The compensation calculated by using the hourly rate shall be only that amount necessary to ensure that the total fees paid are not confiscatory.

3.      If Attorney seeks compensation in excess of the flat fee pursuant to s. 27.5304(12), F.S., Attorney shall provide an hourly statement that comports with the requirements set forth in this Registry Contract and JAC Policies and Procedures.  Attorney shall only bill in hours and tenths of hours, and services shall be listed in chronological order beginning with the date of Attorney's appointment to the case.  The hourly statement shall include a single entry for in-court time and a single entry for out-of-court time for each date billed. Attorney shall bill the actual amount of time spent on each date billed rounded to the nearest tenth of an hour.  When Attorney includes multiple services in a single entry, the amount of time attributable to each service shall be indicated in the description of the services.  Attorney shall provide detailed description for each service or activity listed on the invoice, including, but not limited to, the date of service, the increment of time associated with the service or activity, the identification of documents and materials, the number of pages, and the names of deponents and witnesses interviewed, as applicable. If the reported activity involves more than one assigned case, Attorney's time shall be divided, as appropriate, among the cases even if one or more of said cases is subject to a flat fee.  In no event may Attorney's time exceed the total actual clock time required for the reported activity.  Attorney shall not bill for services in a single entry across multiple dates.    Attorney shall provide a copy of the Court's progress docket.  Attorney shall not bill for more than 10 hours on a single date or more than 50 hours in a calendar week without providing an explanation justifying those hours.  Attorney is solely responsible for tracking the number of hours worked across all cases billed through JAC.

4.      Attorney shall also provide any and all documentation that Attorney intends to provide to the court in support of a motion for compensation in excess of the flat fee or statutory maximums.  Attorney shall also provide a written report from any expert that Attorney intends to use as a witness at the evidentiary hearing on said motion.  Failure to provide JAC with said documentation or written report shall be deemed a waiver of the right to present said documentation or expert at the evidentiary hearing.

5.      For cases appointed on or after July 1, 2007, in assessing whether a case involves unusual and extraordinary effort, all cases for the same client appointed within a thirty (30) day period or reaching final disposition within a thirty (30) day period shall be considered.  Attorney shall not seek to bill one or more of the cases on a flat fee basis while seeking unusual and extraordinary compensation as to other cases appointed to the same client.  Attorney must either bill all cases on a flat fee basis or submit a single intended billing for all cases seeking unusual and extraordinary compensation.

6.      For dependency, termination of parental rights, and other civil cases appointed on or after July 1, 2007, Attorney agrees not to seek compensation in excess of the flat fee set forth in General Appropriations Act unless the number of hours worked on the case or cases appointed to the same client would allow for payment of at least double the total flat fee at the hourly rate of $75 per hour.  Attorney affirmatively waives the right to seek compensation in excess of the flat fee under the General Appropriation Act for any case or cases appointed to the same client unless the amount payable on an hourly basis at a rate of $75 per hour is at least double the flat fee under the General Appropriations Act.

7.      Any requirements for extraordinary billings set forth herein or in statute are minimum thresholds in order to seek compensation in excess of the flat fee established in the General Appropriations Act.  Attorney still has the burden to demonstrate to the court through competent substantial evidence that the case involved unusual and extraordinary effort.  The meeting of a minimum threshold as set forth herein or in statute does not necessarily constitute competent substantial evidence of an extraordinary and unusual effort.

8.      A motion for an order approving payment of attorney fees in excess of the limits prescribed in s. 27.5304, F.S., and the General Appropriations Act must include a copy of the intended billing; the supporting affidavits and all other necessary documentation that was supplied to JAC; and JAC's letter stating its objection(s).  The motion must also specify the number of witnesses interviewed or deposed or both, describe the complexity of the factual and legal issues, and specify the length of trial.

9.      When billing for in-court time, Attorney shall only bill for time providing services related to the merits of the case, such as time spent in hearing before the Court, reviewing case-related documents, or client or witness interviews.   Attorney may also bill an appropriate amount for wait generally not to exceed 30 minutes (0.5 hours).   If Attorney anticipates that the hearing will potentially involve a substantial amount of wait time exceeding 30 minutes (0.5 hours), Attorney is responsible for bringing work on the case or another case so that the time can be used in a productive manner.  For services rendered on or after July 1, 2018, Attorney shall provide a detailed explanation for any request in excess of one (1) hour for routine hearings including, but not limited to, calendar calls, status conferences, pretrial conferences, and judicial reviews in Ch. 39, F.S., cases.  For services rendered on or after July 1, 2018, Attorney waives the right to seek any compensation in excess of one (1) hour if Attorney fails to the provide a detailed explanation for routine hearings in the billing submitted to JAC.

