Case 1:18-cv-04814-AJN-SDA Document 73 Filed 08/15/19 Page 1 of 2



Paul E. Asfendis

Gibbons P.C.
One Pennsylvania Plaza
37th Floor
New York, NY 10119-3701
Direct: 212-613-2067 Fax: 212-554-9667
pasfendis@gibbonslaw.com

August 15, 2019

**VIA ECF**
Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

   Re: **Rouviere v. Howmedica Osteonics Corp., et al.
      Civil Action No. 1:18-cv-4814 (AJN)**

Dear Judge Aaron:

  This office represents Defendant Howmedica Osteonics Corp. ("HOC") in connection with the above-referenced matter. I write pursuant to your Individual Rules of Practice to request a Court conference with the parties to discuss an issue that has recently arisen in discovery.

  Briefly, this is a medical device products liability matter in which Plaintiffs, who are *pro se*, claim that Plaintiff Jodi Rouviere sustained injuries as the result of the implantation in August 2012 of prosthetic hip replacement components manufactured by Defendants HOC and DePuy Orthopaedics, Inc. ("DePuy"). Ms. Rouviere claims that the medical device components she received were defective in design, manufacture, and warnings.[1] The various HOC and DePuy device components at issue in this action were allegedly removed during revision surgeries in 2016 and 2017, and Ms. Rouviere took possession of the explanted components directly from the hospital shortly thereafter.

  Based on Ms. Rouviere's claims of defect, the explanted components constitute critical evidence that must be preserved in the same condition as when received from the hospital. Recent events, however, have raised serious concerns regarding Plaintiffs' storage, handling and preservation of those explants. Specifically, Plaintiffs recently packaged the explants and sent them to DePuy's counsel for non-destructive inspection, however, photographs taken by DePuy's counsel's office reveal that the explants were packaged in such an improper fashion that damage likely occurred. The parties met and conferred on July 16, 2019, at which time Mr. Rouviere denied packaging the explants improperly and advised that he had taken photographs documenting the packaging process. Plaintiffs advised that these photographs would be produced, but despite multiple follow-up attempts, they have not been produced to date. Currently, the explants remain in the possession of DePuy's counsel, who is preserving them in the condition received from Plaintiffs.

---

[1] Ms. Rouviere's spouse, Andre Rouviere, has asserted only a derivative loss of consortium claim. Notably, while Plaintiffs are proceeding *pro se*, Mr. Rouviere is an attorney apparently admitted to practice in the State of Florida.

Hon. Stewart D. Aaron
August 15, 2019
Page 2

In light of the above, HOC requested supplementation of Ms. Rouviere's interrogatory response regarding chain of custody of the explanted components, including detailed information regarding the receipt, handling, storage, packaging, unpackaging or transfer of the explants from the time of receipt until the time they were sent to DePuy's counsel, as well as any documentation, photographs or videos regarding same. Currently, HOC does not have information on how or when Plaintiffs received the explants or how they were stored and handled while in their possession. No response has been provided although the request was made more than two weeks ago. This is especially concerning because Ms. Rouviere indicated in her interrogatory responses that at some point she sent the explants to a surgeon in England, but provided no details. It is unknown to HOC whether Plaintiffs have sent the explants to other experts. In light of the way in which the explants were packaged when recently sent to DePuy's counsel, it is all the more critical for Ms. Rouviere to provide details on previous storage, packaging, handling and transfer of the explants since they came into her possession several years ago.

During the July 16, 2019 meet and confer, the parties also discussed attempting to agree on a protocol regarding non-destructive inspection of the explants (including packaging, transfer, etc.) to be entered by the Court. A draft proposal has been circulated, but HOC believes that it would be premature to enter into a protocol for inspection of the explants until Ms. Rouviere has provided the chain of custody discovery requested above. This discovery will provide Defendants with a better understanding of how the explants have been handled to date and will inform any protocol going forward.

Accordingly, HOC requests that the Court schedule a conference to discuss these issues. In addition, HOC would like to discuss another issue regarding Jodi and Andre Rouviere's respective roles and activities in prosecuting this action in light of Mr. Rouviere's status.

Respectfully submitted,

s/Paul E. Asfendis
Paul E. Asfendis
GIBBONS P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
Telephone: (212) 613-2067
Email: pasfendis@gibbonslaw.com

*Attorneys for Defendant*
*Howmedica Osteonics Corp.*

cc: Kim M. Catullo, Esq.
Joseph Eaton, Esq. (via e-filing)
Jodi Rouviere (via e-mail and mail)
Andre Rouviere, Esq. (via email and mail)