

Paul E. Asfendis

Gibbons P.C.
One Pennsylvania Plaza
37th Floor
New York, NY 10119-3701
Direct: 212-613-2067 Fax: 212-554-9667
pasfendis@gibbonslaw.com

August 21, 2019

**VIA ECF**
Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

  Re: **Rouviere v. Howmedica Osteonics Corp., et al.**
    **Civil Action No. 1:18-cv-4814 (AJN)**

Dear Judge Aaron:

  This office represents Defendant Howmedica Osteonics Corp. ("HOC") in connection with the above-referenced matter. I write pursuant to Your Honor's Individual Rules of Practice in response to Plaintiffs' August 20, 2019 Motion for entry of an explant inspection protocol and Response to HOC's August 15, 2019 letter to the Court requesting a conference.

  Preliminarily, Plaintiffs' Motion should be rejected because Plaintiffs did not obtain permission from the Court to file a discovery motion as per Section II of the Court's Individual Rules of Practice (requiring letter-motions for discovery conferences for all discovery motions). To the extent the Court permits Plaintiffs' Motion, it should be denied as it only further highlights the fact that a Court conference, as requested by HOC, is necessary to discuss the pending issues.

  HOC does not object to the concept of the parties agreeing to and the Court entering a protocol for non-destructive inspection of explants at the appropriate time, but Plaintiffs' suggestion that the prior handling and condition of those explants is not relevant to the inspection of those explants is misguided. This is particularly true in light of recent events and the serious and legitimate concerns regarding Plaintiffs' storage, handling and preservation of those explants over the last several years, as set forth in HOC's August 15th letter. It is truly ironic that Plaintiffs sent the explants to another country without any protocol in place, but now insist on immediate entry of a protocol without first providing available details about the custody and handling of the explants over the past several years.

  HOC will not engage in tit-for-tat with Plaintiffs, but the notion that Defendants are complicit in some kind of deceptive scheme regarding inspection of the explants is absurd, as is Plaintiffs' request for sanctions. While HOC understands that pro se plaintiffs are typically afforded some leeway in motions and communications with counsel and the Court, Mr. Rouviere is a lawyer and should know better.

  With regard to the issue of Plaintiffs' respective roles in prosecuting this action, Plaintiffs claim not to know what HOC refers to, however, this is not the case. During previous meet and

Hon. Stewart D. Aaron
August 21, 2019
Page 2

confers, HOC's counsel has made clear the concern that Mr. Rouviere merely has a derivative loss of consortium claim, but appears to be actively leading the prosecution of his spouse's case, acting as her lawyer. Thus, Plaintiffs cannot feign ignorance as to this issue.

For the reasons stated above and in its August 15th letter, HOC requests that the Court schedule a conference to discuss these issues.

                                                   Respectfully submitted,

                                                   s/Paul E. Asfendis
                                                   Paul E. Asfendis
                                                   GIBBONS P.C.
                                                   One Pennsylvania Plaza, 37th Floor
                                                   New York, NY 10119
                                                   Telephone: (212) 613-2067
                                                   Email: pasfendis@gibbonslaw.com

                                                 *Attorneys for Defendant*
                                                 *Howmedica Osteonics Corp.*

cc:    Kim M. Catullo, Esq.
        Joseph Eaton, Esq. (via e-filing)
        Jodi Rouviere (via e-filing)
        Andre Rouviere, Esq. (via e-filing)