*Law Offices of*
**ANDRE A. ROUVIERE**
Merrick Park Law Center
4070 Laguna Street
Coral Gables, Florida 33146
e-mail: Andre@Rouvierelawfirm.com

André A. Rouviere　　　　　　　　　　　　　　　　　　Telephone (305) 774-7000
Lissette B. Cruz　　　　　　　　　　　　　　　　　　　　　　Fax (305) 946-6121

March 2, 2020

VIA ECF
Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

  **Re: Rouviere v. DePuy Orthopaedics, et al.**
  **Civil Action No. 1:18-cv-4814 (AJN)**

Dear Judge Aaron,

Pursuant to the Local Rules of the Southern District of New York and this Court's procedure, below please find the Plaintiffs, Jodi Rouviere and Andre Rouviere's, Letter Motion to Deny Defendant, Depuy Orthopedics' Objections to Plaintiffs' Interrogatories dated May 6, 2019 and to Compel Full and Complete Responses to Plaintiffs' Requests in Compliance with Rule 33(d). Pursuant to Local Civil Rule 37.2 Plaintiffs request discovery conference with the court.

It is certified, the parties conferred in approximately October 2019. Followed by a November 5, correspondence by Plaintiff to Defendant and Defendants response November 15, 2019 to seek resolution. By virtue of defendant's refusal to amend its response and refusal to address issues it has unilaterally, self limited, the parties are clearly at an impasse.

**ISSUE 1 (Responses untimely and non-privilege objections waived):**

Plaintiffs' First Set of Interrogatories to Defendant, Depuy Orthopaedics, Inc. was propounded and delivered it to counsel for Defendant, Depuy, on February 21, 2019. After an agreed extension to respond to April 25, 2019, Defendant did not deliver its verified responses until May 6, 2019, well after the 30 days permitted under Rule 33(b)(2) and agreed upon extension . Accordingly, all non-privilege objections are waived, and this Court should summarily Order Depuy to fully answer all interrogatory requests therein.

**ISSUE 2 (femoral Stem vs. implant device or system, including all components):**

Depuy, in the overwhelming majority of the requests, refuses to respond regarding any

component or part in the implant device other than the femoral stem that was implanted in Jodi Rouviere, objecting "to the extent that it seeks information regarding components other than the DePuy Summit Femoral Stem, P/N 1570-12-070, Lot 198547 (the "Subject Component") implanted during Plaintiff's August 17, 2012, surgery."  Defendant then limited its response to its own self-serving interpretation of what it deems is the "subject component."   Depuy's refusal to allow discovery of any aspect of the hip implant device other than the single stem component that was implanted in Plaintiff is improper and obstructionist.

    1. The plaintiffs' active complaint seeks damages caused by the total hip replacement device, including the stem, head, liner, and cup ("hip implant device").  Plaintiffs' causes of action allege negligence, product defect and failure to warn, among others.  These claims directly consider Defendants' notice and knowledge of the design, defects, adverse affects, risks and harm from the hip implant device involved, as well as other similar and predecessor hip implant devices and components thereof.  Further, Plaintiffs have a right to discovery of each defendant's knowledge regarding various aspects of the implant device, and not just from a single component within that implant device, whether or not it was the defendant's component. Depuy's attempt to limit the discovery and evidence in this case to a single component, the femoral stem, placed into the plaintiff and ignore or conceal the evidence relating to Defendant's knowledge of the relevant and discoverable issues in this case is improper and obstructive. Even assuming, arguendo, that the Depuy only has responsive knowledge regarding components that it designed, manufactured or distributed, there is no possible excuse for excluding Depuy's Biolox Head other than deliberate, bad faith obstruction.

    2.  The femoral stem is only one (1) component in an articulating prosthetic system. The manner in which the stem component fits and interacts with the other parts and components of the system is clearly relevant to the potential defects, risks and damage caused by the implanted system.  In fact, in this case the stem was apparently impinged by other components (the cup), making evidence relating to the other components in the system not only discoverable and relevant, but of central importance.  Further, Defendant's complete responses to this discovery are necessary for Plaintiffs to prepare for upcoming depositions of Defendants representatives, and to prepare their experts.

The court should also be mindful that the discovery at issue was prepared at the time the Plaintiff was pro se, and the clear obvious meaning as to the request was and is not a secret. Further, Plaintiff's efforts to clarify the Defendant's purported confusion was not considered by Depuy in good faith.  Instead, Defendant continued its obstructionist efforts.   The Interrogatories are the most efficient means of discovery of these relevant and discoverable issues and Defendant's refusal to respond in good faith should not be countenanced by this court and the defendant should respond in good faith and in compliance with the applicable rules.

