**Interrogatory No. 1**

This request seeks information relating to the identity of the manufacture and distribution of "any component part, subpart(s) or system(s)" of the hip replacement device implanted in the Plaintiff, Jodi Rouviere.

Depuy refuses to respond regarding any component or part in the implant device other than the femoral stem and further objects that the request is "overly broad" and "unduly burdensome," without any more information or support.

Depuy's only response to this request states that Depuy "manufactured the subject component." Initially, while Depuy acknowledges it manufactures the stem component, it is still incomplete in that it does not respond to the remainder of the request relating to the Depuy stem component it admittedly manufactures and distributes.   Further, Depuy did not respond with regard to the manufacture or distribution of the other "component part, subpart(s) or system(s)" requested.  Moreover, and more egregiously, it is known that this Defendant, Depuy did, in fact, manufacture and/or distribute some of the other components – specifically, the femoral head – for which it refuses to respond.

Plaintiffs' efforts to resolve this issue without involvement of this court were summarily obstructed. Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.

**Interrogatory No. 2**

This request seeks identification of those involved in the investigation, reporting and response to adverse incidents during manufacture or distribution of Depuy's product.

Again, Depuy refuses to respond regarding any component or part in the implant device other than the femoral stem and further objects that the request is "overly broad" and "unduly burdensome," without any more information or support.

Depuy did not provide a written response but, subject to its undefined and unlimited objections, produced a "Design History File" (also produced in response to request 2, 3, 4, 5, 6, 10, 14, 15, 16, 19, and 22), a "Product Complaint File" (also produced in response to 10, 18, 19, and 21), a "Complaint History File" (also produced in response to 10, 18, 19, and 21), which Depuy asserts "…contain responsive information."  These three (3) documents are approximately 406 pages, 254 pages and 116 pages, respectively, and upon review, the documents produced do not provide a full and complete response to the request and are not compliant with Rule 33.

Again, Plaintiffs' efforts to resolve this issue without involvement of this court were summarily obstructed.  Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.

**Interrogatory No. 3**

The request seeks identification of governmental and/or industry agencies, codes, standards, regulations or advisories that govern or apply to the hip implant device.

Again, Depuy refuses to respond regarding any component or part in the implant device other than the femoral stem and further objects that the request is "vague," "overly broad" and "unduly burdensome," without any more information or support.

Depuy did not provide a written response but once again, subject to its undefined and unlimited objections, produced a "Design History File," which Depuy asserts "…contain responsive information." This document is approximately 406 pages, and upon review, the document produced does not provide a full and complete response to the request and is not compliant with Rule 33.

Plaintiffs' efforts to resolve this issue without involvement of this court were summarily obstructed. Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.

## Interrogatory No. 4

The request seeks the identity and areas of responsibility of persons or entities involved in the design and approval of the design of the femoral stem.

Depuy objects that the request is "overly broad" and "unduly burdensome," without any more information or support.

Depuy did not provide a written response but, subject to its undefined and unlimited objections, produced a "Design History File" and a "Design History Record," which Depuy asserts "…contain responsive information."  These two (2) documents are approximately 406 pages and 58 pages, respectively, and upon review, the documents produced do not provide a full and complete response to the request and are not compliant with Rule 33.

Plaintiffs' efforts to resolve this issue without involvement of this court were summarily obstructed. Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.

## Interrogatory No. 5

This request, as specifically clarified,  seeks Depuy to provide information regarding the Summit stem including manufacturing, production, and sales, and the use and history of different coatings applied.

Depuy objects that the request is "overly broad," "unduly burdensome," and "compound," without any more information or support.

Depuy did not provide a written response but, subject to its undefined and unlimited objections, produced a "Sales History," a "Design History File," and a "Device History Record, which Depuy again

asserts "…contain responsive information."  These three (3) documents are approximately 10 pages, 406 pages, and 58 pages, respectively, and upon review, the documents produced do not provide a full and complete response to the request and are not compliant with Rule 33.

