*Law Offices of*
**ANDRE A. ROUVIERE**
Merrick Park Law Center
4070 Laguna Street
Coral Gables, Florida 33146
e-mail: Andre@Rouvierelawfirm.com

André A. Rouviere                                                              Telephone (305) 774-7000
Lissette B. Cruz                                                                         Fax (305) 946-6121

March 6, 2020

VIA ECF
Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      **Re: Rouviere v. DePuy Orthopaedics, et al.**
      **Civil Action No. 1:18-cv-4814 (AJN)**

Dear Judge Aaron,

Pursuant to the Local Rules of the Southern District of New York and this Court's procedure, below please find the Plaintiffs, Jodi Rouviere and Andre Rouviere's, Letter Reply to Defendant , Depuy Orthopedics' Response to Plaintiffs' Motion to Compel Full and Complete Responses to Plaintiffs' Requests in Compliance with Rule 33(d).

**Reply to Depuy's Background**

      Some of the "facts" recited by counsel for Depuy in its response are true.  The Plaintiff did in fact receive a total hip replacement in August of 2012.  Depuy's Summit femoral Stem and Biolox Head are part and parcel of the Summit Stem Hip System and of the system placed into the Plaintiff.  At all times this was alleged by the Plaintiffs and known to Depuy.  Plaintiffs hip was first revised in November 2016 primarily due to harm caused by product failure and damage from toxic metal ions needlessly and deceptively placed into the Plaintiffs body, including her tissue and blood stream.   Further, the Biolox head is mounted on the Summit Stem, and connects with the insert, liner and cup components to control articulation of the hip implant device.

      Depuy's claim that the Biolox Head is irrelevant is self serving and simply not true.  The claim that the Biolox Head is irrelevant  is disingenuous.  The Biolox head was a hinge point (linchpin) that caused or contributed to the impingement. Depuy's claim that the impingement occurred only due to Plaintiffs laxity is nothing more that Depuy's counsels opinion.  Depuy's assertion that the Biolox Head did not cause the damage, (as opposed to causing the impact/impingement) because it was purportedly not involved in the

impingement where the various components came into contact with each other, impliedly resulting in the shedding of excessive toxic debris and thus the damage is ignoring the evidence and the Plaintiff's burden to prove defect.

Depuy's position that the only issue in this case is the Summit Stem is disingenuous and calculated.  In its response to the instant motion, Depuy states "*Second, Plaintiffs' Interrogatories clearly did not request information regarding components other than the Summit Stem*" which raises the question: Why did Depuy object "to the extent that [the request] seeks information regarding components other than the Depuy Summit Stem…."?

As an example of how disingenuous Depuy's objections and responses to Plaintiffs' Interrogatories are, consider Interrogatory request #1, which seeks:

> "…information relating to the identity of the manufacture and distribution of 'any component part, subpart(s) or system(s)' of the hip replacement device implanted in the Plaintiff, Jodi Rouviere."  (See Plaintiffs' Letter Motion).

Defendants objected to this request as "*overly broad* and *unduly burdensome"* and "*to the extent that it seeks information regarding components other than the DePuy Summit Femoral Stem.*"  Subject to its improper, unsupported and waived objections, Depuy only would respond that Depuy manufactured *the stem*.  However, in its presentation of what Depuy lawyers think is relevant in this case, they clearly and simply represented to the Court in its March 5 Response to Plaintiffs' Letter:

> "The only <u>DePuy components</u> implanted in August 2012 were (1) a femoral component – the <u>Summit Stem,</u> which is made of titanium <u>and</u> (2) <u>the Biolox Head</u>, which is made of ceramic. The <u>Stryker components</u> consisted of the MDM Dual-Mobility Liner, which includes a Tritanium shell, a cobalt-chrome liner, and a polyethylene insert. (See Depuy's Response to Plaintiffs' Motion at p. 1).

> Depuy even attached and exhibit for the Court, producing a couple of very responsive pages describing the Depuy and Stryker components of Jodi's hip implant.

After many objections, delays, meet and confers, Depuy now produces the responsive information, with written statements and documents produced.  Apparently it is not too burdensome, or broad; and Depuy's lawyers certainly felt it was relevant to explain Depuy's perspective of the case to the court.  Depuy's objections and obstruction are inapplicable and in bad faith.

Depuy's attempt to generally assert that its production of documents pursuant to Fed. R. 33(d) also fails miserably. Many of the documents Depuy provided in its small haystack of about 1600 pages are unreadable, smeared, and/or unintelligible, incomplete, redacted, are non responsive, are not identified or identifiable (as to its origin, purpose, author, recipients, date) and do not which request the documents are supposedly responding to. Plaintiff notes that Depuy does not claim or confirm that it produced all documents that fully and completely respond to the request. Depuy's only response is that Plaintiffs fail to

cite to a single legitimate example of alleged misuse of Rule 33(d) in their Motion, the Plaintiffs proffer the following Bates page numbers as examples of documents that are not compliant (unreadable, redacted, smeared, illegible, indiscernible, distorted, incomplete and indecipherable: 291-335, 337-347, 349-376, 383-392, 408-423, 433, 436-441, 534, 549, 636-655, 657-662, 663-781, 817-838, 782-790. Further, over 200 pages of the haystack (912-1123) are the documents Plaintiff provided to Depuy in discovery and includes the plaintiff's complaint, which was handed back to the plaintiff as responsive to interrogatories. Page 656 refers to a Summit Literature Binder which is not included. Page 549 [Document 549 attached as **EXHIBIT A** ] refers to the SUMMIT STEM MASTER FILE which should have been included in the response (and which Depuy lawyers will not discuss during meet and confers, while Depuy counsel outwardly laughed at Plaintiffs during a meet and confer and insinuated that Plaintiffs are unaware of the terminology of what is requested. This master file has not been produced. [Portions of the unintelligible documents are attached for the Court's convenience as **EXHIBIT B**  ] Plaintiffs understand that we may have to look through a haystack, but the haystack should not be incomplete or manipulated to obstruct.

Accordingly, Plaintiffs respectfully request this Court compel Depuy to fully and completely respond to these requests, and for sanctions.

**LAW OFFICES OF ANDRE A. ROUVIERE**
Attorneys for Plaintiffs
Merrick Park Center
4070 Laguna Street
Coral Gables, Florida 33146
Tel:(305) 774-7000
Email: andre@rouvierelawfirm.com

By: /s/Andre A. Rouviere
       ANDRE A. ROUVIERE
F.B.N. 826073

cc: All Counsel of Record (*via ECF*)