UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___3/7/2020___

Jodi Rouviere, et al.,

                    Plaintiffs,

        -against-

Depuy Orthopaedics, Inc. et al.,

                    Defendants.

1:18-cv-04814 (LJL) (SDA)

OPINION AND ORDER

STEWART D. AARON, United States Magistrate Judge:

Before the Court is Plaintiffs' motion to compel Defendant DePuy Orthopaedics, Inc. ("DePuy") to provide further responses to Plaintiffs' interrogatories. (Ltr. Motion, ECF No. 101.) For the following reasons, Plaintiffs' motion is DENIED.

BACKGROUND

This is a medical device product liability case arising from injuries allegedly sustained by Plaintiff Jodi Rouviere after receiving a purportedly defective hip implant. (First Am. Compl., ECF No. 26, at ¶¶ 6, 279-399.) Plaintiffs allege that hip replacement medical device components manufactured by DePuy and Howmedica Osteonics Corp. were defective in their manufacture, warnings and design. (See id.)

Discovery has been ongoing since in or about January 2019. (See Case Management Plan and Scheduling Order, ECF No. 58.) After two extensions of discovery deadlines, fact discovery is scheduled to end on April 17, 2020, and expert discovery is scheduled to end on August 17, 2020. (Am. Scheduling Order, ECF No. 93; Order Extending Deadlines, ECF No. 100.)

On March 2, 2020, Plaintiffs filed the instant letter motion to compel, raising a series of issues related to DePuy's responses to Plaintiffs' interrogatories that were served on February 21, 2019. (Ltr. Motion at 1-4.) Plaintiffs first argue that DePuy's responses to their interrogatories were received late, on May 6, 2019. (*Id*. at 1.) In addition, Plaintiffs take issue with DePuy's objections to Plaintiffs' interrogatories and with the fact that DePuy produced documents in response to certain interrogatories. (*See id*. at 1-2, 3.) Plaintiffs attached to their letter motion their itemized position as to 22 of the 25 interrogatories that were served. (Ltr. Motion Ex. A, ECF No. 101-1.)

In opposition to the motion to compel, DePuy asserts that its responses were timely (DePuy Ltr., ECF No. 102, at 2); that Plaintiffs' interrogatories violate the Local Civil Rules of this Court (*id*.); that its responses were nevertheless complete (*id*. at 2-3); that the additional information sought by Plaintiffs is irrelevant to their claims (*id*. at 3-4); that it properly produced responsive documents in response to certain interrogatories (*id*. at 4); and that its objections were proper. (*Id*.) DePuy attached to its letter, among other things, Plaintiffs' interrogatories themselves. (DePuy Ltr. Ex. B, ECF No. 102-2.)

In reply, Plaintiffs argue about the relevance of the discovery they seek and complain that certain documents that were produced by DePuy were "unreadable," "smeared" and "incomplete." (Reply, ECF No. 103.)

## LEGAL STANDARDS

Federal Rule of Civil Procedure 33 permits a party to serve no more than 25 written interrogatories, including discrete subparts. Fed. R. Civ. P. 33(a)(1). An interrogatory may relate

to any matter that may be inquired into under Federal Rule of Civil Procedure 26(b)(1). However, the Local Civil Rules of this Court place limits on the use of interrogatories.

Local Civil Rule 33.3(a) provides as follows:

Unless otherwise ordered by the Court, at the commencement of discovery, interrogatories will be restricted to those seeking names of witnesses with knowledge of information relevant to the subject matter of the action, the computation of each category of damage alleged, and the existence, custodian, location and general description of relevant documents, including pertinent insurance agreements, and other physical evidence, or information of a similar nature.

S. & E.D.N.Y.R. 33.3(a). Local Civil Rule 33.3 is not in conflict with the Federal Rules because it "is entirely consistent with Rule 26(b)(2)(C), which authorizes the court, on its own initiative, to limit the burden and expense of discovery. A local rule that establishes a sequence for discovery and establishes a presumptive preference for certain discovery tools is consistent with this principle and in no way conflicts with Rule 33." *Gary Friedrich Enterprises, LLC v. Marvel Enterprises, Inc.*, No. 08-CV-01533 (BSJ) (JCF), 2011 WL 1642381, at *4 (S.D.N.Y. Apr. 26, 2011).

Motions to compel are left to the sound discretion of the court. *See Syntel Sterling Best Shores Mauritius Ltd. v. TriZetto Grp., Inc.*, 328 F.R.D. 450, 452 (S.D.N.Y. 2018). Moreover, a district court has broad latitude to determine the scope of discovery and to manage the discovery process. *See id.*

## ANALYSIS

Based upon review of the correspondence provided by DePuy in its response letter, the Court is satisfied that, contrary to Plaintiffs' assertion, DePuy's interrogatory responses were timely. (*See* DePuy Ltr. Ex. C, ECF No. 102-3.)

