# BARNES & THORNBURG LLP

J.T. Larson
317-231-7729
jt.larson@btlaw.com

11 South Meridian Street
Indianapolis, IN 46204-3535 U.S.A.
(317) 236-1313
Fax (317) 231-7433

www.btlaw.com

May 26, 2020

*Via Electronic Court Filing*
Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      Re:    *Rouviere v. DePuy Orthopaedics, Inc., et al.*
                *Cause No: 1:18-cv-04814-LJL-SDA*

Dear Judge Aaron:

      We represent DePuy Orthopaedics, Inc. ("DePuy") (now known as Medical Device Business Services, Inc.) in the above-referenced matter. We are writing to you in accordance with Section III.B of your Individual Rules of Practice to request that the Court, pursuant to Federal Rule of Civil Procedure 26(c), enter a protective order with respect to Plaintiffs' proposed improper and burdensome Rule 30(b)(6) deposition categories ("Deposition Categories").

**This Is Not An Emergency Motion:** DePuy has reviewed the Southern District of New York's March 20, 2020 Memorandum regarding COVID-19 Protocols as well as Your Honor's March 24, 2020 Emergency Rules of Individual Practice and advises that DePuy is *not* requesting any emergency relief or expedited hearing or consideration.

      DePuy is filing this motion under Rule 26(c) in order to protect itself against improper and burdensome discovery relating to Plaintiffs' proposed categories of requested corporate representative deposition testimony. When the Court last addressed a disagreement between the parties regarding the scope of discovery, Your Honor directed the parties to meet and confer regarding the scope of corporate witness deposition testimony and then move for a protective order if the parties could not reach an agreement. [Dkt. 104, p. 5.] As described below, DePuy has conferred in good faith with Plaintiffs and even compromised by agreeing to provide testimony regarding the Biolox Delta ceramic head component (the primary source of disagreement between the parties), a component DePuy contends is irrelevant to the Plaintiffs' alleged injury and liability theories. But Plaintiffs have refused to compromise regarding virtually all of their thirty (30) proposed 30(b)(6) Deposition Categories in any meaningful way, making it virtually impossible to identify and prepare witnesses and necessitating the filing of this motion. Fact witness depositions must be completed by July 16, 2020; DePuy is filing this motion now in order to receive guidance from the court so that it may timely prepare a corporate witness or witnesses.

**Factual Background and DePuy's Extensive Meet and Confer Efforts:** This is a medical device products liability case. Plaintiffs allege that medical device components manufactured by DePuy and co-defendant Howmedica Osteonics Corporation d/b/a Stryker Orthopaedics ("Howmedica") were defective in their manufacture, warnings, and design. These components were implanted in Mrs. Rouviere's hip in August 2012 and removed or revised and replaced over the course of multiple revision surgeries in 2016 and 2017. The present Motion concerns the scope of corporate

representative deposition testimony pursuant to Rule 30(b)(6). The parties have engaged in extensive meet and confer efforts to resolve the issue, but – as described in detail below – Plaintiffs refused to confer in good faith and have only increased the scope of requested testimony.

On January 8, 2020, Plaintiffs sent a letter to DePuy requesting a corporate representative deposition and detailing twenty-four (24) potential deposition topics. [Plaintiffs' January 8, 2020 letter, attached as **Exhibit A**.] Counsel for DePuy engaged in an in-person meet and confer session with Plaintiffs' *pro se* counsel and attorney Andre Rouviere on January 16, 2020 following his deposition. The parties then conducted a telephonic meet and confer conference on January 24, 2020 in an attempt to resolve the dispute as to Plaintiffs' Deposition Categories. DePuy followed up that conference with a detailed letter to Plaintiffs explaining why the proposed categories were overly broad and improper under Rule 26. [DePuy's January 27, 2020 Letter, attached as **Exhibit B**.] Specifically, DePuy explained that certain categories of Plaintiffs' Deposition Categories were improper under the Federal Rules because they were disproportional to the needs of the case and addressed numerous irrelevant topics and issues. [*Id*.] On February 11, 2020, DePuy wrote to Plaintiffs, suggesting that it would produce a corporate witness or witnesses relating to eight (8) broad deposition topics in an effort to resolve this dispute. [DePuy's February 11, 2020 Email, attached as **Exhibit C**.] DePuy also offered Plaintiffs full responses to Plaintiffs' Requests for Admission as phrased in exchange for Plaintiffs' limitation of Plaintiffs' Deposition Categories to the relevant topics. [*Id.*] DePuy served responses to Plaintiffs ninety-eight Requests for Admissions on April 30, 2020. Plaintiffs refused to compromise on the Deposition Categories. On March 2, 2020, Plaintiffs sent DePuy a revised list of Deposition Categories, which include ***six (6) additional*** Deposition Categories (now thirty (30) total categories) and provided ***broader*** definitions than those originally proposed. [Plaintiffs' March 2, 2020 letter, attached as **Exhibit D**.] On March 5, 2020, DePuy and Plaintiffs again had a telephonic meet and confer conference. DePuy again sent Plaintiffs a letter following the call and offered to provide a witness to testify as to the Biolox Delta ceramic femoral head component in order to resolve the ongoing dispute.[1] [DePuy's March 10, 2020 e-mail, attached as **Exhibit E**.] Although DePuy made another concession, Plaintiffs refused to withdraw any of the proposed Deposition Categories. [Plaintiffs' March 12, 2020 letter, attached as **Exhibit F**.]

