# EXHIBIT A

*Law Offices of*
**ANDRE A. ROUVIERE**
Merrick Park Law Center
4070 Laguna Street
Coral Gables, Florida 33146
e-mail: erd@att.net

André A. Rouviere                                                                                           Telephone (305)774-7000
Lissette B. Cruz                                                                                                   Fax (305)946-6121

January 8, 2020

Joe Eaton
Barnes & Thornberg LLP
11 South Meridian Street
Indianapolis, Indiana 46204

Paul E. Asfendis ,
Gibbons P.C.,
One Pennsylvania Plaza,
37th Floor
New York, NY 10119-3701

### RE:   ROUVIERE v DEPUY/STRYKER

Dear Joe:

In furtherance of our previous communication, I have identified the areas that Plaintiff's seek depositions pursuant to FRCP 30(b)(6). I itemize in the attachment the areas of concern I would like to cover. Please identify the persons you will want to appoint to be deposed. There is some crossover regarding the subject matter, thus I would suspect a single witness can cover a lion share of the topics. If not please advise as we may need to set multiple depositions. I am available the entire week of the 27th of January. Please advise.

Thank you

Very truly yours,

*/s/ Andre Rouviere*
Andre A. Rouviere

AAR/jlr

CC: Paul Asfendis

1      The person with the most knowledge regarding packaging, labels, tags, instructions, literature, marketing materials, warnings or other documents or writings relating to the device or any of its components.

2      The person with the most knowledge regarding materials, literature, documents, videos, diagrams, pictures, warnings and/or other information of any kind distributed by you or any of your distributors or representatives that is provided to surgeons, physicians, other health care professionals or to patients, both directly and indirectly, related to the Device or any of its components including its coatings, including but not limited to, adverse reports regarding the performance of the Device or any of its components and any injury it may have caused.

3      The person with the most knowledge regarding materials, literature, documents, videos, diagrams, pictures, warnings and/or other information of any kind related to the Device or of its components including its coatings, including but not limited to, adverse reports regarding the performance of the Device or any of its components and any injury it may have caused.

4      The person with the most knowledge regarding all test results, statistical analyses, pamphlets, brochures, articles or any other literature on which you may rely in support of any claim or defense in this lawsuit.

5      The person with the most knowledge regarding test results, statistical analyses, pamphlets, brochures, articles or any other literature on which you may rely in support of any claim or defense in this lawsuit.

6      The person with the most knowledge regarding applications and documents seeking and reflecting approval or denial, by certification or the passing of any such required applications and/or safety standards in which Device or any component of the Device, was applied to or cleared by for governance by any governmental and/or industry codes, standards, regulations or advisories.

7      The person with the most knowledge regarding documents and other materials that Defendant may use as proof that Plaintiff's complaints of physical injury, emotional distress, and/or financial injury were not caused by the Device or by the negligence of the Defendant.

8      The person with the most knowledge regarding written, audio or visual material (including but not limited to videos, models, photographs, brochures or advertisements) of any sort that you supply for patient to review or to be consulted on regarding the selection of the Device or any of its components.

9      The person with the most knowledge regarding materials Defendant contends Plaintiff to be supplied with or of which should have been supplied at the time the Plaintiff submitted to the implanting or following the implanting of the device in AUGUST 2012 by the manufacturer, distributor, sales person, surgeon, or by the Defendant in general, either written, verbal or recorded, that constituted a warning to the Plaintiff that the Defendant contends was an adequate warning and any and all materials which are supplied at the present time to patients for the same surgery.

10     The person with the most knowledge regarding reports, memoranda or resulting test data relating to any defects, failures, or corrective action proposed or associated with any of the parts, components, sub-assemblies or assemblies which would reflect the "failure rate" of the device or any of its components.

11      The person with the most knowledge regarding all information in any form of any kind, that represents the use of the Summit Tapered Stem within any other hip system, DePuy or any other manufacturer, or components by the Summit name or by any other name including the entire PMA and/or 510(k) applications and all notices and correspondence related to the applications and the final clearance.

12      The person with the most knowledge regarding every memorandum, email, letter, or any form of external or internal document of any kind prepared by any employees or consultants to DePuy raising any concerns regarding the safety or adverse events concerns, design issues or flaws or possible harm the device or any of its components could cause a recipient from its initial design when it was first created and up to the present time.

13      The person with the most knowledge regarding wording of any and all affixed, attached, or otherwise supplied labels, tags, directions, instructions, warnings or other writings, whether attached thereto or not, which accompanied the Device and identify the labels, tags, directions, instructions, or other writings which accompanied the Device at the time it left your control for marketing purposes.

14      The person with the most knowledge regarding warnings initially distributed, printed, or provided by Defendant and made available to the patient, from 2007 to the present time, regarding the subject Device or any of its components and the potential for injury, safety concerns, or adverse events resulting from the use of the Device.

15      The person with the most knowledge regarding documents, reports, recall campaigns, technical service bulletins, operations, warnings, programs, or activities which involved the device or any of its components from any country that sells the Device or any of its components under any name.

16      The person with the most knowledge regarding all Marketing, design rationale, instructional and any and all materials for all hip systems paired with and for the Summit Stem and any of its components (ie: coatings etc.)

17      The person with the most knowledge regarding all marketing, design rationale, instructional and any and all materials for all hip systems paired with and for the Biolox Head.

18      The person with the most knowledge regarding 2008 DePuy sales conference "Taking Shares of Business" Billion Dollar Baby Meeting, videos, recordings, materials and minutes.

19      The person with the most knowledge regarding the Depuy Internal Memo "Setting the record straight on metal hypersensitivity" by T. Schmalzreid

20      The person with the most knowledge regarding the DePuy Internal Memo July 2005 that says: "In addition to inducing changes in immune function, there has been some concern for some time that wear debris may be carcinogenic. The mechanism is not known and only 24 malignancies have been reported in patients with joint replacements. Also worrying is the possibility of distant effects. One study suggested a threefold risk of lymphoma and leukemia 10 years after joint

replacement. The metal to metal total hip appears to be quite promising and in the laboratory the data is (sic) definitely in its favor. However, the ultimate test is the long term human experience."

21     The person with the most knowledge regarding documents including their dates and names of participants including any and all conversations, emails, communications, concerns or testing and results thereof, both in-vivo and in-vitro, on nano-toxicology, toxicology, genotoxicity, biomonitoring, biology or biological assessment, the body's biological response to prosthetic debris and ions, and identifying pathological or biomarkers or any biocompatibility studies.; on biochemical analyses; including warnings, or discussion about any and all biochemical effects to the body from the device or any of its components; and on the Device and/or any of its components in relation to Chronic inflammation, metal hypersensitivity, metal allergy, mitochondrial disease and/or immune response.

22     The person with the most knowledge regarding documents and photos or videos that indicate the device, or any of its components, corrodes, erodes and/or deteriorates. Please list date of incident and brief synopsis of the documents responsive to this request.

23     The person with the most knowledge regarding documents and photos or videos that indicate the device, or any of its components, shed debris, cause metallosis or dark staining of surrounding hip tissue, cause dislocation and cause pseudotumors, or any other adverse event.
24     The person with the most knowledge regarding reports or documents of any kind of any testing, including drafts and raw data, conducted on the Device and any of its components including but not limited to; materials specifications and coating testing, in-vivo tests and simulation wear testing, that is the subject of the claims in this litigation.