# EXHIBIT B

**BARNES & THORNBURG** LLP

Joseph G. Eaton
317-231-7705
joe.eaton@btlaw.com

J.T. Larson
317-231-7729
jt.larson@btlaw.com

11 South Meridian Street
Indianapolis, IN 46204-3535 U.S.A.
(317) 236-1313
Fax (317) 231-7433

www.btlaw.com

January 27, 2020

*Via Electronic Mail*
Andre A. Rouviere
4070 Laguna Street
Coral Gables, Florida 33146

      Re:   *Rouviere v. DePuy Orthopaedics, Inc., et al.*
             *Plaintiffs' Requests for Admissions and Proposed Notice of 30(b)(6) Deposition*

Dear Andre:

      We are writing to you to attempt to resolve our ongoing dispute regarding Plaintiffs' improper and burdensome Requests for Admissions ("Plaintiffs' Requests") and overlapping issues with Plaintiffs' Letter Requesting Categories of Corporate Deposition Testimony ("Plaintiffs' Deposition Categories"). As we discussed during our meet and confer discussion on Friday, January 24, 2020 and explained in more detail below, Plaintiffs' Requests and Plaintiffs' Deposition Categories violate the Federal Rules and should be significantly narrowed to render them proportional to the needs of this case and to address only relevant issues.

      This letter will only address specific Requests for Admissions that violate Rule 26. DePuy and Plaintiffs have agreed to meet and confer on the Deposition Categories separately. However, any issue that is irrelevant for a Request for Admission is irrelevant for a Deposition Category as well.

    I.    **Plaintiffs' Requests Violate Federal Rule of Civil Procedure 26(b).**

      Federal Rule 26(b), as amended in 2015, limits discovery to only matters **both** "relevant to any party's claim or defense" *and* "proportional to the needs of the case."[1] Plaintiffs' Requests and Plaintiffs' Deposition Categories violate these requirements.

      **A. Plaintiffs' Nearly One Hundred Requests for Admissions Are Not Proportional to the Needs of the Case.**

      In assessing proportionality, Rule 26 directs courts to consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Although it has only been five years since the 2015 Amendments took effect, courts have eagerly used the proportionality requirement to stop burdensome and unnecessary discovery.

---

[1] The 2015 Amendments removed the "reasonably calculated to lead to the discovery of admissible evidence" language. That is no longer the standard for the scope of permissible discovery.

Andre Rouviere, Esq.
January 27, 2020
Page 2

      The Southern District of New York in particular has routinely denied discovery that is not proportional to the needs of the case. *See, e.g., Pearlstein v. BlackBerry Ltd.*, 2019 WL 5287931, at *3 (S.D.N.Y. Sept. 20, 2019); *City of Almaty, Kazahkstan v. Ablyazov*, 2018 WL 2148430, at *3 (S.D.N.Y. May 10, 2018) (denying the taking of depositions not proportional to the needs of the case); *Walker v. H & M Henner & Mauritz, L.P.*, 2016 WL 4742334, at *2 (S.D.N.Y. Sept. 12, 2016) (denying discovery because information sought is not "proportional to the needs of the case"); *Vaigasi v. Solow Mgmt. Corp.*, 2016 WL 616386, at *14 (S.D.N.Y. Feb. 16, 2016) (holding that lengthy discovery requests were not proportional to the needs of the case and denying a motion to compel); *Robertson v. People Magazine*, 2015 WL 9077111, at *2 (S.D.N.Y. Dec. 16, 2015) (holding that discovery sought was burdensome and disproportionate and denying discovery of the same).

