# EXHIBIT D

*Law Offices of*
## ANDRE A. ROUVIERE
Merrick Park Law Center
4070 Laguna Street
Coral Gables, Florida 33146
e-mail: Andre@Rouvierelawfirm.com

André A. Rouviere                                                             Telephone (305)774-7000
Lissette B. Cruz                                                                  Fax (305)946-6121

March 2, 2020

JT Larson
Barnes & Thornberg LLP
11 South Meridian Street
Indianapolis, Indiana 46204

## RE:   ROUVIERE v DEPUY/STRYKER

Dear JT:

      Thank you for your email letter of February 11, 2020 which includes Depuy's list of areas it would like to limit the Plaintiffs questioning of the corporate representative.

      Below are the Plaintiffs categories' of corporate testimony deemed relevant. Please be sure to prepare your witness for ALL of the Plaintiffs categories.

      Further, as requested of Joe Eaton last week, please, forthwith, provide the identity of the corporate representative that will be appearing on behalf of Depuy .

DEFINE "**DOCUMENTS**" BROADLY (PAPERS, MEMOS, PHOTOS, VIDEOS, NOTES, …).

DEFINE "**HIP IMPLANT DEVICE**" TO INCLUDE ALL COMPONENTS AND MATERIALS IMPLANTED AS PART OF THE DEVICE (THE STEM, HEAD, INSERT, LINER AND CUP ALONG WITH ALL COATINGS AND OTHER ASSOCIATED MATERIALS)

1. The person with the most knowledge regarding packaging, labels, tags, instructions, marketing materials or warnings relating to the hip implant device or any of its components, and the identity and substance of any documents related to such issues.

2. The person with the most knowledge regarding the information or warnings of any kind related to the hip implant device or any of its components, which were published, delivered or communicated by you or any of your employees, agents, representatives or distributors to surgeons, physicians, other health care professionals or to patients, and any documents related to such issues.

3. The person with the most knowledge regarding the information or warnings of any kind related to the hip implant device or any of its components, which were published, delivered or communicated by you or any of your employees, agents, representatives or

    distributors to *Plaintiffs'* surgeons, physicians, other health care professionals or to *Plaintiffs*, and any documents related to such issues.

4. The person with the most knowledge regarding testing, studies, analyses, adverse incidents, potential defects or risks of any kind related to the hip implant device or any of its components, and any documents related to such issues.

5. The person with the most knowledge regarding any coatings used or considered for use on the hip implant device or any of its components, and regarding any documents related to such issues.

6. The person with the most knowledge regarding any defenses claimed in this lawsuit and regarding documents which support or relate to any defense asserted in this lawsuit.

7. The person with the most knowledge regarding the PMA and/or 510(k) applications and approval processes relating to the hip implant device or its components (including but not limited to any coatings or materials), including knowledge of any devices or their components referenced therein (including but not limited to predicate devices or components, compatible or matched devices or components), and regarding any documents (including but not limited to correspondence and communications) related to such issues.

8. The person with the most knowledge regarding information on the subject hip implant device or its components (including but not limited to written, audio or visual materials, videos, models, photographs, brochures, advertisements or marketing materials), which you provide or make available, directly or indirectly, for the patient to review, or consult regarding the selection of the hip implant device or any of its components, and regarding any documents related to such issues.

9. The person with the most knowledge regarding documents (including but not limited to reports, memoranda, analyses, testing data or results) relating to any failures, adverse events, risks, potential defects or corrective actions considered, proposed or implemented for the hip implant device (including its components or coatings).

10. The person with the most knowledge regarding the failure rates associated with the subject hip implant device and its components, and regarding any documents related to such issues.

11. The person with the most knowledge regarding the intended, permitted or foreseeable use of the Summit Tapered Stem within any other hip system, device or components, whether manufactured by DePuy or any other manufacturer, and whether or not communicated to or authorized by the FDA or any other oversight authority.

