# EXHIBIT E

**Nash, Anne**

___

| | |
|---|---|
| **From:** | Larson, J.T. |
| **Sent:** | Tuesday, March 10, 2020 4:06 PM |
| **To:** | André Rouviere; Jodi Rouviere |
| **Cc:** | Eaton, Joe; Asfendis, Paul E. |
| **Subject:** | Rouviere - 30(b)(6) meet and confer correspondence |

Andre:

Good afternoon. As promised, we are following-up with you regarding our telephonic meet and confer conversation on Thursday, March 5th. We appreciate your time and remain hopeful that the parties can resolve these issues without further court intervention.

At the outset of our call, we expressed our disappointment that Plaintiffs expanded their original list of deposition topics from 24 to 30 as summarized in your March 2, 2020 letter, but agreed to proceed with the meet and confer call as required by the Local Rules in the hope that some compromises could be made and DePuy could proceed to identify and prepare a witness consistent with its obligations under Fed. R. Civ. Pro. 30(b)(6).

Plaintiffs' Overbroad Definition of "Hip Implant Device":  We first discussed DePuy's objections to Plaintiffs new definition of "Hip Implant Device" in your March 2 letter. Plaintiffs defined ""**HIP IMPLANT DEVICE**"  TO INCLUDE ALL COMPONENTS AND MATERIALS IMPLANTED AS PART OF THE DEVICE (THE STEM, HEAD, INSERT, LINER AND CUP ALONG WITH ALL COATINGS AND OTHER ASSOCIATED MATERIALS)."  As you are well aware, the only DePuy components even arguably at issue are the Summit Stem and the Biolox Delta ceramic head.  DePuy cannot produce a corporate designee to testify regarding the components implanted by Dr. Buly that were designed and manufactured by another company - Stryker - including the Stryker Trident Acetabular Shell, the Stryker Acetabular Dome Hole Plug, the Stryker Restoration ADM/MDM poly insert and the Stryker MDM liner.   The information relating to the Stryker components is proprietary and confidential and can only be answered by a corporate designee of Stryker.  As you know, DePuy does not even have access to the documents produced by Stryker in this case relating to the Stryker components. Likewise, Stryker doesn't have access to the documents produced by DePuy relating to the stem and ceramic head.  Testimony regarding another company's products is far outside the scope of discovery and it would be unduly burdensome and disproportional to the needs of the case to require DePuy to prepare and present a witness on Stryker's components for each and very topic identified in your letter.  We requested that Plaintiffs reconsider their position on the definition of "Hip Implant Device" for all thirty topics and limit the testimony to the components manufactured by DePuy.

Biolox Delta Ceramic Head:  However, in order to avoid additional discovery disputes and in the spirit of compromise, DePuy is now willing present a witness to testify as to both the Summit Stem and Biolox Delta ceramic head components.  Specifically, to the extent that any of the following of Plaintiffs' proposed categories are appropriate for the Summit Stem, DePuy will present a witness to testify as to the Biolox Delta ceramic head as well: Nos. 1, 2, 3, 4, 5, 7, 10, 13, 14  and 24.  Moreover, to facilitate the 30(b)(6) deposition of DePuy relating to the Biolox Delta ceramic head, DePuy will also agree to produce the Design History File and Design History Record for the Biolox Delta ceramic head subject to the existing Protective Order.   DePuy still maintains that the Biolox Delta ceramic head is irrelevant to Plaintiffs' claims – it did not fracture or fail in any way and was not the cause of

the impingement – but DePuy agrees to produce a witness over those objections to testify regarding this component to show a good faith effort to resolve this dispute.

"Person with the most knowledge":  Plaintiffs agreed that the repeated references to the "person with the most knowledge" will be withdrawn from each category.

Category No. 6: DePuy maintains its objections that Category No. 6 is an improper deposition topic aimed at legal conclusions and defenses.  We request that you withdraw this topic.

Category No. 8:  DePuy maintains its objections to Category No. 8.  Consistent with federal and state law, DePuy provides warnings and materials to surgeons, not patients.  We request that you withdraw this topic

Category Nos. 9, 12, 18, 21, 22 and 23:  DePuy maintains its objections to Categories Nos. 9, 12, 18, 21, 22, 23,  as overly broad.  These Categories are so broad and not reasonably particular as required by Rule 30(b)(6) that DePuy cannot prepare and present a witness to testify on these topics.  These categories also attempt to mix irrelevant issues with relevant ones.  DePuy will reconsider its position on these topics if Plaintiffs present revised topics that are reasonably particular and focused on the relevant issues in the case.

