

Paul E. Asfendis
Director

Gibbons P.C.
One Pennsylvania Plaza
37th Floor
New York, New York 10119-3701
Direct: (212) 613-2067
Fax: (212) 554-9667
pasfendis@gibbonslaw.com

July 9, 2020

**VIA ECF**

Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    **Rouviere v. DePuy Orthopaedics, et al.**
             **Civil Action No. 1:18-cv-4814 (AJN)**

Dear Judge Aaron:

      We represent Defendant Howmedica Osteonics Corp. ("HOC") in the above-referenced action and submit this letter in response to Plaintiffs' July 7, 2020 letter motion demanding an order requiring that HOC's corporate deposition proceed in-person during the remaining party deposition period.

      Plaintiffs attempt to place the Court and parties in a Catch-22 situation: either extend remaining deadlines indefinitely, something this Court should not do and has already rejected (*see* ECF No. 128), or force HOC's witness and legal representatives to place their health at risk by attending an in-person deposition with the Florida plaintiffs. Plaintiffs not only signal that they intend to disobey New York and New Jersey's 14-day quarantine advisories, they ask the Court to *approve* this conduct and force it upon HOC and others. Plaintiffs' motion should be denied and Plaintiffs should be ordered to proceed with the deposition remotely or waive their right to a deposition of HOC.

      As an initial matter, Plaintiffs ignore this Court's June 22, 2020 Order (ECF No. 128) in which the Court indicated that no further extensions would be granted and expressly reminded the parties that "all depositions in this action may be taken via telephone, videoconference or other remote means and may be recorded by any reliable audio or audiovisual means." Thus, the Court has already made it clear that depositions must proceed and may be taken remotely.

      Plaintiffs claim that on June 30th HOC confirmed that its witness would be produced in-person and that Plaintiffs then made travel plans for the August 10th deposition of HOC. This statement is untrue. Rather, as the communications attached to Plaintiffs' letter motion bear out, HOC confirmed only that its witness was *available* on August 10th. When asked, HOC's counsel

Hon. Stewart D. Aaron
July 9, 2020
Page 2

indicated that he would look into whether a deposition could be held in New Jersey, but an in-person deposition was never confirmed nor offered. Instead, having looked into it, on the morning of July 2nd, less than 48 hours later (not "several days" as Plaintiffs claim in their motion), HOC informed Plaintiffs that an in-person deposition could not safely be held, but that the witness would be made available remotely on one of the dates requested by Plaintiffs. *See* Exhibit 2 to Pltf's Motion. HOC's counsel explained that both New Jersey and New York had recently issued travel advisories that all individuals entering New Jersey or New York from states with a significant spread of COVID-19 quarantine for 14 days after leaving that state.[1] Plaintiffs are residents of Florida. Florida is among the states listed on the advisories and thus all travelers from Florida are subject to 14-day quarantine in New Jersey and New York. Additionally, HOC explained that the company's COVID-19 policies and procedures required employees to work remotely and prevented interactions that risked acquiring/spreading the virus.

Plaintiffs make no mention of the New York and New Jersey statewide quarantine advisories in their motion. That Plaintiffs are prepared to proceed with in-person depositions in defiance of state-wide quarantine advisories and regardless of potential danger to others[2] should not mean that HOC's witness and others must be subjected to that risk and danger.

Plaintiffs accuse HOC of ignoring the COVID-19 pandemic when it came to opposing Plaintiffs' request for a 90-day extension of deadlines, and then "suddenly" reversing course and relying on the pandemic when it comes to producing a live witness for deposition. Plaintiffs go so far as to accuse HOC of "flat out disingenuous gamesmanship." Nothing could be further from the truth, and in fact HOC's position has not changed. As this Court can confirm, HOC opposed Plaintiffs' request for a 90-day extension because the request was based solely on Plaintiffs' incorrect belief that "document intensive" depositions could not be conducted remotely.[3] In that motion, Plaintiffs were unable to articulate any reason why a remote deposition would be inadequate. They are once again unable to articulate a basis in the instant motion. In fact, depositions (both fact and expert), mediations, court hearings and arguments, including arguments in state and federal courts across the country, even the U.S. Supreme Court, have been routinely conducted remotely during the COVID-19 pandemic without incident. This is the new normal in the midst of this very serious risk to public health.

---

[1] Information from the New Jersey State website on the quarantine can be found at: https://nj.gov/governor/news/news/562020/approved/20200624a.shtml;
New York's Executive Order No. 205 requiring 14-day quarantine can be found at https://www.governor.ny.gov/news/no-205-quarantine-restrictions-travelers-arriving-new-york

[2] *See* Pltfs' Motion, p. 2 "…Plaintiffs arranged to travel to the depositions, regardless of the danger of Covid exposure to themselves, and by proxy to their four children."

[3] *See* HOC July 18, 2020 Letter, ECF No. 125 ("Plaintiffs sole reason for requesting a 90-day extension is their belief that the depositions of DePuy and HOC's corporate representatives need to be conducted in person because they are "document intensive."  However, as HOC explained to Plaintiffs, the mere fact that these depositions may involve document exhibits does not mean they need to be taken in person.")

Hon. Stewart D. Aaron
July 9, 2020
Page 3

There is simply no reason why individuals should be placed in harm's way and be subjected to increased risk of infection with the virus. As HOC has explained to Plaintiffs, the mere fact that these depositions will involve document exhibits does not mean they need to be taken in person. Bates stamped copies of HOC's document production can be made available to the witness for ease of reference at deposition. To the extent there are other document exhibits Plaintiffs wish to show the witness, court reporting vendors are well equipped to provide for viewing of such exhibits electronically during a video deposition. There are also other accommodations that can be negotiated by the parties. Put simply, conducting the deposition remotely in no way limits Plaintiff's counsel's ability to question the witness or use exhibits. Plaintiffs ignore all of this in their motion.

Given the COVID-19 crisis in this country, current quarantine requirements and the risk factors and concerns expressed above, and as expressly permitted in the Court's June 22, 2020 Order, HOC's deposition must proceed virtually. HOC should not be compelled to place the health of its witness at risk to comply with what amounts to Plaintiffs' unjustifiable whims. For these reasons, Plaintiffs' motion to compel HOC to appear for an in-person deposition or in the alternative to extend deadlines indefinitely should be denied, and Plaintiffs should be ordered to either take HOC's deposition remotely or waive their right to a deposition.

As a final matter, HOC respectfully points out an emerging pattern in Plaintiffs' recent filings of offensive and unprofessional personal attacks on both defendants and their counsel. By way of example, in addition to the accusation of "flat out disingenuous gamesmanship" noted above, s*ee* ECF No. 132, p. 1-2 (accusing HOC and its counsel of being "duplicitous and deceitful" to the Court); *id*. at 9 (HOC's "improper objections, misrepresentations to Plaintiffs and this Court, and manipulative discovery production is disingenuous"); ECF No. 131, p. 4 (suggesting that DePuy "is deliberately trying to mislead this Court"); *id*. at 9 (referring to "gamesmanship and falsities constantly provided by Defendant DePuy's lawyer.") There are other examples, all equally unfounded. As a licensed attorney, and one who has been admitted *pro hac vice* in this action, Mr. Rouviere should be expected to advocate without resort to *ad hominem* attacks.

Respectfully submitted,

s/Paul E. Asfendis
Paul E. Asfendis
GIBBONS P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
Telephone: (212) 613-2067
Email: pasfendis@gibbonslaw.com

*Attorneys for Defendant
Howmedica Osteonics Corp.*

cc:  All counsel of record via ECF