UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jodi Rouviere, et al.,

Plaintiffs,

-against-

Depuy Orthopaedics, Inc. et al.,

Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:  140
DATE FILED:  7/11/2020
```

1:18-cv-04814 (LJL) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a Letter Motion by Plaintiffs, Jodi Rouviere and Andre Rouviere (collectively, "Plaintiffs"), filed on July 7, 2020, to compel corporate representative(s) of Defendant Howmedica Osteonics Corporation ("Howmedica"), doing business as Stryker Orthopaedics, to appear in person for a deposition, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, to extend the discovery deadline until an in-person deposition of Howmedica's corporate representative(s) can be conducted. (Pls.' 7/7/20 Ltr. Mot., ECF No. 135.)[1] For the following reasons, Plaintiffs' Letter Motion is DENIED.

**BACKGROUND**

This is a medical device product liability case that was commenced on May 31, 2018 arising from injuries allegedly sustained by Plaintiff Jodi Rouviere after receiving a purportedly defective hip implant containing components manufactured by Howmedica and another defendant, Defendant DePuy Orthopaedics, Inc. ("DePuy"). (*See* Compl., ECF No. 1, ¶ 1; Am.

---

[1] In deciding the Letter Motion, the Court has reviewed and considered, in addition to Plaintiffs' Letter Motion, Howmedica's Letter Response (Howmedica 7/9/20 Resp., ECF No. 138) and Plaintiffs' Letter Reply. (Pls.' 7/10/20 Reply, ECF No. 139.)

Compl., ECF No. 26, ¶ 1.) On January 15, 2019, a Case Management Plan and Scheduling Order was entered (Case Mgt. Plan, ECF No. 58), and discovery commenced in early 2019.[2]

Plaintiffs' Letter Motion that currently is before the Court relates to one of several discovery disputes that has required court intervention in this case. For example, on June 1, 2020, DePuy filed a Letter Motion, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for a protective order with respect to certain of Plaintiffs' Rule 30(b)(6) deposition categories that DePuy contended were improper and burdensome. (DePuy 5/26/20 Ltr. Mot., ECF No. 108.) By Opinion and Order, dated June 10, 2020, this Court granted in part and denied in part DePuy's Letter Motion and set forth the disputed categories as to which testimony must be provided by the DePuy corporate representative(s). *See Rouviere v. DePuy Orthopaedics, Inc.*, 2020 WL 2999229, at *6 (S.D.N.Y. June 10, 2020). After the Court issued its Opinion and Order relating to the DePuy Rule 30(b)(6) deposition topics, Howmedica and Plaintiffs reached agreement as to the topics for the Howmedica Rule 30(b)(6) deposition, which were approved by the Court on June 10, 2020. (*See* 6/10/20 Order, ECF No. 120.)

As of early June 2020, this Court already had granted the parties three extensions of the discovery deadlines. On March 23, 2020, the Court had granted the parties' joint request for a 90-day extension of the discovery deadlines due to the coronavirus pandemic, which was the third extension. (3/23/20 Order, ECF No. 106.) On June 16, 2020, Plaintiffs filed a Letter Motion for another extension of the discovery deadlines (Pls.' 6/16/20 Ltr. Mot., ECF No. 124), which

---

[2] Although Rule 5(d)(1)(A) provides that Rule 26(a) disclosures and discovery requests and responses are not to be filed with the Court "until they are used in the proceeding or the court orders filing" (*see* Fed. R. Civ. P. 5(d)(1)(A)), Plaintiffs filed their Rule 26(a) disclosures and their discovery requests and responses in February and March 2019. (*See* ECF Nos. 59-64.)

Defendants opposed. (Howmedica 6/18/20 Resp., ECF No. 125; DePuy 6/19/20 Resp., ECF No. 126.) By Order, dated June 22, 2020, the Court granted in part and denied in part Plaintiffs' Letter Motion, and fact discovery is due to close on August 21, 2020. (6/22/20 Order, ECF No. 128.) The June 22 Order states, as follows:

> This case has been pending for over two years. In granting a discovery extension in October 2019, the Court stated that "[t]he Parties are encouraged to work diligently to complete discovery within the revised time line as set forth above. Any further extensions will be granted only for good cause shown" (ECF No. 93). Then, in granting another discovery extension in January 2020, the Court stated that "NO FURTHER EXTENSIONS SHALL BE GRANTED EXCEPT IN EXIGENT CIRCUMSTANCES AND THEN ONLY FOR A LIMITED PURPOSE" (ECF No. 100).

