*Law Offices of*
## ANDRE A. ROUVIERE
Merrick Park Law Center
4070 Laguna Street
Coral Gables, Florida 33146
e-mail: Andre@Rouvierelawfirm.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/1/2020

André A. Rouviere                                                                Telephone (305)774-7700
Lissette B. Cruz                                                                 Fax (305) 946-6121

July 27, 2020

<u>VIA ECF</u>
Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

**Re: Rouviere v. DePuy Orthopaedics, et al.**
**Civil Action No. 1:18-cv-4814 (AJN)**

Dear Judge Aaron,

Pursuant to the Local Rules of the Southern District of New York and this Court's procedure, below please find the Plaintiffs, Jodi Rouviere and Andre Rouviere's, Letter Motion to For Protective Order and Compel Defendant Depuy to provide a 30(b)(6) witness to testify regarding, inter alia, Depuy's Biolox (femoral) Head. The Defendant, Depuy, has indicated its refusal to provide its 30(b)(6) witness for all categories deemed appropriate for similar relevant components, Depuy's Summit Stem, but only regarding limited area of inquiry defined by Depuy's counsel. The Plaintiffs have attempted to resolve this matter without involvement of the Court and had participated in a meet and confer without success. Defendant, Depuy continues to object and refuse to comply with Plaintiffs' Second Amended Notice of Deposition. [EXHIBIT No.1].

Defendant Depuy had agreed to permit the discovery of the Biolox Head through the 30(b)(6) depositions in this case, specifically agreeing to allow 30(b)(6) discovery of Depuy's Biolox head. In the interim, this Court has issued its protective Order dated June 3, 2020. [Dkt No 115] That Protective Order deemed Depuy's Summit Stem to be a relevant component, and subject to inquiry in 12 specific categories defined by this Court. Accordingly, Plaintiffs served its Second Amended Notice of Video Deposition to include inquiry regarding Depuy's Biolox Head in the same categories deemed appropriate for Depuy's Summit Stem. Notwithstanding, Depuy Now argues that the agreement to allow discovery of Depuy's Biolox Head was and is somehow limited.

Specifically, Depuy suggests the 12 categories of inquiry deemed appropriate by this Court for Depuy's Summit Stem are somehow objectionable and refuses to allow its 30(b)(6) witness to

testify pursuant to Plaintiffs' Notice.  Instead, counsel for Depuy has dictated its own terms and offers to only allow limited testimony regarding certain Depuy documents related to Depuy's Biolox Head.  Despite multiple efforts to have Depuy identify and explain its objections in detail, Plaintiffs have been unable to obtain any specific objections or information.  Instead, counsel for Depuy simply argues that the category offered is very broad, and complies with Depuy's agreement to allow 30(b)(6) discovery of Depuy's Biolox Head, and continuously refers to the absence of the Biolox Head from this Court's Protective Order of June 3, 2020 [Dkt No 115] as some sort of justification to retract or limit Depuy's previous agreement.

In response to Depuy's argument that the Court's Protective Order of June 3, 2020, did not include Depuy's Biolox Head, Plaintiffs reminded Defendant that the Court's July 7, 2020 Order [Dkt No 136] specifically and unambiguously clarified why its June 3 Order intentionally did not include reference to Depuy's Biolox Head:

> "However, the Court's June 3 Order nowhere mentioned the Biolox Head, since DePuy already had agreed to provide Rule 30(b)(6) testimony regarding the Biolox Head". Rather, in its June 3, 2020 Order, the Court only 'consider[ed] the various [Rule 30(b)(6)] categories in dispute.' (6/3/2020 Order, ECF No. 115, at 4.)"  [EXHIBIT No. 2](See Plaintiffs' letter to Depuy,  July 23, 2020 referencing the July 7, 2020 Order, [Dkt No 136], at pages 7-8)

Accordingly, this Court's June 3, 2020, [Dkt No 115] Protective Order specifically held:

> 1.  The Summit Stem was relevant and therefore subject to discovery via the 30(b)(6) depositions in this case; and

> 2.  The Court defined the 12 categories of permitted inquiry for such relevant components.

