

Paul E. Asfendis
Director

Gibbons P.C.
One Pennsylvania Plaza
37th Floor
New York, New York 10119-3701
Direct: (212) 613-2067
Fax: (212) 554-9667
pasfendis@gibbonslaw.com

August 17, 2020

**VIA ECF**

Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

ENDORSEMENT: Defendant Howmedica's Letter Motion for a Protective Order forbidding Plaintiffs from taking the remote deposition of Jack Jieafa is DENIED. The deposition shall proceed on 8/21/2020, but shall be limited to 90 minutes. SO ORDERED.
Dated: 8/18/2020

Re:   **Rouviere v. DePuy Orthopaedics, et al.**
      **Civil Action No. 1:18-cv-4814 (LJL-SDA)**

Dear Judge Aaron:

We represent Defendant Howmedica Osteonics Corp. ("HOC") in the above-referenced action. We are writing to you in accordance with Section III.B of your Individual Rules of Practice to request that the Court issue a protective order pursuant to Fed. R. Civ. P. 26(c) forbidding Plaintiffs from taking the deposition of a former distributor of HOC products, Jack Jieafa. Because Plaintiffs have noticed this deposition to take place this Friday, August 21, 2020, HOC respectfully requests that briefing and consideration of this letter motion be expedited.

Summary of the Dispute

Plaintiffs are abusing the discovery process. After more than a year and a half of discovery, and shortly before the previously extended August 21, 2020 fact discovery end date, Plaintiffs for the first time advised of their intent to take a spate of additional depositions, including re-opening the deposition of Dr. Robert Buly, the surgeon who implanted the products at issue in August 2012, as well as the depositions of HOC and DePuy sales representatives for Dr. Buly in connection with the August 2012 implant surgery. Defendants accommodated Plaintiffs' requests for these depositions, belated and inconvenient though they were. These were no small accommodations as Defendants were in the midst of preparing for and defending the respective Rule 30(b)(6) depositions that had been scheduled to take place in August (one of which will be continued this week). Accordingly, in the last 10 days, the following depositions have been conducted: Dr. Robert Buly, Thomas Camino (DePuy 30(b)(6)), Christopher Heffernan (HOC 30(b)(6)), Edwin Rodriguez (HOC sales representative). The deposition of Lee Posner, DePuy sales representative is scheduled for August 18th.

In their latest delinquent request, Plaintiffs advised of their intent to take the deposition of Jack Jieafa, a former sales representative for HOC products, but not a direct HOC employee.

Hon. Stewart D. Aaron
August 17, 2020
Page 2

Plaintiffs' stated reason for the deposition is that he was present during a May 2017 third *revision* surgery in which one of the components that had been implanted in August 2012, the Trident acetabular shell, was removed by another surgeon (not Dr. Buly). *See* attached e-mail chain, Exhibit A. (Aug. 7 email from DePuy's counsel: "Please explain Plaintiffs' position as to the relevance of Mr. Jieafa." Aug. 10 response: "Mr. Jieafa was present for the removal of the Trident Shell.")

Unfortunately, given the failure of HOC's good faith efforts, as discussed below, court intervention is necessary. Not only does the deposition of Mr. Jieafa, a sales representative with no connection to the implanting surgeon who may have merely been present for a *revision* surgery, bear little or no relevance to the issues in the case, but Mr. Jieafa has no recollection of the patient, Ms. Rouviere. Nor does he have any recollection of any revision surgery, the components that may have been explanted or implanted, or the reason for any such surgery. This is not surprising given that the surgery took place several years ago. On August 12, 2020, HOC explained this to Mr. Rouviere and offered to have Mr. Jieafa provide an affidavit to this effect so as to avoid the burden and waste of yet another last minute deposition. *See id*. Plaintiffs refused. *Id*. In a further effort at cooperation and to avoid burdening this court with another discovery dispute, on August 14th HOC offered to produce Mr. Jieafa for a deposition of up to one hour limited to his knowledge of the May 2017 revision surgery and related communications with the revising surgeon, Dr. Carlos Alvarado. *See* attached letter, Exhibit B. On August 16th, Plaintiffs responded refusing to limit the deposition in time or scope and issuing a unilateral notice for a two hour deposition of Mr. Jieafa on August 21st. *See* Exhibit C.

