

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/29/2020

Paul E. Asfendis
Director

Gibbons P.C.
One Pennsylvania Plaza
37th Floor
New York, New York 10119-3701
Direct: (212) 613-2067
Fax: (212) 554-9667
pasfendis@gibbonslaw.com

September 15, 2020

**VIA ECF**

Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      **Re:**    **Rouviere v. DePuy Orthopaedics, et al.
               Civil Action No. 1:18-cv-4814 (LJL-SDA)**

Dear Judge Aaron:

      We represent Defendant Howmedica Osteonics Corp. ("HOC") in the above-referenced action. We write jointly on behalf of Defendants HOC and DePuy Orthopaedics, Inc. ("DePuy") in accordance with Section III.B of your Individual Rules of Practice to request the Court's intervention in a discovery dispute. Specifically, Plaintiffs have attempted to effect a massive document dump on Defendants after 11:00 p.m. on the final day of fact discovery, August 21, 2020. Plaintiffs' last minute attempt to supplement discovery in this fashion is not only untimely and violative of the Federal Rules of Civil Procedure and this Court's Scheduling Order, it is also highly improper and prejudicial to Defendants. Accordingly, Plaintiffs should be prohibited from relying on any documents not previously produced in discovery.

      Summary of the Dispute

      Plaintiffs served their Rule 26 initial disclosures on February 4, 2019, over 18 months ago, the deadline set forth in this Court's January 15, 2019 Scheduling Order (*see* ECF No. 57). Discovery was extended on four separate occasions, the most recent being at the request of Plaintiffs who waited until the final weeks of discovery to schedule six fact witness depositions. The final fact discovery end-date was August 21, 2020.

      On Friday, August 21, 2020 at 11:00 p.m., Plaintiffs emailed DePuy a letter enclosing a link to a "supplemental production" of 131,327 pages, purporting to be "what Plaintiffs believe are all potentially relevant or applicable documents or materials in Plaintiffs' possession…" At 11:29 p.m., Plaintiffs emailed HOC a similar letter enclosing a link to 90,112 pages. (*See* Exhibit "A".) The production was not indexed, and Plaintiffs made no attempt to identify which documents were new and which had been previously produced, or to which document requests, if any, the documents were responsive.

Hon. Stewart D. Aaron
September 15, 2020
Page 2

The next business day, August 24, 2020, DePuy's counsel emailed Plaintiffs' counsel on behalf of DePuy and HOC seeking additional information regarding the supplemental document production, including what was "new" and what was duplicative and the reason for the timing of the production. (*See* Exhibit "B".) A full week later, on August 31, 2020, Plaintiffs' counsel responded by email that he was producing the documents "in an abundance of caution" and that "[m]ost of the documents were recently received, and many have still not been reviewed by Plaintiffs." Counsel's email response contained multiple contradictions, including that "Plaintiffs have not been able to review and organize these documents to date"; "Plaintiffs have made extensive diligent efforts to identify, assemble and disclose all documents relevant to the Plaintiffs' case going forward which have not been previously produced pursuant to Rule 26"; "Plaintiffs tried to exclude documents which were previously produced in this litigation, but some may still be included"; and "Defendants not only likely have every document, but probably have them very well organized…" Incredibly, Plaintiffs' counsel then requested that *Defendants* advise *Plaintiffs* which documents they did not have. (*See* Exhibit "C".)

Defendants responded jointly on September 3, 2020 objecting to the untimeliness and burden of Plaintiffs' purported "supplemental" disclosures and Plaintiffs' attempt to shift their obligations to Defendants, and requesting that Plaintiffs identify with reasonable particularity the "new" documents, i.e., those that had not been produced previously. Defendants advised that if the number of new documents was minimal, then Defendants would review them in good faith. (*See* Exhibit "D".)

