

Paul E. Asfendis
Director

Gibbons P.C.
One Pennsylvania Plaza
37th Floor
New York, New York 10119-3701
Direct: (212) 613-2067
Fax: (212) 554-9667
pasfendis@gibbonslaw.com

October 9, 2020

**VIA ECF**

Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/9/2020
```

      Re:    <u>Rouviere v. DePuy Orthopaedics, et al.
               Civil Action No. 1:18-cv-4814 (LJL-SDA)</u>

Dear Judge Aaron:

      We represent Defendant Howmedica Osteonics Corp. ("HOC") in the above-referenced action. We write jointly on behalf of Defendants HOC and DePuy Orthopaedics, Inc. ("DePuy") in reply to Plaintiffs' letter opposing Defendants' motion to compel Plaintiff to produce pathology slides to defense counsel.

      In their opposition letter, Plaintiffs make no mention of the pretext previously given to Defendants for refusing to deliver the slides to defense counsel, namely that Baptist Hospital's internal policy was to deliver slides only to actual laboratories. Instead, Plaintiffs now claim the real reason they have refused to deliver the slides to defense counsel is that they do not trust defense counsel to handle them properly. This is nonsense and appears to be an attempt by Plaintiffs to preclude any defense consulting expert witnesses from reviewing and analyzing the slides prior to the deposition of Plaintiffs' testifying pathologist and to obtain the identity of Defendants' consulting experts in the process.

      Plaintiffs refer to "nasty issues" that arose with explanted device components earlier in the litigation. What Plaintiffs leave out is that these issues were created when Plaintiffs loosely and improperly packaged various explanted components from multiple revision surgeries together in one container and then sent the package to DePuy's counsel. DePuy's counsel's office opened the box and immediately photographed the jumbled components as received. DePuy's counsel did not mishandle the explanted components in any way; they were sent by Plaintiffs without adequate care. Nonetheless, the parties subsequently discussed the need to package and handle physical evidence with care. There is simply no reason why the slides cannot be delivered to counsel for either Defendant using the same care in packaging and shipping.

Hon. Stewart D. Aaron
October 9, 2020
Page 2

Nor is there any need for a special written protocol for shipment of the slides. Unlike explants, which can be examined using a variety of different methods, some of which can be destructive to the explants, pathology slides are simply looked at under a microscope. No separate protocol is necessary and, conspicuously, Plaintiffs do not mention any written protocol of any type, whether for shipping, examining or storage, having been entered into for their expert pathologist's review of the slides. Defendants should not face arbitrary restrictions that were not imposed on Plaintiffs.

Plaintiffs also accuse Defendants of trying to use this dispute to "backdoor" a previously-refused extension of the deadline to take Dr. Gannon's deposition. This is untrue and mischaracterizes the relevant procedural history. Because of scheduling conflicts, counsel for DePuy asked Plaintiffs' counsel as a courtesy to allow Defendants to take a different expert's (Dr. Tervaert) deposition on either October 22nd or 23rd, one or two days past the October 21st deadline to complete the depositions of Plaintiffs' experts, with the understanding that Defendants would still serve their expert disclosures on time. In other words, Plaintiffs would lose nothing; Defendants would simply have a shorter amount of time between taking Dr. Tervaert's deposition and serving a rebuttal report. This had nothing to do with the deposition of Plaintiffs' pathologist, Dr. Gannon, whose deposition was agreed upon for October 19th. Unfortunately, consistent with their refusal to cooperate in any way or to provide any courtesies, Plaintiffs absolutely refused to go even one or two days beyond the October 21st deadline. Defendants adjusted their schedules and scheduled Dr. Tervaert's deposition for October 21st. Defendants are not seeking to move that deposition. It has nothing to do with the dispute regarding the pathology slides.

Regarding Plaintiffs' claims of delay, Defendants requested transfer of the slides more than two weeks before Dr. Gannon's scheduled deposition, not expecting that Plaintiffs' counsel would refuse to deliver the slides to defense counsel and create an issue requiring Court intervention. The only reason Defendants included in their joint motion a modest request for an extension with regard to Dr. Gannon is to ensure that Defendants have adequate time for respective review of the slides and to incorporate that review into their preparation for Dr. Gannon's deposition.

In sum, contrary to Plaintiffs' contention, there are no "exceptional circumstances" present here that would warrant requiring that the pathology slides be sent directly to Defendants' consulting experts and forcing Defendants to disclose the identity of any consulting experts they may ask to review the slides. Not only is there nothing in the Rules or case law supporting this contention, but Rule 26 specifically protects Defendants from having to make such a disclosure.

For these reasons, Defendants respectfully request that the Court issue an order requiring Plaintiffs to immediately deliver the tissue specimens to defense counsel, as directed. In order to offset any delay caused by Plaintiffs' refusals, Defendants also respectfully request that the deadline to depose Plaintiffs' expert pathologist, Dr. Gannon, be extended one (1) week, to October 28, 2020. Defendants will endeavor to disclose any expert pathologist reports by the current expert disclosure date of November 20th, but reserve the right to request additional time in the event of further delays by Plaintiffs.

Hon. Stewart D. Aaron
October 9, 2020
Page 3

          Respectfully submitted,

          s/Paul E. Asfendis
          Paul E. Asfendis
          GIBBONS P.C.
          One Pennsylvania Plaza, 37th Floor
          New York, NY 10119
          Telephone: (212) 613-2067
          Email: pasfendis@gibbonslaw.com

          *Attorneys for Defendant*
          *Howmedica Osteonics Corp.*

cc:    All counsel of record via ECF

ENDORSEMENT: Defendants' request is GRANTED IN PART and DENIED IN PART. As soon as possible, Plaintiffs shall ship the tissue specimens via FedEx or other recognized overnight courier service to HOC's counsel. The Court declines to adjourn the deposition of Dr. Gannon and declines to extend any deadlines; provided, however, that if the subject slides are not received by HOC's counsel by Tuesday, 10/13/2020, Defendants may renew their request for such relief. SO ORDERED.
Dated: 10/9/2020

*/s/ Stewart D. Aaron*