```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/25/2020
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jodi Rouviere, et al.,

                        Plaintiffs,

-against-

Depuy Orthopaedics, Inc. et al.,

                        Defendants.

1:18-cv-04814 (LJL) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a motion by Defendant Howmedica Osteonics Corporation ("Howmedica"), doing business as Stryker Orthopaedics, to disqualify the metallurgical and material science engineer testifying expert (the "Engineer Expert")[1] retained by Plaintiffs, Jodi Rouviere and Andre Rouviere (collectively, "Plaintiffs"), and to stay certain discovery activities related to his disclosure. (Howmedica Not. of Mot., ECF No. 171.)[2] For the following reasons, Howmedica's motion to disqualify is GRANTED and its motion to stay is DENIED AS MOOT.

---

[1] Details regarding Plaintiff's Engineer Expert are contained in a Confidential Appendix to this Opinion and Order that will be filed under seal (the "Confidential Appendix"). The Engineer Expert is a "paid expert consultant for [Howmedica] in connection with the defense of two large-scale and long-standing consolidations of cases pertaining to certain HOC modular hip implant products." (Catullo Seal Decl., ECF No. 170, ¶ 2.) "The litigations consist of a Multidistrict Litigation pending in the United States District Court, as well as a Multicounty Litigation pending in state court in New Jersey (collectively 'the [Howmedica] Litigations')." (*Id*.) Information regarding the Engineer Expert is being filed under seal based upon Howmedica's representations that it would be harmed if the identity of its consulting expert and details regarding his confidential consultancy were disclosed. (*See* Howmedica 10/14/20 Ltr. Mot., ECF No. 169, at 1.)

[2] In deciding Howmedica's motion, the Court has reviewed and considered the filings at ECF Nos. 172 to 174, 181 and 190 to 192, all of which were filed under seal. By separate Order, the Court will be directing Howmedica to redact confidential information from each of these filings and to file redacted versions of each on the public docket, which versions the Court shall review to ensure that Howmedica was not over-inclusive in its redactions.

**BACKGROUND**

This is a medical device product liability case that was commenced on May 31, 2018 arising from injuries allegedly sustained by Plaintiff Jodi Rouviere after receiving a purportedly defective hip implant containing components manufactured by Howmedica and another defendant, Defendant DePuy Orthopaedics, Inc. (*See* Compl., ECF No. 1, ¶ 1; Am. Compl., ECF No. 26, ¶ 1.) The motion currently before the Court involves an expert who "switched sides" to testify on behalf of Plaintiffs against a client (Howmedica) on whose behalf he had done considerable consulting work in connection with other litigations for which his employers received substantial compensation.

After several extensions of discovery deadlines already had been granted, on June 22, 2020, the Court ordered that Plaintiffs' expert disclosures were to be served by September 21, 2020. (6/22/20 Order, ECF No. 128.) On Friday, September 18, 2020, Plaintiffs' counsel sent a letter to the Court requesting a one-week extension to serve their expert disclosures ostensibly because the night before an "engineer" expert "advise[d] the Plaintiffs that he was not willing to continue as Plaintiffs['] expert." (Pl.'s 9/18/20 Ltr., ECF No. 154.) By Order dated September 18, 2020, based upon the record before it, the Court denied Plaintiffs' request. (9/18/20 Order, ECF No. 157.) The Court stated: "Plaintiffs have not provided an adequate showing of cause to justify their eleventh-hour request. For example, Plaintiffs do not state when they first consulted with the 'engineer' expert, when they first retained him/her and/or what work product, if any, (s)he created." (*Id*.)

Also on Friday, September 18, 2020, Plaintiffs entered into a retainer agreement with the Engineer Expert at issue in Howmedica's motion. (Catullo Decl. Ex. B, ECF No. 173-2.) On Monday,

September 21, 2020, Plaintiffs served the "Testifying Expert Report" of the Engineer Expert. (Catullo Decl. Ex. A, ECF No. 173-1.)

On October 14, 2020, Howmedica filed the motion now before the Court seeking to disqualify the Engineer Expert on the ground that Howmedica previously had retained him as a paid consultant to conduct confidential review, testing and analysis of other hip implant products in the defense of the Howmedica Litigations where issues were raised, which are "in vital ways similar to those raised in the present litigation." (*See* Howmedica Mem., ECF No. 172-1, at 1.) In opposition, Plaintiffs argue, among other things, that the Engineer Expert was not directly retained by Howmedica; that he has not done any work for Howmedica since 2017; and that the products at issue in this case are different from the products at issue in the case where the Engineer Expert performed work for Howmedica. (*See* Pls.' Opp. Mem., ECF No. 181, at 4-5.) In reply, Howmedica argues that a confidential relationship between Howmedica and the Engineer Expert "clearly exists;" that the Howmedica Litigations remain pending, such that the Engineer Expert's confidential relationship with Howmedica has not terminated; and that the Engineer Expert's work in the Howmedica Litigations is "clearly relevant to this case." (Howmedica Reply, ECF No. 191, at 1-2.)

