

Kim M. Catullo
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4815
Fax: 973-639-6280
kcatullo@gibbonslaw.com

October 14, 2020

**VIA ECF**

Hon. Lewis J. Liman, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan
United States Courthouse, Courtroom 15C
500 Pearl Street
New York, New York 10007-1312

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/25/2020
```

    Re:   **Rouviere, et al. v. DePuy Orthopaedics, Inc., et al.**
           **Docket No. 1:18-cv-04814-LJL-SDA**

Dear Judge Liman:

    This firm represents Defendant Howmedica Osteonics Corp., d/b/a Stryker Orthopaedics ("HOC") in the above-referenced matter. Please accept this letter brief and accompanying Declaration of Kim M. Catullo ("Catullo Seal Decl.") in support of HOC's Motion to Seal its Memorandum of Law and the supporting documents filed in support of HOC's Motion to disqualify one of Plaintiffs' expert witnesses. As set forth below, sealing the motion will prevent the harms to HOC arising from disclosure of the identity of its consulting expert and details regarding that confidential consultancy in connection with two large, pending coordinated medical device litigations.

FACTS

    The contents of HOC's Motion that we are requesting be filed under seal relate to highly confidential information between HOC and Plaintiffs' expert, who is a paid expert consultant for HOC in connection with the defense of two large-scale and long-standing consolidations of cases pertaining to certain HOC modular hip implant products. The litigations consist of a Multidistrict Litigation pending in the United States District Court, as well as a Multicounty Litigation pending in state court in New Jersey (collectively "the Litigations"). Catullo Seal Decl., ¶ 2.)

    The Litigations involve metal modular hip implant products that implicate several issues also raised in the instant matter before Your Honor, as detailed in the underlying Motion to Disqualify. Plaintiffs' expert continues to be a retained expert for HOC under his contract with the company and has not been discharged. *Catullo Seal Decl.*, ¶ 3. In addition, he is a confidential consulting expert who has not been disclosed as a testifying expert in the Litigations. *Id.* ¶ 4.

GIBBONS P.C.

Hon. Lewis J. Liman, U.S.D.J.
October 14, 2020
Page 2

At the time of his retention, Plaintiffs' expert provided HOC with a written agreement stating that the retention was confidential and that he and his company would treat HOC's confidential information with the same degree of care that the company treats its own confidential information. *Catullo Seal Decl.* ¶ 5. And in accordance with the protective order in place for both the MDL and MCL, the expert signed the required Acknowledgment. *Id.*, ¶ 6.

As set forth in HOC's Motion, HOC has moved to disqualify this expert due to the clear conflict presented based on his extensive consultancy role on behalf of HOC in the Litigations, while he is opposing HOC via his report and opinions generated for Plaintiffs in this case. The confidential information known to the expert also raises substantial concerns, because Stryker's co-defendant in this matter, Depuy Orthopaedics, is a known competitor of HOC in the orthopedic products marketplace, and moreover, if this information were not permitted to be filed under seal, HOC would suffer extreme prejudice resulting from the destruction of its expectation of confidentiality as to its relationship with this consulting expert in the pending Litigations.

## ARGUMENT

Courts in the Second Circuit have long recognized a "common law right of public access to judicial documents." *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119 (2d Cir. 2006). The Second Circuit has set forth a three-part analysis for determining whether documents relating to a lawsuit must be made available to the public. *Lugosch,* 435 F.3d at 119-20; *United States v. Amodeo,* 71 F.3d 1044, 1048-52 (2d Cir. 1995) ("*Amodeo II*"). The inquiries that the district court is to make when deciding whether documents must be made available to the public or may be sealed, *Stern v. Cosby*, 529 F. Supp. 2d 417, 420 (S.D.N.Y. 2007), were summarized in *Ello v. Singh*, 531 F. Supp. 2d 552, 582-584 (S.D.N.Y. 2007), as follows:

> First, a court must determine whether the documents are judicial documents. To qualify as a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process. If the documents are deemed non-judicial, then there is no presumption of public access, and the movant need only make a baseline showing of good cause in order to justify the imposition of a protective order. If, however, the court determines that the documents are judicial in nature, there is a presumption of public access. Second, the court determines the weight of the presumption. The weight of the presumption is governed by the role of the material at issue in the exercise of the Article III judicial power and the resultant value of such information to those monitoring the federal courts. The material at issue will fall somewhere on a continuum from matters that directly affect the adjudication to matters that come within a court's purview solely to insure their irrelevance. Finally, after the court has determined the weight of the presumption of access, the court must balance competing

G<small>IBBONS</small> P.C.

Hon. Lewis J. Liman, U.S.D.J.
October 14, 2020
Page 3

>           considerations against it.  These competing considerations include,
>           *inter alia*, the privacy interests of those resisting disclosure.

*Ello*, 531 F. Supp. 2d 582-584 (S.D.N.Y. 2007) (quoting *Lugosch v. Pyramid Co. of Onondaga, LLC*, 435 F.3d 110, 119 (2d Cir. 2006)); *see also Amodeo* II, 71 F.3d at 1051) ("[C]ourts should first consider the degree to which the subject matter is traditionally considered private rather than public. . . . [as well as] [t]he nature and degree of injury [from having such information made public] must also be weighed.").

Not every document generated in a lawsuit is a "judicial document." As the Second Circuit explained in *Amodeo II:*

>           We think that the mere filing of a paper or document with the court
>           is insufficient to render that paper a judicial document subject to the
>           right of public access. We think that the item filed must be relevant
>           to the performance of the judicial function and useful in the judicial
>           process in order for it to be designated a judicial document.

"Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach." *Id.* at 1050 ; *accord SEC v. TheStreet.com,* 273 F.3d 222, 233 (2d Cir. 2001) (transcripts of deposition testimony were not "judicial documents" that carried presumption of public access).

With respect to the second factor, in discussing the continuum along which the strength of the presumption will be measured, where documents are used to determine litigants' substantive legal rights, a strong presumption of access attaches. *Amodeo II*, 71 F.3d at 1049. Moving down the continuum, away from "matters that directly affect an adjudication" and towards "matters that come within a court's purview solely to insure their irrelevance," the presumption's weight decreases. *Id.*   At the low end of the continuum, "where testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason." *Id.* at 1050.

Protective orders perform the important function of "preserving the confidentiality of materials which are revealed in discovery but not made public at trial ... Protective orders are useful to prevent discovery from being used as a club by threatening disclosure of matters which will never be used at trial. Discovery involves the use of compulsory process to facilitate orderly preparation for trial, not to educate or titillate the public." *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982). "Private matters which are discoverable may, upon a showing of cause, be put under seal under Rule 26(c), in the first instance ... At the adjudication stage, however, very different considerations apply. An adjudication is a formal act of government, the basis of which should, absent exceptional circumstances, be subject to public scrutiny." *Id.*

GIBBONS P.C.

Hon. Lewis J. Liman, U.S.D.J.
October 14, 2020
Page 4

"In determining the weight to be accorded an assertion of a right of privacy, courts should first consider the degree to which the subject matter is traditionally considered private rather than public. Financial records of a wholly owned business, family affairs, illnesses, embarrassing conduct with no public ramifications, and similar matters will weigh more heavily against access than conduct affecting a substantial portion of the public." *Amodeo II*, 71 F.3d at 1051.

The third factor is to balance competing considerations against the weight of the presumption as determined by the Court. Countervailing factors include, among others, the danger of impairing judicial efficiency and the privacy interests of those resisting disclosure. In determining the weight to be accorded an assertion of a right of privacy, court should consider whether the subject matter is traditionally considered private rather than public, and weigh the nature and degree of the sensitive information. *See id*.

As discussed above, HOC's Motion contains highly confidential information which, if made public, would reveal the identity of a confidential consulting expert in a large *ongoing* mass tort litigation and would disclose details regarding his consulting work in that litigation. Further, the expert himself, in his role as a non-testifying consultant for HOC in the Litigations, is not a person whose identity was required be disclosed under Fed. R. Civ. P. 26(a), and instead, the confidential nature of his retention as a non-testifying consultant, recognized in Fed. R. Civ. P. 26 (b)(4)(B) (an "expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial"), which strongly supports the relief sought here by HOC.

The expert's consulting work for HOC in those still-pending matters has given him access to HOC's confidential and proprietary documents and other information that have a direct relationship to the present case. (*See generally* HOC's Motion to Disqualify.) The facts and information pertaining to the expert are not "judicial documents" to be made available to the public, as they not "relevant to the performance of the judicial function and useful in the judicial process." Second, as outlined in *Amodeo II*, because any testimony or documents relating to the expert will play not play a role in the performance of Article III duties, "the weight of the presumption is low." And finally, HOC has presented a weighty justification to be accorded its asserting the right of privacy as to its confidential consulting relationship with the expert.

HOC will suffer harm and prejudice if this information is disclosed to anyone other than the counsel to the parties to this action (who must maintain this confidentiality in their roles as officers of the court),[1] and indeed, if the Court does not grant this Motion to Seal, the precise information HOC is trying to protect concerning its confidential relationship with this consulting

---

[1] HOC is aware of the conundrum presented here, where even the mention of the expert's name as a consultant for HOC is considered confidential by HOC, though person's identity has been disclosed in the case by Plaintiffs' counsel. Nevertheless, the information contained in HOC's Motion that is here requested to be sealed, is of a nature that HOC believes it should not lead to any further disclosures concerning this person.

GIBBONS P.C.

Hon. Lewis J. Liman, U.S.D.J.
October 14, 2020
Page 5

expert in the Litigations will be undermined. This is why the present Motion to Seal will be served on all parties, but the Motion to Disqualify will only be served on Plaintiffs' counsel. HOC expects that, in accordance with its position concerning the confidentiality of the expert at issue here, that Plaintiffs' counsel will take no steps to make this expert's identity known to any other person.

## CONCLUSION

For the reasons set forth herein, HOC respectfully requests that the Court enter an Order sealing HOC's Motion to disqualify one of Plaintiffs' expert witnesses.

Respectfully submitted,

s/ Kim M. Catullo
Kim M. Catullo

cc:   All Counsel of Record (via ECF)

ENDORSEMENT: Defendant Howmedica's motion to seal the documents filed at ECF Nos. 171 to 174, 181 and 190 to 192 is GRANTED with conditions. No later than 11/13/2020, Howmedica shall redact any confidential information from each of these filings (including the filings made by Plaintiffs) and file on the public docket redacted versions of each of these filings. The Court thereafter shall review the publicly filed versions to ensure that Howmedica was not over-inclusive in its redactions. SO ORDERED.
Dated: 10/25/2020

*Stuart D. Aaron*