

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/20/2020
```

Paul E. Asfendis
Director

Gibbons P.C.
One Pennsylvania Plaza
37th Floor
New York, NY 10119-3701
Direct: 212-613-2067
Fax: 212-554-9650
pasfendis@gibbonslaw.com

November 19, 2020

**VIA ECF**

Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Request GRANTED. ECF No. 218 shall be placed under seal. No later than 12/1/2020, Plaintiffs shall either (1) respond to Howmedica's request that "Plaintiffs should be ordered to reimburse reasonable fees and costs incurred by [Howmedica] in connection with its efforts to remedy Plaintiffs' wrongful disclosures," or (2) reach a reasonable accommodation with Howmedica. SO ORDERED.
Dated: November 20, 2020

**Re: Rouviere v. DePuy Orthopaedics, et al.
Civil Action No. 1:18-cv-4814 (LJL-SDA)**

Dear Judge Aaron:

      This firm represents Defendant Howmedica Osteonics Corp. ("HOC") in the above-referenced action. We write for two reasons.

      First, incredibly, Plaintiffs have yet again disobeyed this Court's clear orders that certain information pertaining to the disqualified expert and his company be redacted. Co-defendant, DePuy, recently moved to strike/preclude any opinions of Plaintiffs' new engineering expert asserted against DePuy. (ECF No. 214) Plaintiffs filed their opposition late last night. (ECF No. 218) Plaintiffs' opposition letter identifies the employer of the disqualified expert in both the body of the letter and in the first two exhibits. Indeed, Plaintiff attaches the disqualified expert's company's conflict of interest sheet in unredacted form, as well as the report of the disqualified expert redacted only as to the name of the disqualified expert, despite this Court's approval of redaction of the employer, and its approval of HOC's more inclusive redactions of these very documents that Plaintiffs now attach to their opposition. (ECF No. 217). Plaintiff also attaches the report of the new engineering expert although it is marked "Confidential" on every page and directly quotes from and even attaches certain of HOC's confidential design and regulatory documents which were produced in the litigation pursuant to Protective Order, and related confidential deposition testimony (*see* ECF 218-5, Report pp. 27-30, 33, 65-67). The Court recently approved HOC's redactions of this and similar information in the disqualified expert's report.

      HOC regrets sounding like a broken record in multiple requests for sealing/redaction, but Plaintiffs' repeated public filing of information they know to be confidential leaves us no choice but to once again request the Court's intervention. HOC respectfully requests that the Court place Plaintiffs' latest filing (ECF No. 218) under seal and that Plaintiffs be ordered to re-file the letter

2863715.1 100909-99814

Hon. Stewart D. Aaron
November 19, 2020
Page 2

and exhibits with appropriate redactions.  Respectfully, HOC submits that, after repeated disregard of the confidentiality surrounding this issue, at this point and going forward, Plaintiffs should be ordered to reimburse reasonable fees and costs incurred by HOC in connection with its efforts to remedy Plaintiffs' wrongful disclosures.

      We also write with regard to the Court's October 25, 2020 disqualification order (ECF No. 193), which permitted Plaintiffs to serve an alternate engineering expert disclosure by November 9, 2020 and DePuy's motion regarding that order.  That motion is based on an argument unique to DePuy that the disqualified expert did not issue any opinion against DePuy, and thus any new opinion against DePuy is by definition outside the scope of the disqualified expert's report.

      DePuy's unique motion argument does not apply to HOC.  Accordingly, HOC does not intend to file or join in a motion based on this unique argument.  However, HOC specifically reserves the right to move in the future based on the scope of the new expert's opinions, if appropriate, after discovery related to the expert's opinions has been completed.

      We thank the Court for its consideration of this letter.

      Respectfully submitted,

      s/Paul E. Asfendis
      Paul E. Asfendis

cc:    All counsel of record via ECF

2863715.1 100909-99814