USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/24/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jodi Rouviere, et al.,

      Plaintiffs,

-against-

Depuy Orthopaedics, Inc. et al.,

      Defendants.

1:18-cv-04814 (LJL) (SDA)

OPINION AND ORDER

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is a motion by Defendant DePuy Orthopaedics, Inc. ("DePuy") to strike or otherwise preclude the DePuy-related opinions offered by Plaintiffs' alternate engineer expert, John Jarrell, Ph.D. ("Jarrell"). (DePuy 11/13/20 Ltr. Mot., ECF No. 214.) For the reasons set forth below, DePuy's motion to strike is GRANTED.

BACKGROUND

This is a medical device product liability case that was commenced on May 31, 2018 arising from injuries allegedly sustained by Plaintiff Jodi Rouviere after receiving a purportedly defective hip implant containing components manufactured by DePuy and another defendant, Howmedica Osteonics Corporation ("Howmedica"), doing business as Stryker Orthopaedics. (*See* Compl., ECF No. 1, ¶ 1; Am. Compl., ECF No. 26, ¶ 1.) The motion currently before the Court follows an Opinion and Order by me granting Howmedica's motion to disqualify the Plaintiffs' prior engineer expert (the "Prior Engineer Expert"), who previously had been retained by Howmedica as a consulting expert in other litigation and who had "switched sides" to testify in this case against Howmedica. *See Rouviere v. DePuy Orthopaedics, Inc.*, No. 18-CV-04814 (LJL) (SDA), 2020 WL 6265659, at *1 (S.D.N.Y. Oct. 25, 2020). Familiarity with my prior Opinion and

Order is presumed. A brief discussion of the events leading up to the instant motion is provided below.

On June 22, 2020, already having granted several extensions of discovery deadlines, the Court ordered that Plaintiffs' expert disclosures were to be served by September 21, 2020. (6/22/20 Order, ECF No. 128.) On September 21, 2020, Plaintiffs served the "Testifying Expert Report" of the Prior Engineer Expert. (Catullo Decl. Ex. A, ECF No. 173-1.)[1] Notably, the Prior Engineer Expert offered opinions regarding Howmedica, but did not offer any opinions regarding DePuy or DePuy's failure to warn. (*See id*. at 12.)

On October 14, 2020, Howmedica filed a motion seeking to disqualify the Prior Engineer Expert on the ground that Howmedica previously had retained him as a paid consultant in the defense of litigations raising issues similar to those raised in the present case. (*See* Howmedica Mem., ECF No. 172-1, at 1.) On October 25, 2020, I granted Howmedica's motion to disqualify and stated that, "[n]o later than November 9, 2020, Plaintiffs may serve an expert disclosure by an alternate engineer expert regarding the same scope of subject areas as were covered by the [Prior] Engineer Expert." *See Rouviere*, 2020 WL 6265659, at *3. I also set a schedule for Howmedica to serve its own expert disclosure "addressed to opinions offered by Plaintiffs' alternate engineer expert." *See id*.

On October 21, 2020, while Howmedica's motion to disqualify was pending, DePuy filed a motion for summary judgment premised upon Plaintiffs' failure to present any expert testimony or, according to DePuy, any other evidence to support Plaintiffs' liability claims against

---

[1] A redacted version of ECF No. 173-1 is filed at ECF No. 215-3, commencing at PDF p. 3.

DePuy. (*See* DePuy 11/13/20 Ltr. Mot. at 2.) According to DePuy, the Prior Engineer Expert "was the only expert disclosed by Plaintiffs [who] rendered opinions regarding design defect and failure to warn issues but all of those opinions were directed at [Howmedica]" and thus Plaintiff's had "no admissible expert testimony (or any other evidence) as to DePuy and the DePuy components to support any product defect or warning claims[.]" (*Id*.)

On October 31, 2020, Plaintiffs filed a letter motion requesting additional time to respond to DePuy's motion for summary judgment. (Pls.' 10/31/20 Ltr. Mot., ECF No. 201.) On November 2, 2020, DePuy opposed the extension, arguing that Plaintiffs' stated reason for needing additional time — *i.e.*, the disclosure of the alternate engineer expert — would not affect their response to DePuy's Motion. (*See* DePuy 11/2/20 Ltr. Rep., ECF No. 202.) In particular, DePuy stated that it anticipated that Plaintiffs would attempt to introduce new opinions, not expressed by the Prior Engineer Expert, regarding DePuy. (*See id*.) On November 3, 2020, Plaintiffs filed a reply regarding their motion for additional time. (*See* Pls.' 11/3/20 Reply, ECF No. 203.)

