# Exhibit 2

# Gmail

André Rouviere <andre@rouvierelawfirm.com>

## Rouviere - ▮ Discovery
3 messages

---

**Larson, J.T.** <jt.larson@btlaw.com>　　　　　　　　　　　　　　　Fri, Nov 20, 2020 at 10:28 AM
To: André Rouviere <andre@rouvierelawfirm.com>
Cc: "Eaton, Joe" <Joe.Eaton@btlaw.com>, "Asfendis, Paul E." <PAsfendis@gibbonslaw.com>

Andre:

　　I'm following-up on our meet and confer call this morning to document our discussion.

　　At the outset of the call you indicated that you want to seek discovery regarding the current relationship between Barnes & Thornburg, DePuy, and ▮ and stated that "I believe B&T has an ongoing conflict of interest with ▮ and there is enough there to investigate it" However, when I asked you to point to any evidence of such an ongoing conflict to support this "belief," you stated that you did not have to point out any basis to me. I repeatedly asked you to supply any basis for such a motion and you refused. You tried to end this portion of the discussion by saying that you would put such evidence in your motion requesting leave for discovery. I told you that if you have any basis that you should tell me, otherwise you are refusing to meaningfully meet-and-confer in good faith. You declined.

　　Next, I raised the issue of Plaintiffs' awareness of ▮ prior work for DePuy and Barnes & Thornburg. Yesterday I asked that you to have ▮ prior testimony list available for today's meet-and-confer, but you did not do so. I offered to e-mail it you, but you declined. You first admitted that you did not review his list of prior testimony before you produced it. Later, you stated that you stopped reviewing the list at 2016 (even though the list extends back to 2009). I told you that had you reviewed ▮ list of prior testimony, you would have seen "Barnes & Thornburg" on the list as retained counsel 3 times, and 5 total cases where ▮ testified on behalf of Johnson & Johnson or DePuy. And, therefore, you either were aware or should have been aware of his prior work with my firm and client. You refused to discuss this issue and accused me of "cross-examining" you, again refusing to engage in any meaningful meet-and-confer.

　　At the end of the call I informed you that based on (1) Plaintiffs' failure to explain any significance of this discovery; (2) Plaintiffs' lack of any good faith basis to conduct the discovery; and (3) Plaintiffs' awareness of ▮ prior testimony for my firm and DePuy (or negligent lack of awareness, to the extent you served a prior testimony list you did not review), DePuy would not agree to provide any such discovery and would seek sanctions, attorneys' fees, and costs associated with a frivolous motion.

　　J.T.

J.T. Larson