**BARNES & THORNBURG** LLP

J.T. Larson
317-231-7729
Jt.larson@btlaw.com

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/19/2020
```

11 South Meridian Street
Indianapolis, IN 46204-3535 U.S.A.
(317) 236-1313
Fax (317) 231-7433

www.btlaw.com

December 14, 2020

*Via Electronic Court Filing*

Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *DePuy's Letter Motion to Seal Dkt. 258*

Dear Judge Aaron:

DePuy Orthopaedics, Inc. ("DePuy") (now known as Medical Device Business Services, Inc.), pursuant to this Court's local rules and Your Honor's individual rules of practice, respectfully requests that the Court seal from public view certain portions of its *Opposition to Plaintiffs' Motion to Alter, Amend or Set Aside This Court's November 24, 2020 Order Pursuant to Federal Rule of Civil Procedure 59(e)* ("DePuy's Opposition") [ECF No. 257-1] and accompanying exhibits.

There are two categories of information contained in DePuy's Opposition that DePuy requests the Court seal.

***First***, DePuy's Opposition relies in part on the declaration of Billy Davis, Esq. Mr. Davis's declaration refutes Plaintiffs' allegations regarding the supposedly "one continuing case" where DePuy is engaged with the Disqualified Expert and, in doing so, mentions the Disqualified Expert's name in two places. These references should be excluded from public view for the same reasons set forth in the Court's October 25, 2020 Order. [ECF No. 195.]

***Second***, in order to address Plaintiffs' unsupported theories regarding DePuy's relationship with the Disqualified Expert, DePuy's Opposition discloses confidential information regarding its settlement strategy, settlement results, and settlement processes in *IN RE: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation*, 3:11-md-02244-K (the "Pinnacle MDL"). As stated in DePuy's Opposition, DePuy and Pinnacle Plaintiffs' counsel are engaged in active and ***ongoing*** negotiations to resolve claims asserted in the Pinnacle MDL. This has required negotiations among numerous law firms that represent varying number of plaintiffs with claims in the Pinnacle MDL over multiple years. The information contained in DePuy's Opposition regarding its settlement negotiations with the Harrison Davis Steakley Morrison Jones, P.C. law firm is confidential information that DePuy would not otherwise publically disclose and which could negatively affect its settlement negotiations with other law firms.

This is the kind of private information that the Court may allow parties to file under seal. *See United States v. Amodeo*, 71 F.3d 1044, 1051 (2d Cir. 1995); *Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, 2020 WL 3264264, at *5 (S.D.N.Y. June 17, 2020)(holding that "protecting the confidentiality

Hon. Stewart D. Aaron
December 14, 2020
Page 2

of the settlement negotiation process represents a significant countervailing factor that can outweigh the presumption of public access"); *In re: Gen. Motors LLC Ignition Switch Litig.*, 2016 WL 1317975, at *2 (S.D.N.Y. Mar. 2, 2016)("The Second Circuit has repeatedly affirmed the importance of settlement confidentiality in light of the public interest in promoting settlement—particularly where, as here, a case is complex and expensive, and resolution of the case will benefit the public."). The information regarding DePuy's settlement negotiations with the Harrison Davis firm plays only a negligible role in the Court's performance of its Article III powers in this case and DePuy's countervailing privacy interest is high.  *See Amodeo*, 71 F.3d at 1050-51.  These settlement negotiations regarding the Pinnacle MDL concern a complex and expensive litigation that it would be in the public interest to resolve.  *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14-MC-2543 (JMF), 2016 WL 1317975, at *2.  And disclosure of this information could impair ongoing settlement negotiations with other firms.  *Id*.  Therefore, DePuy respectfully requests that the Court allow DePuy to file materials related to its settlement negotiations with the Harrison Davis law firm under seal.

                            Very truly yours,

                            */s/ J.T. Larson*

                            J.T. Larson

cc:     All counsel of record (*via ECF*)

Defendant DePuy's Letter Motion to Seal (ECF No. 257) is GRANTED over Plaintiffs' objections (*see* ECF No. 259).  The Court finds that DePuy's "interest in protecting the confidentiality of the settlement negotiation process outweighs the public's presumption of access." *Sec. & Exch. Comm'n v. Telegram Grp. Inc*., No. 19-CV-09439 (PKC), 2020 WL 3264264, at *5 (S.D.N.Y. June 17, 2020). The Court has reviewed the redactions made by DePuy to its opposition memorandum and exhibits that were filed under seal at ECF No. 258 and finds that the redactions are narrowly tailored and consistent with Second Circuit law. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Thus, the Court hereby approves the redacted document filed by DePuy at ECF No. 263-1. It is hereby ORDERED that ECF No. 258 shall remain under seal.
SO ORDERED.
Dated: 12/19/2020

*/s/ Stewart D. Aaron*