USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/19/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jodi Rouviere, et al.,

                Plaintiffs,

-against-

Depuy Orthopaedics, Inc. et al.,

                Defendants.

1:18-cv-04814 (LJL) (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Before the Court is Plaintiffs' motion, pursuant to Rule 59(e) of the Federal Rule of Civil Procedure and S.D.N.Y. Local Civil Rule 6.3, requesting the Court to alter, amend or set aside its Opinion and Order, dated November 24, 2020, granting the motion of Defendant DePuy Orthopaedics, Inc. ("DePuy") to strike or otherwise preclude the DePuy-related opinions offered by Plaintiffs' alternate engineer expert, John Jarrell, Ph.D. ("Jarrell"). (Pls.' Mot., ECF No. 244.) For the reasons set forth below, Plaintiffs' motion is DENIED.

## BACKGROUND

This is a medical device product liability case that was commenced on May 31, 2018 arising from injuries allegedly sustained by Plaintiff Jodi Rouviere after receiving a purportedly defective hip implant containing components manufactured by DePuy and another defendant, Howmedica Osteonics Corporation ("Howmedica"), doing business as Stryker Orthopaedics. (*See* Compl., ECF No. 1, ¶ 1; Am. Compl., ECF No. 26, ¶ 1.) The motion currently before the Court follows the Court's November 24, 2020 Opinion and Order ("November 24 Order"), granting DePuy's motion to strike or otherwise preclude the DePuy-related opinions offered by Jarrell. *See Rouviere v. DePuy Orthopaedics, Inc.*, No. 18-CV-04814 (LJL) (SDA), 2020 WL 6939646 (S.D.N.Y.

Nov. 24, 2020).[1] The Court found that Plaintiffs failed to make a showing of good cause for their failure to offer the DePuy-related opinions by the September 21, 2020 deadline for expert disclosures, and thus granted DePuy's motion to strike. *See id*. at *3. Familiarity with the entirety of the November 24 Order is presumed.

One of the arguments that had been raised by Plaintiffs in opposition to DePuy's motion to strike was that there were "questions regarding whether the Prior Engineer Expert was 'look[ing] out' for DePuy by not offering opinions as to DePuy." *See Rouviere*, 2020 WL 6939646, at *3. The Court found this argument to be disingenuous "because Plaintiffs were aware of the content and scope of the [prior engineer expert] report at the time they served it and, if they believed it was insufficient in scope because it failed to encompass opinions regarding DePuy, they could have sought relief from the September 21, 2020 deadline at that time." *Id*. The Court also noted that, even though "Plaintiffs' counsel stated that he received the report from the Prior Engineer Expert late in the day on September 21, 2020 and had little time to review it before the deadline . . ., if Plaintiffs believed they had good cause to do so, Plaintiffs could have sought an extension of the deadline to submit expert opinions against DePuy in the days and weeks thereafter, but failed to do so." *Id*. at n.3.[2]

---

[1] The Court had granted Howmedica's motion to disqualify a prior engineer expert on the ground that Howmedica previously had retained him as a paid consultant in the defense of litigations raising issues similar to those raised in the present case, but the Court gave leave to Plaintiffs to serve an expert disclosure by an alternate engineer expert regarding the same scope of subject areas as were covered by the prior engineer expert. *See Rouviere*, 2020 WL 6939646, at *1. Plaintiffs thereafter served an expert disclosure by Jarrell, their alternate engineer expert, which included opinions as to DePuy, even though the prior engineer expert's report did not contain any DePuy-related opinions. *See id*. at *2.

[2] Although the prior engineer expert report, which did not contain any DePuy-related opinions, was served on September 21, 2020, Plaintiff did not seek an extension of time to submit DePuy-related opinions, but instead included DePuy-related opinions in the Jarrell report that was served on November 9, 2020.

In the November 24 Order, the Court also held, with respect to the prior engineer expert's work for DePuy, as follows:

> At the time Plaintiffs disclosed the Prior Engineer Expert, they produced to Defendants a list of his prior testimony that identified five cases in which he had testified on behalf of DePuy or Johnson & Johnson and three cases in which he had been retained by Barnes & Thornburg, DePuy's counsel in this action. (*See* DePuy 11/20/20 Reply at 3 & Ex. A (ECF No. 223-1).) Thus, Plaintiffs knew, or should have known, of the Prior Engineer Expert's prior relationship with DePuy at the time they served the Prior Engineer Expert's report, and cannot now complain of some possible bias that such expert had in favor of DePuy.

*Rouviere*, 2020 WL 6939646, at *3 (footnote omitted).

Plaintiffs did not file any objections to the November 24 Order. However, on December 5, 2020, Plaintiffs filed the motion for reconsideration that is now before the Court. (*See* Pls.' Mot.) The central premise of Plaintiffs' motion is that, during oral argument regarding DePuy's motion to strike, DePuy's counsel made a representation to the Court that there is no ongoing litigation in which the prior engineer expert is engaged on behalf of DePuy, which Plaintiffs contend is not true.[3] (*See* Pls.' Mem., ECF No. 250, at 10.) Plaintiffs argue that that the Court "was misled at the oral argument hearing by and relied on DePuy and its counsel's representation that the disqualified expert was not involved in any pending litigation." (*Id*. at 11.)

