

Paul E. Asfendis
Director

Gibbons P.C.
One Pennsylvania Plaza
37th Floor
New York, New York 10119-3701
Direct: (212) 613-2067
Fax: (212) 554-9667
pasfendis@gibbonslaw.com

January 7, 2021

**VIA ECF**
Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    **Rouviere v. DePuy Orthopaedics, et al.**
              **Civil Action No. 1:18-cv-4814 (LJL-SDA)**

Dear Judge Aaron:

      We represent Defendant Howmedica Osteonics Corp. ("HOC") in the above-referenced action, and write to request an extension of certain deadlines pertaining to the remaining engineering expert discovery, which are directly impacted by Plaintiffs' January 4, 2021 Objections to and Appeal of two decisions and orders pertaining to engineering expert discovery. All other expert discovery (including five expert depositions) has been timely completed. Because of the time sensitive nature of the requested relief as set forth below, HOC respectfully requests that the Court consider this letter request on an expedited basis.

      On October 25, 2020, this Court disqualified Plaintiffs' original engineering expert and ordered that Plaintiffs disclose a substitute engineering expert by November 9, 2020. *See* ECF No. 193. Plaintiffs disclosed John Jarrell, PhD, as a substitute engineering expert. On November 13, 2020, DePuy moved to strike Dr. Jarrell's opinions related to DePuy, and on November 24, 2020, the Court granted DePuy's motion. *See* ECF No. 214. On December 4, 2020, Plaintiffs filed a motion to reconsider that decision. *See* ECF No. 242. Based on the pendency of that motion to reconsider, on December 9, 2020, the Court granted HOC's unopposed request to extend the remaining engineering expert deadlines impacted by the pending motion. *See* ECF No. 252. The new deadlines are: deposition of Dr. Jarrell by January 11, 2021; service of HOC's expert engineering report by February 10, 2021; and deposition of HOC's engineering expert by March 12, 2021.

      Plaintiffs' reconsideration motion was ultimately denied on December 19, 2020, but late on the evening of January 4, 2021, Plaintiffs filed Objections to the decisions and orders striking Dr. Jarrell's opinions and denying Plaintiffs' motion for reconsideration. *See* ECF No. 267. Plaintiffs have asked District Judge Liman to reinstate Dr. Jarrell's full expert report and all opinions expressed therein. DePuy requested (and Plaintiffs have since agreed to) a briefing schedule with DePuy's opposition being due January 19, 2021 and Plaintiffs' reply on January 26, 2021.

Hon. Stewart D. Aaron
January 7, 2021
Page 2

      Plaintiffs' service of objections has effectively placed this matter on the same footing as it was a few weeks ago when the Court originally extended the expert engineering deadlines. The scope of Dr. Jarrell's report and his opinions have once again been placed into question and are now the subject of an active dispute (as raised by Plaintiffs) before the Court. During a meet and confer on January 6, 2021, Plaintiff's counsel took the position that HOC can simply depose Dr. Jarrell as currently scheduled[1] and, if Plaintiffs' objections to the rulings are found to be meritorious, DePuy can then take its own deposition of Dr. Jarrell. This suggestion is unworkable for the same reasons that it was when Plaintiffs recently did not object, and it would prejudice HOC. Plaintiffs have chosen to further contest the rulings related to Dr. Jarrell, and HOC should not be forced to take Dr. Jarrell's deposition without the benefit of knowing the full scope and extent of his opinions in the case at the time that they take the deposition. It is fundamental that a party be provided with a complete report containing all of an expert's opinions before taking the expert's deposition.[2] Until Plaintiffs' Objections on the scope of Dr. Jarrell's opinions are resolved, the parties will not know the extent of his opinions.

      Additionally, the subject matter, scope and strategy related to questioning of the expert at deposition are directly tied to what his ultimate opinions will be, but, again, this will not be known until Plaintiffs' Objections are resolved. This is especially true in this case where HOC's and DePuy's respective components were implanted and used together as part of the same hip replacement construct and interacted with each other, thus resulting in overlapping issues. The ultimate scope of Dr. Jarrell's report and opinions obviously will affect HOC's approach to the deposition and the questions HOC poses. Similarly, HOC's expert should also have the benefit of knowing the full extent of Dr. Jarrell's opinions and should have the opportunity to review his complete testimony before having to issue a report addressing his opinions. In addition, if the current engineering expert schedule is left in place only to have some or all of Dr. Jarrell's report reinstated, there will end up being multiple tracks of overlapping discovery involving the parties' respective engineering experts to the prejudice of HOC.

      On the other hand, there is no credible prejudice to Plaintiffs if the pending dispute, which directly impacts the scope of Dr. Jarrell's opinions and which was pursued by Plaintiffs' filing of the current Objections to the District Court Judge, is resolved prior to Dr. Jarrell's deposition.

      Under these circumstances, for the same reasons that good cause existed for extending engineering expert deadlines a few weeks ago, it exists again now. HOC respectfully requests that the Court extend the limited deadlines pertaining to the remaining engineering expert discovery as follows:

    Deposition of Dr. Jarrell:        Within 10 days after ruling on Plaintiffs' objections

    HOC expert disclosure to
    address Dr. Jarrell's opinions:  30 days from deposition of Dr. Jarrell

---

[1] Because of unavailability during the first week of January for deposition before January 11th, prior to the holiday break, Plaintiffs and HOC mutually agreed to schedule Dr. Jarrell's deposition on January 15th.

[2] *See* Fed. R. Civ. P. 26(a)(2)(B) ("The report must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them…")

Hon. Stewart D. Aaron
January 7, 2021
Page 3

<u>Deadline to depose HOC's
engineering expert</u>:       30 days from service of HOC's engineering expert report

In separate meet and confers, DePuy's counsel advised that they do not oppose HOC's request; Plaintiff's counsel advised that they do not consent despite their lack of objection to the same requested relief a few weeks ago based on the prior motion for reconsideration.

We thank the Court for its consideration of this request.

Respectfully submitted,

s/Paul E. Asfendis
Paul E. Asfendis
GIBBONS P.C.
One Pennsylvania Plaza, 37th Floor
New York, NY 10119
Telephone: (212) 613-2067
Email: pasfendis@gibbonslaw.com

*Attorneys for Defendant
Howmedica Osteonics Corp.*

cc:    All counsel of record via ECF