**BARNES & THORNBURG** LLP

J.T. Larson
317-231-7729
Jt.larson@btlaw.com

11 South Meridian Street
Indianapolis, IN 46204-3535 U.S.A.
(317) 236-1313
Fax (317) 231-7433

www.btlaw.com

April 23, 2021

*Via Electronic Court Filing*
Honorable Stewart D. Aaron, U.S.M.J.
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007-1312

   **Re:**  ***DePuy's Response to Your Honor's April 19, 2021 Order [ECF No. 293]***

Dear Judge Aaron:

  DePuy Orthopaedics, Inc. ("DePuy") respectfully submits this letter in response to Your Honor's April 19, 2021 Order [ECF No. 287], which instructed DePuy to file a letter setting forth whether "DePuy's counsel and Plaintiffs agreed that DePuy would provide copies to Plaintiff of any records or materials obtained pursuant to the signed release provided to DePuy's counsel."

  Shortly after the Court entered the original Case Management Order on January 15, 2019, counsel for DePuy sent Plaintiffs medical records release authorizations for records in the possession of the Hospital for Special Surgery in New York (where Plaintiff had her original implant surgery) and Baptist Hospital in Miami (where Plaintiff has her revision surgeries). [**Exh. A**, 1/16/19 Email from J. Larson.] DePuy's counsel explained that these were "our standard authorizations that we submit to providers in each case." [*Id*.] Plaintiffs returned signed releases for these providers. However, in the weeks that followed, Plaintiffs served 49-page Initial Disclosures and voluminous responses to interrogatories that disclosed Ms. Rouviere had sought medical treatment all over North America. There were at least ***70 additional healthcare providers*** from which the parties would have to gather records.

  At that point, the full scope of the task of collecting medical records and the significance these records would play in the case became clear. DePuy sent Plaintiffs a "blank" medical records release authorization that was not limited to any specific provider so that DePuy could send out requests to the more than 70 healthcare providers quickly. [**Exh. B**, 3/1/2019 Letter from J. Eaton.] To promote efficiency in the medical record gathering process and as a courtesy to Plaintiffs and Howmedica ("HOC"), DePuy's counsel said that they would "produce copies of the medical records we collect." [*Id*.] And that is exactly what DePuy's counsel did. When a healthcare provider subsequently sent medical records to DePuy's counsel, DePuy's counsel would promptly send out a FTP link with the responsive documents to both Plaintiffs and counsel for HOC. [**Exh. C**, Exemplar Emails from L. Wolverton.] Accordingly, all counsel and parties were aware that all parties were receiving all the medical records collected by DePuy's counsel.

  That is why when, on October 31, 2019, Baptist Hospital produced hard copies of the pathology reports and correspondence stating that the parties could obtain "recuts" of pathology materials for $35.00 each, DePuy's counsel immediately produced these documents to Plaintiffs

and counsel for HOC.  [**Exh. D**, BTFileshare to All Parties; *see also* ECF No. 292-2.]   HOC subsequently contacted Baptist Hospital and requested recuts of the slides.  DePuy's counsel was not aware that HOC actually obtained the recut slides until this dispute arose in January 2021.  DePuy's counsel produced copies of all medical records it obtained with the Plaintiffs' general release.

Nothing about DePuy's counsel's behavior here was improper.  DePuy's counsel's work in gathering and distributing medical records attempted to make the discovery process slightly less burdensome and more efficient.  Plaintiffs' Motion is simply a last ditch attempt to reframe an insignificant discovery issue as a nefarious act,[1] so that the Court will allow them to re-do expert disclosures to add engineering opinions regarding DePuy.  The Court should deny Plaintiffs' Motion.

Very truly yours,

*/s/ J.T. Larson*

J.T. Larson

cc:   All counsel of record (*via ECF*)

---

[1] As a final matter, the Court should be aware that right after defendants filed their opposition letters last week, another attorney representing Ms. Rouviere served Barnes & Thornburg with notice of an intent to file a civil lawsuit in Florida state court against it, Gibbons, HOC, and Shiva Khansari – Gibbon's paralegal in her individual capacity –for purported fraud, civil conspiracy to commit fraud, invasion of privacy, and related claims arising out of the present discovery dispute.