**BARNES & THORNBURG** LLP

Joseph G. Eaton
Partner
317-231-7705
joe.eaton@btlaw.com

11 South Meridian Street
Indianapolis, IN 46204-3535 U.S.A.
(317) 236-1313
Fax (317) 231-7433

www.btlaw.com

March 1, 2019

**Via Electronic Mail**

Andre A. Rouviere, Esquire
Law Offices of Andre A. Rouviere
4070 Laguna Street
Coral Gables, Florida 33146

Re:   *Rouviere v. DePuy Orthopaedics, Inc., et al.*

Dear Andre:

We have reviewed Plaintiff's responses to DePuy Orthopaedic Inc.'s discovery requests and your February 26, 2019 letter and response to Mr. Asfendis' February 21, 2019 letter regarding the inadequacies in Plaintiff's Initial Disclosures. The following letter is DePuy's attempt to meet and confer regarding several discovery issues.

First, we previously obtained six (6) signed medical authorizations but Plaintiffs' responses identified over seventy (70) additional medical providers. In order to facilitate collection of these voluminous medical records, we request that Plaintiffs execute the attached blank medical authorization instead of submitted 70 individual releases. Again, we will produce copies of the medical records we collect.

Second, several of the responses were deficient and require supplementation including the following:

Interrogatory No. 2:   This interrogatory requests that you identify health and medical insurance coverage for the relevant time period, the identity of the policy holder, premiums paid under those plans, and benefits received from those plans. In your response, you do not address the amount of benefits received from these insurance policies. DePuy needs this information in order to determine the amount of any medical bills or expenses paid on your behalf by your insurer, as well as the amount you actually expended. Please supplement your response with this information.

Interrogatory No. 3:   This Interrogatory requests information regarding accidents or events in which you suffered any personal injuries. In your response you list a number of injuries that Jodi Rouviere has suffered, but the descriptions lack any detail regarding the accidents or events. For example, "September 2010, Los Angeles, to hospital in ambulance, Right knee dislocates" does not provide any information as to what happened to cause the injury. Please supplement your response with more detailed descriptions of the accidents or events.

Interrogatory No. 9: This Interrogatory requests information regarding any damages you allegedly incurred as a result of the Incident. In your response, you direct DePuy to "See attached." There appears to be a cover sheet for your response to Interrogatory No. 9 on page 41, but there is nothing beyond the cover sheet. Please produce a copy of the list for Interrogatory No. 9.

Interrogatory No. 10: This Interrogatory requests information supporting your lost earnings claim. Your response simply states that you are making a lost earnings claim, but that you have not retained an expert witness yet. This response is incomplete. The Interrogatory seeks the factual basis for, and amount of, any lost earnings claim. While an expert may be necessary to determine the amount of your lost earnings claim, you should still respond by describing the underlying facts as to why Ms. Rouviere's alleged injuries caused her to lose earnings. Please supplement your response with an explanation as to what work Ms. Rouviere would have been able to perform had she not suffered her alleged injuries and what income she has allegedly lost out on.

Interrogatory No. 15: This Interrogatory seeks tests, analyses, and the results of any examinations of the explanted components. Plaintiffs objected on the grounds of "work product." A broad objection to all tests, analyses, and results on the grounds of attorney work-product is not permissible. DePuy is entitled to the facts relating to any tests, analyses, or examinations of the explanted components not covered by any consulting expert privilege.

Finally, Plaintiffs produced an "Amended List" of documents in response Request for Production No. 23 entitled "DePuy, Materials." The majority of these documents are stamped "Confidential Subject to Protective Order." It appears most, if not all, of these documents were produced in the *IN RE: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation*, 3:11-md-02244-K, Northern District of Texas, Dallas Division. We realize some of the documents on the Amended List are publicly available but many others appear to be confidential and proprietary documents produced in that *Pinnacle Hip Implant* MDL subject to a protective order.

Please advise where you obtained the DePuy documents with the confidential stamp so we can promptly address potential violations of the protective order.

We look forward to your prompt response to this letter.

Very truly yours,

Joseph G. Eaton

JGE:pey
Enclosures

cc: Paul E. Asfendis, Esq.

DMS 14102700v1