UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Case No.: 1:18-cv-04814-AJN**
**Magistrate Judge Aaron Stewart**

JODI ROUVIERE, and
ANDRE ROUVIERE,

        Plaintiffs

v.

DEPUY ORTHOPAEDICS, INC.,
and HOWMEDICA OSTEONICS CORPORATION,
d/b/a STRYKER ORTHOPAEDICS,

        Defendants
_____/

## DECLARATION OF ANDRE ROUVIERE

    I, ANDRE ROUVIERE, hereby declares and affirms under penalties of perjury that the below statements are true and correct:

    1.    I am over the age of 18 and a citizen of the United States. I make this declaration based upon my personal knowledge.

    2.    I am an attorney licensed to practice in the State of Florida, and I am a member in good standing with the Florida Bar.

    3.    In January 2019, I was counsel for the Plaintiffs, my wife Jodi Rouviere ("Mrs. Rouviere") and myself in the above-captioned case.

    4.    At that time, in January 2019, Joe Eaton, counsel for Defendant DePuy Orthopaedics, Inc. ("DePuy") requested that Mrs. Rouviere execute and provide HIPAA authorizations so that Defendant DePuy could obtain Mrs. Rouviere's medical records.

5.      During that same time, in January 2019, Mr. Eaton and I spoke on the telephone. In that conversation, I agreed to provide the executed authorizations by Mrs. Rouviere, and Mr. Eaton agreed, in exchange, to provide copies of all records obtained using the signed HIPAA authorizations.

6.      Later, in March 2019, Mr. Eaton requested additional executed HIPAA authorizations and again agreed to continue to provide copies of all medical records obtained using the additional signed HIPAA authorizations. This is reflected in the March 1, 2019, correspondence from Mr. Eaton to me, (a copy of which is attached hereto as **Exhibit 1),** in which Mr. Eaton wrote:

> First, we previously obtained six (6) signed medical authorizations but Plaintiffs' responses identified over seventy (70) additional medical providers. In order to facilitate collection of these voluminous medical records, we request that Plaintiffs execute the attached blank medical authorization instead of submitted 70 individual releases. Again, we will produce copies of the medical records we collect.

7.      To the best of my knowledge, based on the information available to me at this time, Mr. Eaton and his firm have provided copies of medical records and materials obtained by Mr. Eaton's firm consistent with our agreement that he and his firm would do so.

8.      I conducted a review of my email communications with Mr. Eaton and his law firm and found at least 63 emails from Mr. Eaton and his law firm providing medical records obtained pursuant to Mrs. Rouviere's HIPAA authorizations and consistent with our above-described agreements. I have attached a list identifying email communications from Mr. Eaton and his law firm providing copies of medical records obtained using Mrs. Rouviere's HIPAA authorizations pursuant to our above-described agreement. **See Exhibit 2 hereto**.

9.      The agreement between me, on behalf of Plaintiffs, and Mr. Eaton, on behalf of Defendant DePuy, pursuant to which DePuy agreed to provide copies of medical records

obtained using Mrs. Rouviere's HIPAA authorizations has remained in place since January 2019 through the present.

PURSUANT TO TITLE 28 U.S.C. 1746, I, ANDRE ROUVIERE hereby declare and affirm under penalty of perjury, that the forgoing is true and correct.

Dated: April 23, 2021.

_____
ANDRE ROUVIERE

# EXHIBIT 1

(*March 1, 2019 Letter From Attorney Joseph Eaton*)

---------- Forwarded message ---------
From: **Eaton, Joe** <Joe.Eaton@btlaw.com>
Date: Fri, Mar 1, 2019 at 4:21 PM
Subject: Rouviere v. DePuy, et al - Meet and Confer Letter
To: André Rouviere (andre@rouvierelawfirm.com) <andre@rouvierelawfirm.com>
Cc: Paul Asfendis <pasfendis@gibbonslaw.com>, Larson, J.T. <jt.larson@btlaw.com>


Andre:  Attached is a meet and confer letter regarding several discovery issues.

Thanks.

