UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                    :
JODI ROUVIERE, et al.,                                              :
                                                                    :
                                    Plaintiffs,                     :
                                                                    :
                    -v-                                             :
                                                                    :
DEPUY ORTHOPAEDICS, INC., et al.,                                   :
                                                                    :
                                    Defendants.                     :
                                                                    :
------------------------------------------------------------------------X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____           │
│ DATE FILED:___12/08/21___        │
└─────────────────────────────────┘
```

18-cv-4814 (LJL)

OPINION AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiffs Jodi Rouviere ("Ms. Rouviere") and Andre Rouviere (collectively, "Plaintiffs or "the Rouvieres") move for reconsideration of the Court's September 17, 2021 Opinion and Order, Dkt. No. 318, granting DePuy's motion for summary judgment. For the following reasons, the motion for reconsideration is denied.

## BACKGROUND

The facts of the case are set forth in full in the Court's Opinion and Order dated September 17, 2021. Dkt. No. 318. In short, Ms. Rouviere had a hip replacement surgery in 2012, and her doctor implanted a device that combined components made by two companies. She alleged that some of these components impinged on other of the components, releasing toxic metal debris into her body. In her complaint, she asserted product liability claims against DePuy Orthopaedics, Inc. ("DePuy") and the other manufacturer under theories of negligence, strict liability, and breach of express and implied warranties. Her husband, Andre Rouviere, also asserted a claim for loss of consortium. DePuy moved for summary judgment, and the Court granted its motion as to all claims against it, finding, as relevant to this motion, that "there is a genuine dispute about the adequacy of DePuy's warnings but DePuy is nevertheless entitled to

summary judgment because the Rouvieres have adduced no evidence that DePuy's insufficient warnings proximately caused Jodi Rouviere's injury."  Dkt. No. 318 at 24.

Plaintiffs moved for reconsideration on October 1, 2021.  Dkt. No. 321.  Depuy filed its opposition on October 15, 2021, Dkt. No. 323, and Plaintiffs replied on October 22, 2021, Dkt. No. 324.

## LEGAL STANDARD

"A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)).  Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources."  *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000).  "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matter, in other words, that might reasonably be expected to alter the conclusion reached by the Court."  *Justice v. City of New York*, 2015 WL 452314, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).  A motion for reconsideration "is not a 'vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple.'"  *Spin Master*, 2020 WL 5350541, at *1 (quoting *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012)).

**DISCUSSION**

Plaintiffs' motion for reconsideration specifically pertains to the Court's holding granting the motion for summary judgment "as to the failure to warn claims against DePuy because the record evidence does not support Plaintiffs' claims that DePuy's failure to warn proximately caused Ms. Rouviere's injuries." Dkt. No. 321 at 1.

Plaintiffs raise three arguments in support of the motion for reconsideration of this holding. First, they argue that there is evidence that supports a conclusion that Dr. Buly would have heeded warnings of metal-on-metal impingement risks and warnings that the components of the DePuy system he used were not approved by the FDA. Second, they argue that there is evidence that Ms. Rouviere would not have consented to the surgery had she been adequately warned. Third, they argue that there is evidence that the failure to warn proximately caused the exacerbation of Ms. Rouviere's injuries because her doctors did not know to test for metal exposure or to remove the components.

First, Plaintiffs' argument that there is evidence that Dr. Buly would have heeded warnings of impingement risks simply rehashes the argument they already made in their response to DePuy's motion for summary judgment, *see* Dkt. No. 233 at 31–34, and which this Court rejected in its prior opinion, *see* Dkt. No. 318 at 33–34. Plaintiffs fail to identify a change in the controlling law or the availability of new evidence that would call the Court's holding into question. To the extent that Plaintiffs now cite previously-available record evidence that they did not identify to the Court as relevant to this question in the parties' 56.1 statements or in their briefing on the motion for summary judgment—for example, Dr. Buly's statement that "he would not have done it [implanted the components together]" if he was concerned about their compatibility, Dkt. No. 321 at 5 (quoting Dkt. No. 233-1 at 225)—such evidence does not support granting a motion for reconsideration. *See Amnesty America v. Town of West Hartford*,

288 F.3d 467, 470 (2d Cir. 2002) ("Fed. R. Civ. P. 56 does not impose an obligation on a district court to perform an independent review of the record to find proof of a factual dispute."); *see also Revlon Consumer Prods. Corp. v. Estee Lauder Companies, Inc.*, 2003 WL 21751833, at *42 n.55 (S.D.N.Y. July 30, 2003) ("Nor can [the plaintiff] expect the Court to comb the record to find evidence not highlighted in [its] motion papers—summary judgment is not a game of hide-and-seek."). Regardless, the Court conducted a review of the record evidence and concluded that "[t]here is simply no evidence that a warning—if it had been given—would have been so material or important that Dr. Buly would have heeded it or would have done something different." Dkt. No. 318 at 34. That Plaintiffs disagree with this conclusion does not warrant its reconsideration.

