SDNY PRO SE OFFICE

2024 NOV -1  PM 3:48

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JODI ROUVIERE and )
ANDRE ROUVIERE, )
     )
   *Plaintiffs,* )
     )
v. ) **Case No. 1:18-cv-04814-LJL-SDA**
     )
DEPUY ORTHOPAEDICS, INC. n/k/a )
MEDICAL DEVICE BUSINESS )
SERVICES, INC. and HOWMEDICA )
OSTEONICS CORPORATION )
d/b/a STRYKER ORTHOPAEDICS, )
     )
   *Defendants.* )
     )

**PLAINTIFF JODI ROUVIERE'S VERIFIED MOTION FOR RELIEF OF JUDGMENT
PURSUANT TO FED. R. CIV. P. 60(b)(6) AND
MEMORANDUM OF LAW IN SUPPORT THEREOF**

   COMES NOW, the Plaintiff, Jodi Rouviere ("Plaintiff") in the above-entitled numbered

cause who files this, her Motion to vacate the final judgments entered in favor of DePuy

Orthopaedics, Inc. and Howmedica Osteonics Corporation and against Plaintiff pursuant to

Federal Rules of Procedure 60(b)(6), and in support thereof states the following:1

---

1 Plaintiff requests this Court liberally construe instant Rule 60(b)(6) motion more liberally
than a skilled attorney to do substantial justice. *See:Harris v. Ostrout*, 65 F.3d 912,915 (11th
Cir.1995);*United States v. Garth*, 188 F.3d 99,102(3rd Cir.1999).

1

## I.   **INTRODUCTION**

In May 2018, Jodi Rouviere and her husband filed a pro se federal civil complaint against DePuy Orthopaedics, Inc, Johnson & Johnson, Inc. (hereinafter "J&J") and Howmedica Osteonics Corporation (hereinafter "HOC") doing business as Stryker Orthopaedics with the Clerk, asserting product-liability claims under theories of failure to warn, negligence, strict liability, and breach of express and implied warranties. *DE# 1*. Rouviere filed an amended complaint. *DE# 26*. The Clerk ultimately assigned the case to Judge Lewis J. Liman on February 6, 2020.

The parties filed their respective certificate of interested parties and corporate disclosure statements. *See, DE# 40, 55.* An order was entered referring all non-dispositive matters to Magistrate Judge Stewart D. Aaron. *DE# 4*. At the time of assignment of the instant case to Judge Liman and Judge Aaron, Plaintiff was unaware that (1) Judge Liman had ownership of stock and monetary interest in J&J, which owned/owns DePuy; (2) Judge Aaron was actively receiving monies from his prior law firm who was actively representing J&J during the pendency of the instant case. *See Exhibits 1, 2,3 and 4 hereto.*

During the pretrial proceedings and as shown below, Judge Aaron exercised his judicial discretion in dealing with matters/issues related to Plaintiff:

> **(1) DENIED** Plaintiff's request for an extension of time to designate their expert given their initial one withdrew just before the deadline and then criticized Plaintiff for not seeking the extension post-deadline. *DE# 157*.
> **(2) DENIED** Plaintiff's ability to present an expert opinion implicating liability of HOC. *DE# 193*.
> **(3) DENIED** Plaintiff's motion to compel DePuy to respond fully to interrogatories. *DE# 104*.

**(4) LIMITED** Plaintiff's examination of DePuy's and HOC's witnesses on certain topics. *DE# 115, DE# 120.*

**(5) DENIED** Plaintiff's motion to file second amended complaint. DE# 136.

**(6) DENIED** Plaintiff's motion to compel DePuy's corporate representative to appear at deposition. *DE# 140.*

**(7) LIMITED** Plaintiff to taking deposition of DePuy's Rule 30(b)(6) witness to one hour of deposition regarding its device. *DE# 144.*

**(8) STRIKE** opinions of Plaintiff's expert witness, Dr. Jarrell, establishing DePuy's liability. *DE# 232.*

**(9) DENIED** Plaintiff's motion for reconsideration. *DE# 266.*

**(10) DENIED** Plaintiff's request to sanction DePuy's attorney Joe Eaton for mishandling Plaintiff's crucial material evidence: her explant, presenting misleading photos, and falsely claiming Plaintiff damaged the evidence. *DE# 83.*

**(11) DENIED** Plaintiff's request to sanction HOC's withholding of Plaintiff's crucial material evidence: her unique 2019 tissue samples, making them undiscoverable by Plaintiff. Stryker's lawyer, Paul Asfendis, blatantly violated Discovery Rules, Rule 26b, HIPAA, Florida Statute 395.3025, and committed acts amounting to common law fraud, invasion of privacy, and breaches of attorney conduct rules, which Judge Aaron biasedly ignored. *DE# 296.*

**(12) RESTRICTED,** by way of the protective order, Plaintiff from presenting critical evidence on the risks of metal-on-metal impingement, affecting the case's outcome. This restriction influenced Judge Liman's summary judgment decision by excluding crucial evidence regarding DePuy's failure to provide necessary warnings. Evidence underscored DePuy's omission of crucial warnings that could have informed both Dr. Buly and Plaintiff about the risks of metal wear, which they sought to avoid. Judge Aaron's disregard for these omissions further demonstrated a biased stance. *DE# 115, pp. 7-8.*

**(13) DISMISSED** DePuy's misrepresentations as "ambiguity," showing a bias that significantly compromised Plaintiff's ability to fully present her case, as critical evidence and expert testimony were unjustly disregarded. *DE# 220, 225, 243, 244, 245, 250, 250-1, 258, 265, 266.*

**(14) LIMITED,** disqualification of the conflicted expert to HOC, despite a similar conflict with DePuy. This forced Plaintiff to rely on an expert who was contracted by DePuy in another ongoing hip litigation, revealing bias that severely compromised Plaintiff's case. As a result, Plaintiff had to hire two separate engineering experts, neither of whom could address the combined impingement of the defendants' devices that caused the metal wear leading to her injuries. This restriction effectively limited expert opinions

3

on the metal-on-metal impingement central to Plaintiff's injuries. *DE# 193, DE# 232.*

Judge Liman exercised his discretion in overruling Plaintiff's objections to Aaron's above orders and adopting the orders in their entirety. *DE# 318.* Further, Judge Liman granted DePuy's motion for summary judgment, citing Plaintiff did not provide expert testimony establishing DePuy's liability. *Id.*[2] Liman also granted HOC's motion for summary judgment.[3] *DE# 351, 352.*

Judge Liman owned stock in J&J at the time he was assigned the instant case. After DePuy filed their motion for summary judgment, he bought even ***more*** stock in J&J. Then, following his ruling, he sold all of the additional stock he had acquired during the motion's consideration and realized dividends of $15,001 to $50,000. *See Exhibit 4.*

On direct appeal, the Second Circuit affirmed Judge Liman's summary judgment in favor of DePuy and HOC, noting that Aaron's orders were reviewed for abuse of discretion or clear error. See, *Rouviere v. Howmedica Osteonics Corp.*, 2024 U.S. App. LEXIS 8201 (2d Cir. 2024).

Plaintiff now moves to vacate the final judgment in favor of DePuy and HOC under Fed. R. Civ. P. 60(b) due to the actual conflict of interest of Judge Liman and Judge Aaron had in the instant case, creating a significant appearance of bias against Plaintiff and in favor of DePuy and HOC. Both judges had financial ties to DePuy, with Judge Liman holding J&J stock before the case and buying and selling additional stock while issuing summary judgment decisions, thereby

---

[2] Reported at *Rouviere v. DePuy Orthopaedics, Inc.*, 560 F. Supp. 3d 774 (S.D.N.Y. 2021).
[3] Reported at *Rouviere v. Howmedica Osteonics Corp.*, 645 F. Supp. 3d 157 (S.D.N.Y. 2022).

benefiting from the outcome.[4]

## II.    <u>JURISDICTION</u>

This Court has jurisdiction in reaching the merits of Plaintiff's Rule 60(b)(6) motion for relief from final judgment. *See, Fed. R. Civ. P. 60(b)(6)*. The U.S. Supreme Court has held that Fed. R. Civ. P. 60(b)(6) is the proper mechanism to obtain such relief. *See, Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863-64, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988).[5] Plaintiff requests the Court vacate the judgment and reopen the case with conflict-free judges.

## III.    <u>STATEMENT OF FACTS</u>

On May 31, 2018, Plaintiff Jodi Rouviere ("Plaintiff") and her husband filed a pro se product liability complaint against the following Defendants: DePuy Orthopaedics, Inc., DePuy Products, Inc., DePuy International, Limited, Johnson & Johnson, Inc., Johnson & Johnson

---

[4] As shown below, the combination of the denials of Plaintiff's request for extensions of time, use of alternate expert witness after the Judges permitted the disqualification of Plaintiff's initial expert and other orders where the Judges' enjoyed wide discretion or latitude to grant or deny the relief requested by Plaintiff but chose to deny each time the requested relief by Plaintiff in order to protect their financial interest constitute exceptional circumstances warranting relief from judgment. *Stanley v. City Univ. of New York, John Jay Coll.*, 2020 U.S. Dist. LEXIS 217687 (S.D.N.Y. 2020) ("While Mr. Davy's conflict of interest and the poor quality of representation might not each on their own justify granting a Rule 60 motion, in combination they are sufficient to constitute exceptional circumstances warranting relief from judgment.") (*citing Church & Dwight Co. v. Kaloti Enters. of Mich., L.L.C.*, No. 07-cv-612, 2011 U.S. Dist. LEXIS 110955, 2011 WL 4529605, at *7-8 (E.D.N.Y. Sept. 28, 2011) (granting Rule 60(b)(6) motion due to combination of constructive abandonment and a conflict of interest). Although the court recognizes that vacating the judgment will prejudice Defendant, that harm is outweighed by the prejudice that would occur should Plaintiff be deprived a fair shot at pursing his claims.)
[5] "The Supreme Court vacated a judgment under Rule 60(b)(6) applying the "extraordinary circumstances" standard when the proceedings were marred by a severe ethical conflict by the trial judge. Liljeberg, 486 U.S. at 863-70.

Services, Inc., Stryker Corporation, Stryker Sales Corporation, and Howmedica Osteonics

Corporation. *DE# 1*. On June 5, 2018, Judge Alison J. Nathan referred the case to Magistrate

Judge Stewart D. Aaron. *DE# 4*.

 After Defendants executed waiver of service of summons, Plaintiff filed an amended

complaint. *DE# 26*. On December 7, 2018, Defendants DePuy and Johnson & Johnson filed their

answer. *DE# 39*. Plaintiff voluntarily dismissed DePuy Products, Inc.; DePuy International,

Limited; Johnson & Johnson; and Johnson & Johnson Services, Inc. from the case. *DE# 52*.

HOC filed its answer to the amended complaint and corporate disclosure statement. *DE# 54, 55*.

 **A. The Plaintiff's amended complaint.**

 In 2009, Plaintiff injured her hip. In 2011, Plaintiff was diagnosed with Ehlers-Danlos

Syndrome, a connective tissue disorder that causes structural weakness in connective tissue.

*Rouviere v. DePuy Orthopaedics, Inc.*, 560 F. Supp. 3d 774, 781 (S.D. N.Y. 2021). In 2012,

having continued pain and difficulty walking, Plaintiff had surgeon Dr. Robert Buly perform a

total right hip replacement at a New York hospital. *Id. at 781*.[6]

 Some four years after the surgery, Plaintiff "experienced chronic hip pain, dislocations,

and other serious health problems." *Id. at 782*. In 2016, during exploratory hip surgery, "Dr.

Alvarado observed that the Stryker acetabular components were impinging with the DePuy stem

---

[6] "The hip joint consists of a ball-and-socket mechanism. The ball sits at the top of the thigh
bone, or femur. The socket (or acetabulum) is inside the pelvis. The ball rotates in the socket,
giving the hip a wide range of motion. During a hip replacement surgery, these hip joints may be
replaced by metal, plastic, or ceramic parts to recreate the ball-and-socket mechanism. *See id. ¶¶
19-20*. At Rouviere's surgery, both the ball and the socket were replaced with artificial
components." *Rouviere*, 560 F. Supp. At 781.

and had created a notch in the neck of the stem." Dr. Alvarado also discovered grayish-brown

tissue in the surrounding area he identified as "metallosis". The Plaintiff underwent a partial hip

revision followed by six more surgeries in 2017, culminating in complete removal of her hip

prosthesis, a girdlestone surgery, in October 2017. *Id.* (internal citations omitted).

The complaint alleged DePuy, HOC, and certain other defendants asserting claims of

product liability under theories of negligence, strict liability, and breach of express and implied

warranties. "The Rouviere's theory of the case is that the DePuy titanium stem impinged with the

Stryker cobalt-chrome liner, releasing toxic metals into Jodi Rouviere's body." "Those metals

caused various ailments in Rouviere, including metallosis." *Id. at 782.*

### B. Judge Aaron's and Judge Liman's Financial Interest in Defendants

In 2019 and thereafter, Judge Aaron received substantial annual partnership payments of

$168,723 from Arnold & Porter, a law firm representing J&J, DePuy's parent company *(see*

*Exhibits 1-3).* Upon the assignment of the instant case Judge Liman invested in and had

ownership of J&J stock. While deciding on DePuy's summary judgment motion, he purchased

additional J&J stock. Following his ruling in DePuy's favor, he sold that stock, earning

dividends between $15,001 and $50,000. *See Exhibit 4.*

### C. Adverse Rulings By Judge Aaron Against Plaintiff

While receiving partnership payments from Arnold & Porter—funds linked to legal

services provided to J&J—Judge Aaron used his discretion to deny Plaintiff the opportunity to

present expert testimony and evidence critical to proving her case. Additionally, Judge Aaron

exercised his discretion and excused HOC and its attorneys' misconduct in concealing crucial

material evidence.

     **1. <u>Denial of extension of time to obtain an alternate expert:</u>** Plaintiff employed an

expert engineer to render an opinion in support of her claims. However, just before the deadline,

this expert decided not to participate in the case. Plaintiff immediately filed a motion to extend

the time to obtain and file the opinion of a new expert. Judge Aaron, using his wide discretion,

denied Plaintiff's reasonable request for a one-week extension. Regardless of this pre-deadline

request Judge Aaron denied, he criticized Plaintiff for not seeking the extension *post*-deadline.

*DE# 152, DE# 157.*

     **2. <u>Denial of Plaintiff's Expert Testimony Implicating Howmedica</u>:** Plaintiff was

denied the opportunity to present expert testimony implicating HOC's liability when the court

disqualified the expert over an alleged conflict. Exercising broad discretion, Judge Aaron granted

HOC's motion, preventing the expert from testifying. *DE# 193.*

     **3. <u>Denial of Plaintiff's motion to compel DePuy to respond fully to Interrogatories</u>:**

Plaintiff's motion to compel DePuy to fully respond to interrogatories was denied by Judge

Aaron, who used his broad discretion to rule in DePuy's favor, limiting Plaintiff's ability to

obtain critical discovery. *DE# 104.*

     **4. <u>Limited Plaintiff's examination of DePuy/Howmedica's witnesses:</u>** Judge Aaron

exercised his discretion to restrict Plaintiff from questioning DePuy's and HOC's witnesses on

specific and material topics critical to her case, limiting Plaintiff's ability to fully examine key

issues during testimony. *DE# 115, DE# 120.*

     **5. <u>Denial of Plaintiff's request to file a second amended complaint:</u>** Judge Aaron,

using his discretion, denied Plaintiff's request to file a second amended complaint, preventing her from addressing and incorporating additional claims or facts crucial to her case. *DE# 136.*

**6. Denial of Plaintiff motion to compel:** Judge Aaron, using his discretion, denied Plaintiff's motion to compel DePuy's corporate representative to appear at deposition. *DE# 140.*

**7. Limiting Plaintiff's examination of DePuy's witnesses:** Judge Aaron, using his discretion, denied Plaintiff's motion to compel DePuy's corporate representative to appear for deposition, hindering Plaintiff's ability to gather critical testimony for her case. *DE# 144.*

**8. Striking of the opinion of Plaintiff's expert establishing liability on DePuy:** Judge Aaron, using his discretion, improperly struck Plaintiff's expert Dr. Jarrell's testimony on DePuy's liability, despite ongoing expert discovery, prejudicing Plaintiff's case. *DE# 232.* This was particularly unjust as Jarrell's testimony aligned with the previously disqualified expert. *DE# 233-25.* Plaintiff expected one expert to address how components from both manufacturers caused metal impingement leading to her injuries. Instead, Judge Aaron required two experts, neither of whom could fully opine on the combined effects, then limited Dr. Jarrell to the disqualified expert's restricted testimony and struck his key opinions related to DePuy. *DE# 232, DE#* 266. Aaron's biased dismissal of evidence linking DePuy's stem to excessive metal wear debris and Plaintiff's injuries (*DE# 233-25, pp. 10-12*) led to summary judgment in DePuy's favor (*DE# 318, pp. 23-24*), severely undermining Plaintiff's case.