10.     Pursuant to s. 27.5304(12), F.S., Attorney shall provide a minimum of 20 days' notice of any hearing seeking compensation in excess of the flat fee.

XII.    RECORD RETENTION/INSPECTION/PUBLIC RECORDS

1.      Attorney shall keep contemporaneous detailed records to enable JAC to verify all costs, expenses, and Attorney's time expended representing all Clients in cases appointed under this Registry Contract.    The records shall include supporting

documentation necessary to adequately evaluate and substantiate payments made under this Registry Contract.   Attorney shall maintain appropriate documentation, including contemporaneous and detailed hourly accounting of time spent representing the client.  If Attorney fails to maintain such contemporaneous and detailed hourly records, Attorney waives the right to seek compensation in excess of the flat fee established in s. 27.5304, F.S., and the General Appropriations Act.

2.      These records and documents are subject to review by JAC, subject to the attorney-client privilege and work-product privilege.  Attorney may redact information from the records and documents only to the extent necessary to comply with the privilege.

3.      Attorney shall maintain the records and documents in a manner that enables Attorney to redact information subject to a privilege in order to facilitate and not impede JAC's review of the records and documents.

4.      Upon JAC's issuance of a notice of inspection of records and documents as to a particular case, Attorney shall deliver to JAC, or a designated agent, copies of any and all contemporaneous billing records related to that case within a reasonable period of time.  This time period shall not exceed thirty (30) days unless an extension is granted by JAC in writing.  Attorney's failure to provide the contemporaneous billing records within a reasonable period of time shall be deemed a refusal to allow JAC to inspect the contemporaneous billing records.

5.      Attorney agrees to retain and make available for inspection and audit at Attorney's place of business, upon reasonable notice, all books, statements, ledgers, and other financial records relating to services under this Registry Contract for a period of five (5) years from the date of each payment, or until all Federal or State audits that may relate to each payment are complete for the applicable fiscal year, whichever is later, unless ordered sealed by the Court.  This requirement applies to JAC and other state entities with authority to audit or review Attorney's records including, but not limited to, the Auditor General and the Office of Fiscal Integrity.  For purposes of this subparagraph, fourteen (14) days' notice shall be deemed reasonable notice.  The failure to allow JAC to inspect such records upon reasonable notice shall be deemed a refusal to allow JAC to inspect those records as to any unpaid case that was pending as of the date of the inspection.

6.      If Attorney fails, refuses, or declines to permit JAC to review documentation for a case as provided in this Registry Contract, Attorney waives the right to seek, and JAC shall not pay, compensation in excess of the flat fee established in s. 27.5304, F.S., and the General Appropriations Act for that case.   The refusal to allow JAC to inspect contemporaneous records as provided herein is a material breach of this Registry Contract.

7.      A finding by JAC that Attorney waives the right to seek compensation in excess of the flat fee established in s. 27.5304, F.S., and the General Appropriations Act, for failing to maintain detailed and contemporaneous records or for failing to allow JAC to inspect

those records shall be presumed to be valid, unless a court concludes that JAC's finding is not supported by competent and substantial evidence.

8.      To the extent that Attorney's records constitute public records under Florida law, Attorney must comply with the requirements of Ch. 119, F.S., and other provisions of Florida law relating to public records.  Attorney is solely liable for any fees or costs assessed against Attorney if Attorney fails to comply with a request for public records pursuant to Florida law.  In assessing whether records possessed by Attorney constitute public records, Attorney should be familiar with Kight v. Dugger, 574 So. 2d 1066 (Fla. 1990), which concluded that files held in furtherance of representation of an indigent client are not public records.

## XIII.   ELECTRONIC COMMUNICATION AND ELECTRONIC FUNDS TRANSFER

1.      Attorney shall maintain sufficient internet capability, including an email account, to communicate with JAC under this Registry Contract.  Attorney agrees to accept communications including billing audit deficiencies and Letters of Objection or No Objection via email.  Any email address registered with JAC must belong to Attorney, Legal Entity, or other persons directly affiliated with Attorney's firm or practice.