**ISSUE 3 (production of documents):**

Defendant has chosen, to produce documents in response instead of providing direct written responses, pursuant to Rule 33(d).  However, Depuy produced documents that are partially responsive, at best, asserting that they **"contain(s) responsive information,"** as opposed to full and complete responses.  In the many responses in which this phrase appears, Depuy is essentially says: *"the documents produced may provide some information that is responsive, this should be enough, go fish."*

This stated response clearly indicates that the produced documents may contain information, but the responses do not suggest that the Defendant has produced all documents or all the responsive information requested in the interrogatory. In fact, Plaintiffs are aware that Defendant's responses to the requests are not complete.  Moreover, the documents produced do not comply with Rule 33(b), in the following particulars:

1. The documents produced are incomplete, and do not identify an author, recipient, or date;
2. The documents do not appear to be business records, but rather are only a limited number of hand selected documents offered to cut and paste a partial response, and are not produced as maintained in the ordinary course of business;
3. The full and complete answer to the request cannot be obtained from the documents produced; and
4. The burden of deriving or ascertaining the answer (or any information) from the documents produced and the manner in which they are produced is not substantially the same for Plaintiffs as Depuy, the producing party.

Plaintiffs respectfully request the Court require defendant to fully respond to the interrogatories, including substantially similar access to relevant business records (as they are maintained by Depuy) necessary to completely respond to each request, or to confirm that it represents that its responses are complete.

**ISSUE 4 (unsupported, general boilerplate objections):**

Defendant has entered boilerplate, general objections nearly every interrogatory as "vague", "ambiguous", "overly burdensome" [etc....].  Defendant does not provide specific bases for these objections, in violation of the applicable law.  In an effort to clarify any confusion, Plaintiffs attempted to clarify and explain the interrogatories and to get Depuy to explain or support its boilerplate objections, but Defendant simply proclaimed that plaintiffs' clarifications were not acceptable and refused to respond.

Defendant's responses that represent that the responses provided are only "subject to and without waiving its objections," and are therefore incomplete.  As discussed herein,

Defendant's objections are improper, inapplicable, baseless and limit the requests to exclude relevant and discoverable information which Defendants have failed and refused to produce.

**MEET & CONFER:**

In a meet and confer, Plaintiffs responded to Depuy's objections and attempted to clarify some of its initial Interrogatory questions. One phrase used by the Plaintiff in referring to Depuy's components or product was the Summit Stem System or stem for convenience. The system at all times referred to the head which was attached to the summit stem and sold by Depuy to be implanted together as part of the total hip implant device. There was never any question that the head is a Depuy component that was implanted in Jodi Rouviere, and which is part of the implant device upon which this lawsuit is based.  Upon the request for clarification, Plaintiffs tried to clarify in good faith, that the "system" or "device" as referred to by the Plaintiffs in the initial interrogatories includes the Depuy head provided, as well as all components of the hip implant device.  Notwithstanding, Depuy has refused to provide the information in any way relating to any other component or part of the implant device, including Depuy's head component (with the exception of the bill of sale to the implanting hospital from Depuy). Depuy's refusal to respond to any question regarding the other components in the device placed between the stem and the cup (including but not limited to Depuy's femoral head) is misplaced and inappropriate.

Accordingly, Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to these requests, and for sanctions.  The plaintiff has attached its itemized position as to the specific interrogatories for its convenience.

 WE HEREBY certify that a true and correct copy was electronically forwarded to: Joe Eaton, Barnes &Thornberg, LLP 11 South Meridian Street, Indianapolis, Indiana 46204; Joe.Eaton@Btlaw.com  James Francis Murdica, Barnes & Thornburg  LLP, 43 West 43rd Street, Suite 175, New York, NY, US 10036, jfmurdica@pbwt.com and Paul E. Asfendis , Gibbons P.C., One Pennsylvania Plaza, 37th Floor New York, NY 10119-3701, pasfendis@gibbonslaw.com this 2nd  day of March 2020.

 **LAW OFFICES OF ANDRE A. ROUVIERE**
 Attorneys for Plaintiffs
 Merrick Park Center
 4070 Laguna Street
 Coral Gables, Florida 33146
 Tel:(305) 774-7000
 Email: andre@rouvierelawfirm.com

 By: _/s/Andre A. Rouviere_
  ANDRE A. ROUVIERE
  F.B.N. 826073