Plaintiffs' efforts to resolve this issue without involvement of this court were summarily obstructed. Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.

### Interrogatory No. 6

This request seeks to identify clinical trials on prosthetic hip systems that include the Summit Tapered Stem, and tests or analyses performed as part of the explant (implant) retrieval programs on hip systems that include the Summit Tapered Stem, including information regarding tests performed.

Again, Depuy refuses to respond regarding any component or part in the implant device other than the femoral stem and further objects that the request is "overly broad," and "unduly burdensome," without any more information or support. Depuy also objects that the term "'explant retrieval program' is vague, ambiguous and undefined."

Depuy did not provide a written response but, subject to its undefined and unlimited objections, once again produced a "Design History File," which Depuy asserts "…contains responsive information." Once again, this document is approximately 406 pages, and upon review, does not provide a full and complete response to the request and is not compliant with Rule 33.

With regard to Depuy's objection that the term "Explant Retrieval Program" is vague and ambiguous, Plaintiffs assert that Depuy's objections are a bad faith attempt to avoid
responding. Despite Plaintiffs' clarification that their request was intended to request what is commonly referred to as the "Implant Retrieval Program," and that the plain
meaning, intent and spirit of this interrogatory request would include any Hip Replacement systems, components and parts that were systematically retrieved and/or studied, Depuy continues its recalcitrant obstruction (See Plaintiffs' letter attempting to clarify and resolve discovery issues dated November 5, 2019).   Of course, efforts to clarify any possible, if implausible, misunderstanding or confusion was ignored.

Plaintiffs' efforts to resolve the remaining issues without involvement of this court were also summarily obstructed.  Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.

### Interrogatory No. 8

This request, as specifically clarified,  seeks information regarding the type or model of the subject hip implant parts or components manufactured or sold by Defendant, including femoral stems with different identified coatings, and providing the numbers sold individually as compared to those sold in conjunction with other hip systems.

Again, Depuy refuses to respond regarding any component or part in the implant device other than the femoral stem and further objects that the request is "overly broad" and "unduly burdensome," without any more information or support.

Depuy did not provide a written response but, subject to its undefined and unlimited objections, produced a "Sales History Report," which Depuy asserts "…contains responsive information." Upon review, the document produced does not provide a full and complete response to the request and is not compliant with Rule 33.

Plaintiffs' efforts to resolve this issue without involvement of this court were summarily obstructed. Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.

**Interrogatory No. 9**

This request, as specifically clarified,  seeks Depuy to provide the 510K numbers, and describe correspondence or communications with the FDA relating to approvals, denials and clearances of the Depuy Hip replacement systems identified in Request 8.

Depuy, objects that the request is "overly broad" and "unduly burdensome," without any more information or support. Depuy also objects that the request is "vague and confusing" to the extent it requests "Depuy's 'knowledge regarding of [sic] the use of the Summit Tapered Stem within any other system,'" without any more information or support.

Depuy did not provide a written response but, subject to its undefined and unlimited objections, produced a "Sales History," an "Instructions for Use," and a "Design History File," which Depuy asserts "…contain responsive information."  Upon review, the documents produced do not provide a full and complete response to the request and are not compliant with Rule 33.

With regard to Depuy's objection that the expression "Depuy's 'knowledge regarding of [sic] the use of the Summit Tapered Stem within any other system'" is vague and confusing, firstly, the language quoted its misquoted.  Further, Depuy's objection is disingenuous and obstructive, and Plaintiffs assert that Depuy's objections are simply a bad faith attempt to avoid responding.

Plaintiffs' efforts to resolve this issue without involvement of this court were summarily obstructed. Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.

**Interrogatory No. 10**

This request seeks the identity and description of documents and communications by Depuy employees or consultants discussing or referring to concerns regarding safety, design, adverse events or danger risks regarding the Summit Stem.