The Court has reviewed Plaintiffs' interrogatories and finds that they repeatedly violate[1]

Local Civil Rule 33.3(a), which limits interrogatories to those "seeking names of witnesses,"

information relating to "the computation of damages," and learning "the existence, custodian,

location and general description of relevant documents." Local Civil Rule 33.3(a).[2] Notably,

Plaintiffs are familiar with this Local Civil Rule, as they agreed in a letter to DePuy, dated

November 5, 2019, to withdrew Interrogatories 7 and 23 "in compliance with Local Rule 33.3."

(DePuy Ltr. Ex. D, ECF No. 102-4, at 3, 7.) Because the interrogatories at issue do not relate to

witness names, damages or documents, Plaintiffs' motion to compel is denied.

Plaintiffs' additional arguments are unavailing. Plaintiffs' assert that their interrogatories

are the "most efficient means of discovery" is untrue. (Ltr. Motion at 2.) A more efficient means

of obtaining relevant information would be for Plaintiffs to pose questions to a corporate

---

[1] For example, Interrogatory 6 requests information about "any and all clinical trials on any and all hip systems that include the Summit Tapered Stem and all explant retrieval programs on any and all hip systems that include the Summit Tapered Stem, any and all results of their analyses performed since the inception of the product. Include for each and every unit tested; who tested it, name address and phone number of the person or organization who tested it, on what date it was tested, what the findings of each test were, when the Defendant became aware of those testing results and what the Defendant's role in the study was specifically." (Pls.' First Interrogatories ¶ 6.) Similarly, Interrogatory 15 asks DePuy to "[s]tate in detail all design modifications or alterations that have been considered for the product and component parts from the date of design to the present. As to each such modification or alteration, please state: whether or not it was adopted, and if not, the reasons for rejection; the individual or individuals (by name, title and business address) who proposed such change; and the problem or potential problem intended to be addressed, ameliorated or corrected by the design, modification or alteration." (Pls.' First Interrogatories ¶ 15.)

[2] Plaintiffs also are in violation of Federal Rule of Civil Procedure 33, which limits interrogatories to 25 questions, including discrete subparts. Fed. R. Civ. P. 33(a). Many of Plaintiffs' 25 interrogatories contain multiple subparts within them; in one instance (Pls.' First Interrogatories ¶ 5), there are more than ten distinct questions within a single interrogatory. *See Cramer v. Fedco Auto. Components Co.*, No. 01-CV-0757E (SR), 2004 WL 1574691, at *4 (W.D.N.Y. May 26, 2004) ("[I]nterrogatory subparts are to be counted as discrete subparts if they are not logically or factually subsumed within and necessarily related to the primary question. . . . [I]f the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first and not factually subsumed within and necessarily related to the primary question." (quotation marks and citations omitted)).

designee of DePuy, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure. If Plaintiffs choose to serve a Rule 30(b)(6) notice upon DePuy, and after meeting and conferring in good faith, the parties are unable to agree as to the scope of the notice, the Court shall resolve the scope issues at that time.[3] *See Bigsby v. Barclays Capital Real Estate, Inc*., 329 F.R.D. 78, 81 (S.D.N.Y. 2019) (Aaron, M.J.) (discussing Rule 30(b)(6) legal standards).

As to Plaintiffs' argument that Defendant improperly produced documents in response to certain interrogatories, the Court disagrees. Rule 33(d) of the Federal Rules of Civil Procedure expressly provides the responding party the option to produce business records in response to an interrogatory. Fed. R. Civ. P. 33(d). The Court credits DePuy's explanation of what was produced. (*See* DePuy Ltr. at 4.) However, the Court directs that the parties meet and confer with respect to any documents produced by DePuy that are unreadable, smeared and incomplete. DePuy promptly shall remedy any defects in this regard.

---

[3] The Court declines to resolve at this time the parties' dispute as to whether Plaintiffs may take discovery regarding so-called Biolox Head since such dispute arises in the context of Plaintiffs' improper interrogatories. The Court expects the parties to meet and confer in good faith regarding any future discovery disputes regarding the Biolox Head, keeping in mind that Federal Rule of Civil Procedure 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion to compel further responses to their interrogatories is DENIED.

**SO ORDERED.**

DATED:     New York, New York
            March 8, 2020

_____
STEWART D. AARON
United States Magistrate Judge