In summary, the parties have engaged in extensive meet and confer efforts to no avail. DePuy has made multiple concessions and agreed to produce a witness to testify as to the Summit Stem and Biolox Delta ceramic head in response to proposed categories Nos. 1, 2, 3, 4, 5, 7, 10, 13, 14 and 24, although it will not agree to Plaintiffs' request that DePuy testify as to other manufacturers' products as to those categories as Plaintiffs demand (*see* Section A below), regarding irrelevant and harassing topics (*see* Section B below), or legal strategy (*see* Section C below). DePuy has also attempted to assist the *pro se* litigants at complying with the Federal Rules and crafting 30(b)(6) deposition topics that will allow DePuy to identify and prepare a witness or witnesses to address any issues addressed in Categories 9, 12, 18, 21, 22, and 23. But Plaintiffs have refused to compromise from their positions and actually expanded their proposed categories in violation of the Federal Rules of Civil Procedure.

**<u>Plaintiffs' Deposition Categories Violate the Federal Rules of Civil Procedure</u>:** As noted, this is a single-plaintiff case involving – at least with respect to DePuy - a medical device component (the

---

[1] DePuy's compromise in providing a witness to testify regarding the Biolox Delta ceramic femoral head component is consistent with the Court's Order denying Plaintiffs' Motion to Compel. [Dkt. 104, at p.5 n. 3 (directing the parties to confer on this issue and referencing the scope of permitted discovery under Rule 26(b)(1).]

Hon. Stewart D. Aaron
May 26, 2020
Page 3

DePuy Summit Stem) that has been on the market for several years. Mrs. Rouviere's Summit Stem was removed or revised in February 2017 and is the focus of Plaintiffs' 71 page Amended Complaint as to DePuy. Mrs. Rouviere also received Howmedica's MDM acetabular components in 2012. Those components were revised or removed in February 2017. Plaintiffs' Amended Complaint also focuses on those components. Mrs. Rouviere also received a DePuy Biolox Delta ceramic head but it is not featured in the Plaintiffs' Amended Complaint and there has been no evidence to date that it was defective in any way or led to Mrs. Rouviere's revision surgery. DePuy and Howmedica have both also produced proprietary design and manufacturing records for their respective components.

The Court should issue a protective order precluding Plaintiffs' improper Deposition Categories for two principle reasons.

***First***, Plaintiffs' Deposition Categories are disproportional to the needs of the case. Federal Rule 26, as amended, limits discovery to only matters "proportional to the needs of the case." *See Bigsby v. Barclays Capital Real Estate, Inc.*, 329 F.R.D. 78, 82 (S.D.N.Y. 2019). Plaintiffs' Deposition Categories here include, for example, broad, sweeping reference to "information or warnings of any kind related to the hip implant device or its components," "risks of any kind related to the hip implant device or any of its components," "information on the subject hip implant device or its components…which [DePuy] provide[s] or make[s] available, directly or indirectly, for the patient to review, or consult," and "intended permitted or foreseeable use of the Summit Tapered Stem within any other hip system." These categories, as phrased, are impossible to prepare a single corporate witness to testify regarding. The Deposition Categories are extremely burdensome to DePuy and disproportional in both the number of Deposition Categories (30) and their improper subject matter. Accordingly, DePuy requests that the Court narrow Plaintiffs' Deposition Categories commensurate with the needs of this case.