      Magistrate Judge Aaron has repeatedly used Rule 26's proportionality requirement to prohibit and limit burdensome discovery. *See Bigsby v. Barclays Capital Real Estate, Inc.*, 329 F.R.D. 78, 82 (S.D.N.Y. 2019) (J. Aaron) (holding certain witness testimony "would not be sufficiently important in resolving the remaining issues in this case, and the burden and expense of such discovery would outweigh its likely benefit" pursuant to Rule 26 proportionality concerns); *La Belle v. Barclays Capital Inc.*, 2019 WL 6051436, at *2 (S.D.N.Y. Nov. 15, 2019) (J. Aaron) (citing Rule 26(b)'s proportionality requirement and finding document request overbroad, such that more limited discovery should be had); *In re Signet Jewelers Ltd. Sec. Litig.*, 2019 WL 5558072, at *2 (S.D.N.Y. Oct. 24, 2019) (J. Aaron) (denying motion to compel for additional discovery as not proportional to the case under Rule 26); *Jose Luis Pelaez, Inc. v. Scholastic, Inc.*, 2018 WL 1891116, at *2 (S.D.N.Y. Apr. 3, 2018) (J. Aaron) (limiting discovery based on proportionality concerns under Rule 26(b)); *Rinaldi v. SCA La Goutte, D'Or*, 2018 WL 722415, at *2 (S.D.N.Y. Jan. 31, 2018) (J. Aaron) (modifying requests for productions based on proportionality concerns under Rule 26(b)); *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp., Inc.*, 2018 WL 722480, at *2 (S.D.N.Y. Jan. 30, 2018) (J. Aaron) (denying 30(b)(6) topics as disproportionate to the needs of the case pursuant to Rule 26(b)). DePuy will not hesitate to raise these concerns with Judge Aaron if Plaintiffs refuse to limit discovery and it will seek to recover costs and fees it incurs.

      The sheer number of Plaintiffs' Requests are disproportional to the needs of the case. Plaintiffs' Requests include **nearly one hundred** separate requests to admit specific facts. The vast majority of these Requests involve complicated scientific and clinical issues that cannot be simply admitted or denied but instead must be thoroughly explained in writing. Plaintiffs' Requests are therefore extraordinarily burdensome and will involve significant expense. As described in more detail below, *see infra* at J, these Requests are inherently improper and "are, in effect, interrogatories which fall outside the scope of Rule 33(a) of the Local Civil Rules of the Southern District of New York." *See Versatile Housewares v. SAS Grp.*, 2010 WL 11601225, at *1 (S.D.N.Y. July 15, 2010). In contrast, the needs of this case are relatively small. This is a single-plaintiff case involving a medical device component that has been on the market for several years. DePuy has produced the relevant design and manufacturing records that can allow anyone familiar with the medical device industry to assess the relevant component part. Accordingly, Plaintiffs must reevaluate their Requests and significantly limit them to fits the needs of this case.

BARNES & THORNBURG LLP

### B. Plaintiffs' Requests Concerning the Biolox Head Are Irrelevant.

Plaintiffs' attempts to obtain discovery on DePuy's Biolox Head component appears to be the most disputed issue between the parties. But the federal rules do not allow irrelevant discovery, and discovery requests that are not connected to a party's allegations are not relevant. Written discovery "is not intended to be a fishing expedition, but rather is meant to allow the parties to flesh out allegations for which they initially have at least a modicum of objective support." *See Tottenham v. Trans World Gaming Corp.*, 2002 WL 1967023, at *2 (S.D.N.Y. June 21, 2002). "Discovery requests cannot be based on pure speculation or conjecture." *Surles v. Air France,* 2001 WL 815522, *4 (S.D.N.Y. July 19, 2001)(collecting cases denying discovery fishing expeditions). A party cannot demand discovery from its opponent to support a contention "without offering any objective support for that contention." *Id*. That is precisely what Plaintiffs are seeking to do with respect to the Biolox Head.