12. The person with the most knowledge regarding documents (including but not limited to internal and external correspondence, communications, emails, and memoranda of any kind) prepared by Depuy, its employees, agents, representatives or consultants which refer or discuss any concerns regarding safety, adverse events, design issues or flaws, or possible risks or harm the device or any of its components has caused or could cause a recipient from the time it was first designed and produced through the present time.

13. The person with the most knowledge regarding documents which refer to or discuss

recall campaigns, technical service bulletins, or warnings which involved the device or any of its components from any country in which the device or any of its components are sold or distributed under any name.

14. The person with the most knowledge regarding the design, manufacture and materials available and selected for use in the hip implant device or any of its components, and regarding any documents related to such issues.

15. The person with the most knowledge regarding the pairing of the Summit Tapered Stem with any hip implant device or system, by whatever name whether manufactured by Depuy or otherwise, and regarding any documents related to such issues.

16. The person with the most knowledge regarding the pairing of the Biolox Head with any hip implant device or system, by whatever name whether manufactured by Depuy or otherwise, and regarding any documents related to such issues.

17. The person with the most knowledge regarding 2008 DePuy sales conference and campaign ("Taking Shares of Business"), and regarding any documents related thereto (including but not limited to videos, recordings, videos, recordings, materials and minutes.

18. The person with the most knowledge regarding metal hypersensitivity, foreign body reaction, metal toxicity, carcinogenicity, and allergic reactions to implant device, components or materials, and regarding any documents relating to such issues.

19. The person with the most knowledge regarding documents by or between Dr. T Schmalzreid and Depuy, its employees, agents or representatives.

20. The person with the most knowledge regarding documents by or between Dr. Pat Campbell and Depuy, its employees, agents or representatives.

21. The person with the most knowledge regarding biological and bio-chemical testing and analysis, including but not limited to in-vivo and in-vitro toxicity, nano-toxicity, geno-toxicity, biomonitoring, biocompatibility studies, biological assessment or impact of prosthetic debris and ions (including but not limited to metals), and regarding any documents relating thereto (including but not limited to information or warnings regarding biochemical effects from the device or any of its components or materials which was communicated to the physicians or patients, including Plaintiffs).

22. The person with the most knowledge regarding corrosion, erosion, deterioration of different metals or materials in the hip implant device or its components, and regarding any documents relating to such issues.

23. The person with the most knowledge regarding debris created or deposited by the hip implant device, or its components, and the associated risks or damage (including but not limited to metallosis, staining of surrounding tissue, pseudotumors, subluxation, dislocation or any other potential harm or adverse event), and regarding any documents relating to such issues.

24. The person with the most knowledge regarding any testing or analyses, conducted on the hip implant device or any of its components, including but not limited to materials,

       coatings testing, wear testing, and regarding any documents or reports relating to such issues, including but not limited to drafts and raw data.

25. The person with the most knowledge regarding the health concerns regarding the "metal on metal" hip implants from 2008 through 2012, and any documents relating to such issues.

26. The person with the most knowledge regarding the "metal on metal," the "ceramic on poly," and the "poly on metal" hip implant devices and components, including the differences between them and benefits and risks of each, and regarding any documents relating to such issues.

27. Fraudulent statements, illegal payments to doctors, relationships with medical facilities/ surgeons…. made by Defendants, J&J, Stryker to public, patients.

28. The person with the most knowledge regarding any indictments, complaints, sanctions, fines, admonishments, orders or agreements which refer to or discuss the improper, deceptive or fraudulent communications, business dealings, transactions, bribes, payoffs, kickbacks, regarding their medical products (including but not limited to the subject hip implant device), and regarding any documents relating to such issues.

29. The person with the most knowledge regarding the Medical Device Master File.

30 The person with the most knowledge regarding Plaintiffs Interrogatories, Requests for Production, and Requests for admissions, and Depuy's Responses.

Thank you

                            Very truly yours,

                            */s/ Andre Rouviere*
                            Andre A. Rouviere

AAR/jlr

CC: Joe Eaton