Category Nos. 15 and 16:   DePuy has now agreed to produce a corporate designee to testify about the Summit stem (No. 15) and the Biolox Delta ceramic head (No. 16) but cannot agree to produce a witness to testify regarding the "pairing" of these components with "any hip implant device or system, by whatever name whether manufactured by DePuy or otherwise."  As noted above, it is impossible to prepare a DePuy witness to testify about other manufacturers' components. We request that you withdraw these topics.

Category Nos. 17, 19, 20, 25-28:  DePuy maintains its objections to Categories 17, 19, 20, 25, 26, 27, and 28.  These Categories are overly broad harassing and irrelevant.  As we have explained, the Pinnacle and ASR hip systems included metal-on-metal articulating surfaces that were designed to involve a metal femoral head component articulating against a metal liner component.  Ms. Rouviere's implant at least relating to the DePuy components include a Biolox Delta ceramic head articulating against a poly liner.  This is a completely different construct than the Pinnacle and ASR devices.  The only reason that Plaintiffs have included these Categories is to harass DePuy about litigation regarding irrelevant products.

More specifically, Category No. 17 relates to the "2008 DePuy sales conference" but that conference doesn't even mention the Summit stem and the video presentation from that conference is publicly available.   Category No. 19 broadly relates to Dr. Tom Schmalzried and is unlimited in time or to any specific topics.  You noted more than once during our meet and confer call that Dr. Schmalzried's name is "all over the documents produced by DePuy."   While Dr. Schmalzried was a design surgeon for the original Summit stem in 2000, he was not involved in the Summit DuoFix HA –the product at issue here – and his name is not mentioned anywhere in the Design History File for the Summit DuoFix HA stem produced in this case.   Category No. 20 relates to Dr. Pat Campbell but likewise isn't limited by time or topic.  No rationale was provided by Plaintiffs for this category.  We request that Plaintiffs withdraw these requests.

Category No. 29:  Plaintiff's counsel stated during our meet and confer call that DePuy has improperly refused to produce the Summit stem "Master Device Master File" and repeatedly stated "we know it exists and you haven't produced it."   These statements are simply false as there is no "Device Master File" for the Summit stem.  Plaintiffs' March 6, 2020 letter to the Court in support of Plaintiff's

Motion to Compel included this and other false statements.  Specifically, page 3 of the letter stated that the Summit Literature Binder was "not included."  DePuy subsequently produced the Summit stem literature binder in response to Plaintiff's request.    Plaintiffs letter then goes on to falsely claim:

> Page 549 [Document 549 attached as **EXHIBIT A** ] refers to the SUMMIT STEM MASTER FILE which should have been included in the response (and which DePuy lawyers will not discuss during meet and confers, while DePuy counsel outwardly laughed at Plaintiffs during a meet and confer and insinuated that Plaintiffs are unaware of the terminology of what is requested). This master file has not been produced.

Page 549 does NOT reference a "Summit Stem Master File." It actually says "this is contained in **their** Master File with the FDA" and refers to Biocoat's Master File with the FDA.  DePuy does not have possession of Biocoat's Device Master File as it is a confidential and proprietary file submitted by Biocoat to the FDA.  Please cease from making false statements like these in filings with the Court.

<u>Meet and confer with Stryker on Similar Deposition Topics</u>:  It is our understanding that Plaintiffs are participating in a similar meet and confer conference with Stryker's counsel regarding the 30(b)(6) deposition topics proposed by Plaintiffs.  In light of the similarities in the deposition categories, we suggest that counsel for all parties convene a call after Plaintiffs meet and confer with Stryker.  We can then jointly present any remaining issues to the Court.

Please let us know Plaintiffs' position regarding these categories after completing your meet and confer discussions with Stryker's counsel.

J.T.

**J.T. Larson**
Barnes & Thornburg LLP
11 South Meridian Street, Indianapolis, IN, 46204-3535
Direct: (317) 231-7729 | Mobile: (317) 691-9686 | Fax: (317) 231-7433



Atlanta | Chicago | Dallas | Delaware | Indiana | Los Angeles | Michigan | Minneapolis | Ohio | Washington D.C.