> However, due to the COVID-19 pandemic, the Court in March 2020 granted a request made jointly by all parties for an additional 90-day extension (ECF No. 106). In the circumstances presented, the Court in its discretion grants one final extension. Any discovery not taken in the time periods set forth herein shall be deemed to be waived.

> Fact depositions shall be completed by August 21, 2020, Plaintiffs' expert disclosures shall be made by September 21, 2020, the deposition of Plaintiffs' experts shall be completed by October 21, 2020, Defendants' expert disclosures shall be made by November 20, 2020, the deposition of Defendants' experts shall be completed by December 23, 2020 and the parties shall jointly advise the Court whether they would like to be referred for mediation no later than January 15, 2021.

> Pursuant to Fed. R. Civ. P. 30(b)(3) and (b)(4), all depositions in this action may be taken via telephone, videoconference, or other remote means, and may be recorded by any reliable audio or audiovisual means. This Order does not dispense with the requirements set forth in Fed. R. Civ. P. 30(b)(5), including the requirement that, unless the parties stipulate otherwise, the deposition be "conducted before an officer appointed or designated under Rule 28," and that the deponent be placed under oath by that officer. For avoidance of doubt, a deposition will be deemed to have been conducted "before" an officer so long as that officer attends the deposition via the same remote means (e.g., telephone conference call or video conference) used to connect all other remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants.

(*Id*.)

In their Letter Motion now before the Court, Plaintiffs seek to compel corporate representative(s) of Howmedica to appear in person for deposition, or, in the alternative, to extend the discovery deadline until an in-person deposition of Howmedica's corporate representative(s) can be conducted. (Pls.' 7/7/20 Ltr. Mot. at 1.) Plaintiffs state that they have rented a recreational vehicle and that they intend to drive it from their home state of Florida to New Jersey in order to take the Howmedica deposition in person. (*See id*. at 1-2.) Howmedica opposes Plaintiffs' Letter Motion, and argues that Howmedica's witness and counsel would "place their health at risk by attending an in-person deposition with the Florida plaintiffs," noting that all travelers from Florida are subject to 14-day quarantine in New Jersey, and advocate for a video deposition. (*See* Howmedica Resp. at 1-3.) In reply, Plaintiffs restate their arguments and "request the Court either order the [Howmedica] witness to appear for an in-person deposition on the date cleared for deposition or extend the deadline for this one witness until the deposition of [Howmedica]'s corporate witness(es) can be conducted in person." (Pls.' Reply at 2.)

## LEGAL STANDARDS

Rule 30(b)(4) of the Federal Rules of Civil Procedure provides that "[t]he parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." Fed. R. Civ. P. 30(b)(4). "Since Rule 30(b)(4) does not specify the standards to be considered in determining whether to grant a request [for a remote] deposition . . ., the decision to grant or deny such an application is left to the discretion of the Court, which must balance claims of prejudice and those of hardship . . . and conduct a careful weighing of the relevant facts." *RP Family, Inc. v. Commonwealth Land Title Ins. Co*., No. 10-CV-01149 (DLI) (CLP), 2011 WL 6020154, at *3 (E.D.N.Y. Nov. 30, 2011) (citations & internal quotation marks omitted); *see also*

2 *Civil Practice in the Southern District of New York* § 17:3 (2d ed. 2020) ("While Rule 30(b)(4) does not specify the standard for evaluating motions to have depositions conducted remotely, courts generally consider the hardship on the party to be deposed, and the prejudice to the party seeking the deposition.").

## ANALYSIS

Conducting court proceedings remotely in the Southern District of New York has become the "new normal" since the advent of the public health emergency created by the spread of the coronavirus and COVID-19. Indeed, Chief Judge McMahon currently is conducting a bench trial via Zoom in a patent case in our Court. *See* D. Siegal, *Ferring And Serenity's SDNY Patent Trial Kicks Off Over Zoom*, Law360 (Jul. 6, 2020).

So too, conducting depositions remotely is becoming the "new normal." *See In re Broiler Chicken Antitrust Litig.*, No. 16-CV-08637, 2020 WL 3469166, at *5 (N.D. Ill. June 25, 2020) ("Courts are beginning to recognize that a 'new normal' has taken hold throughout the country in the wake of the COVID-19 pandemic that may necessitate the taking of remote depositions unless litigation is going to come to an indefinite halt until there is a cure or a vaccine for COVID-19." (citing cases)). "The more recent court decisions [permitting remote depositions during the pandemic] build on pre-pandemic case law that liberally allowed for and encouraged remote depositions as the technology for taking depositions in that way has improved significantly over time." *Id*. (citing cases).