This Court provided further clarification for why Depuy's Biolox Head component was not included in the consideration of this Court's June 3, 2020, Protective Order, acknowledging that Depuy had agreed to allow discovery of its Biolox head at the 30(b)(6) deposition, despite Depuy's relevance objection.  (See July 7, 2020 Order, [Dkt No 136], at Footnote 5).  As the Court recognized, Depuy's agreement to allow discovery of its Biolox Head was without limitation.

Accordingly, Plaintiffs asked Defendant, "[b]ecause Depuy's Biolox Head is "relevant" for the purposes of the subject corporate representative depositions, what could possibly be the objection to the "original 12 categories" or areas of inquiry deemed appropriate by the Court for Depuy's Summit Stem, a similarly relevant component?  To date, Depuy has refused to respond.  Instead, Depuy simply argues that "… [Depuy's] proposed category is broad and should include all relevant issues related to the Biolox Delta ceramic head component and is consistent with Judge Aaron's orders," while it continues to refuse to identify or explain any specific objections to the categories deemed appropriate by this Court.  Depuy's actions in this regard clearly admit that Depuy's proposed single category of inquiry is significantly more limited than the "original

12 categories" recognized as appropriate by the Court, and recants Depuy's agreement to allow 30(b)(6) discovery of its Biolox Head.

Accordingly, Plaintiffs contend that the questioning pertaining to the Biolox Head should be subject to the same 12 categories as prescribed by the court as acceptable areas of inquiry for the Summit Stem, Depuy's other component determined to be proper for discovery in the 30(b)(6) deposition, in this Court's Order [Dkt No 115] dated June 3, 2020.

For the reasons set forth above, good cause exists to compel Defendant Depuy to produce its Rule 30(b)(6) witness to testify on the issues identified in Plaintiffs' Second Amended Notice of Video Deposition, including Depuy's Summit Stem and Biolox Head components in regard to the 12 categories deemed appropriate by this Court in its June 3, 2020, Order. The Plaintiffs thank the Court for its consideration of this request.

> LAW OFFICES OF ANDRE A. ROUVIERE
> Attorneys for Plaintiff
> Merrick Park Law Center
> 4070 Laguna Street
> Coral Gables, Florida 33146
> Tel: (305)774-7000
> Fax: (305)946-6121
> Email: andre@rouvierelawfirm.com
>
> By: */s/Andre A. Rouviere*
> ANDRE A. ROUVIERE

CC: Counsel of Record

ENDORSEMENT: Plaintiffs' Letter Motion is GRANTED. DePuy's offer to have its 30(b)(6) designee testify with respect to the Biolox Head only on certain topics (*see* DePuy Ltr. Resp., ECF No. 142, at 4 (referencing categories 1, 2, 5, 7, 10, 11 and 12)), but not others, smacks of "cherry-picking." DePuy has not established an undue burden in having its designee testify about the remaining topics. Thus, the Court, in its discretion, hereby ORDERS that DePuy shall have a witness testify regarding the topics included in Plaintiffs' Second Amended Notice of Video Deposition (ECF No. 141-1, Ex. A). However, in order to ensure that DePuy has adequate time to prepare its witness to testify about the Biolox Head-related topics, DePuy has the option of notifying Plaintiffs' counsel no later than 12 noon EST on Tuesday, 8/4/2020, that it wishes to have its witness testify about those topics by remote deposition on a different, mutually agreeable later date within the Court-prescribed deadline, in which case such deposition shall not exceed one hour, with the time spent in both depositions counting against Plaintiffs' prescribed allotment. Thus, if DePuy exercises its option, and Plaintiffs' counsel intends to ask questions regarding the Biolox-Head-related topics, he must ensure that he leaves himself time to do so. SO ORDERED.
Dated: 8/1/2020

*[signature]*