It has become clear that Plaintiffs' stated reason for taking Mr. Jieafa's deposition, that he was present at the May 2017 revision surgery, is merely a pretense, and that the true purpose of the deposition is for Plaintiffs to re-ask questions regarding the design and use of various device components in order to hopefully obtain testimony more favorable to Plaintiffs than that given by HOC's Rule 30(b)(6) witness and Dr. Buly's sales representative. This is borne out by the deposition of HOC's sales representative which took place on August 14, 2020. At that deposition, Plaintiff's counsel/Plaintiff *pro se* Andre Rouviere asked only a handful of questions relating to the August 2012 implant surgery. Instead, he spent the vast majority of the nearly two hour deposition questioning the witness on issues pertaining to design and use of the products, topics which had already been amply covered at the deposition of HOC's Rule 30(b)(6) witness just two days earlier, and topics which were improper for this fact witness deposition.

Legal Authority

Fed. R. Civ. P. 26(b)(1) limits the scope of discovery to non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Pursuant to Rule 26(b)(2)(C), the Court must limit the frequency or extent of discovery if it determines that any of the following are satisfied:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome or less expensive;

>   (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
>   (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)

Here, all three are satisfied. First, testimony regarding design, use, warnings and other general information concerning the products at issue was obtained during, and in fact was the very focus of, the Rule 30(b)(6) deposition taken of HOC.[1] *See* ECF No. 120 (Order setting forth permissible topics for HOC Rule 30(b)(6) deposition). A sales representative, i.e., a person who may be present at a surgery to ensure that the components ordered by a surgeon and the proper instruments to implant them are available for that surgery, and who may at most provide technical information if asked, such as available component sizes, is not the proper source of design and other general product information, and any such testimony would be unreasonably cumulative and duplicative of HOC's Rule 30(b)(6) deposition, as well as unduly burdensome.

Second, there is no question that Plaintiffs have had ample opportunity to discover such general product information, and in fact have done so through other depositions, including a Rule 30(b)(6) deposition of HOC. That Plaintiffs may not like the testimony they obtained and seek to re-ask questions of another witness to obtain more favorable answers is not a valid reason for imposing on another witness or the defendants. Nor is it proper to attempt to obtain more favorable product design and other information through the back door of a sales representative deposition. Additionally, discovery has been ongoing for a year and a half. Plaintiffs have no excuse for waiting until the 11th hour to notice this and other depositions.

Third, the testimony of a sales representative who may have been present at a revision surgery is simply not germane to the issues in the case. Even if the sales representative recalled the surgery, it is difficult to imagine what useful or relevant information that sales representative could provide. Here, the sales representative has no recollection of the surgery, the components that may have been removed or why the surgery took place.[2]

For these reasons, HOC respectfully requests that the Court issue a protective order forbidding Plaintiffs from taking the deposition of Jack Jieafa.[3]

---

[1] While HOC continues to dispute whether the Trident Shell component implanted in August 2012 and removed in May 2017 can be considered "at issue," there can be no dispute that Mr. Rouviere examined HOC's Rule 30(b)(6) witness, as well as HOC's sales representative for the implanting surgeon, Dr. Buly, extensively regarding the Trident, and the witness was permitted to answer the vast majority of questions over counsel's objections.

[2] It should be noted that the one component from the August 2012 total hip replacement that was removed during the May 2017 surgery, the Trident shell, was retained by and is in the possession of Plaintiffs.

[3] The parties have met and conferred extensively as noted above. On the morning of August 17th, the undersigned and Mr. Rouviere further conferred by telephone and were unable to reach

Hon. Stewart D. Aaron
August 17, 2020
Page 4

                                                  Respectfully submitted,

                                                  s/Paul E. Asfendis
                                                  Paul E. Asfendis
                                                  GIBBONS P.C.
                                                  One Pennsylvania Plaza, 37th Floor
                                                  New York, NY 10119
                                                  Telephone: (212) 613-2067
                                                  Email: pasfendis@gibbonslaw.com

                                                  *Attorneys for Defendant*
                                                  *Howmedica Osteonics Corp.*

cc: All counsel of record via ECF

---

agreement, necessitating the instant motion. DePuy has advised that it agrees with HOC's position that the deposition should not be permitted.