Late in the day on Friday, September 11, 2020, Plaintiffs responded, enclosing a formal "supplemental" Rule 26 disclosure which merely indicated that additional relevant documents were listed and provided under separate cover, and enclosing two lists, one for HOC and one for DePuy, purporting to identify those documents in the August 21st production that had not been previously produced. (*See* Exhibit "E", "Stryker Folder Compare" list, and Exhibit "F", "DePuy Folder Compare" list.) The lists are not numbered and do not adequately identify the vast majority of documents, however, they make clear that Plaintiffs do not seek to supplement their Rule 26 disclosures with a small number of new documents. Rather, there appear to be likely thousands of previously unproduced documents.[1]

On Monday, September 14th, Defendants pointed this out in a letter to Plaintiffs and requested a telephonic meet and confer the following day. (*See* Exhibit "G".) Plaintiffs' counsel, Andre Rouviere, responded on Monday evening that he is not available for a meet and confer at

---

[1] It is Defendants' understanding that the right-hand columns in Plaintiffs' lists represent the August 21st "supplemental" document production, and that each entry in purple font relates to a separate, previously unproduced document. Because they are not numbered, Defendants would need to manually count each and every entry in order to determine the exact number of previously unproduced documents, but it is apparent from a cursory review of the Stryker and DePuy lists that there are likely a few thousand purple entries in the right hand columns. Based on the total page counts of these productions (approximately 220,000), it seems likely that the productions contain tens of thousands of previously unproduced pages of documents.

Hon. Stewart D. Aaron
September 15, 2020
Page 3

all this week.  (*See* Exhibit "H".)  Having made reasonable efforts to meet and confer, Defendants seek the Court's intervention at this time.

     Legal Authority

     Fed. R. Civ. P. 26(e)(1)(A) provides that Rule 26(a) disclosures must be supplemented "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect…"  Relatedly, Rule 37(c) provides that if a party fails to disclose or supplement information as required by Rule 26(a), "the party is not allowed to use that information… to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless."  Rule 37(c) provides the Court discretion to award sanctions, including expenses and attorneys' fees, informing the jury of a party's failure, and "other appropriate sanctions…"  *See* Fed. R. Civ. P. 37(c)(1)(A)-(C).

     Here, without justification, Plaintiffs waited until after 11:00 p.m. on the final day of fact discovery to attempt what can only be described as a massive document dump on Defendants, producing a total of approximately 220,000 pages to the two Defendants, including thousands of previously unproduced documents likely amounting to tens of thousands of previously unproduced pages.  Plaintiffs' counsel has never explained the reason for the untimely production other than to suggest that Plaintiffs were busy with discovery.  When confronted by Defendants, Plaintiffs' counsel made contradictory statements, claiming on the one hand that he made diligent efforts to identify and exclude previously produced documents, and on the other hand that he hasn't reviewed many or even most of the documents.  Counsel went so far as to attempt to shift the onus onto the *Defendants* to advise as to which documents were previously produced.  When a telephonic meet and confer was requested, counsel advised that he was unavailable for the entire week.

     Plaintiffs' document dump at 11:39 p.m. on the last day of fact discovery containing thousands of previously unproduced documents violates Plaintiffs' Rule 26 obligations.  Plaintiffs have provided no justification for the untimely disclosure, and a last minute disclosure of this magnitude cannot credibly be said to be harmless.  Pursuant to Rule 37(c), Plaintiffs' supplemental Rule 26 disclosures should be stricken and Plaintiffs should be precluded from using or relying on any previously unproduced document.  *See, e.g., Pal v. N.Y. Univ.*, 2008 U.S. Dist. LEXIS 50902, 2008 WL 2627614 (S.D.N.Y. 2008) (preclusion warranted where party attempted to supplement Rule 26 disclosures after business hours on the very last day of a discovery deadline that had been extended five times).

     Under these circumstances, the Court should consider other appropriate sanctions, including but not limited to awarding costs and fees in connection with Defendants' meet and confer efforts regarding the late production and the instant motion.

                    Respectfully submitted,

                    s/Paul E. Asfendis
                    Paul E. Asfendis
                    GIBBONS P.C.

Hon. Stewart D. Aaron
September 15, 2020
Page 4

                                            One Pennsylvania Plaza, 37th Floor
                                            New York, NY 10119
                                            Telephone: (212) 613-2067
                                            Email: pasfendis@gibbonslaw.com

                                            *Attorneys for Defendant*
                                            *Howmedica Osteonics Corp.*

cc:     All counsel of record via ECF

Following a telephone conference with the parties, and for the reasons stated on the record, Defendants' request that Plaintiffs be prohibited from relying on documents produced on the final day of discovery is DENIED WITHOUT PREJUDICE. SO ORDERED.

Dated: September 29, 2020