## **LEGAL STANDARDS**

"The Court has the inherent power to disqualify an expert witness when such relief is warranted." *Rodriguez v. Pataki*, 293 F. Supp. 2d 305, 311 (S.D.N.Y.), *aff'd*, 293 F. Supp. 2d 315 (S.D.N.Y. 2003) (citation omitted). "Where the disqualification is sought because the expert previously was retained by another party, the movant bears the burden of establishing (1) that it was objectively reasonable for the movant to believe that it had a confidential relationship with

3

the expert and (2) that the movant's confidential information was in fact disclosed to the expert." *Id*. (citations omitted).

"Disqualification is designed to protect the integrity of the judicial process by ensuring that experts do not use, even unwittingly, confidential information that they learned from a party in the course of an earlier engagement against that party in a later lawsuit." *Eastman Kodak Co. v. Kyocera Corp.*, No. 10-CV-06334 (CJS), 2012 WL 4103811, at *8 (W.D.N.Y. Sept. 17, 2012) (citation omitted). "Disqualification is a drastic remedy, however, and should be resorted to rarely." *Id*. at *8 (citation omitted).

I am deciding Howmedica's motion pursuant to the prior referral to me of all non-dispositive pretrial motions. *See Dreyer v. Ryder Auto. Carrier Grp., Inc*., No. 98-CV-0082A (JF), 2005 WL 1074320, at *1 n.1 (W.D.N.Y. Feb. 9, 2005) ("A motion to disqualify a prospective testifying expert is non-dispositive in nature and subject to review as clearly erroneous or contrary to law."), *objections overruled*, 367 F. Supp. 2d 413 (W.D.N.Y. 2005).

## ANALYSIS

The Court finds that Howmedica has met its burden to disqualify the Engineer Expert. First, it was objectively reasonable for Howmedica to believe that it had a confidential relationship with the Engineer Expert. When the Engineer Expert first was retained, Howmedica's outside counsel signed an agreement with the Engineer Expert's employer in which the employer stated its "policy to keep the nature and scope of our client engagements confidential."[3]

---

[3] The fact that the Engineer Expert was retained through Howmedica's outside counsel, rather than Howmedica itself, is of no moment. It is not uncommon in litigation for outside counsel to retain an expert on a client's behalf. Indeed, in prior litigation in which the Engineer Expert was retained, he had been retained by counsel, not by the party herself. (*See* Confidential Appendix at 1.)

4

(Confidential Appendix at 2.) In addition, the Engineer Expert signed a confidentiality agreement that was part of a protective order in one of the Howmedica Litigations in which he agreed to be bound by confidentiality obligations. (*See id*.) There was no reason for Howmedica to believe that its confidential relationship with the Engineer Expert had concluded since the Howmedica Litigations were stayed, not finally determined. (*See id*. at 5-6.)

Second, there is no dispute that Howmedica's confidential information was disclosed to the Engineer Expert. He received tens of thousands of pages of confidential Howmedica documents pertaining to the design and development of certain Howmedica hip devices, the materials used in those devices and the regulatory approval process. (*See* Confidential Appendix at 3.) In addition, the Engineer Expert met with Howmedica's defense attorneys on numerous occasions in connection with the Howmedica Litigations and was privy to Howmedica's litigation and trial defense strategies. (*See id*.)

Having carefully reviewed the submissions of the parties, the Court is satisfied that there is significant overlap between issues involved in the Howmedica Litigations and the issues involved in this case. (*See* Confidential Appendix at 4-5.) It simply would be unfair and would subvert the integrity of the judicial process to permit the Engineer Expert to switch sides as he is seeking to do here.

There will be no prejudice to Plaintiffs since they only had worked with the Engineer Expert for a few days prior to the issuance of his report (*i.e*., from September 18 to 21, 2020). As set forth in the Conclusion below, Plaintiffs are being granted time to retain an alternate engineer expert.

**CONCLUSION**

For the foregoing reasons, Howmedica's motion to disqualify is GRANTED and its motion to stay is DENIED AS MOOT. No later than November 9, 2020, Plaintiffs may serve an expert disclosure by an alternate engineer expert regarding the same scope of subject areas as were covered by the Engineer Expert. The deposition of any such expert shall be completed no later than December 9, 2020. Any expert disclosure by Howmedica addressed to opinions offered by Plaintiffs' alternate engineer expert shall be served by January 14, 2021 and the deposition of such Howmedica expert shall be completed no later than February 12, 2021.

**SO ORDERED.**

Dated:   New York, New York
         October 25, 2020

_____
STEWART D. AARON
United States Magistrate Judge