On November 3, 2020, District Judge Liman granted Plaintiffs' request for additional time, but "expresse[d] no view as to whether the anticipated engineer report falls within the scope of Judge Aaron's order." (*See* 11/3/20 Order, ECF No. 208.) Judge Liman stated: "Any motions with respect to whether the anticipated expert report fall[s] within the scope of Judge Aaron's order relieving Plaintiffs from the deadlines in the Case Management Plan and are properly addressed by him in the first instance." (*Id*. at 1.) He further stated: "As to any motions with respect to whether the expert report should be permitted in whole or in part, those should be addressed in the first instance to Judge Aaron to whom I have delegated general pretrial supervision with

review by me, upon an objection by a party, under the appropriate standard of review." (*Id*. at 2.)

On November 9, 2020, Plaintiffs served an expert report from their alternate engineer expert, Jarrell. (*See* DePuy Ltr. Mot. Ex. A, ECF No. 214-1.) Jarrell's report contains opinions regarding DePuy. (*See id*. at 8-10.) In particular, he opines that DePuy failed to warn of product defects. (*See id*.)

On November 13, 2020, DePuy filed its motion to strike or otherwise preclude the DePuy-related opinions offered by Jarrell. (*See* DePuy 11/13/20 Ltr. Mot.) On November 18, 2020, Plaintiffs filed their opposition to DePuy's motion. (Pls.' 11/18/20 Ltr. Resp., ECF No. 218.) On November 20, 2020, DePuy filed its reply. (DePuy 11/20/20 Reply, ECF No. 223.)[2]

Oral argument by telephone was held on November 24, 2020.

## **LEGAL STANDARDS**

Rule 16(b) of the Federal Rules of Civil Procedure addresses scheduling orders. *See* Fed. R. Civ. P. 16(b). Under that rule, scheduling orders "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The Rule 16(b)(4) 'good cause' inquiry is primarily focused upon the diligence of the movant in attempting to comply with the existing scheduling order and the reasons advanced as justifying that order's amendment." *Ritchie Risk-Linked Strategies Trading (Ireland), Ltd. v. Coventry First LLC*, 282 F.R.D. 76, 79 (S.D.N.Y. 2012) (citation omitted). "The burden of demonstrating good cause rests with the movant." *Id*.

---

[2] A redacted version of ECF No. 223 is filed at ECT No. 222.

4

I am deciding DePuy's motion pursuant to the prior referral to me of all non-dispositive pretrial motions. *See RMed Int'l, Inc. v. Sloan's Supermarkets, Inc.*, No. 94-CV-05587 (PKL) (RLE), 2000 WL 420548, at *2 n.1 (S.D.N.Y. Apr. 18, 2000) ("A decision to admit or exclude expert testimony is considered 'nondispositive' of the litigation." (citations omitted)). A magistrate judge has discretion with respect to whether or not to permit the late submission of an expert report. *See Reynolds v. Sealift, Inc.*, 311 F. App'x 422, 426 (2d Cir. 2009) (finding no error in magistrate judge exercising discretion to refuse to extend discovery for submission of expert report); *see also Frydman v. Verschleiser*, No. 14-CV-08084, 2017 WL 1155919, at *2 (S.D.N.Y. Mar. 27, 2017) ("It was well-within Magistrate Judge Cott's discretion to enforce the discovery deadline for expert disclosure in this case by striking the untimely expert reports.").

## ANALYSIS

Prior to the September 21, 2020 deadline for the parties' expert disclosures, Plaintiffs failed to serve an expert disclosure regarding design defect and failure to warn issues as to DePuy. The expert report of the Prior Engineer Expert gave such opinions as to Howmedica, but not as to DePuy. (*See* Catullo Decl. Ex. A at 12.) On November 9, 2020, Plaintiffs, for the first time, offered failure to warn opinions as to DePuy, in the Jarrell expert report. (*See* DePuy Ltr. Mot. Ex. A at 8-10.) Because the Court finds that Plaintiffs have failed to make a showing of good cause for their failure to offer the DePuy-related opinions by the September 21, 2020 deadline, the Court grants DePuy's motion to strike.