Plaintiffs submitted with their reconsideration motion a Declaration from Matt Morrison, who is a shareholder at the law firm of Harrison Davis Steakley Morrison Jones, P.C. ("Harrison Davis"). (Morrison Decl., ECF No. 245.) Mr. Morrison stated that he represents Bryon D. Rowe

---

[3] The transcript of the oral argument held on November 24 reflects that, prior to making the representation set forth in the text above, DePuy's counsel stated: "Disqualified expert did testify at deposition in 2014. That MDL has been resolved publicly. They're in process of settling those claims. There are no more bellwether cases. That is not an ongoing litigation in which the disqualified expert has any role." (11/24/20 Tr., ECF No. 248, at 14.)

3

and Melanie A. Rowe in the civil product liability case against DePuy entitled *Bryon D. Rowe and Melanie A. Rowe v. Depuy Orthopaedics, Inc. et al.*, No. 3:12-cv-04354-K (N.D. Tex. – Dallas Division). (Morrison Decl. ¶ 2.) Mr. Morrison stated that the *Rowe* case was transferred under the MDL case captioned and numbered *In Re: DePuy Orthopaedics, Inc. Pinnacle Hip Implant Product Liability Litigation*, MDL No. 2244 (N.D. Tex. – Dallas Division). (*Id.*) He also stated that the MDL case is still an open and pending litigation. (*Id.* ¶ 3.)

In response to Plaintiffs' motion for reconsideration, DePuy submitted a declaration from its counsel and also submitted a declaration from another shareholder at the Harrison Davis law firm. (*See* Eaton Decl., ECF No. 259-3; Davis Decl., ECF No. 259-4.[4]) These declarations are consistent with statements made by DePuy's counsel at oral argument that the "MDL has been resolved publicly," that "[t]hey're in process of settling those claims," that "[t]here are no more bellwether cases" and that the *Rowe* case "is not an ongoing litigation in which the disqualified expert has any role."[5] (11/24/20 Tr. at 14.)

On December 18, 2020, Plaintiffs filed their reply. (Reply, ECF No. 264.)

## LEGAL STANDARDS

Motions for reconsideration are governed by Local Civil Rule 6.3. The moving party must set forth "concisely the matters or controlling decisions which counsel believes the Court has overlooked." S. & E.D.N.Y. L. Civ. R. 6.3. Reconsideration only should be granted when the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the

---

[4] Redacted versions of these Declarations are filed as part of ECF No. 263-1.

[5] Because the Court has granted DePuy's motion to seal certain portions of its declarations (*see* 12/19/20 Order, ECF No. 265), the Court does not set forth herein the precise content of the material portions of the declarations submitted by DePuy in opposition to the pending motion.

need to correct a clear error or prevent manifest injustice." *Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013); *see also LCS Grp., LLC v. Shire LLC*, No. 18-CV-02688 (AT) (SDA), 2020 WL 5077075, at *1 (S.D.N.Y. Aug. 27, 2020) ("The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995))).

Under Federal Rule of Civil Procedure 59(e), a district court may "alter or amend judgment to correct a clear error of law or prevent manifest injustice." *ING Global v. United Parcel Serv. Oasis Supply Corp.*, 757 F.3d 92, 96 (2d Cir. 2014) (internal quotation marks omitted). Rule 59(e) has no application here since no judgment has been issued. *See* Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."). In any event, even if applicable, a court should provide relief under Rule 59(e) only in rare cases. *See United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009). Rule 59 motions, like motions for reconsideration, are entrusted to the sound discretion of the district court. *See LCS Grp.*, 2020 WL 5077075, at *1.

## **ANALYSIS**

Plaintiffs have not met the strict standard for reconsideration because Plaintiffs have not provided to the Court anything that it overlooked that alters its conclusion that Plaintiffs failed to make a showing of good cause for their failure to offer the DePuy-related opinions by the September 21, 2020 deadline.

As an initial matter, the Court finds that DePuy's counsel did not make a misrepresentation to the Court. While there is some ambiguity as to whether, as stated by DePuy's counsel, there is "ongoing litigation in which the disqualified expert is engaged" (11/24/20 Tr. at 14), since the *Rowe* case still is an open and pending litigation, based upon the declarations submitted and the entire context of the statements made during oral argument, the Court is satisfied that the statements of DePuy's counsel did not constitute a misrepresentation to the Court.

In any event, the fact that the *Rowe* case is still an open and pending litigation does not alter the fact that Plaintiffs, after serving the prior engineer expert's report on September 21, never sought an extension of the deadline to submit expert opinions against DePuy. *See Rouviere*, 2020 WL 6939646, at *3. Nor does it alter the fact that Plaintiffs knew, or should have known, of the prior engineer expert's previous relationship with DePuy at the time they served the prior engineer expert's report on September 21, such that they cannot now be heard to complain of some possible bias that such expert had in favor of DePuy. *See id*.[6] Thus, as the Court previously found, "Plaintiffs have failed to make a showing of good cause for their failure to offer the DePuy-related opinions by the September 21, 2020 deadline." *Id*.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion, pursuant to Rule 59(e) of the Federal Rule of Civil Procedure and Local Civil Rule 6.3, requesting the Court to alter, amend or set aside its November 24 Order is DENIED.

---

[6] In its opposition memorandum, DePuy requests that Court award DePuy its attorneys' fees and costs in opposing Plaintiff's motion for reconsideration. (*See* DePuy Opp. Mem., ECF No. 258, at 19-20.) However, DePuy offers no statutory basis for the award of fees and costs and the Court finds none.

6

**SO ORDERED.**

Dated:     New York, New York
            December 19, 2020

_____
STEWART D. AARON
United States Magistrate Judge