Joe


**Joseph G. Eaton** | Partner
Barnes & Thornburg LLP
11 South Meridian Street, Indianapolis, IN 46204-3535
Direct: (317) 231-7705 | Mobile: (317) 341-0080 | Fax: (317) 231-7433


DePuy-Rouviere - JGE l...ery.pdf


Rouviere Authori...1).docx

# BARNES & THORNBURG LLP

Joseph G. Eaton
Partner
317-231-7705
joe.eaton@btlaw.com

11 South Meridian Street
Indianapolis, IN 46204-3535 U.S.A.
(317) 236-1313
Fax (317) 231-7433

www.btlaw.com

March 1, 2019

**Via Electronic Mail**

Andre A. Rouviere, Esquire
Law Offices of Andre A. Rouviere
4070 Laguna Street
Coral Gables, Florida 33146

   Re: *Rouviere v. DePuy Orthopaedics, Inc., et al.*

Dear Andre:

  We have reviewed Plaintiff's responses to DePuy Orthopaedic Inc.'s discovery requests and your February 26, 2019 letter and response to Mr. Asfendis' February 21, 2019 letter regarding the inadequacies in Plaintiff's Initial Disclosures. The following letter is DePuy's attempt to meet and confer regarding several discovery issues.

  First, we previously obtained six (6) signed medical authorizations but Plaintiffs' responses identified over seventy (70) additional medical providers. In order to facilitate collection of these voluminous medical records, we request that Plaintiffs execute the attached blank medical authorization instead of submitted 70 individual releases. Again, we will produce copies of the medical records we collect.

  Second, several of the responses were deficient and require supplementation including the following:

  Interrogatory No. 2: This interrogatory requests that you identify health and medical insurance coverage for the relevant time period, the identity of the policy holder, premiums paid under those plans, and benefits received from those plans. In your response, you do not address the amount of benefits received from these insurance policies. DePuy needs this information in order to determine the amount of any medical bills or expenses paid on your behalf by your insurer, as well as the amount you actually expended. Please supplement your response with this information.

  Interrogatory No. 3: This Interrogatory requests information regarding accidents or events in which you suffered any personal injuries. In your response you list a number of injuries that Jodi Rouviere has suffered, but the descriptions lack any detail regarding the accidents or events. For example, "September 2010, Los Angeles, to hospital in ambulance, Right knee dislocates" does not provide any information as to what happened to cause the injury. Please supplement your response with more detailed descriptions of the accidents or events.

<u>Interrogatory No. 9</u>: This Interrogatory requests information regarding any damages you allegedly incurred as a result of the Incident. In your response, you direct DePuy to "See attached." There appears to be a cover sheet for your response to Interrogatory No. 9 on page 41, but there is nothing beyond the cover sheet. Please produce a copy of the list for Interrogatory No. 9.

<u>Interrogatory No. 10</u>: This Interrogatory requests information supporting your lost earnings claim. Your response simply states that you are making a lost earnings claim, but that you have not retained an expert witness yet. This response is incomplete. The Interrogatory seeks the factual basis for, and amount of, any lost earnings claim. While an expert may be necessary to determine the amount of your lost earnings claim, you should still respond by describing the underlying facts as to why Ms. Rouviere's alleged injuries caused her to lose earnings. Please supplement your response with an explanation as to what work Ms. Rouviere would have been able to perform had she not suffered her alleged injuries and what income she has allegedly lost out on.

<u>Interrogatory No. 15</u>: This Interrogatory seeks tests, analyses, and the results of any examinations of the explanted components. Plaintiffs objected on the grounds of "work product." A broad objection to all tests, analyses, and results on the grounds of attorney work-product is not permissible. DePuy is entitled to the facts relating to any tests, analyses, or examinations of the explanted components not covered by any consulting expert privilege.

Finally, Plaintiffs produced an "Amended List" of documents in response Request for Production No. 23 entitled "DePuy, Materials." The majority of these documents are stamped "Confidential Subject to Protective Order." It appears most, if not all, of these documents were produced in the *IN RE: DePuy Orthopaedics, Inc., Pinnacle Hip Implant Products Liability Litigation*, 3:11-md-02244-K, Northern District of Texas, Dallas Division. We realize some of the documents on the Amended List are publicly available but many others appear to be confidential and proprietary documents produced in that *Pinnacle Hip Implant* MDL subject to a protective order.