Plaintiffs' argument that there is evidence that Dr. Buly would have heeded warnings that the components of the DePuy system he used were not approved by the FDA is similarly unavailing. Although Plaintiffs cited some of the evidence they now point to in support of this argument in their response to DePuy's motion for summary judgment, they did so only in the context of their summary of Dr. Buly's deposition testimony. *See* Dkt. No. 233 at 9, 14. Plaintiffs' argument that DePuy's failure to warn was the proximate cause of Plaintiffs' injuries in their summary judgment briefing was limited to the argument that Dr. Buly was not aware of the risks of combining these components and that he would have acted differently or informed Ms. Rouviere of these risks. *See id.* at 31–34. The Court has already rejected that argument on the motion for summary judgment, and a motion for reconsideration is not a vehicle to raise wholly new theories in its place that rely on no new evidence or case law. "[A] party is barred from making for the first time in a motion for reconsideration an argument it could readily have

4

raised when the underlying issue was being briefed but chose not to do so." *Assoc. Press v. U.S. Dep't of Defense*, 395 F. Supp. 2d 17, 20 (S.D.N.Y. 2005).

Second, Plaintiffs' argument that there is evidence that Ms. Rouviere would not have consented to the surgery had she been adequately warned has already been expressly rejected as not relevant by the Court.  Dkt. No. 318 at 37 n.8 ("Because the Rouvieres have not adduced evidence as to the second premise of this proximate-cause theory, the Court need not address the third premise—that Rouviere would not have consented to the surgery had she been given additional warnings.").  Plaintiffs make no argument that whether Ms. Rouviere would have consented had she been adequately warned is relevant in the absence of a finding that "had DePuy given Dr. Buly more robust warnings, he would have in turn given more robust warnings to [Ms.] Rouviere," *id.* at 36, nor would any such argument be successful.  As such, reconsideration of the Court's proximate causation holding is not warranted on this ground.

Third, Plaintiffs' argument that "the failure to warn of the risk of metal-on-metal impingement proximately caused further exacerbation of Mrs. Rouviere's injuries because her doctors did not know to test for metal exposures nor to remove the components contributing to her metallosis," Dkt. No. 321 at 10, represents a novel theory of proximate causation not argued in Plaintiffs' summary judgment papers and is not properly raised on a motion for reconsideration.  Plaintiffs argue here that "not only was DePuy's failure to adequately warn of the risks of metal-on-metal impingement a proximate cause of Ms. Rouviere's injuries in the first place, but because her doctors were unaware of these risks, the failure to warn was also a proximate cause of the severity of her injuries because no one was inclined to consider whether metal wear exposure was causing her severe symptoms."  Dkt. No. 321 at 11.  But, as noted *supra*, Plaintiffs' response to DePuy's motion for summary judgment relied only on the first of

these theories to argue that DePuy's failure to warn proximately caused Ms. Rouviere's injuries,

Any discussion of the impact of DePuy's failure to warn on Ms. Rouviere's post-operative care

and the "exacerbation" theory is raised for the first time in this motion; as such, the Court does

not consider it here.  *See Assoc. Press*, 395 F. Supp. 2d at 20.

## CONCLUSION

The motion for reconsideration is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 321.


SO ORDERED.

Dated: December 8, 2021       _____
     New York, New York                      LEWIS J. LIMAN
                                       United States District Judge