**9. Denial of Plaintiff's motion for reconsideration:** Judge Aaron exercised his discretion to deny the Plaintiff's motion for reconsideration. *DE# 266.*

**10. Denial of Plaintiff's request to sanction DePuy and its counsel for discovery violations:** Judge Aaron exercised his discretion to deny the Plaintiff's request to sanction DePuy and its attorney, Joe Eaton, for mishandling crucial material evidence: her explant, when he presented misleading photos, and falsely claimed Plaintiff damaged the evidence. *DE# 83.*

**11. Denial of Plaintiff's request to sanction HOC's withholding of crucial material evidence; her unique 2019 tissue samples:** Judge Aaron, using his wide discretion, denied the Plaintiff's request to sanction HOC for withholding crucial material evidence: her unique 2019 tissue samples, rendering them undiscoverable. HOC's attorney, Paul Asfendis, violated Discovery Rules, HIPAA, Florida Statute 395.3025, and committed acts amounting to fraud, invasion of privacy, and breaches of attorney conduct rules, which Judge Aaron biasedly overlooked. *DE# 296.*

**12. Restriction of critical evidence:** Judge Aaron issued a protective order restricting the Plaintiff from presenting critical evidence on the risks of metal-on-metal impingement, significantly impacting the case's outcome. This exclusion of key evidence regarding DePuy's failure to provide necessary warnings influenced Judge Liman's summary judgment decision. Evidence indicated that DePuy omitted warnings that could have informed both Dr. Buly and the Plaintiff about the risks associated with metal-on-metal implants. Risks they both sought to avoid by not using a metal-on-metal implant. Judge Aaron's dismissal of these omissions further revealed bias in the proceedings. *DE# 115, pp. 7-8.*

**13. Dismissal of DePuy's misrepresentations:** Judge Aaron, using his discretion, dismissed attorney J.T. Larson for misrepresenting the disqualified expert's involvement in other

litigation, labeling it as mere "ambiguity." This decision unjustly disregarded critical evidence and expert testimony, limiting the experts' ability to examine the metal-on-metal impingement caused by both manufacturers' devices, which led to the Plaintiff's injuries. Consequently, the Plaintiff's ability to fully present her case was undermined. *DE# 220, 225, 243, 244, 245,250, 250-1,258, 265, 266.*

 **14. Limited disqualification of the conflicted expert**: Judge Aaron, using his discretion, limited the disqualification of the conflicted expert to HOC despite his similar conflict with DePuy. This forced Plaintiff to continue to rely on an expert contracted by DePuy in another ongoing case, revealing bias that severely compromised her case. Consequently, Plaintiff was forced to hire two separate engineering experts, neither of whom could address the combined impingement of the defendants' devices that caused the metal wear leading to her injuries. This biased restriction effectively limited expert opinions on the metal-on-metal impingement central to the Plaintiff's case. *DE# 193, DE# 232.*

 **D. Adverse Rulings By Judge Liman Against Plaintiff:**

 Judge Liman used his discretion and overruled the Plaintiff's objections to Judge Aaron's orders, adopting them in their entirety. *DE# 318.* He also granted DePuy's motion for summary judgment, stating that the Plaintiff failed to provide expert testimony establishing DePuy's liability. *Id.*[7] Additionally, he granted HOC's motion for summary judgment.[8] *DE# 351, 352.*

 Despite acknowledging DePuy's inadequate warnings about component impingement and

---

[7] Reported at *Rouviere v. DePuy Orthopaedics, Inc.*, 560 F. Supp. 3d 774 (S.D.N.Y. 2021).
[8] Reported at *Rouviere v. Howmedica Osteonics Corp.*, 645 F. Supp. 3d 157 (S.D.N.Y. 2022).

metal debris, Judge Liman dismissed their relevance to the Plaintiff's injuries, indicating bias. He misrepresented the warnings in DePuy's Instructions for Use (IFU), which did not address the mixing of the manufacturers' devices. *DE# 318.*

Judge Liman noted DePuy's warnings "did not portray with sufficient intensity the risk involved" (*DE# 318, p. 30)*. Despite this, he dismissed the Plaintiff's evidence and ignored the direct link between DePuy's missing warnings and Plaintiff's injuries. This dismissal reflects a troubling bias in favor of the defense.

Judge Liman's ruling on the Rastelli rule demonstrates clear bias and misinterpretation of the evidence. He incorrectly stated that DePuy's IFU warned against mixing components from different manufacturers, while it only addressed temporary plastic components used during surgery, not permanent metal implants *(DE# 179, pp. 13, 31)*. Despite acknowledging the lack of such warnings, Judge Liman misquoted them, showing bias towards the defendants by inconsistently applying the law and ignoring proximate causation.

Judge Liman's actions indicate either troubling ignorance or deliberate oversight regarding the lack of adequate warnings and their impact on Plaintiff and her case. His dismissal of Plaintiff's argument about insufficient warnings on metal-on-metal impingement, despite acknowledging their absence, and his erroneous claim that Plaintiff failed to specify these risks, further highlight a bias in the defense's favor. *DE# 318, pp. 27-33, 29 (Footnote 7), p. 35:2-3.*

Judge Liman's handling of Plaintiff's testimony shows bias against her. Although he acknowledged metal-on-metal impingement and wear debris from mixing components were the key issues, he reassigned the key issue to the irrelevant chemistry of DePuy's stem. This allowed

him to evade the Plaintiff's vital testimony that she would not have consented to surgery had she been warned about the risks of metal wear debris from the defendants' devices that caused her injuries. *DE# 351, p. 1; DE# 318, p. 1, 37-38, 37 (Footnote 8)*.

Judge Liman disregarded the Plaintiff's clear statement that she would have refused surgery if informed about the risks of metal wear and metal-on-metal interaction. In his Summary Judgment Order, he fixated on a clerical error in Plaintiff's deposition citation regarding her refusal based on metal wear. Despite acknowledging the testimony, he claimed he couldn't find the citation, yet referenced it only to dismiss it, asserting her refusal was not solely due to the stem's chemistry. *DE# 318, p. 1; DE# 351, p. 1.* This misrepresents the key issues and Plaintiff's claims, which focused on injuries from metal wear debris, not the stem's chemistry. This selective interpretation of evidence reveals clear bias and undermines the fairness of the judicial process. *DE# 316-6, p. 152:10-152:24, 290:25-293:10; DE# 313, DE# 316, 316-6, 316-11; DE# 318, p. 37 (Footnote 8).*

Judge Liman's handling of Dr. Buly's and the expert's testimony shows clear bias against Plaintiff. Although he acknowledged that DePuy's warnings failed to address risks related to mixing components, impingement, and metal wear debris, he dismissed Dr. Buly's crucial testimony. Dr. Buly testified that he relied on DePuy's Instructions for Use (IFU), which did not adequately warn about these risks, and he would have avoided using the components if properly warned. *DE#-231-1, p. 37:2-7.*

Judge Liman incorrectly stated that Dr. Buly was aware of the impingement risk, contradicting Dr. Buly's testimony and Liman's own acknowledgment of DePuy's inadequate

13

warnings about post-surgery metal impingement. Liman agreed this was distinct from intra-surgery component impingement referenced in the IFU, which Dr. Buly managed through proper positioning. *DE# 318, p. 31, DE# 231-1, p. 136:9-139:9, 30:12-30:25, 134:21-135:1, DE# 316-1, pp. 202:15-24, 203:3-7, 224:13-23, 226:8-230:15, 244:9-250:11, DE# 316-2, DE# 316-3, DE# 318, pp. 27-32.*

Judge Liman disregarded crucial testimony from the Plaintiff's expert, Dr. Jarrell, who indicated that a reasonable surgeon would avoid such components if properly warned of the risks and that the lack of adequate warnings directly contributed to the Plaintiff's injuries. His dismissal of this evidence and the summary judgment favoring DePuy reveal a troubling bias against the Plaintiff. *DE# 239-1; DE# 239-2.*

In another bias action against Plaintiff, Judge Liman shifted focus away from the core issues of metal wear and impingement to the irrelevant chemistry of DePuy's titanium stem, ignoring evidence central to Plaintiff's injuries.

Judge Liman acknowledged the "heart of Plaintiff's claims" was impingement and metal debris causing metallosis, and DePuy's warnings were insufficient (*DE# 351, pp. 12-13, DE# 318, pp. 27-32*). However, he inexplicably shifted focus to the titanium stem's chemistry, irrelevant to the core issues, and dismissed evidence related to the real issues; risks of metal wear and debris from impingement. Judge Liman ignored Dr. Buly's testimony that he would have avoided using these components if warned about their metal-on-metal risks and that titanium sheds metal debris from metal-on-metal impingement that leads to metallosis. (*DE# 231-1, p. 31:20-23.*) He also overlooked evidence that DePuy's stem contributed to dangerous metal

14

impingement and metallosis by shedding excess titanium debris into Plaintiff's hip tissue. *DE# 318, p. 29; DE# 233-7; DE# 290-6; DE# 304; DE# 239-1.*

Despite knowing that DePuy did not provide adequate warnings about the dangers of metal impingement, Judge Liman's conclusion that additional warnings would not have changed the surgical approach blatantly disregards key testimony and underscores his bias against the Plaintiff.

Judge Liman's ruling on the statute of limitations (SOL) for DePuy and HOC shows clear bias against Plaintiff. He unfairly penalized her for not recognizing metallosis, an asymptomatic condition until diagnosed in surgery. While he acknowledged metallosis was the primary condition under CPLR 214-c(2), he wrongly barred Plaintiff's claims by conflating her other medical symptoms with metallosis asserting she discovered it before 2016. This misinterpretation ignored medical evidence which aligned with the FDA's acknowledgment that metallosis is asymptomatic and only detectable during surgery. *DE# 351, and at pp.12-15, 18, 20-28, 32, FDA: https://wayback.archive-it.org/7993/20201225231717/https://www.fda.gov/media/132446/download, pp. 31, 56, 73, 74, 78, 84, 87, DE# 231-1, p. 143:19-23, DE# 351 p. 15, DE# 290-6, pp. 59:18-60:4, 118:6-9, DE# 231-2, pp. 49:16-25, 90:21-25, Exhibit 48, pp. 44, 194, 212-214, 225, 230.*

Judge Liman dismissed the critical fact that Plaintiff's metallosis was first diagnosed in November 2016. He incorrectly asserted that she failed to clearly articulate her claims and discovery date, stating she only cited the revision surgery as her injury. *DE# 351, p. 25, 26.* Liman's ruling reveals inconsistency and bias. Although he acknowledged metallosis as the main

15

injury and noted that the Plaintiff did not suspect her symptoms were related until May 2015, and that her doctors identified the devices in question only during the revision in November 2016, he contradicted himself in order to biasedly benefit the defendants by ruling that she was aware of her injury before May 2015. *DE# 351, pp. 23-25.*

Judge Liman misrepresented the Plaintiff's experts, falsely implying they suggested awareness of metallosis before its 2016 discovery *(DE# 351, p. 21, 26)*. This is not the case. The experts discussed metal wear debris as the cause of metallosis and secondary injuries, which do not trigger the SOL under CPLR 214-c(2). Judge Liman's selective interpretation of testimony demonstrates significant bias. *DE# 233-7; DE# 290-6; DE# 233-18; DE# 335-10; DE# 335-8; DE# 233-24.*

Judge Liman distorted facts to suggest that unrelated symptoms from the Plaintiff's severe cervical injury in early 2013 indicated metallosis, contradicting CPLR 214-c(2), which requires manifested symptoms to lead to the discovery of an injury. *(DE# 351, p. 16)*. He improperly rebranded unrelated, otherwise diagnosed medical conditions as "side effects" of metallosis. Liman used Plaintiff's neurological symptoms, headaches, nausea, limb numbness, urinary urgency, tremors, and dysphagia as indicators of metallosis of the hip tissue, despite their undisputed lack of connection. Plaintiff's cervical injury resulted in surgery and a permanent spinal condition. Although Liman detailed these symptoms, he selectively omitted the critical diagnosis of the cervical injury and used them to prematurely trigger the statute of limitations for metallosis of the hip tissue. *DE# 341-1, p. 5-7 (#39-40, 42-45), DE# 233-16 and at pp. 95-149, DE# 233-17, DE# 346-7, p. 7-22, DE# 341-8.*

16

This selective misrepresentation of medical evidence reveals clear bias and undermines the credibility and fairness of his ruling *(DE# 351, pp. 3-6, 14-15, 19-24)*. Ignoring the lack of evidence linking these symptoms to metallosis and unfairly criticizing the Plaintiff for alleged evidential shortcomings, Liman contradicted his own acknowledgment that she was unaware of metallosis symptoms until 2015, which were not diagnosed until November 2016 *(DE# 351, pp. 20, 23-24)*. This selective recounting and omission of key details manipulated the facts to support a predetermined outcome in favor of the defendants *(DE# 351, p. 27)*.

Additionally, Judge Liman did not require Stryker to define metallosis symptoms and failed to hold hearings to gather evidence. Testimony from Dr. Buly, Dr. Alvarado, and other experts indicated that metallosis is asymptomatic until visualized during surgery. Ignoring this, by prematurely applying the statute of limitations based on unrelated cervical symptoms, Judge Liman displayed clear bias in favor of the defense, unjustly denying the Plaintiff her day in court. His distortion of evidence and misrepresentation of the Plaintiff's unrelated severe medical conditions, alongside his acknowledgment that metallosis is asymptomatic, suggest a deliberate effort to penalize the Plaintiff unjustly *(DE# 351, p. 26)*.

Judges Aaron and Liman's actions demonstrate a serious conflict of interest and bias against the Plaintiff. Judge Aaron received partnership payments from Arnold & Porter, which represents J&J *(see Exhibits 1-3)*, while Judge Liman engaged in transactions involving J&J stock *(see Exhibit 4)*, compromising judicial impartiality. As in *Caperton v. A.T. Massey Coal Co., Inc.* (556 U.S. 868 (2009)), their recusal was essential to maintain judicial integrity and ensure a fair trial for the Plaintiff. The judges' biased actions significantly hindered the

Plaintiff's ability to present her case, undermining justice.

**E. Judge Liman buys and sells Johnson & Johnson stock while deciding on and after granting summary judgment.**

Judge Liman owned J&J stock upon this case's assignment. He purchased additional stock after DePuy filed summary judgment. Following the entry of his order described above, Liman sold off the additional J&J stock receiving dividends of $15,001 to $50,000. *Exhibit 4.*

## IV.    REASONS FOR GRANTING RULE 60(b)(6) MOTION

Plaintiff asserts that there is ample evidence of bias and partiality by Judges Liman and Aaron during pretrial proceedings due to their financial interest in a favorable outcome for DePuy and HOC.

**A. Rule 60(b)(6) is the proper vehicle to obtain relief from judgment**

Rule 60 (b) provides that a court may relieve a party from a final judgment, order, or proceeding for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59 (b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60 (b).

"A motion under Rule 60 (b) must be made within a reasonable time—and for reasons (1), (2), and (3), no more than a year after the entry of the judgment or order." Fed. R. Civ. P. 60

18

(c)(1). Motions for relief under Rule 60 (b) are disfavored, and are reserved for exceptional

cases. *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir.2001) ("A motion for

relief from judgment is generally not favored and is properly granted only upon a showing of

exceptional circumstances."); *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986) ("Since 60

(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional

circumstances."). "The burden of proof is on the party seeking relief from judgment." *Int'l Bhd.*

*of Teamsters*, 247 F.3d at 391. A party seeking relief pursuant to Rule 60 (b) normally must: "(1)

support its motion with 'highly convincing' evidence; (2) show good cause for its failure to act

sooner; and (3) prove that granting the motion will not impose any undue hardship on the other

parties." *Canini v. United States DOJ Fed. Bureau of Prisons*, No. 04 Civ. 9049, 2008 U.S. Dist.