2.      Attorney agrees to accept legal pleadings including, but not limited to, responses to motions for attorney's fees, due process costs, or related expenses by email.  Attorney waives the mailing of any such legal pleadings as a prerequisite to legal service of any legal pleading received by email.

3.      Attorney agrees to provide JAC with an electronic copy of any legal pleading in the manner directed by JAC Policies and Procedures.  Any motion, order, or other legal pleadings for which JAC is an interested party shall be sent by email to the email address designated for service of legal pleadings.  Legal pleadings including orders will not be deemed served on JAC until an electronic copy has been provided in accordance with JAC Policies and Procedures.  Any response to a billing audit deficiency that does not contain a legal pleading shall be sent to the email address designated for responses to audit deficiencies.  Attorney shall not send more than one electronic copy of any legal pleading or other document to JAC.  Prior to resubmitting any document, Attorney shall verify that JAC has not received the document.  Absent exigent circumstances, Attorney shall not provide any legal pleading or other document to JAC via facsimile without prior consent.

4.      Attorney shall participate in a direct-deposit program under which Attorney authorizes the transfer of funds electronically to an account in the Attorney's or Legal Entity's name at a federal-chartered or state-chartered financial institution.  If Attorney seeks an exemption from this provision, Attorney must submit in writing a request for exemption specifically delineating why Attorney cannot comply with this provision.  JAC may exempt Attorney from compliance with this provision only if JAC determines that participation in a direct-deposit program creates a financial hardship for Attorney.

## XIV.   TERMINATION

1.      JAC shall have the right to terminate this Registry Contract immediately if, in its sole opinion, Attorney or Attorney's agents or employees fail to comply with the terms of this Registry Contract.  Such failure shall constitute a material breach of this Registry Contract by Attorney.  In the event of breach of duty in a case by Attorney, Attorney shall not be entitled to payment of Attorney's fees, costs, and related expenses for work performed except by court order.

2.      Upon thirty (30) days written notice, JAC or Attorney may, without cause, terminate this Registry Contract.  Following termination of this Registry Contract pursuant to this paragraph, if Attorney is permitted by the Court to withdraw from appointed cases, Attorney will be compensated pursuant to s. 27.5304, F.S.

3.      Attorney is not eligible for any new appointments to cases in the event of termination of this Registry Contract, unless JAC executes a new Registry Contract with Attorney.  Attorney shall notify the Chief Judge(s) of those circuits in which Attorney is a registry attorney of the termination of this Registry Contract.  If Attorney is appointed to a case after termination of this Registry Contract, Attorney shall not seek payment for fees, costs, or related expenses for such case for Attorney, or for due process service providers, either directly or indirectly, from JAC and shall not motion the Court for the payment of same by JAC.  Such appointments will be considered pro bono work.

4.      Prior to determining whether to terminate this Registry Contract, JAC may temporarily suspend the Registry Contract immediately, if, in its sole opinion, Attorney fails to comply with the terms of this Registry Contract.   A temporary suspension bars Attorney from accepting appointments on new cases while the contract is suspended but allows Attorney to work on existing cases unless the Registry Contract is terminated.  A temporary suspension shall remain in effect until lifted by JAC or this Registry Contract is terminated.  The decision to temporarily suspend the Registry Contract shall in no way bar JAC from deciding to terminate the contract for the conduct resulting in the temporary suspension.

5.      Notice of suspension or termination of this Registry Contract must be in writing and sent via email to the email address(es) designated pursuant to this contract.  Any notice of suspension of this Registry Contract by JAC or termination of same by either JAC or Attorney shall be copied to the Chief Judge(s) of those circuits in which Attorney is a registry attorney.

6.      JAC, at its sole discretion, may suspend this Registry Contract pending Attorney's failure to maintain status in good standing with The Florida Bar for infractions that are curable.  If a Chief Judge suspends Attorney, JAC shall suspend this Registry Contract as to the applicable circuit.  Attorney is not eligible for any new appointments to cases during the period of suspension.  Attorney shall notify the Chief Judge(s) of those circuits in which Attorney is a registry attorney of the suspension of this Registry Contract.   If Attorney is appointed to a case during the period of suspension, Attorney shall not seek

payment for fees, costs, or related expenses or for due process service providers for such case, either directly or indirectly from JAC.