Depuy, objects that the request is "overly broad" and "unduly burdensome," without any more information or support. Depuy also objects that certain words or phrases in the request are "vague, ambiguous and undefined, to the extent they assume or imply that there existed 'design issues' or other safety issues inherent in the use of the Depuy Summit Femoral Stem…".

Depuy's Objection that they do not like the potential implications of the request are invalid and without basis in law or fact.   Further, Depuy did not provide a written response but, subject to its undefined and unlimited objections, produced a "Product Complaint File," a "Complaint History File," a "Design History File," a "Design History Record," which Depuy asserts "…contains responsive information."  Upon review, the documents produced do not provide a full and complete response and are not compliant with Rule 33.

Plaintiffs' efforts to resolve this issue without involvement of this court were summarily obstructed. Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.

## Interrogatory No. 11

This request seeks the identity and description of instructions, labels and warnings attached to or supplied with the Summit Tapered Stem, and identify the custodian of such documents.

Depuy objects that the request is "overly broad," and "unduly burdensome," without any more information or support.

Depuy did not provide a written response but, subject to its undefined and unlimited objections, produced an "Instructions for Use," which Depuy asserts "…contains responsive information."  Upon review, the document produced does not provide a full and complete response and is not compliant with Rule 33.

Plaintiffs' efforts to resolve this issue without involvement of this court were summarily obstructed. Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.

## Interrogatory No. 13

The request seeks to determine if Depuy performed any recall campaigns, technical service bulletins, operations, warnings or activities that involved the implant device, and to provide responsive information if they have.

Again, Depuy refuses to respond regarding any component or part in the implant device other than the femoral stem and further objects that the request is "overly broad" and "unduly burdensome," without any more information or support.

Subject to its undefined and unsupported objections, Depuy responded only that: "DePuy states that there has been no recall campaign or similar operation concerning the Subject Component."  This response is improper, evasive and incomplete.

Plaintiffs' efforts to resolve this issue without involvement of this court were summarily obstructed. Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.

## Interrogatory No. 14

This requests seeks all claims or representations made regarding as to the quality, safety or fitness of the Summit Tapered Stem, or similar products including component parts and coatings, or any hip system of which it was a part.

Again, Depuy refuses to respond regarding any component or part in the implant device other than the femoral stem and further objects that the request is "overly broad" and "unduly burdensome," without any more information or support.

Depuy did not provide a written response but, subject to its undefined and unlimited objections, again produced a "Design History File," a "Design History Record," and an "Information for Use," which Depuy asserts "…contain responsive information."  Upon review, the documents produced do not provide a full and complete response to the request and are not compliant with Rule 33.

Plaintiffs' efforts to resolve this issue without involvement of this court were summarily obstructed. Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.

## Interrogatory No. 15

This request seeks all design modifications or alterations that have been considered for the product and component parts from the date of design to the present.

Again, Depuy refuses to respond regarding any component or part in the implant device other than the femoral stem and further objects that the request is "overly broad" and "unduly burdensome," without any more information or support.

Depuy did not provide a written response but, subject to its undefined and unlimited objections, again produced a "Design History File," a "Design History Record," and an "Information for Use," which Depuy asserts "…contain responsive information."  Upon review, the documents produced do not provide a full and complete response to the request and are not compliant with Rule 33.

Plaintiffs' efforts to resolve this issue without involvement of this court were summarily obstructed. Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.

**Interrogatory No. 16**

This request, as specifically clarified, seeks Depuy to identify regulations or standards applicable to the safety of Depuy's hip replacement products, including but not limited to the Summit Tapered Stem and the Biolox Head, and identify independent laboratories, consumer groups or government agencies which conducted tests or analysis on the device relating to compliance or safety.