***Second***, many of the Deposition Categories are irrelevant to the issues involved in this case. Rule 26 also restricts discovery to matters that are relevant to the claims or defenses involved in the case. Discovery "is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." *See Tottenham v. Trans World Gaming Corp.*, 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002). "Discovery requests cannot be based on pure speculation or conjecture." *Surles v. Air France,* 2001 WL 815522, *4 (S.D.N.Y. July 19, 2001) (collecting cases denying discovery fishing expeditions). And, as this Court explained in *Bigsby v. Barclays Capital Real Estate, Inc.*, Rule 30(b)(6) depositions are subject to restraints of Rule 26's proportionality and relevance restrictions. 329 F.R.D. 78, 81 (S.D.N.Y. 2019). "An overly broad Fed. R. Civ. P. 30(b)(6) notice subjects the noticed party to an impossible task, because, where it is not possible to identify the outer limits of the areas of inquiry noticed, compliant designation is not feasible." *Eng-Hatcher v. Sprint Nextel Corp.*, 2008 WL 4104015, at *4 (S.D.N.Y. Aug. 28, 2008). DePuy cannot fulfill its obligation to prepare and present a knowledgeable witness with these burdensome and irrelevant Deposition Categories.

The following proposed 30(b)(6) Deposition Categories are disproportional, irrelevant, and violate Rule 26:

**A. *Plaintiffs' Demand that DePuy and Howmedica Present a Witness to Testify on the Other's Products Is Improper.***

The most troubling issue is Plaintiffs' definition of "Hip Implant Device." "Hip Implant Device" is not a term that anyone familiar with medical devices uses, but Plaintiffs have defined this term broadly to mean "all components and materials implanted as part of the device (the stem, head,

insert, liner and cup along with all coating and other associated materials)." Plaintiffs use this term across most of their categories. This defined term is problematic because different companies manufactured components in the "Hip Implant Device," so by its plain terms any Category that requests testimony related to the Hip Implant Device requests that DePuy testify as to Howmedica and *vice versa*. This is improper. Plaintiffs should ask DePuy about DePuy products and Howmedica about Howmedica products. DePuy requested that Plaintiffs withdraw this requirement but Plaintiffs have refused. DePuy also requests that the Court eliminate Plaintiffs' Deposition Categories 15 and 16, which similarly require DePuy to provide a designee to testify regarding the Summit Stem and Biolox Head and the "pairing" of these components with "any hip implant device or system…whether manufactured by DePuy or otherwise." The Court should order that Plaintiffs' Deposition Categories be limited to only permit questioning about that particular defendant's products actually implanted in Mrs. Rouviere.

### B. Deposition Categories 17, 19, 20, and 25-28 are Argumentative, Overly Broad and Harassing.

Plaintiffs have included numerous Deposition Categories that are clearly not tethered to the facts of this case, but instead appear to lob unsupported insults at DePuy and other medical device manufacturers. As DePuy has explained to Plaintiffs, the Pinnacle and ASR hip systems included metal-on-metal articulating surfaces that were designed to involve a metal femoral head component articulating against a metal liner component. Mrs. Rouviere's implant featured a Biolox Delta ceramic head articulating against a poly liner. This is a completely different construct than the Pinnacle and ASR devices. The only reason that Plaintiffs have included these Categories is to harass DePuy about litigation regarding irrelevant products.

More specifically, Category No. 17 relates to the "2008 DePuy sales conference," but that conference did not discuss or mention the Summit stem. Further, the video presentation from that conference is publicly available. Category No. 19 broadly relates to Dr. Tom Schmalzried and is unlimited in time or to any specific topics. Plaintiffs noted more than once during the March 5, 2020 meet and confer call that Dr. Schmalzried's name is "all over the documents produced by DePuy." While Dr. Schmalzried was a design surgeon for the original Summit stem in 2000, he was not involved in the Summit DuoFix HA—the specific product at issue here—and his name is not mentioned anywhere in the Design History File for the Summit DuoFix HA stem produced in this case. Category No. 20 relates to Dr. Pat Campbell but likewise isn't limited by time or topic. No rationale was provided by Plaintiffs for this category.