Requests 5, 27, 28, 29, 30, 39, and 98 concerning the Biolox Head are irrelevant to the issues involved in this case as outlined in Plaintiffs' Amended Complaint. Rule 26 restricts discovery to matters that are relevant to the *claims or defenses* involved in the case. Plaintiffs' Amended Complaint, as it relates to DePuy, is entirely focused on the Summit Stem, [*see* Dkt. 26 at ¶ 6, "The DePuy *subject product* Summit stem was implanted …"] and Plaintiffs' stated theories about this case have involved only that component. The Biolox Head is mentioned only one time in Plaintiffs' Amended Complaint [*see id*. at ¶ 83] and Plaintiffs make no allegation that there was anything defective in that component's design or manufacture by DePuy or that the component caused Jodi Rouviere's alleged injuries. Since the Biolox Head is not connected to Plaintiffs' allegations in this case, it is not relevant. *Pearlstein v. BlackBerry Ltd.*, 2019 WL 5287931, at *3 (S.D.N.Y. Sept. 20, 2019) (holding that attempted discovery related to a product different from the product at issue in the case was not proportional to the needs of the case under Rule 26(b)'s discovery standard).

In the meet and confer conference on January 24, Plaintiffs were unable to identify any cogent theory or allegation regarding the Biolox Head. Instead, it was repeatedly stated that since the component was implanted in Mrs. Rouviere that Plaintiffs were entitled to "find out" information about the product. This is the definition of a "fishing expedition" that is not supported by "at least a modicum of objective support." *See Tottenham*, 2002 WL 1967023, at *2. DePuy has offered to produce the Design History File for the Biolox Stem to resolve this dispute, but it will not agree to respond to burdensome discovery requests or produce a deponent on the topic. These Requests are irrelevant and improper.

### C. Plaintiffs' Requests Concerning Pinnacle and ASR Are Irrelevant.

Plaintiffs' Requests 16 and 17 concern DePuy's Pinnacle and ASR hip systems and are irrelevant. These hip systems were metal-on-metal devices (*i.e.* a metal cup and metal head). As you know, Mrs. Rouviere never had a metal-on-metal hip. At best these Requests are a fishing expedition; at worst they are simply an attempt to improperly inject the contentious Pinnacle and ASR litigation into this case. These Requests must be withdrawn.

### D. Plaintiffs' Requests Concerning Pseudotumors, Cancer, and the Toxicity of Cobalt, Chromium, Steel, Copper, Tungsten, and Arsenic Are Irrelevant.

Plaintiffs' Requests 20, 24, 35, 49, 50, 51, 52, 62, 63, 64, and 65 relate to cancer and the toxicity of metals other than titanium. Again these Requests are not tied to Plaintiffs' allegations or the facts of this case. Plaintiffs' claims against DePuy – as set out in the Amended Complaint – concern the titanium stem and do not involve carcinogens and there is no pathology or other report in the case that references pseudotumors or cancer These Requests are based on pure speculation and conjecture, are not relevant to this case, and must be withdrawn.

### E. Plaintiffs' Requests Concerning the Positioning of the Implant Are Irrelevant.

In the course of the parties' meet and confer discussion on January 24th Plaintiffs stated that they were not claiming that Robert Buly, M.D. erred in his placement of the relevant hip components in the 2012 index surgery. Neither Stryker nor DePuy have raised this issue as a defense in this case. Requests 23 and 60, which respectively address component orientation and whether placement was "universally agreed upon" in 2012, are therefore irrelevant and improper.

### F. Plaintiffs' Vague and Argumentative Requests Regarding Safety and Doctor Compensation Are Irrelevant.

Troublingly, Plaintiffs have included numerous Requests that are clearly not intended to narrow the facts in dispute or issues relevant to this case, but instead appear to lob unsupported insults at DePuy and other medical device manufacturers. These include allegations that DePuy and other medical device manufacturers do not value patient safety (68, 69, 73), and that DePuy and other medical device manufacturers improperly influenced surgeons to use their products (18, 71, 77). These allegations are particularly misplaced because Plaintiffs have repeatedly stated that they are not claiming that either Dr. Buly or Dr. Alvarado did anything wrong. These Requests and allegations are not supported by anything other than animus toward DePuy and should be withdrawn.