Against this backdrop, the Court considers the hardship imposed upon Howmedica if its Rule 30(b)(6) deposition were held in person and the potential prejudice to Plaintiffs if the deposition were held by videoconference. The hardship that would be caused to Howmedica's

witness(es) and its counsel by an in-person deposition is obvious. There is a significant health risk to Howmedica's representatives (and to Plaintiffs' counsel as well) if the deposition were to proceed in person. COVID-19 "is a potentially fatal illness with the ability to spread through asymptomatic or pre-symptomatic carriers, with no approved cure, treatment, or vaccine, and unlike in other countries, new cases here are plateauing (or, in some areas, rising) rather than plummeting." *Joffe v. King & Spalding LLP*, No. 17-CV-03392 (VEC), 2020 WL 3453452, at *7 (S.D.N.Y. June 24, 2020) (footnote omitted). "[T]he minimum distance to prevent transmission of COVID-19 may vary depending on environmental conditions—and . . . the oft-repeated six-feet rule may not be sufficient in a high-risk environment, such as an indoor setting with prolonged exposure." *Id*. (footnote omitted). Moreover, "social distancing does not guarantee a safe deposition environment." *Id*. Thus, holding a deposition in a room with a witness, counsel and a stenographer present would place everyone in the room at risk. Indeed, Plaintiffs themselves recognize the risk involved. (*See* Pls.' Reply at 1-2 (arguing that Plaintiffs have been "forced into a desperate, risky action at the defendants' behest").)

The Court next considers the potential prejudice to Plaintiffs if the Howmedica Rule 30(b)(6) deposition is held remotely by videoconference. The only prejudice Plaintiffs articulate in their submissions is that the deposition will be "document intensive" and "document laden." (Pls.' 7/7/20 Ltr. Mot. at 1-2; Pls.' 7/10/20 Reply at 2.) However, this is not an obstacle to a successful remote videoconference deposition. "[C]ourts have found that exhibits can be managed in remote depositions by sending Bates-stamped exhibits to deponents prior to the depositions or using modern videoconference technology to share documents and images quickly and conveniently." *United States for Use & Benefit of Chen v. K.O.O. Constr., Inc.*, 106 Fed.

R. Serv. 3d 1383, 2020 WL 2631444, at *2 (S.D. Cal. 2020) (citing cases). Moreover, there are training and informational videos available online and vendors who host videoconferenced depositions are available to communicate with Plaintiffs' counsel to ensure that they are comfortable with the process of taking a remote deposition. *See Grano v. Sodexo Mgmt., Inc.*, No. 18-CV-01818 (GPC) (BLM), 2020 WL 1975057, at *3 (S.D. Cal. Apr. 24, 2020) ("There are numerous resources and training opportunities available throughout the legal community to assist Sodexo's counsel in the operation and utilization of the new technology.").

Notwithstanding the foregoing, the Court recognizes that there may be delays during the deposition in the handling of exhibits by the witness and counsel. To ameliorate any prejudice caused by such delays, the Court hereby grants Plaintiff an extra hour to conduct Howmedica's Rule 30(b)(6) deposition. Thus, the duration of the deposition shall be no longer than eight hours, rather than the seven hours allotted by Rule 30(d)(1).

The only other potential prejudice to Plaintiffs by proceeding remotely is that the examiner will not be physically present to interact with, and observe the demeanor of, the deponent. However, a remote deposition by its nature is not conducted face-to-face. If the lack of being physically present with the witness were enough prejudice to defeat the holding of a remote deposition, then Rule 30(b)(4) would be rendered meaningless. *See Robert Smalls Inc. v. Hamilton*, No. 09-CV-07171 (DAB) (JLC), 2010 WL 2541177, at *4 (S.D.N.Y. June 10, 2010) ("accepting Plaintiffs' arguments absent a particularized showing of prejudice 'would be tantamount to repealing [Fed. R. Civ. P. 30(b)(4)]'" (citation omitted)); *see also Usov v. Lazar*, No. 13-CV-00818, 2015 WL 5052497, at *2 (S.D.N.Y. Aug. 25, 2015) ("remote depositions are 'a presumptively valid means of discovery'" (citations omitted)).