My October 25, 2020 Order was not intended to, and did not, grant permission to Plaintiffs to submit expert opinions regarding DePuy. My Order stated that "[n]o later than November 9, 2020, Plaintiffs may serve an expert disclosure by an alternate engineer expert

5

regarding the same scope of subject areas as were covered by the [Prior] Engineer Expert," and set a schedule for Howmedica to serve its own expert disclosure "addressed to opinions offered by Plaintiffs' alternate engineer expert." *See Rouviere*, 2020 WL 6265659, at *3. My Order did not set a schedule for DePuy to serve an expert disclosure because it was my intention that the alternate engineer expert report was to be limited to the opinions already expressed, which were addressed to Howmedica, not DePuy.

Plaintiffs' argument that the Jarrell expert report falls within the same scope of subject areas as those covered by the Prior Engineer Expert lacks merit. At oral argument, Plaintiffs conceded that Jarrell's opinions that DePuy has moved to strike concern DePuy's failure to warn, and that the Prior Engineer Expert expressed no opinion regarding DePuy's failure to warn. As confirmed by the one case Plaintiffs cite on this issue (*see* Pls.' 11/18/20 Ltr. Resp. at 4), permitting Plaintiffs to expand the scope of their expert report to include opinions regarding DePuy would constitute improper scope creep for a substitute expert.  *See Lincoln Nat. Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, No. 04-CV-00396, 2010 WL 3892860, at *4 (N.D. Ind. Sept. 30, 2010) (holding that substitute expert would "only be permitted to address the same subject matter as the previous expert without making any meaningful changes").

Seizing upon a statement in DePuy's motion that the Prior Engineer Expert "previously testified on behalf of DePuy in hip litigation" (DePuy 11/13/20 Ltr. Mot. at 2), Plaintiffs in their response to DePuy's motion raise questions regarding whether the Prior Engineer Expert was "look[ing] out" for DePuy by not offering opinions as to DePuy. (*See* Pls.' 11/18/20 Ltr. Resp. at 4-5.) The Court finds this argument disingenuous, however, because Plaintiffs were aware of the content and scope of the report at the time they served it and, if they believed it was insufficient

in scope because it failed to encompass opinions regarding DePuy, they could have sought relief from the September 21, 2020 deadline at that time.[3] Moreover, as DePuy states in its reply (*see* DePuy 11/20/20 Reply at 3), Plaintiffs' own disclosures to Defendants expressly indicate that the Prior Engineer Expert previously had testified as an expert in litigation in which DePuy was a party. At the time Plaintiffs disclosed the Prior Engineer Expert, they produced to Defendants a list of his prior testimony that identified five cases in which he had testified on behalf of DePuy or Johnson & Johnson[4] and three cases in which he had been retained by Barnes & Thornburg, DePuy's counsel in this action. (*See* DePuy 11/20/20 Reply at 3 & Ex. A (ECF No. 223-1).) Thus, Plaintiffs knew, or should have known, of the Prior Engineer Expert's prior relationship with DePuy at the time they served the Prior Engineer Expert's report, and cannot now complain of some possible bias that such expert had in favor of DePuy.

## CONCLUSION

For the foregoing reasons, DePuy's motion to strike the DePuy-related opinions offered by Jarrell (*see* DePuy Ltr. Mot. Ex. A at 8-10, ¶¶ 16-22) is GRANTED.

**SO ORDERED.**

Dated:   New York, New York
         November 24, 2020

_____
STEWART D. AARON
United States Magistrate Judge

---

[3] During oral argument, Plaintiffs' counsel stated that he received the report from the Prior Engineer Expert late in the day on September 21, 2020 and had little time to review it before the deadline. Even so, if Plaintiffs believed they had good cause to do so, Plaintiffs could have sought an extension of the deadline to submit expert opinions against DePuy in the days and weeks thereafter, but failed to do so.

[4] DePuy is part of the Johnson & Johnson family of companies.