Please advise where you obtained the DePuy documents with the confidential stamp so we can promptly address potential violations of the protective order.

We look forward to your prompt response to this letter.

Very truly yours,

Joseph G. Eaton

JGE:pey
Enclosures

cc:   Paul E. Asfendis, Esq.

DMS 14102700v1

# LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION

### (Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03)

TO:

Patient Name:     Jodi Rouviere

DOB:              10/31/1971

SSN:              xxx-xx-5630

I, Jodi Rouviere, hereby authorize you to release and furnish to: Barnes & Thornburg LLP copies of the following information:

* All medical records, including inpatient, outpatient, and emergency room treatment, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctors' handwritten notes, and records received by other physicians. Said medical records shall include all information regarding AIDS and HIV status.

* All autopsy, laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram and cardiac catheterization reports.

* All radiology films, mammograms, myelograms, CT scans, photographs, bone scans, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.

* All pharmacy/prescription records, including NDC numbers and drug information handouts/monographs.

* All billing records including all statements, itemized bills, and insurance records.

* **IMPORTANT: This authorization does NOT authorize the disclosure of mental health records.**

1.      <u>To my medical provider</u>: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants for the purpose of litigation. You are not authorized to discuss any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my medical or physical condition at a deposition or trial**.

2.      I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

3.      I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization, I must do so in writing and present my written revocation to the health information management department. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire in one year.

4.      I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicate above.

5.      A notarized signature is not required. CFR 164.508. A copy of this authorization may be used in place of an original.

Print Name: _____ (plaintiff)

Signature: _____

Date: _____

# EXHIBIT 2

(*Log of Emails From Attorney Joseph Eaton and Barnes & Thornburg LLP's legal staff to Plaintiff's counsel*)

**BARNES & THORNBURG'S ("B&T") EMAILS PROVIDING COPIES OF PLAINTIFF'S MEDICAL RECORDS OBTAINED FROM PLAINTIFF'S MEDICAL PROVIDERS TO PLAINTIFF'S COUNSEL**

| Date of Email: | Sent By: | Received By: | Medical Records Provided To B&T By Medical Providers: |
|---|---|---|---|
| 1. 02/12/2020 | B&T | Plaintiff | Dr. Calandriello |
| 2. 01/2/2020 | B&T | Plaintiff | Dr. Forghani |
| 3. 01/2/2020 | B&T | Plaintiff | Dr. Del Conde Pozzi |
| 4. 12/11/2019 | B&T | Plaintiff | Nephrology Assoc |
| 5. 12/4/2019 | B&T | Plaintiff | Chron Ordered Body Science |
| 6. 12/4/2019 | B&T | Plaintiff | Flores Plastic Surgery |
| 7. 11/25/2019 | B&T | Plaintiff | Dr. J.W. Cohen Tervaert |
| 8. 10/31/2019 | B&T | Plaintiff | Baptist Hospital Pathology |
| 9. 10/29/2019 | B&T | Plaintiff | East River Medical Imaging |
| 10. 10/28/2019 | B&T | Plaintiff | Nova Southeastern Univ |
| 11. 10/28/2019 | B&T | Plaintiff | Dr. Perri Young |
| 12. 10/25/2019 | B&T | Plaintiff | Dr. Lawrence Speigelman |
| 13. 10/24/2019 | B&T | Plaintiff | Orthopedic Analysis -Caicedo |
| 14. 10/18/2019 | B&T | Plaintiff | StandUp MRI Ft Lauderdale |
| 15. 10/17/2019 | B&T | Plaintiff | Urological Assoc of S. FL |
| 16. 07/19/2019 | B&T | Plaintiff | UHealth Phy Therapy |
| 17. 07/10/2019 | B&T | Plaintiff | Michael Wang -Univ Miami |
| 18. 06/11/2019 | B&T | Plaintiff | John Hopkins Hospital |
| 19. 06/11/2019 | B&T | Plaintiff | Dr. Brian Dougherty |
| 20. 06/10/2019 | B&T | Plaintiff | Baptist Hospital of Miami |
| 21. 05/30/2019 | B&T | Plaintiff | Dr. Matthew Buchalter |
| 22. 05/15/2019 | B&T | Plaintiff | Dr. Scott Rodeo |
| 23. 05/15/2019 | B&T | Plaintiff | LabCorp Bill |
| 24. 05/8/2019 | B&T | Plaintiff | Dr. Alejandro Badia |
| 25. 05/7/2019 | B&T | Plaintiff | Jackson Memorial Hospital |
| 26. 05/7/2019 | B&T | Plaintiff | South Miami Hospital |
| 27. 05/7/2019 | B&T | Plaintiff | Avmed Bill |
| 28. 05/7/2019 | B&T | Plaintiff | Dr. Karl Lembcke |
| 29. 04/30/2019 | B&T | Plaintiff | Dr. Whiting |
| 30. 04/30/2019 | B&T | Plaintiff | Joe Tregaskes |
| 31. 04/30/2019 | B&T | Plaintiff | Weill Cornell |
| 32. 04/30/2019 | B&T | Plaintiff | Healy Physical Therapy |
| 33. 04/30/2019 | B&T | Plaintiff | Holy Cross Institute |
| 34. 04/30/2019 | B&T | Plaintiff | Jackson Health System Bill |
| 35. 04/25/2019 | B&T | Plaintiff | Broward Health Medical Center |
| 36. 04/24/2019 | B&T | Plaintiff | Dr. Carlos Alvarado 2 |
| 37. 04/23/2019 | B&T | Plaintiff | Dr. Herrera |
| 38. 04/23/2019 | B&T | Plaintiff | Dr. Joe Fernandez |
| 39. 04/23/2019 | B&T | Plaintiff | Dr. Sandhouse |
| 40. 04/23/2019 | B&T | Plaintiff | South Fla Diag Img |
| 41. 04/23/2019 | B&T | Plaintiff | Dr. Estape |