LEXIS 24001, 2008 WL 818696 (S.D.N.Y. Mar. 26, 2008) (citing *Kotlicky v. United States*

*Fidelity & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987)).

    A party may move for relief from a final judgment based upon "newly discovered

evidence that, with reasonable diligence, could not have been discovered in time to move for a

new trial under [Federal Rule of Civil Procedure] 59(b)." *Fed. R. Civ. P. 60 (b)(2)*. As noted

above, courts require "that the evidence in support of the motion to vacate a final judgment be

highly convincing, that a party show good cause for the failure to act sooner, and that no undue

hardship be imposed on other parties." *Howard v. MTA Metro-N. Commuter R.R.*, 866 F. Supp.

2d 196, 213-14 (S.D.N.Y. 2011) (quoting *Kotlicky*, 817 F.2d at 9).

    Rule 60 (b)(6) "is a 'grand reservoir of equitable power to do justice in a particular

case[,]' ... [b]ut that reservoir is not bottomless." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012)

(*quoting Matarese v. LeFevre*, 801 F.2d 98, 106 (2d Cir.1986)). A party seeking to avail itself of

the relief under Rule 60(b)(6) must "demonstrate that extraordinary circumstances warrant

relief." *Stevens*, 676 F.3d at 67 (internal quotations and citations omitted); *see also In re*

*Terrorist Attacks on September 11, 2001*, 741 F.3d 353, 356 (2d Cir. 2013) (accord).

"Relief pursuant to Rule 60 (b)(6) is reserved for extraordinary circumstances outside the

purview of Rule 60 (b)(1)-(5)." *Canale v. Manco Power Sports, LLC*, No. 06 CIV. 6131, 2010

U.S. Dist. LEXIS 69652, 2010 WL 2771871, at *4 (S.D.N.Y. July 13, 2010); *see also Int'l Bhd.*

*of Teamsters*, 247 F.3d at 391-92 ("[I]f the reasons offered for relief from judgment can be

considered in one of the more specific clauses of Rule 60 (b), such reasons will not justify relief

under Rule 60 (b)(6)"). Of particular concern is that parties may attempt to use Rule 60 (b)(6) to

circumvent the one-year time limitation in other subsections of Rule 60 (b). *Stevens, 676* F.3d at

67 (*citing First Fidelity Bank, N.A. v. Gov't of Antigua & Barbuda-Permanent Mission*, 877 F.2d

189, 196 (2d Cir.1989)).

The Supreme Court has approved the use of Rule 60(b)(6) motion to seek vacatur of a

final judgment where there is a valid violation of 28 U.S.C. § 455. *See, Liljeberg v. Health Servs.*

*Acquisition Corp.*, 486 U.S. 847, 863 (1988).

### B. Judge Aaron's financial interest in protecting Arnold & Porter's client Johnson & Johnson– owner of DePuy– necessitated sua sponte disqualification in this case.

After the parties submitted their disclosure statements, Judge Aaron should have

disqualified himself due to his direct and indirect financial ties to DePuy. Judge Aaron was

aware he was receiving partnership income from Arnold & Porter, a firm with J&J as a major

20

client. Despite this, he refused to disqualify himself and intentionally refused to, and failed to, disclose to Plaintiff his financial ties to Arnold & Porter, whose principal client and revenue maker for the law firm was J&J. *See Exhibit 1, Exhibit2, Exhibit 3.*

Title 28 U.S.C. § 455(a) states, in relevant part, that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." §455(a) has been described as a "catchall recusal provision," *In re Aguinda*, 241 F.3d 194, 200 (2d Cir. 2001) (*quoting Liteky v. United States*, 510 U.S. 540, 548, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994) (internal quotation marks omitted)), that "governs circumstances that constitute an appearance of partiality, even though actual partiality has not been shown," *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003). A judge need not have actual knowledge of the disqualifying circumstance for §455(a) to apply. *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 859, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988). That is because the purpose of §455(a) is "to promote public confidence in the integrity of the judicial process," which "does not depend upon whether or not the judge actually knew of facts creating an appearance of impropriety, so long as the public might reasonably believe that he or she knew." *Id.* at 860. Accordingly, the test for whether an appearance of partiality exists "is an objective one based on what a reasonable person knowing all the facts would conclude." *Chase Manhattan Bank*, 343 F.3d at 127; *see Aguinda*, 241 at 201 ("Where a case, by contrast, involves remote, contingent, indirect or speculative interests, disqualification is not required." (*quoting United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992))).

Among the circumstances requiring disqualification, §455(b)(4) provides, in relevant

part, that a judge "shall also disqualify himself" when "[h]e knows that . . . his spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." *28 U.S.C. §455(b)(4)*. Section 455(c) imposes the additional duty that a federal judge "should inform himself about his personal and fiduciary financial interests and make a reasonable effort to inform himself about the personal financial interests of his spouse." As relevant to the current proceedings, §455(d)(4) defines "financial interest" as an "ownership of a legal or equitable interest, however small."

Unlike §455(a), covering even the appearance of partiality, §455(b)(4)'s requirement applies only when the judge knows about the disqualifying circumstance. *Liljeberg*, 486 U.S. at 859. Even then, however, the existence of a financial interest on the part of a judge's spouse is not always grounds for automatic disqualification, as a judge may avoid disqualification if he "discloses and divests [the] financial interest." *Chase Manhattan Bank*, 343 F.3d at 127.

Since 2019, Judge Aaron received substantial annual partnership payments of $168,723 from Arnold & Porter, a law firm representing J&J, which owns DePuy. (*See Exhibit 1-3*). These payments continued after he was assigned to this case, creating a clear conflict of interest. Similarly, Judge Liman's financial disclosure for 2021-2022 shows investments in J&J, including existing stock at the time of his case assignment and transactions during his rulings on DePuy's summary judgment, from which he realized dividends of $15,001 to $50,000. (*See Exhibit 4.*)

Such financial ties should have prompted both judges to disqualify themselves, raising

22

the question: *why didn't Judge Aaron and Judge Liman disqualify themselves*? A reasonable

person might conclude that the judges were protecting their financial interests in J&J stock and

in Judge Aaron's former law firm's client. Judge Aaron's payments from Arnold & Porter while

the firm represented J&J may have incentivized him to dismiss or limit parts of the Plaintiff's

expert witness opinion regarding DePuy, a viewpoint likely to resonate with a reasonable

observer in New York City.

### C. Judge Liman's Financial Interest in Johnson & Johnson and DePuy – The Evidence.

The evidence clearly shows that (1) J&J owns DePuy; (2) Judge Liman owned J&J stock

before this case began; and (3) Judge Liman purchased additional J&J stock upon receiving

DePuy's summary judgement and then sold it immediately after final orders favoring DePuy and

HOC were entered in which he received dividends. These facts suggest significant bias and

partiality from Judge Liman. His financial interest in the case should have prompted him to

disclose his conflict to the Plaintiff or to disqualify himself from any related proceedings.

The Judges collaborated for their own financial benefit. Judge Aaron consistently ruled

against the Plaintiff on reasonable requests to support her case against DePuy and HOC, while

Judge Liman upheld all of Judge Aaron's orders during discovery, claiming no abuse of

discretion. Given Judge Liman's own financial interest in protecting the defendants, a reasonable

person might understand why Judge Aaron's rulings were so harsh against the Plaintiff, with

Judge Liman effectively endorsing those decisions.

Judge Liman's 2021-2022 financial disclosures revealed investments in J&J which

included stock transactions while and after ruling on DePuy and HOC's motions for summary

judgment and objections to Judge Aaron's discovery rulings which he received cash dividends

between $15,001 and $50,000. *See Exhibit 4.* This raises the question: why didn't Judge Liman

inform the Clerk about his stock ownership in J&J, unlike he did in *Tiffany and Company v.*

*Costco Whole Corporation* No. 1:13-cv-01041-LJL-DCF (S.D.N,Y.), where he disclosed his

wife's stock in Costco? *See Exhibit 5 hereto.*

### E. Plaintiff acted without delay in finding and presenting the evidence in support of her claims in the instant motion to the Court.

As evidenced by Plaintiff's declaration attached hereto as *Exhibit 6* and incorporated

herein as if fully copied hereat, she was informed of the financial interests of Judge Liman and

Judge Aaron detailed above in July 2024. After obtaining the evidence establishing the financial

interests of Judge Liman and Judge Aaron in or related to J&J, Plaintiff filed the instant Rule

60(b)(6) motion.

A party who seeks relief under Rule 60(b)(6) must do so within a reasonable

time. *See Fed R. Civ. P. 60(c)(1).* The reasonableness inquiry is an "elastic concept" through

which the Court considers the particular circumstances of the case. *Saleh v. United States*, 2014

U.S. Dist. LEXIS 108752, 2014 WL 3855022, at *3 (S.D.N.Y. July 31, 2014) (citing *PRC*

*Harris, Inc. v. Boeing Co.*, 700 F.2d 894, 897 (2d Cir. 1983)). Courts assess reasonableness by

balancing the interest in finality and the reasons for delay. *Yi Chen v. United States*, 2016 U.S.

Dist. LEXIS 16364, 2015 WL 519617, at *3 (S.D.N.Y. Feb. 3, 2016) (quoting *Saleh*, 2014 U.S.

Dist. LEXIS 108752, 2014 WL 3855022, at *3).

The Plaintiff had every reason to believe that each judge reviewed the case's interested parties and corporate disclosure statements, which identified J&J as a defendant. The Plaintiff understood that both judges had an obligation to recuse or disqualify themselves if they held a financial interest in any of the defendants. Who better than Judge Liman and Judge Aaron to determine their own disqualifications? This was the Plaintiff's reasonable assumption.

Had the Plaintiff not been lulled into believing that Judge Aaron and Judge Liman had no financial interest in J&J or DePuy, she would have moved to recuse both judges. Given the Plaintiff's testimony, the current motion is timely filed and supported by the evidence presented.

## V.    **CONCLUSION**

WHEREFORE, the Plaintiff Jodi Rouviere requests this Court to grant the instant motion to vacate the final judgment entered in favor of DePuy and Howmedica and against Plaintiff based on the forgoing verified facts, evidence and law; and enter an order granting same and vacating the final judgments entered in the instant case. Plaintiff requests other relief this Court deems proper and just under the circumstances.

October 22, 2024
Miami, Florida

Respectfully submitted,

Jodi Rouviere
10950 Southwest 84th Court
Miami, FL 33156-3526
(305)608-8076
jodi.jtm@gmail.com
*Appearing pro se*

25

## VERIFICATION

UNDER PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA PURSUANT TO 28 U.S.C. § 1746 and Fla. Stat. § 92.525, I, JODI ROUVIERE, DECLARE THAT I HAVE READ THE FOREGOING MOTION TO VACATE AND EXHIBITS THERETO AFFIRM THAT THE FACTS STATED HEREIN ARE TRUE AND CORRECT, done on this 22nd day of October 2024.

JODI ROUVIERE

### CERTIFICATE OF SERVICE

I hereby certify that the foregoing Motion and exhibits attached thereto were filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants by email and U.S. mail postage prepaid 1st class on this 22nd day of October 2024.:

Paul E. Asfendis
GIBBONS, P.C.
One Pennsylvania Plaza
New York, NY 10119
PAsfendis@gibbonslaw.com


Joseph G. Eaton
J.T. Larson
Barnes & Thornburg, LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Joe.Eaton@btlaw.com

Jodi Rouviere

# EXHIBIT 1

| AO 10<br>Rev. 1/2021 | **FINANCIAL DISCLOSURE REPORT**<br>**FOR CALENDAR YEAR 2021** | *Report Required by the Ethics*<br>*in Government Act of 1978*<br>*(5 U.S.C. app. §§ 101-111)* |
|---|---|---|

| 1. Person Reporting (last name, first, middle initial)<br><br>Aaron, Stewart D. | 2. Court or Organization<br><br>U.S. District Court, Southern District of New York | 3. Date of Report<br><br>03/10/2022 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status;<br>magistrate judges indicate full- or part-time)<br><br>Magistrate Judge (FT) | 5a. Report Type (check appropriate type)<br><br>☐ Nomination ☐ Date<br>☐ Initial ☑ Annual ☐ Final<br>5b. ☐ Amended Report | 6. Reporting Period<br><br>01/01/2021<br>to<br>12/31/2021 |
| 7. Chambers or Office Address<br><br>U.S. Courthouse<br>500 Pearl Street<br>New York, New York 10007 | | |

> ***IMPORTANT NOTES:*** *The instructions accompanying this form must be followed. Complete all parts,*
> *checking the NONE box for each part where you have no reportable information.*

## I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. New York County Lawyers Association | Director |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

## II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☐ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. 2017 | Payments under Articles of Partnership of Arnold & Porter Kaye Scholer LLP for a five-year term starting in 2019 |
| 2. | |
| 3. | |

| FINANCIAL DISCLOSURE REPORT<br>Page 2 of 9 | Name of Person Reporting<br><br>Aaron, Stewart D. | Date of Report<br><br>03/10/2022 |
|---|---|---|

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME<br>(yours, not spouse's) |
|---|---|---|
| 1. 2021 | Arnold & Porter Kaye Scholer LLP (nonemployee compensation agreement) | $168,723.00 |
| 2. | | |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE |
|---|---|
| 1. 2021 | Self-Employed (artist) |
| 2. | |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS – *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☑ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 3 of 9 | Aaron, Stewart D. | 03/10/2022 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☑  NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☑  NONE *(No reportable liabilities.)*

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 4 of 9 | Aaron, Stewart D. | 03/10/2022 |

## VII. INVESTMENTS and TRUSTS — *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A | B | | C | | D | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Description of Assets (including trust assets)<br><br>Place "(X)" after each asset exempt from prior disclosure | Income during reporting period | | Gross value at end of reporting period | | Transactions during reporting period | | | | |
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 1. Individual Assets (H) | | | | | | | | | |
| 2. City National Bank (cash) | A | Interest | K | T | | | | | |
| 3. Ally Online Savings Ally Bank (cash) | A | Interest | M | T | | | | | |
| 4. American Express Bank (cash) | A | Interest | L | T | | | | | |
| 5. Purepoint Financial (cash) | A | Interest | M | T | | | | | |
| 6. Synchrony Bank (cash) | A | Interest | N | T | | | | | |
| 7. TD Bank (cash) (Y) | | | | | | | | | |
| 8. Lincoln Life Assurance Co. of Boston Fixed Annuity | B | Interest | M | T | | | | | |
| 9. New York Life Insurance Co. Whole Life Account #1 | | None | M | T | | | | | |
| 10. New York Life Insurance Co. Whole Life Account #2 | | None | M | T | | | | | |
| 11. Account #1 (H) | | | | | | | | | |
| 12. Charles Schwab Bank Sweep (cash) | A | Interest | J | T | | | | | |
| 13. First Trust North American Energ ETF (EMLP) | C | Dividend | M | T | Buy | 07/23/21 | K | | |
| 14. iShares Core MISC EAFE ETF (IEFA) | D | Dividend | N | T | | | | | |
| 15. Ishares Core S&P Small Cap ETF (IJR) | A | Dividend | K | T | Buy | 07/23/21 | K | | |
| 16. Ishares Gold Trust (IAU) | | None | M | T | Buy | 07/23/21 | M | | |
| 17. iShares Trust iShares Edge MSCI Min Vol USA ETF (USMV) | C | Dividend | N | T | | | | | |

1 Income Gain Codes:       A =$1,000 or less      B =$1,001 - $2,500      C =$2,501 - $5,000      D =$5,001 - $15,000      E =$15,001 - $50,000
(See Columns B1 and D4)      F =$50,001 - $100,000      G =$100,001 - $1,000,000      H1 =$1,000,001 - $5,000,000      H2 =More than $5,000,000
2 Value Codes      J =$15,000 or less      K =$15,001 - $50,000      L =$50,001 - $100,000      M =$100,001 - $250,000
(See Columns C1 and D3)      N =$250,001 - $500,000      O =$500,001 - $1,000,000      P1 =$1,000,001 - $5,000,000      P2 =$5,000,001 - $25,000,000
     P3 =$25,000,001 - $50,000,000      P4 =More than $50,000,000
3 Value Method Codes      Q =Appraisal      R =Cost (Real Estate Only)      S =Assessment      T =Cash Market
(See Column C2)      U =Book Value      V =Other      W =Estimated