XV.   NO WAIVER/GOVERNING LAW

1.     No waiver by either party of any existing default by the other party shall be deemed to waive any subsequent default.  All rights hereunder are cumulative, not alternative, and are in addition to any other rights given by law.  The validity, construction, and interpretation of this Registry Contract shall be governed by the laws of the State of Florida and the Florida Constitution.

2.     Any action arising over any dispute over performance or other terms of this Registry Contract may only be maintained in the Florida state courts.  Venue for all equitable or legal actions arising from or related to this Registry Contract wherein JAC or the State of Florida is a named party shall be in the appropriate state court in Leon County, Florida.  The parties waive any right to jury trial.

3.     For purpose of the applicable statute of limitation under general law, any cause of action for compensation in relation to attorney's fees, due process costs, or related expenses for a court-appointed case accrues on the date the case reached final disposition notwithstanding any appeals.  For purposes of this paragraph final disposition means:

     a.     At the trial court level, that the court has entered a final appealable judgment, unless rendition of judgment is stayed by the filing of a timely motion for rehearing.  The filing of a notice of appeal does not stay the time for submission of an intended billing; and

     b.     At the appellate court level, that the court has issued its mandate.

4.     Attorney waives the right to seek compensation either directly or indirectly on behalf of due process providers in relation to attorney's fees, due process costs, or related expenses once the statute of limitation has expired.

XVI.   SEVERABILITY

The terms and conditions of this Registry Contract shall be deemed to be severable.  If any clause, term, or condition herein shall be held to be illegal or void, such determination shall not affect the validity or legality of the remaining terms and conditions. Notwithstanding any such determination, this Registry Contract shall continue in full force and effect unless a particular clause, term, or condition held to be illegal or void renders the balance of the Registry Contract impossible to perform.

XVII.   AMENDMENT OF REGISTRY CONTRACT

This Registry Contract expresses the understandings of the parties concerning all matters covered.  No changes or additions to this Registry Contract or the terms of this Registry

Contract, whether by written or verbal understanding of the parties, their officers, agents, or employees, shall be valid unless in the form of a written amendment executed by the parties.

## XVIII.  MISCELLANEOUS PROVISIONS

1.      Attorney shall provide JAC with any pleading, motion, or other legal document a minimum of five (5) business days before any hearing on said pleading, motion, or other legal document.   Attorney shall provide JAC with copies of all attachments to said pleading, motion, or other legal document.

2.      In Chs. 39 and 63, F.S., cases, Attorney shall be compensated only when appointed to represent an indigent parent as court-appointed counsel.  Attorney shall not be compensated if Attorney is appointed to represent a legal guardian or a step-parent or is appointed as attorney-ad-litem for a parent.  Attorney also shall not be compensated if Attorney is appointed to represent a child or children in Ch. 39, F.S., cases except as authorized under s. 39.01305, F.S.

3.      Attorney agrees to be responsible for the management and direction of all legal services pursuant to this Registry Contract.

4.      Within thirty (30) days of a change of affiliation of Attorney from Legal Entity, this Registry Contract shall be terminated.

5.      Attorney shall affix Attorney's name and bar number on all communications addressed to JAC.  Attorney shall keep JAC informed at all times of Attorney's current name, address, telephone and facsimile numbers, email address, and tax identification number.  Notification of changes shall be provided in writing to JAC.  Attorney shall be responsible for keeping JAC informed of the name, address, telephone and facsimile numbers, email address, and tax identification number of due process service providers utilized by Attorney.

6.      For the purposes of this Registry Contract, the term "case" shall be defined as each matter assigned a case number by the Clerk of the Court to a Client.  However, assignment of a case number solely for tracking purposes by the clerk may not constitute a case for payment purposes.  In this event, the Information or Indictment shall identify the case(s) to which Attorney may be appointed.  All cases which are consolidated, multiple counts, combined, or collapsed into another case number shall be considered one case under the surviving case number.   In criminal cases, Attorney shall be compensated at the rate provided for the most serious offense for which Attorney represented the Client.  In an on-going Ch. 39 or Ch. 63, F.S., case, an additional child is not a new appointment or a new case for billing purposes.  In a Ch. 39 or Ch. 63, F.S., case, if more than one parent is represented by the same attorney, the appointment shall be considered one case appointment for billing purposes.

7.      If the Court appoints a Legal Entity to provide legal representation for a Client, Attorney assigned to the case by the Legal Entity shall certify all fees, costs, and related expenses on behalf of Legal Entity and any billing to JAC.  The assigned attorney shall be qualified and approved pursuant to s. 27.40, F.S., for the category of case to which Attorney is assigned.  Attorney shall execute a contract with JAC.