Depuy simply responded that "U.S. Food & Drug Administration regulations apply to the DePuy Summit Femoral Stem, P/N 1570-12-070, Lot 198547 (the "Subject Component") implanted during Plaintiff's August 17, 2012, surgery and that it complied with all applicable regulations at all times." This response is, at best, incomplete and evasive. In addition, subject to its undefined and unlimited objections, Depuy again produced a "Design History File," which Depuy asserts "…contain responsive information." Upon review, the documents produced do not provide a full and complete response to the request and are not compliant with Rule 33.

Plaintiffs' efforts to resolve this issue without involvement of this court were summarily obstructed. Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.

**Interrogatory No. 17**

This request, as specifically clarified, seeks identity and information regarding Depuy agents, employees, independent contractors or other representatives who is a member of any testing or standards committees, professional or industrial societies, responsible for design, development, manufacture, or production of hip replacement systems or components.

Again, Depuy refuses to respond regarding any component or part in the implant device other than the femoral stem and further objects that the request is "overly broad" and "unduly burdensome," and that it objects to the extent it relates to "all Depuy employees" and not just those who were "played a role in the design or manufacture …" of the product. Depuy also objects that the terms "testing or standards committees" and "industrial or professional society" are "vague, ambiguous and undefined."

Defendant's objections are improper and obstructive. Notably, Defendant's refused to provide any response, even for the limited group of employees, agents, etc. who did "play a role in the design or manufacture, for which the defendant did not object.

Plaintiffs' efforts to resolve this issue without involvement of this court were summarily obstructed. Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.

**Interrogatory No. 18**

This request, as specifically clarified, seeks Depuy to identify and describe its policies, procedures, protocols, directives or instructions to its employees, agents, etc., to record or report adverse incidents regarding Depuy hip prosthesis and their implantation.

Again, Depuy refuses to respond regarding any component or part in the implant device other than the femoral stem and further objects that the request is "vague," "overly broad" and "unduly burdensome," without any more information or support.  Finally, Depuy objects that this request is "and thus an improper end around the Federal Rule…"

Depuy did not provide a written response but once again, subject to its undefined and unlimited objections, produced a "Product Complaint File," and a "Complaint History File," which Depuy asserts "…contain responsive information."  Upon review, the document produced does not provide a full and complete response to the request and is not compliant with Rule 33.

Plaintiffs' efforts to resolve this issue without involvement of this court were summarily obstructed. Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.

**Interrogatory No. 19**

The request, as specifically clarified, seeks identity of documents relating to manufacturing defects, failures, or flaws in defendant's hip replacement components or parts identified during manufacture, inspection or quality control process.

Again, Depuy refuses to respond regarding any component or part in the implant device other than the femoral stem and further objects that the request is "overly broad," and "unduly burdensome," without any more information or support. Depuy also objects that the terms "'defects, failures, or corrective action" and "failure rate" are "vague, ambiguous and undefined."

Depuy did not provide a written response but again, subject to its undefined and unlimited objections, produced a "Product Complaint File," a "Complaint History File," a "Sales History," and a "Design History File."  Upon review, these documents do not provide a full and complete response to the request and are not compliant with Rule 33.

With regard to Depuy's objection that the term terms recited, Defendant ignored and rejected Plaintiffs' efforts to clarify any possible, if implausible, misunderstanding or confusion.

Plaintiffs' efforts to resolve the remaining issues without involvement of this court were also summarily obstructed.  Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.

**Interrogatory No. 20**

This request, as specifically clarified, seeks identity of documents that relate to complaints, citations, reprimands, warnings, notices, violations or other negative criticism by any government or public entity regarding manufacture, design, distribution, safety or informational warnings, advertising, or sale of Defendant's hip replacement components or parts, and for Depuy to describe and identify documents relating to its investigations, findings and responses.

Again, Depuy refuses to respond regarding any component or part in the implant device other than the femoral stem and further objects that the request is "overly broad," and "unduly burdensome," without any more information or support.

In response, DePuy simply states that "it has not been 'cited, criticized, reprimanded... or had any legal action taken against it by any public official, governmental agency' because of alleged violations of federal, state or local regulations relating to the Subject Component." This response is evasive and incomplete.