These Deposition Categories also include harassing allegations that DePuy and other medical device manufacturers improperly influenced surgeons to use their products (27, 28). These allegations are particularly misplaced because Plaintiffs have repeatedly stated that they are not claiming that either Dr. Buly or Dr. Alvarado did anything wrong. The Court should again prohibit Plaintiffs' Deposition Categories from addressing medical device components or systems not actually implanted in Ms. Rouviere.

### C. Deposition Category 6 Seeks Legal Strategy and Opinions.

Plaintiffs' Category No. 6 requests that DePuy prepare and present a witness to testify on "any defenses claimed in this lawsuit and regarding documents which support or relate to any defense asserted in this lawsuit." This is not a proper deposition category. *Gov't Employees Ins. Co. v. Lenex Services*, 2018 WL 1368024 (E.D.N.Y. 2018)("The case law is clear that Rule 30(b)(6) depositions are intended to discover the facts, and it is improper to use a Rule 30(b)(6) deposition to ascertain

how a party intends to marshal the facts and support its legal theories."). The Court should prohibit inquiry on this Category.

### D. Deposition Categories 8 and 29 Seek Information DePuy Does Not Possess.

During the March 5, 2020 meet and confer call, Plaintiffs' counsel indicated that DePuy improperly refused to produce the "Device Master File" for the Summit Stem and Category No. 29 addresses the same issue. DePuy has repeatedly informed Plaintiffs that DePuy does not possess a "Device Master File" for the Summit stem and cannot produce such a file or provide a designee to testify regarding such a file. It is DePuy's understanding that any "Device Master File" that exists is a proprietary, confidential file submitted by the porocoat application company to the FDA and any such file is in the possession of the FDA. Accordingly, the Court should require Plaintiffs to withdraw this Category.

Similarly, Deposition Category No. 8 requests testimony about warnings or materials that DePuy makes available to patients for the selection of orthopaedic devices or components. DePuy has repeatedly advised Plaintiffs in discovery responses that, consistent with federal and state law, it provides warnings to surgeons, not patients. The Court should not allow this Deposition Category.

### E. Deposition Categories 9, 12, 18, 21, 22, and 23 Are Overly Broad and Not Sufficiently Particular.

Proposed Deposition Categories 9, 12, 18, 21, 22, and 23 are overly broad and not reasonably particular as required by Fed. R. Civ. P. 30(b)(6), such that DePuy cannot prepare and present a witness to testify regarding these topics as drafted. These Categories often mix irrelevant issues with relevant ones or are unintelligible. For example, Category No. 18 combines both "hypersensitivity" (relevant issue) with "carcinogenicity" (irrelevant issue) and Category No. 21 is seven lines long and is unintelligible. DePuy cannot fulfill its obligation to prepare and present a knowledgeable witness with respect to these Deposition Categories. The Court should prohibit or significantly narrow these Categories.

### F. The Court Should Prohibit Plaintiffs' Duplicative Deposition Categories.

There are certain topics that Plaintiffs address in multiple Deposition Categories that are redundant and therefore improper and unduly burdensome. There are four Deposition Categories that concern warnings provided by DePuy to various individuals, which is understandable given the allegations in the Amended Complaint. But Deposition Categories 1, 2, 3, and 13 all ask essentially the same question: Whether DePuy provided warnings or other related information related to the Summit Hip Stem at issue here. This is redundant and unnecessary. Similarly, Deposition Categories 4, 9, and 12 all seek information related to adverse event reports, Deposition Categories 11 and 15 both seek information related to the Summit Hip Stem's use in other hip systems, and Deposition Categories 18, 22, and 23 all seek information related to metal reactions allegedly caused by use of the Summit Hip Stem. These redundant Deposition Categories are improper and prevent DePuy from ascertaining the scope of Plaintiffs' Deposition Categories in order to prepare a witness, *see Eng-Hatcher v. Sprint Nextel Corp.*, 2008 WL 4104015, at *4 (S.D.N.Y. Aug. 28, 2008).

BARNES &THORNBURG LLP

Hon. Stewart D. Aaron
May 26, 2020
Page 6

      DePuy respectfully requests that the Court issue a protective order prohibiting Plaintiffs' improper Deposition Categories or, alternatively, significantly narrow the Deposition Categories to render them proportional to the needs of this case and to address only relevant issues.

                                      Very truly yours,

                                      */s/ J.T. Larson*

                                      J.T. Larson

cc:      Jodi L. Rouviere
           Paul Asfendis, Esq.
           Joseph G. Eaton, Esq.

**BARNES &THORNBURG** LLP