### G. Plaintiffs' Requests Concerning Risks of MRI Imaging Are Irrelevant.

Plaintiffs have not asserted any claim in this case regarding the effect of magnetic resonance imaging ("MRI") on a patient with medical devices. Requests 20 and 91 accuse DePuy of failing to test for or warn patients of risks supposedly related to MRIs and medical devices and is the classic fishing expedition that the federal rules do not allow. This Request must be withdrawn.

### H. Plaintiffs' Requests Related to Taper Wear or Corrosion Are Irrelevant.

Plaintiffs' Requests 86 and 88 concern wear of the taper segment of the femoral stem and corrosion of medical devices generally. Although Carlos Alvarado, M.D. drafted some notes concerning the issue of taper wear and corrosion in his operative notes following the initial revision surgery, he later corrected himself at deposition. This issue is no longer in genuine dispute and these Requests must be withdrawn.

### I. Plaintiffs' Should Withdraw Nearly Identical or Duplicative Requests.

There are certain topics that Plaintiffs address in multiple Requests that are redundant and therefore improper and unduly burdensome. There are six Requests that concern impingement of medical device components, which is understandable given the facts of the case. But Requests 19, 46, and 87 all ask the same question: Whether DePuy was aware of impingement in 2012. This is redundant. Similarly, Requests 81, 82, and 85, concerning whether collagen disorder was an indication or contraindication for DePuy's products, are similarly unnecessary and improper. Each set of three Requests should be narrowed down to a single Request.

### J. DePuy Reserves its Objections to Plaintiffs' Remaining Requests.

The primary purpose of this letter is to address those of Plaintiffs' Requests that are categorically objectionable, irrelevant, and disproportional. DePuy reserves the right to object to any of the remaining Requests not specifically identified above, including on the basis that a Request is an improper use of Rule 36 and disproportional on its own.

Federal Rule 36 is "not a discovery device." *T. Rowe Price Small-Cap Fund v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997). It is instead a "procedure for obtaining admissions for the record of facts already known by the seeker." *Dubin v. E.F. Hutton Group*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989), quoting 8 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2253 (1970). To facilitate this purpose, "each request for admissions must be direct, simple and limited to singular relevant facts so that it can be admitted or denied without explanation." *Dubin v. E.F. Hutton Grp. Inc.*, 125 F.R.D. 372, 375 (S.D.N.Y. 1989)(internal case citations and punctuation removed). Requests that seek to use Rule 36 to develop complex factual issues or impose contradictory factual allegations "are, in effect, interrogatories which fall outside the scope of Rule 33(a) of the Local Civil Rules of the Southern District of New York." *See Versatile Housewares v. SAS Grp.*, 2010 WL 11601225, at *1 (S.D.N.Y. July 15, 2010).

Many of Plaintiffs' remaining Requests fit this description. *E.g.* Request 70 ("Admit DePuy failed to establish an appropriate monitoring system to track the stock and inventory of its Summit Stem component parts implanted into Jodi Rouviere in August 2012."). In narrowing down the desired Requests, Plaintiffs should withdraw Requests that cannot be admitted or denied without much explanation.

Andre Rouviere, Esq.
January 27, 2020
Page 6

        \*  \*  \*  \*  \*

  Plaintiffs' Requests are disproportional to the needs of the case and address irrelevant issues. Plaintiffs must withdraw the irrelevant requests and limit the number of requests to an amount proportional to the needs of the case. If Plaintiffs are unwilling to reconsider this discovery then DePuy will raise these issues with the Court.

               Very truly yours,

               J.T. Larson

cc:  Jodi L. Rouviere
   Paul Asfendis, Esq.
   Joseph G. Eaton, Esq.

**BARNES & THORNBURG** LLP