In addition, in the unique circumstances presented by the COVID-19 pandemic, holding a deposition by videoconference actually would provide a better opportunity for Plaintiffs' counsel to observe the demeanor of the witness. If an in-person deposition were to be held in New Jersey, as Plaintiffs propose, then those in attendance at the deposition would need to wear masks. New Jersey Governor Murphy's Executive Order No. 163, dated July 8, 2020, which requires masks to be worn *outdoors* if social distancing cannot be achieved, reiterates the prior requirement that masks must be worn indoors in commercial office spaces when individuals are in prolonged proximity to one another. *See* N.J. Gov. Exec. Order No. 163, available at https://nj.gov/infobank/eo/056murphy/pdf/EO-163.pdf ("For indoor commercial spaces that are not open to members of the public, such as office buildings, those spaces must have policies that at a minimum, require individuals to wear face coverings when in prolonged proximity to others."). The witness's wearing of a mask eliminates many of the advantages of observing the witness at an in-person deposition; however, if the witness were to be deposed remotely from home, the witness would not need to wear a mask, giving Plaintiffs' counsel the opportunity to observe the full face of the witness. *See Shockey v. Huhtamaki, Inc.*, 280 F.R.D. 598, 602 (D. Kan. 2012) ("Taking the depositions via videoconferencing, as proposed by Plaintiffs here, addresses Defendant's objection that the deponent's nonverbal responses and demeanor cannot be observed.").

Plaintiffs' alternative request to adjourn the deadline for completion of fact discovery until the Howmedica Rule 30(b)(6) deposition can be taken in person is unworkable and an attempt to reargue Plaintiffs' prior motion for an extension of time that the Court only granted in part. There is no basis to believe that the current conditions that require a remote deposition

to be taken will not continue for the foreseeable future, and the Court declines to indefinitely delay the completion of discovery in this case. *See In re Broiler Chicken Antitrust Litig*., 2020 WL 3469166, at *8 ("Recent statements by public health officials about the staying power of COVID-19 . . . belie Defendants' speculation that things may be so different in the Fall as to render remote depositions in this or any other case unnecessary, or at least less likely."). The Court finds that having the Howmedica Rule 30(b)(6) deposition proceed remotely by videoconference will accomplish the just, speedy and inexpensive determination of this case. *See* Fed. R. Civ. P. 1 (Federal Rules of Civil Procedure "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"); *see also Sinceno v. Riverside Church in City of New York*, No. 18-CV-02156 (LJL), 2020 WL 1302053, at *1 (S.D.N.Y. Mar. 18, 2020) (authorizing remote depositions "[i]n order to protect public health while promoting the 'just, speedy, and inexpensive determination of every action and proceeding'" (citation omitted)).

The Court has carefully weighed the relevant facts. Based upon the hardship that would be imposed upon Howmedica by an in-person deposition and the relative lack of prejudice to Plaintiffs in holding a remote deposition by videoconference, the Court, in its discretion, denies Plaintiffs' Letter Motion. The Howmedica deposition shall proceed by videoconference and shall be completed by August 21, 2020.

Due to the greater expenses that will be incurred in taking the Howmedica Rule 30(b)(6) deposition by videoconference, the Court, in its discretion, allocates the additional expenses associated with taking a remote deposition by videoconference equally between Howmedica and Plaintiffs. *See* Fed. R. Civ. P. 26(c)(1)(b) ("The court may, for good cause, issue an order to protect

a party or person from . . . undue . . . expense, including . . . specifying . . . the allocation of expenses . . ..”). Although Plaintiffs are the ones taking the deposition, they are incurring greater expenses by being compelled to take the deposition by remote means. As such, the Court finds that there is good cause to allocate the increased expenses associated with taking the deposition in this manner. Plaintiffs and Howmedica shall meet and confer to identify a suitable firm to host and administer the remote deposition at reasonable expense. They also shall seek to agree upon the amount of expenses that are incurred over and above what normally would have been expended had the deposition been taken in person and thus the amount of additional expenses that will be shared between Plaintiffs and Howmedica. If they are unable to agree, the Court shall determine the allocation based upon a joint submission made by the parties setting forth the parties' respective positions.

## CONCLUSION

For the foregoing reasons, Plaintiffs' Letter Motion (ECF No. 135) is DENIED. The deposition of Howmedica's corporate representative(s) shall be taken by videoconference no later than August 21, 2020, and shall not exceed eight hours in duration. Plaintiffs and Howmedica shall share the additional expenses of taking the deposition remotely by videoconference, as set forth above.

**SO ORDERED.**

DATED:        New York, New York
              July 11, 2020

_____
STEWART D. AARON
United States Magistrate Judge