2

**BARNES & THORNBURG'S ("B&T") EMAILS PROVIDING COPIES OF
PLAINTIFF'S MEDICAL RECORDS OBTAINED FROM PLAINTIFF'S
MEDICAL PROVIDERS TO PLAINTIFF'S COUNSEL**

**(conti….)**

| | | | | |
|---|---|---|---|---|
| 42. 04/23/2019 | B&T | Plaintiff | | Dr. Estape 2 |
| 43. 04/23/2019 | B&T | Plaintiff | | Holy Cross Hospital |
| 44. 04/23/2019 | B&T | Plaintiff | | Dr. Starsota-Rubenstein |
| 45. 04/23/2019 | B&T | Plaintiff | | Dr. Tidwell |
| 46. 04/19/2019 | B&T | Plaintiff | | Miami Plastic Surgery |
| 47. 04/18/2019 | B&T | Plaintiff | | Dr. Burke |
| 48. 04/18/2019 | B&T | Plaintiff | | Dr. Linda Marraccini |
| 49. 04/18/2019 | B&T | Plaintiff | | Dr. Brad Herskowitz |
| 50. 04/17/2019 | B&T | Plaintiff | | MyCare – Dr. Kim Bango |
| 51. 04/15/2019 | B&T | Plaintiff | | Dadeland MRI 2 |
| 52. 04/12/2019 | B&T | Plaintiff | | Dadeland MRI |
| 53. 04/12/2019 | B&T | Plaintiff | | Tim Murray |
| 54. 04/12/2019 | B&T | Plaintiff | | Dr. Herrerra Bill |
| 55. 04/11/2019 | B&T | Plaintiff | | Metro NeuroSurg |
| 56. 04/11/2019 | B&T | Plaintiff | | Dr. Bryan Kelly |
| 57. 04/11/2019 | B&T | Plaintiff | | Dr. Rafael Portela |
| 58. 04/10/2019 | B&T | Plaintiff | | Pinecrest PT |
| 59. 03/1/2019 | B&T | Plaintiff | | Dr. Carlos Alvarado |
| 60. 03/1/2019 | B&T | Plaintiff | | Hospital for Special Surgery |
| 61. 03/1/2019 | B&T | Plaintiff | | Dr. Robert Buly |
| 62. 03/1/2019 | B&T | Plaintiff | | Doctors Hospital |