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 5 of 9 | Aaron, Stewart D. | 03/10/2022 |

## VII. INVESTMENTS and TRUSTS — *income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e.g.,<br>div., rent,<br>or int.) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e.g.,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) | (5)<br>Identity of<br>buyer/seller<br>(if private<br>transaction) |
| 18.  Vanguard FTSE Emerging Mark ETF IV (VWO) | C | Dividend | M | T | | | | | |
| 19.  Vanguard Small Cap Value ETF (VBR) | C | Dividend | M | T | | | | | |
| 20.  Vanguard Total Stock Market ETF (VTI) | C | Dividend | N | T | Sold (part) | 07/23/21 | K | D | |
| 21.  DoubleLine Total Return Bond (DBLTX) | D | Dividend | M | T | | | | | |
| 22.  Metropolitan West Total Return Bond (MWTIX) | C | Dividend | M | T | | | | | |
| 23.  Vanguard Interm-Term Bond Index (VBILX) | D | Dividend | N | T | | | | | |
| 24.  Vanguard Short Term Bond (VBIRX) | D | Dividend | N | T | | | | | |
| 25.  Akre Focus Instl (AKRIX) | D | Dividend | M | T | Buy | 07/23/21 | M | | |
| 26.  Cohen & Steers Preferred & Income (CPXIX) | D | Dividend | N | T | | | | | |
| 27.  Fidelity ADV Real Estate Income FD CL I (FRIRX) | A | Dividend | L | T | | | | | |
| 28.  Polen Growth Institution (POLIX) | | None | | | Sold | 07/23/21 | M | E | |
| 29.  Account #2 (H) | | | | | | | | | |
| 30.  Schwab Government Money Fund (SWGXX) (cash equiv.) (Y) | | | | | | | | | |
| 31.  Schwab Value Advantage (SWVXX) (cash equiv.) | A | Dividend | N | T | | | | | |
| 32.  US Treasury NT (5 year) (9128284L1) | B | Interest | L | T | | | | | |
| 33.  Account #3 (H) | | | | | | | | | |
| 34.  iShares Trust iShares Edge MSCI Min Vol USA ETF (USMV) | A | Dividend | J | T | | | | | |

1 Income Gain Codes:     A =$1,000 or less     B =$1,001 - $2,500     C =$2,501 - $5,000     D =$5,001 - $15,000     E =$15,001 - $50,000
  (See Columns B1 and D4)     F =$50,001 - $100,000     G =$100,001 - $1,000,000     H1 =$1,000,001 - $5,000,000     H2 =More than $5,000,000
2 Value Codes     J =$15,000 or less     K =$15,001 - $50,000     L =$50,001 - $100,000     M =$100,001 - $250,000
  (See Columns C1 and D3)     N =$250,001 - $500,000     O =$500,001 - $1,000,000     P1 =$1,000,001 - $5,000,000     P2 =$5,000,001 - $25,000,000
     P3 =$25,000,001 - $50,000,000     P4 =More than $50,000,000
3 Value Method Codes     Q =Appraisal     R =Cost (Real Estate Only)     S =Assessment     T =Cash Market
  (See Column C2)     U =Book Value     V =Other     W =Estimated

| FINANCIAL DISCLOSURE REPORT<br>Page 6 of 9 | Name of Person Reporting<br><br>Aaron, Stewart D. | Date of Report<br><br>03/10/2022 |
|---|---|---|

## VII. INVESTMENTS and TRUSTS — *Income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e.g.,<br>div., rent,<br>or int.) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e.g.,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) | (5)<br>Identity of<br>buyer/seller<br>(if private<br>transaction) |
| 35.  Vanguard Total Stock Market ETF (VTI) | A | Dividend | K | T | | | | | |
| 36.  Account #4 (H) | | | | | | | | | |
| 37.  Schwab US Tray Money Inv (SNSXX) | A | Dividend | | | Sold | 07/21/21 | K | | |
| 38.  Account #5 (H) | | | | | | | | | |
| 39.  Wilmington Govt MMkt (cash) | A | Dividend | | | Closed | 03/02/21 | J | | |
| 40.  Account #6 (H) | | | | | | | | | |
| 41.  New York's 529 Interest Accumulation Portfolio | | None | | | Sold | 12/31/21 | J | | |
| 42.  Account #7 (H) | | | | | | | | | |
| 43.  New York's 529 Interest Accumulation Portfolio | | None | J | T | Sold (part) | 01/11/21 | J | | |
| 44. | | | | | Sold (part) | 05/17/21 | J | | |
| 45. | | | | | Sold (part) | 07/26/21 | J | | |
| 46.  Account #8 (H) | | | | | | | | | |
| 47.  NY 529 Conservative Age Based Option Blended Growth Port | | None | J | T | Buy | 12/31/21 | J | | |
| 48.  Account #9 (H) | | | | | | | | | |
| 49.  NY 529 Conservative Age Based Option Blended Growth Port | | None | J | T | Buy | 12/31/21 | J | | |
| 50.  Account #10 (H) | | | | | | | | | |
| 51.  NY 529 Conservative Age Based Option Blended Growth Port | A | Interest | J | T | Buy | 12/31/21 | J | | |

1 Income Gain Codes:     A =$1,000 or less     B =$1,001 - $2,500     C =$2,501 - $5,000     D =$5,001 - $15,000     E =$15,001 - $50,000
   (See Columns B1 and D4)     F =$50,001 - $100,000     G =$100,000 - $1,000,000     H1 =$1,000,001 - $5,000,000     H2 =More than $5,000,000
2 Value Codes     J =$15,000 or less     K =$15,001 - $50,000     L =$50,001 - $100,000     M =$100,001 - $250,000
   (See Columns C1 and D3)     N =$250,001 - $500,000     O =$500,001 - $1,000,000     P1 =$1,000,001 - $5,000,000     P2 =$5,000,001 - $25,000,000
                                              P3 =$25,000,001 - $50,000,000                                              P4 =More than $50,000,000
3 Value Method Codes     Q =Appraisal     R =Cost (Real Estate Only)     S =Assessment     T =Cash Market
   (See Column C2)     U =Book Value     V =Other     W =Estimated

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 7 of 9 | Aaron, Stewart D. | 03/10/2022 |

## VII. INVESTMENTS and TRUSTS — *Income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A | B | | C | | D | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Description of Assets (including trust assets) | Income during reporting period | | Gross value at end of reporting period | | Transactions during reporting period | | | | |
| Place "(X)" after each asset exempt from prior disclosure | (1) Amount Code 1 (A-H) | (2) Type (e g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 52.   Account #11 (H) | | | | | | | | | |
| 53.   Fidelity Asset Manager 50% (FASMX) | B | Dividend | K | T | | | | | |

| 1 Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 8 of 9 | Aaron, Stewart D. | 03/10/2022 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

Parenthetical numbers in Part VII are CUSIP numbers.

Part VII, Column B: Lines reflecting no income are so reported because none was attributed to those particular holdings during the reporting period, whether taxable, tax exempt, or tax deferred, or because the investments do not allocate income to individual holdings, but instead are credited only in unit value, per page 42 of the filing instructions.

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 9 of 9 | Aaron, Stewart D. | 03/10/2022 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature: s/ **Stewart D. Aaron**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILLFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

# EXHIBIT 2

| AO 10<br>Rev. 1/2021 | **FINANCIAL DISCLOSURE REPORT**<br>**FOR CALENDAR YEAR 2022** | *Report Required by the Ethics*<br>*in Government Act of 1978*<br>*(5 U.S.C. app. §§ 101-111)* |

| 1. Person Reporting (last name, first, middle initial)<br><br>Aaron, Stewart D. | 2. Court or Organization<br><br>U.S. District Court, Southern District of New York | 3. Date of Report<br><br>04/18/2023 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status;<br>     magistrate judges indicate full- or part-time)<br><br>Magistrate Judge (FT) | 5a. Report Type (check appropriate type)<br><br>☐ Nomination     Date<br>☐ Initial   ☑ Annual     ☐ Final<br><br>5b. ☐ Amended Report | 6. Reporting Period<br><br>01/01/2022<br>to<br>12/31/2022 |

| 7. Chambers or Office Address<br><br>U.S. Courthouse<br>500 Pearl Street<br>New York, New York 10007 |
|---|

| ***IMPORTANT NOTES:*** *The instructions accompanying this form must be followed. Complete all parts,*<br>*checking the NONE box for each part where you have no reportable information.* |
|---|

# I. POSITIONS. *(Reporting individual only; see pp. 9-13 of filing instructions.)*

☐ NONE *(No reportable positions.)*

| | POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|---|
| 1. | New York County Lawyers Association | Director |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

# II. AGREEMENTS. *(Reporting individual only; see pp. 14-16 of filing instructions.)*

☐ NONE *(No reportable agreements.)*

| | DATE | PARTIES AND TERMS |
|---|---|---|
| 1. | 2017 | Payments under Articles of Partnership of Arnold & Porter Kaye Scholer LLP for a five-year term starting in 2019 |
| 2. | | |
| 3. | | |

| **FINANCIAL DISCLOSURE REPORT**<br>Page 2 of 9 | Name of Person Reporting<br><br>Aaron, Stewart D. | Date of Report<br><br>04/18/2023 |
|---|---|---|

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see pp. 17-24 of filing instructions.)*

### A. Filer's Non-Investment Income

☐   NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME<br>(yours, not spouse's) |
|---|---|---|
| 1. 2022 | Arnold & Porter Kaye Scholer LLP (nonemployee compensation<br>agreement) | $168,723.00 |
| 2. | | |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

☐   NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE |
|---|---|
| 1. 2022 | Self-Employed (artist) |
| 2. | |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see pp. 25-27 of filing instructions.)*

☑   NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | | | | | |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 3 of 9 | Aaron, Stewart D. | 04/18/2023 |

## V. GIFTS. *(Includes those to spouse and dependent children; see pp. 28-31 of filing instructions.)*

☑ NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see pp. 32-33 of filing instructions.)*

☑ NONE *(No reportable liabilities.)*

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| FINANCIAL DISCLOSURE REPORT<br>Page 4 of 9 | Name of Person Reporting<br><br>Aaron, Stewart D. | Date of Report<br><br>04/18/2023 |
|---|---|---|

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE (No reportable income, assets, or transactions.)

| A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e g ,<br>div , rent,<br>or int ) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e g ,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) | (5)<br>Identity of<br>buyer/seller<br>(if private<br>transaction) |
| 1.    Individual Assets (H) | | | | | | | | | |
| 2.    City National Bank (cash) | A | Interest | J | T | | | | | |
| 3.    Ally Online Savings Ally Bank (cash) | C | Interest | M | T | | | | | |
| 4.    American Express Bank (cash) | C | Interest | L | T | | | | | |
| 5.    Synchrony Bank (cash) | D | Interest | M | T | | | | | |
| 6.    Protective Life (formerly Lincoln Life of Boston) Fixed Annuity | B | Interest | M | T | | | | | |
| 7.    New York Life Insurance Co. Whole Life | | None | M | T | | | | | |
| 8.    Account #1 (H) | | | | | | | | | |
| 9.    Charles Schwab Bank Sweep (cash) | A | Interest | J | T | | | | | |
| 10.   First Trust North American Energ ETF (EMLP) | C | Dividend | M | T | | | | | |
| 11.   Ishares Core MSCI Emerging ETF (IEMG) | B | Dividend | L | T | Buy | 01/31/22 | L | | |
| 12.   IShares Core MSCI EAFE ETF (IEFA) | D | Dividend | M | T | | | | | |
| 13.   Ishares Core S&P Small Cap ETF (IJR) | A | Dividend | K | T | | | | | |
| 14.   Ishares Gold Trust (IAU) | | None | M | T | Buy<br>(add'l) | 01/31/22 | L | | |
| 15.   IShares Trust iShares Edge MSCI Min Vol USA ETF (USMV) | C | Dividend | M | T | Sold<br>(part) | 01/31/22 | M | E | |
| 16.   Proshares S&P 500 Div Aristocrat ETF (NOBL) | C | Dividend | M | T | Buy | 01/31/22 | M | | |
| 17.   Vanguard FTSE Emerging Mark ETF IV (VWO) | | None | | | Sold | 01/31/22 | M | E | |

| 1 Income Gain Codes:<br>(See Columns B1 and D4)<br>2 Value Codes<br>(See Columns C1 and D3)<br><br>3 Value Method Codes<br>(See Column C2) | A =$1,000 or less<br>F =$50,001 - $100,000<br>J =$15,000 or less<br>N =$250,001 - $500,000<br>P3 =$25,000,001 - $50,000,000<br>Q =Appraisal<br>U =Book Value | B =$1,001 - $2,500<br>G =$100,001 - $1,000,000<br>K =$15,001 - $50,000<br>O =$500,001 - $1,000,000<br><br>R =Cost (Real Estate Only)<br>V =Other | C =$2,501 - $5,000<br>H1 =$1,000,001 - $5,000,000<br>L =$50,001 - $100,000<br>P1 =$1,000,001 - $5,000,000<br>P4 =More than $50,000,000<br>S =Assessment<br>W =Estimated | D =$5,001 - $15,000<br>H2 =More than $5,000,000<br>M =$100,001 - $250,000<br>P2 =$5,000,001 - $25,000,000<br><br>T =Cash Market | E =$15,000 - $50,000 |
|---|---|---|---|---|---|

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 5 of 9 | Aaron, Stewart D. | 04/18/2023 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE *(No reportable income, assets, or transactions.)*

| A Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B Income during reporting period | | C Gross value at end of reporting period | | D Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | (5) Identity of buyer/seller (if private transaction) |
| 18.   Vanguard Small Cap Value ETF (VBR) | C | Dividend | M | T | | | | | |
| 19.   Vanguard Total Stock Market ETF (VTI) | C | Dividend | N | T | | | | | |
| 20.   DoubleLine Total Return Bond (DBLTX) | D | Dividend | M | T | | | | | |
| 21.   Metropolitan West Total Return Bond (MWTIX) | A | Dividend | | | Sold | 01/31/22 | M | | |
| 22.   Vanguard Interm-Term Bond Index (VBILX) | D | Dividend | N | T | Sold (part) | 02/10/22 | K | A | |
| 23. | | | | | Sold (part) | 02/14/22 | K | A | |
| 24.   Vanguard Short Term Bond (VBIRX) | C | Dividend | N | T | Sold (part) | 02/01/22 | L | B | |
| 25. | | | | | Sold (part) | 02/14/22 | K | A | |
| 26. | | | | | Sold (part) | 03/15/22 | J | A | |
| 27.   Virtus SEIX Floating Rate High Inc I (SAMBX) | D | Dividend | M | T | Buy | 01/31/22 | M | | |
| 28.   Akre Focus Instl (AKRIX) | D | Dividend | M | T | Buy (add'l) | 01/31/22 | K | | |
| 29.   Cohen & Steers Preferred & Income (CPXIX) | D | Dividend | M | T | | | | | |
| 30.   Fidelity ADV Real Estate Income FD CL I (FRIRX) | C | Dividend | L | T | | | | | |
| 31.   GQG Partners Emerging Markets Equist Inst (GQGIX) | C | Dividend | L | T | Buy | 01/31/22 | L | | |
| 32.   Versus Capital Multi-Mgr Real Est Inc I (VCMIX) | C | Dividend | L | T | Buy | 02/10/22 | K | | |
| 33. | | | | | Buy (add'l) | 02/14/22 | K | | |
| 34.   Account #2 (H) | | | | | | | | | |

| 1 Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT<br>Page 6 of 9 | Name of Person Reporting<br><br>Aaron, Stewart D. | Date of Report<br><br>04/18/2023 |
|---|---|---|

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE *(No reportable income, assets, or transactions.)*

| A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset exempt from prior disclosure | B<br>Income during reporting period | | C<br>Gross value at end of reporting period | | D<br>Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount Code 1<br>(A-H) | (2)<br>Type (e g , div , rent, or int ) | (1)<br>Value Code 2<br>(J-P) | (2)<br>Value Method Code 3<br>(Q-W) | (1)<br>Type (e g , buy, sell, redemption) | (2)<br>Date mm/dd/yy | (3)<br>Value Code 2<br>(J-P) | (4)<br>Gain Code 1<br>(A-H) | (5)<br>Identity of buyer/seller (if private transaction) |
| 35.  Schwab Value Advantage (SWVXX) (cash equiv.) | A | Dividend | J | T | Sold (part) | 05/31/22 | M | | |
| 36. | | | | | Sold (part) | 09/27/22 | K | | |
| 37.  US Treasury NT (5 year) (9128284L1) | B | Interest | K | T | | | | | |
| 38.  JPMorgan Chase Bank (cash) | A | Interest | K | T | Open | 06/01/22 | K | | |
| 39.  UBS Bank (cash) | A | Interest | L | T | Open | 06/02/22 | L | | |
| 40.  Wells Fargo Bank (cash) | | None | K | T | Open | 09/27/22 | K | | |
| 41.  Goldman Sachs Bank (cash) | A | Interest | L | T | Open | 06/02/22 | L | | |
| 42.  Account #3 (H) | | | | | | | | | |
| 43.  iShares Trust iShares Edge MSCI Min Vol USA ETF (USMV) | A | Dividend | J | T | | | | | |
| 44.  Vanguard Total Stock Market ETF (VTI) | A | Dividend | K | T | | | | | |
| 45.  Account #4 (H) | | | | | | | | | |
| 46.  New York's 529 Interest Accumulation Portfolio | | None | J | T | Sold (part) | 01/04/22 | J | | |
| 47. | | | | | Sold (part) | 05/31/22 | J | | |
| 48. | | | | | Sold (part) | 08/22/22 | J | | |
| 49. | | | | | Buy (add'l) | 12/12/22 | J | | |
| 50.  Account #5 (H) | | | | | | | | | |
| 51.  NY 529 Conservative Age Based Option Blended Growth Port | | None | | | Sold | 01/31/22 | J | | |

| 1  Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2  Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3  Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT<br>Page 7 of 9 | Name of Person Reporting<br><br>Aaron, Stewart D. | Date of Report<br><br>04/18/2023 |
|---|---|---|

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see pp. 34-60 of filing instructions.)