8.      For any case subject to a flat fee, if Attorney withdraws or is discharged prior to completion of the case, Attorney shall only be entitled to a portion of the flat fee to be determined by the court.  The total compensation for Attorney and any and all subsequent attorneys may not exceed the flat fee established by Florida law.

9.      Payment for a criminal or civil case is contingent on the Office of the Public Defender and the Office of Criminal Conflict and Civil Regional Counsel being authorized to withdraw or to discharge from the case or a court *sua sponte* finding a conflict precluding representation when the respective offices are authorized to provide representation.  For off-registry appointments pursuant to s. 27.40(7)(a), F.S., the order of appointment must also include a finding that there were no registry attorneys available for representation for that case or other good cause for the off-registry appointment.  If said offices have not withdrawn or discharged or a court has not *sua sponte* found a conflict, Attorney waives all right to seek payment from JAC for attorney's fees, costs, or related expenses.  Attorney is responsible for verifying that said offices have withdrawn or discharged from the case or a court has *sua sponte* found a conflict before commencing representation.  The withdrawal or discharge of said offices from an earlier proceeding shall not create any presumption that said offices continue to have a conflict for later proceedings including, but not limited to, appeals, violation of probation or community control proceedings, motions for post-conviction relief, and any other extraordinary remedies for which court-appointed counsel is authorized under Florida law.

10.     Payment for appointment to represent a dependent child with certain special needs is contingent upon the Court finding in the order of appointment that the child meets one or more of the criteria specified in s. 39.01305(3), F.S., and the Court further finding that an attorney willing to provide services without additional compensation was not available as specified in s. 39.01305(4), F.S.  An attorney may submit a billing for the annual flat fee following the first judicial review held after the date of appointment and following the first judicial review held in the second and subsequent years of representation.  After an attorney is appointed, the appointment continues in effect until the attorney is allowed to withdraw or is discharged by the court or until the case is dismissed or protective supervision is terminated.  If Attorney arranges for supplemental or separate counsel to handle appellate proceedings, this arrangement shall be implemented through an order of appointment meeting the requirements of this subsection.  Except when consent of a natural guardian or other appropriate person is obtained as authorized by s. 744.301, F.S. or other provision of Florida law, Attorney shall not initiate a civil or administrative action on behalf of the child without authorization of the Court.

11.     If Attorney discovers any information that would raise a concern as to the ongoing indigency of the Client, then the Attorney shall either advise the court and JAC of the changed circumstances or move to withdraw.

12.     After final disposition, if the Client wishes to appeal, prior to discharge, Attorney shall file the appropriate documents with the Court and request the Court make a finding as to whether the Client remains indigent for purposes of appeal.  Attorney shall advise the court of any changed circumstances that involve the issue of indigency.  Where the Client wishes to appeal, Attorney shall comply with the requirements of the Florida Rules of Appellate Procedure including, but not limited to, filing a notice of appeal, a statement of judicial acts to be reviewed, directions to the clerk, and designations for transcription of those portions of the proceedings necessary to support the statement of judicial acts to be reviewed.  Attorney shall take those steps necessary to ensure and verify that the record is properly transmitted to the appellate court regardless of the date of Attorney's discharge.

13.     If Attorney files a notice of appeal on behalf of a Client, Attorney shall take those steps necessary to ensure that the appellate record is prepared including the filing of a designation of the record on appeal.  In designating hearings for transcription, Attorney shall only designate those hearings at which Attorney reasonably believes that reversible error may have occurred.   In criminal cases, these hearings typically include jury selection, trial, sentencing, and other proceedings necessary to support the issues on appeal as set forth in the statement of judicial acts to be reviewed.  In Ch. 39, F.S., proceedings, these hearings typically include adjudicatory hearings, dispositional hearings, and other proceedings necessary to support the issues on appeal.  In Ch. 39, F.S., proceedings, Attorney shall not have hearings such as judicial reviews and status conferences transcribed unless appellate counsel specifically requests that those proceedings be transcribed.

14.     For any death penalty case in which the court has appointed Attorney as co-counsel, if the state thereafter waives the death penalty, Attorney shall immediately move to withdraw from the case.  A copy of the motion shall be served upon JAC at least five (5) business days before the hearing on said motion.  If Attorney fails to move to withdraw, Attorney shall not seek nor accept compensation for work performed after the death penalty was waived.