Plaintiffs' efforts to resolve the remaining issues without involvement of this court were also summarily obstructed. Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.

**Interrogatory No. 21**

This request, as specifically clarified, seeks identification of adverse incidents referenced, documented or alleged relating to the use of Defendant's hip replacement systems, components or parts, which were reported to any sources other than Depuy.

Again, Depuy refuses to respond regarding any component or part in the implant device other than the femoral stem and further objects that the request is "overly broad," and "unduly burdensome," without any more information or support. "Depuy also objects interrogatory seeking information irrelevant to the Plaintiffs' Amended Complaint to the extent it seeks correspondence or information relating to the Consumer Product Safety Commission."

Depuy did not provide a written response but again, subject to its undefined and unlimited objections, produced a "Product History File" and a "Product Complaint File." Upon review, these documents do not provide a full and complete response to the request and are not compliant with Rule 33.

With regard to Depuy's objection that communications with the CPSC or any others regarding adverse incidents relating to the implant device or its components is not relevant or discoverable is simply ridiculous and clearly demonstrates defendant's brazen commitment to obstruction of Plaintiffs' discovery efforts.

Plaintiffs' efforts to resolve the remaining issues without involvement of this court were also summarily

obstructed.  Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.

**Interrogatory No. 22**

This request, as specifically clarified, seeks the identification and description of each test to determine the safety and reliability of the Summit Tapered Stem (by whatever brand name, label or system it was/is marketed under), and the Biolox Head.

Again, Depuy refuses to respond regarding any component or part in the implant device other than the femoral stem and further objects that the request is "overly broad," and "unduly burdensome," without any more information or support. Depuy also objects that this request is "compound … and thus an improper end around the Federal Rule…"

Depuy did not provide a written response but again, subject to its undefined and unlimited objections, produced a "Design History File" and a "Design History Rocord."   Upon review, these documents do not provide a full and complete response to the request and are not compliant with Rule 33.

Plaintiffs' efforts to resolve the remaining issues without involvement of this court were also summarily obstructed.  Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.

**Interrogatory No. 24**

This request, as specifically clarified, seeks the identification of corporations and entities which were sponsored, paid, employed, or directed by Defendant to participate or engage in the marketing, promotion, advertising, distribution, or sale of the Summit Tapered Stem (by whatever name or label it was marketed or sold), and/or Biolox head and describe such person's or entity's participation.

Again, Depuy refuses to respond regarding any component or part in the implant device other than the femoral stem and further objects that the request is "overly broad," and "unduly burdensome," without any more information or support. Depuy also objects that this request is "compound … and thus an improper end around the Federal Rule…".

Depuy did not provide any response.

Plaintiffs' efforts to resolve the remaining issues without involvement of this court were also summarily obstructed.  Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.


**Interrogatory No 25**

This request, as specifically clarified, seeks the identification of all documents or materials with information or warnings regarding the Summit Tapered Stem and/or the Biolox head that were provided

or made available to these Plaintiffs prior to or at the time of implantation in AUGUST 2012, and the entities (surgeon, patient, hospital, etc.) to which any such information was provided or made available, describing the manner in which such information or warnings was
made available or delivered.

Again, Depuy objects that the request is "overly broad," and "unduly burdensome," without any more information or support. Depuy also objects that this request is "compound ... and thus an improper end around the Federal Rule..."

Depuy did not provide a written response but again, subject to its undefined and unlimited objections, produced an "Instructions for Use."   Upon review, this document does not provide a full and complete response to the request and is not compliant with Rule 33.

Plaintiffs' efforts to resolve the remaining issues without involvement of this court were also summarily obstructed.  Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to this request, and for sanctions.


        In conclusion, the Plaintiffs, Jodi Rouviere and Andre Rouviere request the courts order Defendant, Depuy to completely and appropriately respond to the interrogatory requests as set forth in detail above.