☐ NONE *(No reportable income, assets, or transactions.)*

| A | B | | C | | D | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | Income during<br>reporting period | | Gross value at end<br>of reporting period | | Transactions during reporting period | | | | |
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e g ,<br>div , rent,<br>or int ) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e g ,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) | (5)<br>Identity of<br>buyer/seller<br>(if private<br>transaction) |
| 52.  New York's 529 Interest Accumulation Portfolio | | None | K | T | Buy | 01/31/22 | J | | |
| 53. | | | | | Buy (add'l) | 12/12/22 | J | | |
| 54.  Account #6 (H) | | | | | | | | | |
| 55.  NY 529 Conservative Age Based Option Blended Growth Port | | None | | | Sold | 01/31/22 | J | | |
| 56.  New York's 529 Interest Accumulation Portfolio | | None | J | T | Buy | 01/31/22 | J | | |
| 57. | | | | | Buy (add'l) | 12/12/22 | J | | |
| 58.  Account #7 (H) | | | | | | | | | |
| 59.  NY 529 Conservative Age Based Option Blended Growth Port | | None | | | Sold | 01/31/22 | J | | |
| 60.  New York's 529 Interest Accumulation Portfolio | | None | J | T | Buy | 01/31/22 | J | | |
| 61. | | | | | Buy (add'l) | 12/12/22 | J | | |
| 62.  Account #8 (H) | | | | | | | | | |
| 63.  Fidelity Asset Manager 50% (FASMX) | B | Dividend | K | T | | | | | |

| 1 Income Gain Codes:<br>(See Columns B1 and D4)<br>2 Value Codes<br>(See Columns C1 and D3)<br><br>3 Value Method Codes<br>(See Column C2) | A =$1,000 or less<br>F =$50,001 - $100,000<br>J =$15,000 or less<br>N =$250,001 - $500,000<br>P3 =$25,000,001 - $50,000,000<br>Q =Appraisal<br>U =Book Value | B =$1,001 - $2,500<br>G =$100,001 - $1,000,000<br>K =$15,001 - $50,000<br>O =$500,001 - $1,000,000<br><br>R =Cost (Real Estate Only)<br>V =Other | C =$2,501 - $5,000<br>H1 =$1,000,001 - $5,000,000<br>L =$50,001 - $100,000<br>P1 =$1,000,001 - $5,000,000<br>P4 =More than $50,000,000<br>S =Assessment<br>W =Estimated | D =$5,001 - $15,000<br>H2 =More than $5,000,000<br>M =$100,001 - $250,000<br>P2 =$5,000,001 - $25,000,000<br><br>T =Cash Market | E =$15,001 - $50,000 |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 8 of 9 | Aaron, Stewart D. | 04/18/2023 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

Parenthetical numbers in Part VII are CUSIP numbers.

Part VII, Column B: Lines reflecting no income are so reported because none was attributed to those particular holdings during the reporting period, whether taxable, tax exempt, or tax deferred, or because the investments do not allocate income to individual holdings, but instead are credited only in unit value, per page 42 of the filing instructions.

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 9 of 9 | Aaron, Stewart D. | 04/18/2023 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature: **s/ Stewart D. Aaron**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILLFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite 2-301
One Columbus Circle, N.E.
Washington, D.C. 20544

# EXHIBIT 3



Exhibit 3

# Arnold&Porter

People    Services    **News & Perspectives**    Offices    About    Careers    Alumni

Publications and Presentations

*Certification Battles*

Kaye Scholer's Consumer Products group is well regarded for helping some of the world's biggest and best known brands successfully meet these and the other unique challenges they face in a rapidly changing market. Our proven track includes advising The Hershey Company, Amazon, The Walt Disney Company, Avon, Lutron Electronics, Philip Morris USA, ▓▓▓son & Johnson, Kenneth Cole, Avery Dennison, Nintendo, Random House and Benjamin Moore, among others.

» **Read the report.**

**Share this with others:**    in    ⅃    f    ≥

*Find more content tagged:*

**Consumer Products & Retail**    **Corporate & Finance**    **Financial Technology**

# EXHIBIT 4

| AO 10<br>Rev. 1/2022 | **FINANCIAL DISCLOSURE REPORT**<br>**FOR CALENDAR YEAR 2021** | *Report Required by the Ethics*<br>*in Government Act of 1978*<br>*(5 U.S.C. app. §§ 101-111)* |

| 1. Person Reporting (last name, first, middle initial)<br><br>Liman, Lewis J. | 2. Court or Organization<br><br>U. S. District Court, Southern District of New York | 3. Date of Report<br><br>05/13/2022 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status;<br>    magistrate judges indicate full- or part-time)<br><br>U.S. District Judge - Active Status | 5a. Report Type (check appropriate type)<br><br>☐ Nomination    Date<br>☐ Initial    ☑ Annual    ☐ Final<br>5b. ☐ Amended Report | 6. Reporting Period<br><br>01/01/2021<br>to<br>12/31/2021 |
| 7. Chambers or Office Address<br><br>United States Courthouse<br>500 Pearl Street<br>New York, NY 10007 | | |

> **IMPORTANT NOTES:** *The instructions accompanying this form must be followed. Complete all parts,*
> *checking the NONE box for each part where you have no reportable information.*

## I. POSITIONS. *(Reporting individual only; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 345 Trustees, Executors, Administrators, and Custodians; § 350 Power of Attorney; § 355 Outside Positions.)*

☐ NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1.   Trustee | Liman Foundation |
| 2. | |
| 3. | |
| 4. | |
| 5. | |

## II. AGREEMENTS. *(Reporting individual only; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 340 Agreements and Arrangements)*

☐ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. 2003-2019 | Cleary Gottlieb Steen & Hamilton LLP - retirement plan with former law firm; firm-managed asset selection |
| 2. | |
| 3. | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 2 of 28 | Liman, Lewis J. | 05/13/2022 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 320 Income; § 360 Spouses and Dependent Children.)*

### A. Filer's Non-Investment Income

☑ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*
*(Dollar amount not required except for honoraria.)*

☑ NONE *(No reportable non-investment income.)*

| DATE | SOURCE |
|---|---|
| 1. | |
| 2. | |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS *-- transportation, lodging, food, entertainment.*
*(Includes those to spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 330 Gifts and Reimbursements; § 360 Spouses and Dependent Children.)*

☐ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | Federal Bar Council | October 22-24, 2021 | Saratoga Springs, NY | Bench Bar Retreat & Education | Fall Retreat, hotel |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 3 of 28 | Liman, Lewis J. | 05/13/2022 |

## V. GIFTS. *(Includes those to spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 330 Gifts and Reimbursements; § 360 Spouses and Dependent Children.)*

☑ NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 335 Liabilities; § 360 Spouses and Dependent Children.)*

☑ NONE *(No reportable liabilities.)*

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 4 of 28 | Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐  NONE *(No reportable income, assets, or transactions.)*

| A Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B Income during reporting period | | C Gross value at end of reporting period | | D Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | |
| 1.  Retirement Account 1 Fidelity Investments (H) | | | | | | | | | |
| 2.  - Fidelity Investments, Investment Contracts Fund | | | | | | | | | |
| 3.  - Vanguard Target 2025 | | | | | | | | | |
| 4.  Investment Account 1 Charles Schwab managed by KF Advisors (H) | | | | | | | | | |
| 5.  - Ishares Russell 2000 IWM | C | Dividend | N | T | | | | | |
| 6.  - JH Intl Growth Fund GOGIX | G | Dividend | O | T | | | | | |
| 7.  - Edgewood Growth Fund EGFIX | | None | | | Sold | 05/24/21 | O | G | |
| 8.  - Touchstone Sands Emerging Markets Growth TSEGX | D | Dividend | N | T | Sold (part) | 05/24/21 | N | G | |
| 9.  - Aristotle Value Equity Fund ARSQX | E | Dividend | O | T | Sold (part) | 05/24/21 | O | G | |
| 10.  - Ishares Core S&P 500 Index ETF IVV | | None | | | Sold | 01/05/21 | O | F | |
| 11.  - GQG Partners Global Quality Eqty Inst GQRIX | | None | | | Sold | 05/24/21 | P1 | F | |
| 12.  - Grandeur Peak Intl GISYX | F | Dividend | O | T | | | | | |
| 13.  - PIMCO Short Term PTSHX | D | Dividend | O | T | Sold (part) | 01/05/21 | M | | |
| 14. | | | | | Sold (part) | 04/06/21 | N | | |
| 15. | | | | | Sold | 05/24/21 | P1 | D | |
| 16. | | | | | Buy | 08/16/21 | P1 | | |
| 17.  - River Canyon Total Return Bond Inst RCTIX | E | Dividend | O | T | | | | | |

| 1 Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 5 of 28 | Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE (No reportable income, assets, or transactions.)

| A | B | | C | | D | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Description of Assets (including trust assets) | Income during reporting period | | Gross value at end of reporting period | | Transactions during reporting period | | | | |
| Place "(X)" after each asset exempt from prior disclosure | (1) Amount Code 1 (A-H) | (2) Type (e g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | |
| 18.   - Vanguard Short Term Bond Fund VFSUX | E | Dividend | P1 | T | Sold (part) | 01/05/21 | M | D | |
| 19. | | | | | Sold (part) | 04/06/21 | N | C | |
| 20. | | | | | Sold (part) | 05/24/21 | O | E | |
| 21. | | | | | Buy (add'l) | 08/16/21 | O | | |
| 22.   - Schwab Government Money Fund SNVXX | A | Dividend | | | Sold | 01/05/21 | P1 | | |
| 23.   - Schwab cash accounts | A | Interest | P1 | T | | | | | |
| 24.   - Atara Biotherapeutic ATRA (X) | | None | | | Sold | 01/25/21 | K | D | |
| 25.   - Wework Inc WE (X) | | None | | | Sold (part) | 11/03/21 | L | E | |
| 26. | | | | | Sold | 12/17/21 | K | C | |
| 27.   Investment Account 2 Schwab Charitable managed by KF Advisors (H) | | | | | | | | | |
| 28.   - Schwab Donor Advised - Janus Balanced Pool JABAX | | None | K | T | Sold (part) | 03/18/21 | J | A | |
| 29. | | | | | Sold (part) | 12/20/21 | J | C | |
| 30.   - Schwab Donor Advised - Manning & Napier Conservative Pool EXDAX | | None | K | T | Sold (part) | 03/18/21 | J | A | |
| 31. | | | | | Sold (part) | 12/20/21 | J | C | |
| 32.   Armistice LP | D | Dividend | O | U | | | | | |
| 33.   DAG Ventures V-QP, L.P. | A | Dividend | L | U | | | | | |
| 34.   Hawk Ridge Partners II LP | E | Dividend | P1 | U | | | | | |

| 1 Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 6 of 28 | Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐  NONE *(No reportable income, assets, or transactions.)*

| A | B | | C | | D | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Description of Assets (including trust assets)<br><br>Place "(X)" after each asset exempt from prior disclosure | Income during reporting period | | Gross value at end of reporting period | | Transactions during reporting period | | | | |
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | |
| 35.  Sculptor (OZ) Domestic Partners II LP | A | Dividend | L | U | | | | | |
| 36.  PIMCO BRAVO Fund III Onshore Feeder, L.P. | D | Dividend | N | U | | | | | |
| 37.  RCP Apex II Syndication Partners LP | A | Dividend | M | U | | | | | |
| 38.  Riverstone Credit Partners, L.P. | A | Dividend | J | U | | | | | |
| 39.  Solaris Ara Fund LP | E | Dividend | P1 | U | | | | | |
| 40.  Summit Strategies COI Fund I, L.P. | C | Dividend | N | U | | | | | |
| 41.  CGSH Partners Investments, LLC | D | Dividend | N | U | | | | | |
| 42.  Retirement Account 2 Cash Balance Plan (H) | | | | | | | | | |
| 43.  - Fidelity Government Cash Reserves FDRXX | | None | K | T | | | | | |
| 44.  - PIMCO Total Return Instl PTTRX | | None | L | T | | | | | |
| 45.  - Vanguard International Value Port Inv Cl VTRIX | | None | J | T | | | | | |
| 46.  - Vanguard International Growth Admiral VWILX | | None | J | T | | | | | |
| 47.  - Vanguard Hi Yield Corporate Admiral VWEAX | | None | K | T | | | | | |
| 48.  - Fidelity Extended Market Index FSMAX | | None | J | T | | | | | |
| 49.  - Fidelity 500 Index FXAIX | | None | J | T | | | | | |
| 50.  - Fidelity Growth Company FDGRX | | None | K | T | | | | | |
| 51.  - Fidelity Total Intl Index FTIHX | | None | J | T | | | | | |

| 1 Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT<br>Page 7 of 28 | Name of Person Reporting<br><br>Liman, Lewis J. | Date of Report<br><br>05/13/2022 |
|---|---|---|