15.     To obtain reimbursement for travel expenses for Attorney, due process providers, or witnesses, Attorney must follow the requirements set forth in s. 112.061, F.S.; the Department of Financial Services (DFS) Regulations; and JAC Policies and Procedures.  JAC's specific travel procedures are posted on the JAC's website, and Attorney shall abide by these procedures.   Attorney may bill only for authorized travel expenses.  Attorney must obtain a court order identifying the approved traveler and the purpose of the travel.  If any hotel rate will exceed $150 per night, Attorney shall include the hotel rate in the motion seeking authorization for travel expenses.  Any time spent by Attorney or a due process provider making travel arrangements and preparing travel vouchers is considered clerical work and is therefore not billable.  Attorney must submit a completed

DFS approved travel voucher with any request for reimbursement for travel expenses including, but not limited to, any request for reimbursement for mileage.  When authorized, mileage will only be reimbursed for distances exceeding fifty (50) miles one way.  Reimbursement for mileage is limited to actual mileage traveled using a personal vehicle.  JAC reimburses for the actual mileage incurred during a trip.  When Attorney travels on multiple cases, the total amount of mileage billed across those cases cannot exceed the actual distance traveled.  Attorney cannot seek reimbursement for the same mileage traveled in more than one case.  Mileage must be apportioned appropriately so that Attorney receives compensation for the actual mileage traveled using a personal vehicle.  Failure to submit a properly completed travel voucher constitutes a waiver of any right to obtain travel expenses.  If Attorney is approved for a registry outside of the circuit in which Attorney's office is located, JAC reserves the right to object to travel time, mileage, lodging, and any other travel expenses to travel to the circuit of the case.  Attorney waives the right to seek travel time, mileage or other travel expenses to travel to the circuit of a case absent exceptional circumstances warranting an out-of-circuit appointment.

16.     Attorney travel should be limited to travel necessary for the defense of the case.  Attorney should consider alternatives to attorney travel whenever feasible.   For depositions for which appearing in person would result in significant travel expenses or travel time, Attorney should consider alternatives to appearing in person such as conducting the deposition through the use of communications equipment including videoconferencing technology or telephones.

17.     Pursuant to s. 29.007, F.S., the scope of Attorney's representation is limited to proceedings in state court (or other state administrative proceedings as authorized by law) except for a petition for writ of certiorari to the United States Supreme Court following affirmation of a death sentence following direct appeal to the Florida Supreme Court.  Attorney acknowledges that JAC is not liable to pay attorney fees, costs or related expenses for any other representation in federal court.

18.     In dealing with JAC and its staff, Attorney and Attorney's staff or representatives shall act in a professional and respectful manner.  Behaviors that contribute to a hostile, humiliating, or intimidating work environment, including sexual harassment, bullying, and abusive language or behavior, are unacceptable.

19.     In criminal cases, JAC may pay for clothing necessary to satisfy due process concerns at a jury trial.  Before seeking authorization to obtain clothing for use by a criminal defendant at jury trial, Attorney will need to contact (1) the Defendant and his or her family and (2) the Office of the Public Defender or other applicable local entity to determine if court-appropriate clothing is available.  If Attorney is unable to obtain clothing through these sources, Attorney may file a motion seeking authorization to obtain clothing for use by the Defendant.  The purchase of court-appropriate clothing shall be through the most economical means available such as purchase from discount retailers or second-hand retailers.  Upon conclusion of the case, any clothing purchased for use by

the Defendant should be turned over to the Office of the Public Defender or other applicable local entity for potential use by other defendants.

20.     In appropriate circumstances and at its discretion, JAC may prepay for travel expenses for ordinary witnesses.  Prepayment is generally limited to purchase of airline tickets and hotel rooms.  Travel expenses of Attorney and due process providers is through reimbursement only.  If JAC prepays for travel expenses for ordinary witnesses, any credit or refund as a result of changes to the reservation or for cancellation are due to the State of Florida and should be directed to JAC in the manner directed by JAC. Attorney is responsible for ensuring that any credit or refund is directed to JAC.  For JAC to prepay travel, Attorney must supply JAC with all necessary documentation to arrange the travel and a DFS travel voucher signed by the traveler and Attorney as soon as feasible following the completion of any prepaid travel.  Attorney is responsible for notifying JAC of any requested changes to travel arrangements as soon as feasible. Attorney will be responsible for any increases in travel expenses that result from a failure to notify JAC promptly.