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

[ ]  NONE *(No reportable income, assets, or transactions.)*

| A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e g ,<br>div , rent,<br>or int ) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e g ,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) | |
| 52.    - DFA Global Real Estate DFGEX | | None | J | T | | | | | |
| 53.    - JPMorgan Small Cap Growth JGSVX | | None | J | T | | | | | |
| 54.    - Vanguard Equity Income Admiral VEIRX | | None | K | T | | | | | |
| 55.    - Victory Sycamore Sm Co VSOIX | | None | J | T | | | | | |
| 56.    - Fidelity U.S. Bond Index FXNAX | | None | L | T | | | | | |
| 57.    - Fidelity Inflat-Prot Bd FIPDX | | None | K | T | | | | | |
| 58.    - Fidelity Int'l Bond Index FBIIX | | None | K | T | | | | | |
| 59.    - Fidelity Short Term Bond Index FNSOX | | None | L | T | | | | | |
| 60.    JPMorgan Chase cash accounts | | None | N | T | | | | | |
| 61.    Investment Account 3 Charles Schwab managed by KF Advisors (H) | | | | | | | | | |
| 62.    - Ark Innovation ETF ARKK | A | Dividend | L | T | | | | | |
| 63.    - Blackrock Strategy Income BSIIX | B | Dividend | L | T | | | | | |
| 64.    - PIMCO Flexible Credit PFLEX | D | Dividend | L | T | | | | | |
| 65.    - Artisan International Value Fund APDKX | D | Dividend | L | T | | | | | |
| 66.    - Edgewood Growth Institutional EGFIX | C | Dividend | L | T | | | | | |
| 67.    - J Hancock Disciplined Value Cl 1 JVLIX | D | Dividend | L | T | | | | | |
| 68.    - Touchstone Sands Capital TSEGX | B | Dividend | L | T | | | | | |

| 1 Income Gain Codes:<br>(See Columns B1 and D4)<br>2 Value Codes<br>(See Columns C1 and D3)<br><br>3 Value Method Codes<br>(See Column C2) | A =$1,000 or less<br>F =$50,001 - $100,000<br>J =$15,000 or less<br>N =$250,001 - $500,000<br>P3 =$25,000,001 - $50,000,000<br>Q =Appraisal<br>U =Book Value | B =$1,001 - $2,500<br>G =$100,001 - $1,000,000<br>K =$15,001 - $50,000<br>O =$500,001 - $1,000,000<br><br>R =Cost (Real Estate Only)<br>V =Other | C =$2,501 - $5,000<br>H1 =$1,000,001 - $5,000,000<br>L =$50,001 - $100,000<br>P1 =$1,000,001 - $5,000,000<br>P4 =More than $50,000,000<br>S =Assessment<br>W =Estimated | D =$5,001 - $15,000<br>H2 =More than $5,000,000<br>M =$100,001 - $250,000<br>P2 =$5,000,001 - $25,000,000<br><br>T =Cash Market | E =$15,001 - $50,000 |
|---|---|---|---|---|---|

**FINANCIAL DISCLOSURE REPORT**
Page 8 of 28

| Name of Person Reporting | Date of Report |
|---|---|
| Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE (No reportable income, assets, or transactions.)

| A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e g ,<br>div , rent,<br>or int ) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e g ,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) |
| 69.    - Vanguard 500 Index Fund VFIAX | B | Dividend | M | T | | | | |
| 70.    - Vulcan Value Partners VVISX | D | Dividend | L | T | | | | |
| 71.    - J Hancock Intl Growth Fund GOGIX | D | Dividend | L | T | | | | |
| 72.    - Vanguard Short Term Bond Fund VFSUX | B | Dividend | L | T | | | | |
| 73.    - Charles Schwab cash account | | None | J | T | | | | |
| 74.    Investment Account 4 Charles Schwab<br>managed by KF Advisors (H) | | | | | | | | |
| 75.    - Ark Innovation ETF ARKK | A | Dividend | L | T | | | | |
| 76.    - Blackrock Strat Incm BSIIX | B | Dividend | L | T | | | | |
| 77.    - PIMCO Flexible Credit PFLEX | D | Dividend | L | T | | | | |
| 78.    - Artisan Intl Value Fund APDKX | D | Dividend | L | T | | | | |
| 79.    - Edgewood Growth Instl EGFIX | C | Dividend | L | T | | | | |
| 80.    - J Hancock Disciplined JVLIX | D | Dividend | L | T | | | | |
| 81.    - Touchstone Sands Capital TSEGX | B | Dividend | L | T | | | | |
| 82.    - Vanguard 500 Index Fd VFIAX | B | Dividend | M | T | | | | |
| 83.    - Vulcan Value Partners VVISX | D | Dividend | L | T | | | | |
| 84.    - J Hancock Intl Growth Fund GOGIX | D | Dividend | L | T | | | | |
| 85.    - Vanguard Short Term Bond Fund VFSUX | B | Dividend | L | T | | | | |

| 1 Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 9 of 28 | Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐    NONE *(No reportable income, assets, or transactions.)*

| A | B | | C | | D | | | |
|---|---|---|---|---|---|---|---|---|
| Description of Assets (including trust assets) | Income during reporting period | | Gross value at end of reporting period | | Transactions during reporting period | | | |
| Place "(X)" after each asset exempt from prior disclosure | (1) Amount Code 1 (A-H) | (2) Type (e g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
| 86.    - Charles Schwab cash account | | None | J | T | | | | |
| 87.    Investment Account 5 Neuberger Berman (H) | | | | | | | | |
| 88.    - Dreyfus Treasury Sec Cash Mgmt Admin DARXX | A | Interest | | | | | | |
| 89.    - Air Products & Chem APD | A | Dividend | | | | | | |
| 90.    - Alphabet Inc Cap Stk Cl A GOOGL | | None | | | | | | |
| 91.    - Amazon.com Inc AMZN | | None | | | | | | |
| 92.    - Ansys Inc ANSS | | None | | | Sold (part) | 03/05/21 | J | B |
| 93. | | | | | Sold (part) | 03/08/21 | J | D |
| 94. | | | | | Sold (part) | 03/11/21 | J | D |
| 95. | | | | | Sold | 03/12/21 | J | D |
| 96.    - Apple Inc AAPL | A | Dividend | | | | | | |
| 97.    - Coca Cola Co KO | A | Dividend | | | | | | |
| 98.    - Comcast Corp New Cl A CMCSA | A | Dividend | | | | | | |
| 99.    - Eaton Corp OLC Com ETN | A | Dividend | | | | | | |
| 100.   - Facebook Inc FB | | None | | | Sold (part) | 02/24/21 | J | C |
| 101.   - Home Depot Inc Com HD | A | Dividend | | | | | | |
| 102.   - IHS Markit Ltd Com INFO | A | Dividend | | | | | | |

| 1 Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 10 of 28 | Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS
*-- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e g ,<br>div , rent,<br>or int ) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e g ,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) | |
| 103.  - Johnson & Johnson JNJ | A | Dividend | | | | | | | |
| 104.  - Microsoft Corp MSFT | A | Dividend | | | | | | | |
| 105.  - Pfizer Inc PFE | A | Dividend | | | Sold | 02/18/21 | J | B | |
| 106.  - Regeneron Pharmaceuticals REGN | | None | | | | | | | |
| 107.  - Union Pacific Corp. UNP | A | Dividend | | | | | | | |
| 108.  - Universal Display Corp OLED | A | Dividend | | | | | | | |
| 109.  - Visa Inc Com Cl A V | A | Dividend | | | | | | | |
| 110.  - Zoetis Inc Com UDS0.01 Cl A ZTS | A | Dividend | | | Sold<br>(part) | 03/08/21 | J | D | |
| 111.  - Adaptive Biotechnologies Corp ADPT | | None | | | | | | | |
| 112.  - Cintas Corp CTAS | A | Dividend | | | | | | | |
| 113.  - COSTCO Wholesale COST | A | Dividend | | | | | | | |
| 114.  - Draftkings DKNG | | None | | | | | | | |
| 115.  - Nike Inc NKE | A | Dividend | | | | | | | |
| 116.  - Qualcomm QCOM | A | Dividend | | | | | | | |
| 117.  - T-Mobile TMUS | | None | | | | | | | |
| 118.  - Tesla TSLA | | None | | | | | | | |
| 119.  - Vertex Pharmaceuticals VRTX | | None | | | Sold | 04/30/21 | J | | |

| 1 Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

**FINANCIAL DISCLOSURE REPORT**

Page 11 of 28

| Name of Person Reporting | Date of Report |
|---|---|
| Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e g ,<br>div , rent,<br>or int ) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e g ,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) | |
| 120.   - YETI Hldgs YETI | | None | | | Sold<br>(part) | 03/11/21 | J | D | |
| 121.   - Hologic Inc common stock HOLX | | None | | | Buy | 01/12/21 | J | | |
| 122. | | | | | Buy<br>(add'l) | 01/13/21 | J | | |
| 123. | | | | | Buy<br>(add'l) | 01/14/21 | J | | |
| 124.   - Viatris Inc common stock VTRS | | None | | | Sold | 02/01/21 | J | A | |
| 125.   - Keurig Dr Pepper Inc common stock KDP | A | Dividend | | | Buy | 03/19/21 | K | | |
| 126.   - Starbucks Corp common stock SBUX | A | Dividend | | | Buy | 03/23/21 | J | | |
| 127. | | | | | Buy<br>(add'l) | 03/24/21 | J | | |
| 128. | | | | | Buy<br>(add'l) | 04/12/21 | J | | |
| 129.   - BHP Group PLC BBL | | None | | | Buy | 04/23/21 | K | | |
| 130.   - Peloton Interactive Inc CL A common<br>        stock PTON | | None | | | Buy | 04/19/21 | J | | |
| 131. | | | | | Buy<br>(add'l) | 05/13/21 | J | | |
| 132. | | | | | Buy<br>(add'l) | 05/14/21 | J | | |
| 133.  Retirement Account 3 TIAA (H) | | | | | | | | | |
| 134.   - TIAA Traditional | | None | L | T | | | | | |
| 135.   - CREF Stock R2 | | None | M | T | | | | | |
| 136.   - TIAA Real Estate | | None | K | T | | | | | |

| 1 Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

# FINANCIAL DISCLOSURE REPORT
Page 12 of 28

| Name of Person Reporting | Date of Report |
|---|---|
| Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE *(No reportable income, assets, or transactions.)*

| A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e.g.,<br>div., rent,<br>or int.) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e.g.,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) |
| 137. - CREF Inf-Linked Bond R2 | | None | J | T | | | | |
| 138. Retirement Account 4 Charles Schwab IRA (H) | | | | | | | | |
| 139. - Alphabet Inc GOOGL | | None | | | Sold | 01/13/21 | J | C |
| 140. - Bank of America Corp. common stock BAC | | None | | | | | | |
| 141. - Ishares MSCI ACWI ETF ACWI | | None | | | | | | |
| 142. - SPDR Dow Jones Industrial Avrg ETF DIA | A | Dividend | | | | | | |
| 143. - Charles Schwab cash account | | None | | | | | | |
| 144. - Ishares MSCI Emerging Markets ETF EEM | | None | | | Buy | 01/13/21 | K | |
| 145. - VanEck Vectors Junior Gold Miners ETF GDXJ | | None | | | Buy | 01/13/21 | J | |
| 146. Investment Account 6 Morgan Stanley (H) | | | | | | | | |
| 147. - Legg Mason SCH Bal 50/50 0 SCBYX | | None | | | Sold | 07/20/21 | M | |
| 148. - Nuveen Co Bal Alloc PTF I CCFEX | | None | L | T | Buy | 07/20/21 | M | |
| 149. | | | | | Sold<br>(part) | 12/13/21 | L | F |
| 150. Investment Account 7 Morgan Stanley (H) | | | | | | | | |
| 151. - Legg Mason SCH Bal 50/50 0 SCBYX | | None | | | Sold | 07/20/21 | M | E |
| 152. - Nuveen Co Bal Alloc PTF I CCFEX | | None | N | T | Buy | 07/20/21 | M | |
| 153. Retirement Account 5 John Hancock managed by Wilmer Hale (H) | | | | | | | | |

| 1 Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

**FINANCIAL DISCLOSURE REPORT**
Page 13 of 28

| Name of Person Reporting | Date of Report |
|---|---|
| Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e g ,<br>div , rent,<br>or int ) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e g ,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) | |
| 154.   - Vanguard Target Ret 2025 Inst | | None | | | | | | | |
| 155.  Retirement Account 6 Richemont North America (H) | | | | | | | | | |
| 156.   - Prudential Principal Preservation Fund | | None | | | Sold | 10/19/21 | J | | |
| 157.  Investment Account 8 Charles Schwab managed by KF Advisors (H) | | | | | | | | | |
| 158.   - PIMCO Inflation Response Multi Asset Fund PIRMX | F | Dividend | O | T | Buy (add'l) | 10/18/21 | N | | |
| 159.   - Schwab Government Money Fund SNVXX | A | Dividend | | | Sold | 03/10/21 | N | | |
| 160.   - Charles Schwab cash account | A | Interest | K | T | | | | | |
| 161.   - PIMCO Short Term PTSHX | A | Dividend | N | T | Buy | 10/18/21 | N | | |
| 162.   - River Canyon Total Return Bond Inst RCTIX | C | Dividend | N | T | Buy | 10/18/21 | N | | |
| 163.   - Vanguard Short Term Bond Fund VFSUX | C | Dividend | N | T | Buy | 10/18/21 | N | | |
| 164.  Fortress TSX Broadway LP | | None | N | U | | | | | |
| 165.  Davidson Kempner Distressed Opportunities, LP | F | Dividend | P1 | U | | | | | |
| 166.  Hudson Bay Fund LP | E | Dividend | P1 | U | Buy | 01/01/21 | P1 | | |
| 167.  Oak Hill Capital Partners V (Onshore Feeder), L.P. | A | Dividend | K | U | | | | | |
| 168.  Rental Property, Rye, NY | E | Rent | | | Sold | 09/01/21 | P1 | H1 | |
| 169.  Retirement Account 7 Merrill (Bank of America Co) (H) | | | | | | | | | |
| 170.   - Merrill cash account | | None | | | | | | | |

| 1 Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

**FINANCIAL DISCLOSURE REPORT**
Page 14 of 28

| Name of Person Reporting | Date of Report |
|---|---|
| Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE *(No reportable income, assets, or transactions.)*

| A Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B Income during reporting period | | C Gross value at end of reporting period | | D Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
| 171. Corner Ventures DAG Fund I-C LP | A | Interest | M | U | Buy | 01/01/21 | M | |
| 172. Fifth Wall Ventures III LP | | None | M | U | Buy | 01/01/21 | M | |
| 173. Riverstone Credit Partners - Direct LP (X) | A | Dividend | M | U | | | | |
| 174. Investment Account 9 Charles Schwab Managed by KF Advisors (H) | | | | | | | | |
| 175. - Adaptive Biotechnologies Corp common stock ADPT | | None | | | Buy | 02/26/21 | K | |
| 176. | | | | | Buy (add'l) | 03/09/21 | J | |
| 177. | | | | | Buy (add'l) | 05/24/21 | J | |
| 178. | | | | | Sold | 09/29/21 | K | |
| 179. - Alphabet Inc common stock GOOGL | | None | | | Buy | 02/03/21 | K | |
| 180. | | | | | Sold | 10/27/21 | K | D |
| 181. - Amazon.com Inc common stock AMZN | | None | | | Buy | 01/21/21 | K | |
| 182. | | | | | Buy (add'l) | 03/11/21 | J | |
| 183. | | | | | Sold | 10/27/21 | K | B |
| 184. - Apple Inc common stock AAPL | A | Dividend | | | Buy | 01/21/21 | K | |
| 185. | | | | | Buy (add'l) | 03/09/21 | J | |
| 186. | | | | | Sold | 10/27/21 | K | D |
| 187. - BHP Group PLC common stock BBL | B | Dividend | | | Buy | 04/06/21 | K | |

| 1 Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 15 of 28 | Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE (No reportable income, assets, or transactions.)