21.     JAC maintains a searchable database on its website listing due process providers with current JAC Due Process Contracts.   JAC does not verify the professional qualifications of these due process providers.  It is the sole responsibility of the Attorney hiring due process providers to verify their professional qualifications.  The inclusion of a due process provider on JAC's searchable database listing due process providers in no way suggests or implies JAC's approval or endorsement of that due process provider.

XIX.   ENTIRE CONTRACT

This Registry Contract supersedes all prior negotiations, correspondence, conversations, agreements, contracts, or understandings applicable to the matters contained herein, and the parties agree that there are no commitments, agreements, contracts or understandings concerning the subject matter of this Registry Contract that are not contained in this document.  Accordingly, it is agreed that no deviation from the terms of this Registry Contract shall be predicated upon any prior representations, agreements, or contracts, whether oral or written.

XX.    THIS  REGISTRY  CONTRACT  CONSTITUTES  A  UNIFORM  STATEWIDE CONTRACT PROMULGATED BY JAC PURSUANT TO S. 27.40, F.S. THIS REGISTRY CONTRACT MAY NOT BE ALTERED, MODIFIED, OR AMENDED EXCEPT THROUGH A  SEPARATE  CONTRACT  EXECUTED  BY  ATTORNEY  AND  AN  AUTHORIZED REPRESENTATIVE OF JAC. IF ANY TERM OF THIS REGISTRY CONTRACT IS ALTERED, MODIFIED, AMENDED, OR OTHERWISE CHANGED TO DEVIATE FROM THE TERMS OF THE UNIFORM STATEWIDE CONTRACT PROMULGATED BY JAC, THEN THIS REGISTRY CONTRACT IS VOID AB INITIO IN ITS ENTIRETY NOTWITHSTANDING ANY EXECUTION BY AN AUTHORIZED REPRESENTATIVE OF JAC.   ALTERATIONS,  MODIFICATIONS,  OR  AMENDMENTS  INCLUDE  ANY HANDWRITTEN OR TYPOGRAPHICAL CHANGE OR DEVIATION OF ANY OF THE

TERMS OF THE UNIFORM STATEWIDE CONTRACT. PERFORMANCE BY JAC UNDER THIS REGISTRY CONTRACT SHALL UNDER NO CIRCUMSTANCES WAIVE THIS PROVISION.



☒   Attorney certifies that he/she has registered for Electronic Funds Transfer/Direct Deposit through DFS, or has requested an exemption from JAC.

☒   Please check the box if ANY contact information below has changed.

☒   Attorney hereby certifies that a Substitute Form W-9 has been submitted to the DFS.   All attorneys obtaining payment from JAC are required to submit their Substitute Form W-9 on DFS' Vendor Website at https://flvendor.myfloridacfo.com.

ATTORNEY:XXXXXXXXXXXXXXXXXXX

XXXXXXXXXXXXXXXXXXXXXXXXXX      XXXXXXXXXXXXXXXXXXXXX
Signature – Attorney                                             Date

ANDRE ROUVIERE                                    Type Name of Attorney
826073                                                       Florida Bar Number
                                                                Legal Entity (If applicable)
4070 LAGUNA ST                                      Mailing Address
CORAL GABLES          FL          33146      City, State, and Zip Code
andre@rouvierelawfirm.com                     Email Address
(305) 774-7000                                          Telephone Number
(305) 946-6121                                          Facsimile Number

**Payment by JAC under this Registry Contract may only be made to Attorney or the Legal Entity. Attorney and Legal Entity (if applicable) designate that payment by JAC under this Registry Contract shall be made to:**

ANDRE ROUVIERE                                    Name (Attorney or Legal Entity)
F266694490                                              Federal Employer Identification Number*

*\* A DFS SUBSTITUTE FORM W-9 FOR THE PAYEE MUST BE ON FILE WITH DFS.*

STATE OF FLORIDA, JUSTICE ADMINISTRATIVE COMMISSION

XXXXXXXXXXXXXXXXXXXXXXXXXX      XXXXXXXXX
**Alton L. "Rip" Colvin, Jr.**                              **Date**
**Executive Director**

Eff. 7/1/05 - Rev. 5/21/19.                        Terminates June 30, 2020