| A Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B Income during reporting period | | C Gross value at end of reporting period | | D Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | |
| 188. | | | | | Sold | 11/15/21 | K | | |
| 189.  - Bumble Inc common stock BMBL | | None | | | Buy | 02/22/21 | K | | |
| 190. | | | | | Buy (add'l) | 03/08/21 | J | | |
| 191. | | | | | Buy (add'l) | 05/26/21 | J | | |
| 192. | | | | | Sold | 10/27/21 | K | | |
| 193.  - Cintas Corp common stock CTAS | A | Dividend | K | T | Buy | 01/21/21 | K | | |
| 194.  - Comcast Corp common stock CMCSA | A | Dividend | | | Buy | 02/03/21 | K | | |
| 195. | | | | | Buy (add'l) | 05/18/21 | J | | |
| 196. | | | | | Sold | 11/09/21 | K | B | |
| 197.  - Costco Wholesale Co common stock COST | A | Dividend | K | T | Buy | 01/21/21 | K | | |
| 198.  - Danaher Corp common stock DHR | A | Dividend | K | T | Buy | 06/22/21 | K | | |
| 199.  - Definance Nex Gen EFT FIVG | A | Dividend | L | T | Buy | 11/09/21 | K | | |
| 200.  - Draftkings Inc common stock DKNG | | None | | | Buy | 01/21/21 | K | | |
| 201. | | | | | Buy (add'l) | 05/27/21 | J | | |
| 202. | | | | | Sold | 10/27/21 | K | | |
| 203.  - Eaton Corp PLC common stock ETN | A | Dividend | K | T | Buy | 02/03/21 | K | | |
| 204.  - ETFMG Prime Cyber ETF HACK | A | Dividend | K | T | Buy | 11/09/21 | L | | |

| 1 Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

**FINANCIAL DISCLOSURE REPORT**
Page 16 of 28

| Name of Person Reporting | Date of Report |
|---|---|
| Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE *(No reportable income, assets, or transactions.)*

| A | B | | C | | D | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Description of Assets (including trust assets) | Income during reporting period | | Gross value at end of reporting period | | Transactions during reporting period | | | | |
| Place "(X)" after each asset exempt from prior disclosure | (1) Amount Code 1 (A-H) | (2) Type (e.g., div, rent, or int) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | |
| 205.   - Fluor Corp common stock FLR | | None | | | Buy | 03/12/21 | K | | |
| 206. | | | | | Sold | 05/21/21 | K | | |
| 207.   - Frequency Therapeutics I common stock FREQ | | None | | | Buy | 01/21/21 | K | | |
| 208. | | | | | Sold | 03/25/21 | J | | |
| 209.   - Ginkgo Bioworks H 26 WTF common stock DNAWS | | None | | | Spinoff (from line 263) | 09/17/21 | K | | |
| 210. | | | | | Sold | 10/11/21 | J | | |
| 211.   - Ginkgo Bioworks Holdings common stock DNA | | None | | | Spinoff (from line 261) | 09/17/21 | J | | |
| 212. | | | | | Sold | 10/06/21 | K | D | |
| 213.   - Hologic Inc common stock HOLX | | None | | | Buy | 02/02/21 | K | | |
| 214. | | | | | Sold | 06/01/21 | K | | |
| 215.   - Home Depot Inc common stock HD | A | Dividend | K | T | Buy | 01/21/21 | K | | |
| 216. | | | | | Buy (add'l) | 05/18/21 | J | | |
| 217.   - Innovator IBD 50 ETF FFTY | A | Dividend | L | T | Buy | 11/09/21 | L | | |
| 218. | | | | | Buy (add'l) | 12/28/21 | J | | |
| 219.   - Intellia Therapeutics Inc common stock NTLA | | None | K | T | Buy | 05/28/21 | K | | |
| 220.   - Invesco QQQ Trust ETF QQQ | A | Dividend | L | T | Buy | 10/28/21 | L | | |
| 221. | | | | | Buy (add'l) | 10/29/21 | K | | |

| 1 Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

**FINANCIAL DISCLOSURE REPORT**
Page 17 of 28

| Name of Person Reporting | Date of Report |
|---|---|
| Litman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE *(No reportable income, assets, or transactions.)*

| A Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B Income during reporting period | | C Gross value at end of reporting period | | D Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | |
| 222. - Ishares Core S&P ETF IJR | | None | K | T | Buy | 12/23/21 | K | | |
| 223. - Ishares Expanded TCH STX ETF IVG | | None | K | T | Buy | 11/09/21 | K | | |
| 224. - Ishares Russell 2000 ETF IWM | A | Dividend | L | T | Buy | 11/04/21 | L | | |
| 225. - Johnson & Johnson common stock JNJ | A | Dividend | | | Buy | 03/11/21 | K | | |
| 226. | | | | | Sold | 12/01/21 | K | | |
| 227. - Keurig Dr Pepper Inc common stock KDP | A | Dividend | | | Buy | 03/17/21 | K | | |
| 228. | | | | | Sold | 11/09/21 | K | B | |
| 229. - Microsoft Corp common stock MSFT | A | Dividend | | | Buy | 01/22/21 | K | | |
| 230. | | | | | Buy (add'l) | 01/28/21 | J | | |
| 231. | | | | | Sold | 10/27/21 | K | D | |
| 232. - Moderna Inc common stock MRNA | | None | | | Buy | 05/24/21 | K | | |
| 233. | | | | | Buy (add'l) | 07/01/21 | J | | |
| 234. | | | | | Sold | 11/05/21 | K | D | |
| 235. - Nextera Energy Inc common stock NEE | A | Dividend | | | Buy | 02/08/21 | K | | |
| 236. | | | | | Buy (add'l) | 03/09/21 | J | | |
| 237. | | | | | Sold | 11/23/21 | K | C | |
| 238. - Nike Inc common stock NKE | A | Dividend | K | T | Buy | 01/21/21 | K | | |

| 1 Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 18 of 28 | Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐   NONE *(No reportable income, assets, or transactions.)*

| A | B | | C | | D | | | |
|---|---|---|---|---|---|---|---|---|
| Description of Assets (including trust assets) | Income during reporting period | | Gross value at end of reporting period | | Transactions during reporting period | | | |
| Place "(X)" after each asset exempt from prior disclosure | (1) Amount Code 1 (A-H) | (2) Type (e g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
| 239. | | | | | Buy (add'l) | 03/08/21 | J | |
| 240. | | | | | Buy (add'l) | 03/25/21 | J | |
| 241.   - Nvidia Corp common stock NVDA | A | Dividend | | | Buy | 02/24/21 | K | |
| 242. | | | | | Sold | 10/27/21 | K | D |
| 243.   - Paypal Holdings Inc common stock PYPL | | None | | | Buy | 06/23/21 | K | |
| 244. | | | | | Buy (add'l) | 07/29/21 | J | |
| 245. | | | | | Sold | 10/27/21 | K | |
| 246.   - Peloton Interactive Inc common stock PTON | | None | | | Buy | 04/15/21 | J | |
| 247. | | | | | Buy (add'l) | 05/11/21 | J | |
| 248. | | | | | Buy (add'l) | 05/12/21 | J | |
| 249. | | | | | Sold | 08/26/21 | K | C |
| 250.   - Qualcomm Inc common stock QCOM | A | Dividend | | | Buy | 01/21/21 | K | |
| 251. | | | | | Buy (add'l) | 01/28/21 | J | |
| 252. | | | | | Buy (add'l) | 02/04/21 | J | |
| 253. | | | | | Buy (add'l) | 03/09/21 | J | |
| 254. | | | | | Buy (add'l) | 05/24/21 | J | |
| 255. | | | | | Sold | 10/27/21 | K | |

| 1 Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes: (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

**FINANCIAL DISCLOSURE REPORT**
Page 19 of 28

| Name of Person Reporting | Date of Report |
|---|---|
| Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE *(No reportable income, assets, or transactions.)*

| A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e.g.,<br>div., rent,<br>or int.) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e.g.,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) | |
| 256. - Regeneron Pharms Inc common stock REGN | | None | K | T | Buy | 01/21/21 | K | | |
| 257. | | | | | Buy (add'l) | 02/09/21 | J | | |
| 258. - Select Sector Health ETF XLV | A | Dividend | L | T | Buy | 11/09/21 | L | | |
| 259. - Sentinelone Inc Class A common stock S | | None | | | Buy | 09/01/21 | K | | |
| 260. | | | | | Sold | 10/27/21 | K | | |
| 261. - Soaring Eagle Acquis common stock NRNG (merged with line 211) | | None | | | Buy | 08/12/21 | J | | |
| 262. | | | | | Merged (with line 1) | 09/17/21 | J | | |
| 263. - Soaring Eagle ACQ 26 UTF common stock SRNGU (merged with line 209) | | None | | | Buy | 03/03/21 | K | | |
| 264. | | | | | Merged (with line 1) | 09/17/21 | K | | |
| 265. - Starbucks Corp common stock SBUX | A | Dividend | K | T | Buy | 03/19/21 | J | | |
| 266. | | | | | Buy (add'l) | 03/22/21 | J | | |
| 267. | | | | | Buy (add'l) | 04/08/21 | J | | |
| 268. - T-Mobile US Inc common stock TMUS | | None | | | Buy | 01/21/21 | K | | |
| 269. | | | | | Sold | 10/27/21 | K | | |
| 270. - Union Pacific Corp common stock UNP | A | Dividend | K | T | Buy | 01/21/21 | K | | |
| 271. - Vanguard Financials ETF VFH | A | Dividend | L | T | Buy | 10/28/21 | L | | |
| 272. - Vanguard S&P 500 ETF VOO | A | Dividend | L | T | Buy | 11/04/21 | L | | |

| 1 Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | R =Cost (Real Estate Only) | P4 =More than $50,000,000 | |
| 3 Value Method Codes | Q =Appraisal | | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market |
| (See Column C2) | U =Book Value | | V =Other | W =Estimated | |

**FINANCIAL DISCLOSURE REPORT**

Page 20 of 28

| Name of Person Reporting | Date of Report |
|---|---|
| Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐   NONE *(No reportable income, assets, or transactions.)*

| A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e g ,<br>div , rent,<br>or int ) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e g ,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) | |
| 273. - Visa Inc common stock V | A | Dividend | | | Buy | 02/03/21 | K | | |
| 274. | | | | | Sold | 10/27/21 | K | B | |
| 275. - Zoetis Inc common stock ZTS | A | Dividend | K | T | Buy | 05/21/21 | K | | |
| 276. - Charles Schwab cash account (X) | A | Interest | L | T | | | | | |
| 277. Citizens Wealth cash accounts (X) | A | Interest | O | T | | | | | |
| 278. Investment Account 10 TIAA (H) | | | | | | | | | |
| 279. - TIAA cash account | A | Interest | K | T | | | | | |
| 280. - Adaptive Biotechnologies Corp common stock ADPT (X) | | None | | | Sold | 07/22/21 | K | A | |
| 281. - Air Products and Chemicals Inc common stock APD (X) | A | Dividend | K | T | | | | | |
| 282. - Alphabet Inc common stock GOOGL (X) | | None | L | T | | | | | |
| 283. - Amazon.com Inc common stock AMZN (X) | | None | L | T | | | | | |
| 284. - Apple Inc common stock AAPL (X) | A | Dividend | L | T | | | | | |
| 285. - BHP Group PLC common stock BBL (X) | | None | | | Sold | 07/22/21 | K | A | |
| 286. - Cintas Corp common stock CTAS (X) | | None | | | Sold | 07/22/21 | K | B | |
| 287. - Coca-Cola common stock KO (X) | | None | | | Sold<br>(part) | 07/22/21 | J | B | |
| 288. | | | | | Sold | 09/15/21 | J | B | |
| 289. - Comcast Corp common stock CMCSA (X) | A | Dividend | J | T | Sold<br>(part) | 07/22/21 | K | D | |

| 1 Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | R =Cost (Real Estate Only) | P4 =More than $50,000,000 | |
| 3 Value Method Codes | Q =Appraisal | | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 21 of 28 | Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE (No reportable income, assets, or transactions.)

| A | B | | C | | D | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Description of Assets (including trust assets) | Income during reporting period | | Gross value at end of reporting period | | Transactions during reporting period | | | | |
| Place "(X)" after each asset exempt from prior disclosure | (1) Amount Code 1 (A-H) | (2) Type (e g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | |
| 290. - Costco Wholesale Corp common stock COST (X) | A | Dividend | K | T | | | | | |
| 291. - DraftKings Inc common stock DKNG (X) | | None | | | Sold (part) | 09/15/21 | J | C | |
| 292. | | | | | Sold | 11/04/21 | K | B | |
| 293. - Eaton Corp PLC common stock ETN (X) | A | Dividend | K | T | Sold (part) | 07/22/21 | J | C | |
| 294. - Hologic Inc common stock HOLX (X) | | None | | | Sold | 07/22/21 | K | | |
| 295. - Home Depot Inc common stock HD (X) | A | Dividend | L | T | | | | | |
| 296. - Ishares Russell 2000 Growth ETF IWO | A | Dividend | K | T | Buy | 07/22/21 | J | | |
| 297. | | | | | Buy (add'l) | 09/15/21 | J | | |
| 298. - Ishares Russell 2000 Value ETF IWN | A | Dividend | J | T | Buy | 07/22/21 | J | | |
| 299. | | | | | Buy (add'l) | 09/15/21 | J | | |
| 300. - Ishares Russell Mid-Cap Growth ETF IWP | A | Dividend | K | T | Buy | 07/22/21 | K | | |
| 301. | | | | | Buy (add'l) | 09/15/21 | K | | |
| 302. - Ishares Russell Mid-Cap Value ETF IWS | A | Dividend | L | T | Buy | 07/22/21 | J | | |
| 303. | | | | | Buy (add'l) | 08/26/21 | K | | |
| 304. | | | | | Buy (add'l) | 11/04/21 | J | | |
| 305. - Johnson & Johnson common stock JNJ (X) | A | Dividend | K | T | | | | | |
| 306. - Keurig Dr Pepper Inc common stock KDP (X) | | None | | | Sold | 07/22/21 | K | B | |

| 1 Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | | | P3 =$25,000,001 - $50,000,000 | P4 =More than $50,000,000 | |
| 3 Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 22 of 28 | Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE *(No reportable income, assets, or transactions.)*

| A | B | | C | | D | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Description of Assets (including trust assets) | Income during reporting period | | Gross value at end of reporting period | | Transactions during reporting period | | | | |
| Place "(X)" after each asset exempt from prior disclosure | (1) Amount Code 1 (A-H) | (2) Type (e g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | |
| 307.   - Meta Platforms Inc common stock FB (X) | | None | K | T | | | | | |
| 308.   - Microsoft Corp common stock MSFT (X) | A | Dividend | L | T | | | | | |
| 309.   - Nike Inc common stock NKE (X) | A | Dividend | K | T | | | | | |
| 310   - Peloton Interactive Inc common stock PTON (X) | | None | | | Sold | 08/26/21 | K | C | |
| 311.   - Qualcomm Inc common stock QCOM (X) | A | Dividend | K | T | | | | | |
| 312.   - Regeneron Pharmaceuticals Inc common stock REGN (X) | | None | K | T | Sold (part) | 07/22/21 | K | C | |
| 313.   - Starbucks Corp common stock SBUX (X) | A | Dividend | K | T | | | | | |
| 314.   - Tesla Inc common stock TSLA (X) | | None | | | Sold | 07/22/21 | J | B | |
| 315.   - T-Mobile US Inc common stock TMUS (X) | | None | K | T | | | | | |
| 316.   - Union Pacific Corp common stock UNP (X) | A | Dividend | K | T | Sold (part) | 04/22/21 | K | C | |
| 317.   - Universal Display Corp common stock OLED (X) | | None | | | Sold | 09/15/21 | J | D | |
| 318.   - Visa Inc common stock V (X) | A | Dividend | K | T | | | | | |
| 319.   - YETI Holdings Inc common stock YETI (X) | | None | K | T | Sold (part) | 09/15/21 | J | D | |
| 320.   - Zoetis Inc common stock ZTS (X) | A | Dividend | K | T | | | | | |
| 321.   - Harding Loevner Inst Emerging Markets HLMEX | A | Dividend | J | T | Buy | 08/10/21 | J | | |
| 322.   - Harding Loevner Intl Equity HLMIX | A | Dividend | K | T | Buy | 08/10/21 | J | | |
| 323. | | | | | Buy (add'l) | 09/15/21 | J | | |

| 1 Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | | P3 =$25,000,001 - $50,000,000 | P4 =More than $50,000,000 | | |
| 3 Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 23 of 28 | Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐  NONE (No reportable income, assets, or transactions.)

| A | B | | C | | D | | | |
|---|---|---|---|---|---|---|---|---|
| Description of Assets (including trust assets) | Income during reporting period | | Gross value at end of reporting period | | Transactions during reporting period | | | |
| Place "(X)" after each asset exempt from prior disclosure | (1) Amount Code 1 (A-H) | (2) Type (e g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
| 324.  - IHS Markit Ltd common stock INFO (X) | A | Dividend | K | T | | | | |
| 325.  - Ishares Core MSCI EAFE ETF IEFA | A | Dividend | J | T | Buy | 08/09/21 | J | |
| 326. | | | | | Buy (add'l) | 06/15/21 | J | |
| 327.  - Ishares Core MSCI Emerging Markets ETF IEMG | A | Dividend | J | T | Buy | 08/09/21 | J | |
| 328.  - Ishares Short-Term Nat Muni Bond ETF SUB | A | Dividend | J | T | Buy | 09/15/21 | J | |
| 329.  - Nuveen Intermed Dur Muni Bond Fund NUVBX | B | Dividend | L | T | Buy | 07/23/21 | L | |
| 330. | | | | | Buy (add'l) | 07/27/21 | J | |
| 331. | | | | | Buy (add'l) | 11/04/21 | J | |
| 332.  Retirement Account 8 TIAA (H) | | | | | | | | |
| 333.  - TIAA cash account | A | Interest | J | T | | | | |
| 334.  - Bank of America Corp common stock BAC (X) | | None | | | Sold | 07/22/21 | J | D |
| 335.  - Clearbridge Large Cap Growth Fund LSITX | | None | J | T | Buy | 07/22/21 | J | |
| 336. | | | | | Buy (add'l) | 10/29/21 | J | |
| 337. | | | | | Buy (add'l) | 12/29/21 | J | |
| 338.  - Cohen & Steers Real Estate Fund CREFX | A | Dividend | J | T | Buy | 10/29/21 | J | |
| 339.  - FlexShares Quality Dividend Index Fund QDF | A | Dividend | J | T | Buy | 07/22/21 | J | |
| 340. | | | | | Buy (add'l) | 10/29/21 | J | |

| 1 Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 24 of 28 | Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE *(No reportable income, assets, or transactions.)*

| A | B | | C | | D | | | | |
|---|---|---|---|---|---|---|---|---|---|
| Description of Assets (including trust assets) | Income during reporting period | | Gross value at end of reporting period | | Transactions during reporting period | | | | |
| Place "(X)" after each asset exempt from prior disclosure | (1) Amount Code 1 (A-H) | (2) Type (e g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | |
| 341. - IShares MSCI ACWI ETF ACWI (X) | | None | | | Sold | 07/22/21 | K | D | |
| 342. - Ishares MSCI Emerging Markets ETF EEM (X) | | None | | | Sold (part) | 07/22/21 | J | | |
| 343. | | | | | Sold | 08/03/21 | J | | |
| 344. - VanEck Vectors Junior Gold Miners ETF GDXJ (X) | | None | | | Sold | 07/22/21 | J | | |
| 345. - Ishares Russell 2000 Growth ETF IWO | A | Dividend | J | T | Buy | 07/22/21 | J | | |
| 346. - Ishares Russell 2000 Value ETF IWN | A | Dividend | J | T | Buy | 07/22/21 | J | | |
| 347. | | | | | Buy (add'l) | 07/23/21 | J | | |
| 348. | | | | | Buy (add'l) | 12/17/21 | J | | |
| 349. - Ishares Russell Mid-Cap Growth ETF IWP | A | Dividend | J | T | Buy | 07/22/21 | J | | |
| 350. | | | | | Buy (add'l) | 10/29/21 | J | | |
| 351. - Ishares Russell Mid-Cap Value ETF IWS | A | Dividend | J | T | Buy | 07/22/21 | J | | |
| 352. | | | | | Buy (add'l) | 07/23/21 | J | | |
| 353. - TIAA-CREF Large Cap Growth Index Fund TILIX | A | Dividend | J | T | Buy | 07/22/21 | J | | |
| 354. | | | | | Buy (add'l) | 10/29/21 | J | | |
| 355. | | | | | Buy (add'l) | 12/17/21 | J | | |
| 356. - TIAA-CREF Large Cap Value Index Fund TILVX | A | Dividend | J | T | Buy | 07/23/21 | J | | |
| 357. | | | | | Buy (add'l) | 10/29/21 | J | | |

| 1 Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 25 of 28 | Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

[ ] NONE (No reportable income, assets, or transactions.)

| A Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B Income during reporting period | | C Gross value at end of reporting period | | D Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
| 358.  - Harding Loevner Institut Emerging Markets HLMEX | A | Dividend | J | T | Buy | 08/03/21 | J | |
| 359. | | | | | Buy (add'l) | 08/11/21 | J | |
| 360. | | | | | Buy (add'l) | 10/29/21 | J | |
| 361.  - Harding Loevner Intl Equity HLMIX | A | Dividend | J | T | Buy | 07/23/21 | J | |
| 362. | | | | | Buy (add'l) | 10/29/21 | J | |
| 363. | | | | | Buy (add'l) | 12/17/21 | J | |
| 364.  - Ishares Core MSCI EAFE ETF IEFA | A | Dividend | J | T | Buy | 07/22/21 | J | |
| 365. | | | | | Buy (add'l) | 10/29/21 | J | |
| 366.  - Ishares Core MSCI Emerging Markets ETF IEMG | A | Dividend | J | T | Buy | 08/03/21 | J | |
| 367. | | | | | Buy (add'l) | 10/29/21 | J | |
| 368.  - Ishares MSCI EAFE Small Cap ETF SCZ | A | Dividend | J | T | Buy | 07/23/21 | J | |
| 369.  - MFS Intl Discovery Fund MIDLX | A | Dividend | J | T . | Buy | 07/23/21 | J | |
| 370. | | | | | Buy (add'l) | 12/08/21 | J | |
| 371.  - Baird Core Plus Bond Fund BCOIX | A | Dividend | J | T | Buy | 07/22/21 | J | |
| 372. | | | | | Buy (add'l) | 10/29/21 | J | |
| 373.  - DFA Inflation Protected Securities Portfolio DIPSX | A | Dividend | J | T | Buy | 10/29/21 | J | |
| 374.  - SPDR Dow Jones Ind Avg ETF DIA (X) | | None | | | Sold | 07/22/21 | K | D |

| 1 Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less F =$50,001 - $100,000 | B =$1,001 - $2,500 G =$100,001 - $1,000,000 | C =$2,501 - $5,000 H1 =$1,000,001 - $5,000,000 | D =$5,001 - $15,000 H2 =More than $5,000,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| 2 Value Codes (See Columns C1 and D3) | J =$15,000 or less N =$250,001 - $500,000 P3 =$25,000,001 - $50,000,000 | K =$15,001 - $50,000 O =$500,001 - $1,000,000 | L =$50,001 - $100,000 P1 =$1,000,001 - $5,000,000 P4 =More than $50,000,000 | M =$100,001 - $250,000 P2 =$5,000,001 - $25,000,000 | |
| 3 Value Method Codes (See Column C2) | Q =Appraisal U =Book Value | R =Cost (Real Estate Only) V =Other | S =Assessment W =Estimated | T =Cash Market | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 26 of 28 | Liman, Lewis J. | 05/13/2022 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE (No reportable income, assets, or transactions.)

| A Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B Income during reporting period | | C Gross value at end of reporting period | | D Transactions during reporting period | | | | |
|---|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | |
| 375.   - TIAA-CREF High Yield Fund TIHYX | A | Dividend | J | T | Buy | 07/22/21 | J | | |
| 376.   - Vanguard Intermediate Term Bond Index VBILX | A | Dividend | J | T | Buy | 07/23/21 | J | | |
| 377. | | | | | Buy (add'l) | 10/29/21 | J | | |
| 378.   - Vanguard Short Term Bond Index VBIRX | A | Dividend | J | T | Buy | 07/23/21 | J | | |
| 379.  - Ishares Gold Trust IAU | | None | J | T | Buy | 10/29/21 | J | | |

| 1 Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | O =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 27 of 28 | Liman, Lewis J. | 05/13/2022 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

Retirement Account 1 Fidelity Investments managed by Cleary Gottlieb Steen & Hamilton LLP was rolled into Thrift Savings Plan, which is excludable from reporting under Section 102(i)(1). Line 2-3 Retirement Plan did not provide income information nor purchase/sales information.

Investment Account 1 Charles Schwab managed by KF Advisors: Line 24 and 25 were spinoffs from DAG Ventures V QP, LP (Line 33).

RCP Apex II Syndication Partners LP: Line 37 was incorrecly named Riversone RCP Apex II LP Line 77 on previous filing.

Retirement Account 2 Cash Balance Plan: Line 42-59 Retirement plan did not provide income information nor purchase/sales information.

Effective December 1, 2021 Facebook (FB) changed its name to Meta (MVRS). See respective lines for name change.

Investment Account 3 Charles Schwab managed by KF Advisors: Investment Line 70 Vulcan Value Partners VVISX was incorrectly labeled VVPXS on previous filing.

Investment Account 4 Charles Schwab managed by KF Advisors: Investment Line 83 Vulcan Value Partners VVISX was incorrectly labeled VVPXS on previous filing.

Investment Account 5 Neuberger Berman: Investment Line 112 Cintas Corp CTAS was incorrectly labeled STAS on previous filing.

Investment Account 5 Neuberger Berman: Investment Line 124 was a spinoff of Pfizer (PEF), line 105 originally acquired in 2015, resulting in a Column D sale with no prior purchase.

Investment Account 5 Neuberger Berman: Line 87 remainder investments were transferred to Investment Account 10 TIAA Line 278.

Retirement Account 4 Charles Schwab IRA: Line 138 remainder investments were transferred into Retirement Account 8 Line 332.

Retirement Account 5 John Hancock managed by Wilmer Hale: Line 153 investment was rolled into Thrift Savings Plan, which is excludable from reporting under Section 102(i)(1).

Retirement Account 6 Richemont North America: Line 155 investment was sold, with proceeds being rolled into Thrift Savings Plan, which is excludable from reporting under Section 102(i)(1).

Retirement Account 7 Merrill (Bank of America Co): Line 169 Investment was rolled into Thrift Savings Plan, which is excludable from reporting under Section 102(i)(1).

Riverstone Credit Partners - Direct LP: Line 173 investment was inadvertantly excluded from previous filing.

Investment Account 9 Charles Schwab managed by KF Advisors: Line 276 cash account opened during the current reporting period.

Citizens Wealth cash account opened during the current reporting period.

Investment Account 10 TIAA: Investment Lines 280-295, 305-320 were transferred from Investment Account 5 Neuberger Berman.

Retirement Account 8 TIAA: Lines 334, 341, 342, 344, and 374 were transferred from Retirement Account 4 Charles Schwab IRA.

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 28 of 28 | Liman, Lewis J. | 05/13/2022 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 501 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature: s/ **Lewis J. Liman**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILLFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 104)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite G-330
One Columbus Circle, N.E.
Washington, D.C. 20544

# EXHIBIT 5



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
### OFFICE OF THE CLERK
### 500 PEARL STREET
### NEW YORK, NEW YORK 10007



**RUBY J. KRAJICK**
CLERK OF COURT

February 25, 2022

BY ECF AND OVERNIGHT MAIL

Brendan Joseph O'Rourke
Proskauer Rose LLP (NYC)
11 Times Square
New York, NY 10036

David H. Bernstein
Debevoise & Plimpton, LLP (NYC)
919 Third Avenue, 3rd Floor
New York, NY 10022

Re: 1:13-cv-01041-LJL-DCF, <u>Tiffany and Company v. Costco Wholesale Corporation</u>

Dear Counsel,

I have been contacted by Judge Lewis J. Liman, U.S.D.J., who presided over the above-mentioned case.

Judge Liman informed me that it has been brought to his attention that while he presided over the case, his wife owned stock in Costco Wholesale Corporation. His wife's stock ownership is imputed to Judge Liman. That ownership of stock neither affected nor impacted his decisions in this case. However, that stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Liman directed that I notify the parties of the potential conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

Notice to Counsel of Record
February 25, 2022
Page 2

> [A] judge should disclose to the parties the facts bearing on
> disqualification as soon as those facts are learned, even though
> that may occur after entry of the decision. The parties may then
> determine what relief they may seek and a court (without the
> disqualified judge) will decide the legal consequence, if any,
> arising from the participation of the disqualified judge in the
> entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals
oral argument, the Committee explained "[s]imilar considerations would apply when a judgment
was entered in a district court by a judge and it is later learned that the judge was disqualified."

If you wish to respond to the disclosure of a potential conflict in this matter, please file
your response in the above-named case. Any response will be considered by another judge of
this court without the participation of Judge Liman.

Sincerely,

Ruby J. Krajick
Clerk of Court

cc: Hon. Lewis J. Liman, U.S.D.J.

# EXHIBIT 6

UNITED STATE DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Case No.: 1:18-cv-04814-AJN

JODI ROUVIERE, Individually and
ANDRE ROUVIERE, her husband, Individually,

      Plaintiff

                    v.

DEPUY ORTHOPAEDICS, INC., DEPUY
PRODUCTS, INC.,
DEPUY INTERNATIONAL, LIMITED,
JOHNSON & JOHNSON, INC.,
and JOHNSON & JOHNSON SERVICES, INC., and
STRYKER CORPORATION,
STRYKER SALES CORPORATION, and
HOWMEDICA OSTEONICS CORPORATION,
d/b/a STRYKER ORTHOPAEDICS

      Defendants

## DECLARATION OF JODI ROUVIERE

JODI ROUVIERE, being duly sworn, deposes and says:

1)     I am Jodi Rouviere and over the age of 18. I am the Plaintiff in the above captioned
numbered case and this declaration is based upon my own personal knowledge.

2)     On July 3, 2024, I read an article in Newsweek titled "Trump Judge's Decision Reversed
After Wife's Stock Trade Revealed," which discussed Judge Lewis Liman's recusal from a case
due to his wife's stock ownership, creating an "appearance of impropriety."

3)     This article prompted me to investigate potential conflicts of interest involving Judge
Liman and Judge Aaron in my case. I discovered conflicts that should have led both judges to
recuse themselves.

4)    I discovered through the website (https://pub.jefs.uscourts.gov/) that Judge Aaron has been receiving "nonemployee compensation" from his former law firm, Arnold & Porter, which lists Johnson & Johnson as a major client online *(Exhibit 3)*. This compensation, totaling $168,723 annually, is categorized under "Payments under Articles of Partnership" and began in 2019, a year after he was assigned to my case in May 2018. *Exhibit 1, pp. 1-2; Exhibit 2, pp. 1-2.*

5)    I also discovered at that time that Judge Liman's 2021 Financial Disclosure report reveals that he owned stock in Johnson & Johnson upon his assignment of my case. Specifically, Liman purchased *additional* Johnson & Johnson stock (JNJ) on March 11, 2021, while DePuy, a Johnson & Johnson subsidiary, had a motion for summary judgment pending before him. After ruling in favor of DePuy on September 17, 2021, he sold this *additional* stock on December 1, 2021, receiving dividends valued between $15,001 and $50,000. *Exhibit 4, p. 10, Line 103; p. 21, Line 305; p. 17, Lines 225-226.*

PURSUANT TO TITLE 28 U.S.C. 1746  I, JODI ROUVIERE hereby declare and affirm under penalties of perjury under the laws of the United States of America that the forgoing statement and claims are true and correct. Done this 21st day of October 2024.

*Jodi Rouviere*
JODI ROUVIERE

U.S. DISTRICT COURT —
SOUTHERN DISTRICT OF NEW YORK
CLERK OF COURT
500 PEARL ST
NEW YORK NY 10007

(000) 000-0000
(NU)            REF:
PO:

DEPT:

FedEx
Express

E

TRK#  7796 2697 0386
0201

THU – 31 OCT 5:00P
STANDARD OVERNIGHT

XE PCTA

DSR
10007

NY—US  EWR

UNITED STATES
POSTAL SERVICE ®

PRIORITY
MAIL

PRIORITY
MAIL

PRIORITY ®

PRIORITY ®

PRIORITY
MA Retail

how2recycle.info

Flatten Before Recycling

CERTIFIED MAIL

February 2024
FMB1
ID: 11 x 8.5 x 5.5
OD: 11.25 x 8.75 x 6
ODCUFT: 0.341

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

9589 0710 5270 2251 5545 96

PS00011000000

To schedule free Package Pickup,
scan the QR code.

FROM: JODI ROUVIERE
10950 SW 84 Court
Miami FLORIDA 33173

Pro
Se

RDC 03

ONE RATE

10007

S2324H503847-11

$24.15

OX

U.S. POSTAGE PAID
PM
CORAL GABLES, FL 33134
OCT 22, 2024

PRIORITY MAIL
MEDIUM FLAT RATE
POSTAGE REQUIRED

Clerk of Court
U.S. District Court
Southern District of NY
500 Pearl St
New York, NY 10007

USMS
SDNY

OCT 31 2024

CLERK'S OFFICE
S.D.N.Y.

VISIT US AT USPS.COM ®
ORDER FREE SUPPLIES ONLINE
VISIT US AT USPS.COM®
Label 106A, Nov 2018
This product is ...
Misuse may be ...
This label not ...

United States
Postal Service®