UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JODI ROUVIERE and ANDRE ROUVIERE, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPUY ORTHOPAEDICS, INC. n/k/a MEDICAL DEVICE BUSINESS SERVICES, INC. and HOWMEDICA OSTEONICS CORPORATION d/b/a STRYKER ORTHOPAEDICS, <br><br> *Defendants*. | Case No. 1:18-cv-04814-LJL-SDA |

## MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF

Counsel for the Plaintiff, Andre Rouviere of The Law Offices of Andre A. Rouviere, hereby files this Motion to Withdraw pursuant to Local Civil Rule 1.4,, and in support thereof states as follows:

1. Upon the supporting Declaration of Andre A. Rouviere in Support of Motion to Withdraw as Counsel, Attorney Andre A. Rouviere request that, pursuant to Local Civil Rule 1.4, the Court withdraw the appearances of Andre A. Rouviere as counsel for Plaintiff Jodi Rouviere in this matter.

2. The instant case has been closed and the decisions by this Court affirmed by the Second Circuit Court of Appeals in an unpublished opinion.

3. On November 1, 2024, the Clerk has docketed Plaintiff Jodi Rouviere pro se verified motion to vacate the final judgments entered in the case pursuant to Fed. R. Civ. P. 60(b)(6), together with exhibits.

4. Plaintiff Jodi Rouviere has informed the undersigned counsel that she is proceeding pro se and directed the undersigned counsel to withdraw from the case. Further, Plaintiff Jodi Rouviere has stated that she is exercising her statutory right to proceed pro se

pursuant to Title 28 U.S.C. 1654, citing *In re Texaco Inc. Shareholder Derivative Litig.*, 123 F. Supp. 2d 169 (S.D.N.Y. 2000) ("The right to proceed pro se in civil actions is guaranteed by 28 U.S.C. § 1654.").

5. Further, undersigned counsel is unable to go forward as counsel for Plaintiff in this matter because Plaintiff Jodi Rouviere has terminated the undersigned counsel. Further, a material and fundamental disagreement between counsel and Plaintiff has arisen in the past months. This fundamental disagreement involves matters that are central to this litigation.[1] Counsel and Plaintiff have discussed these issues at length, and it has become clear that no agreement will ever be reached and these differences are thus, irreconcilable. *See Patienttrac Information Technology Corp. v. Universal Counseling Services, Inc.*, 2012 WL 12902741 (S.D. Fla. 2002) (J. Scola) (granting motion to withdraw based on "irreconcilable differences.").

6. The undersigned counsel is a licensed attorney in the State of Florida and is governed by the Rules and Regulations of the Florida Bar. The comment to Florida Bar Rule 4-1.2 states, in part:

> "On occasion, however, a lawyer and a client may disagree about the means to be used to accomplish the client's objectives. The lawyer should consult with the client and seek a mutually acceptable resolution of the disagreement. If such efforts are unavailing and the lawyer has a fundamental disagreement with the client, the lawyer may withdraw from the representation. See Rule 4-1.16(b)(2)."

7. Florida Bar Rule 4-1.16(b)(2) permits withdrawal if the client insists upon taking an action with which the lawyer has a fundamental disagreement or that the lawyer considers imprudent.

8. The comment to Florida Bar Rule 4-1.16 states, in part:

> "The lawyer's statement that professional considerations require the termination of representation ordinarily should be accepted as sufficient.

---

[1] Counsel is mindful of their obligation to maintain attorney-client privilege; therefore, more detailed information is not being provided to the Court.

> Lawyers should be mindful of their obligations to both clients and the
> court under Rules 4-1.6 and 4-3.3."

9. Due to the nature of the irreconcilable differences regarding matters central to this litigation, good cause exists for counsel's withdrawal.

10. What is tantamount here is that Plaintiff Jodi Rouviere has demanded and insists that she be allowed to exercise her statutory right under federal law to proceed pro se in this case.

11. This motion is being provided to the Plaintiff via e-mail and lengthy discussions have been in person about the circumstances that form the basis for the original Motion to Withdraw prior to filing.

12. Given Plaintiff Jodi Rouviere has filed a notice of proceeding pro se in the post-judgment proceedings in the instant case, there is no need to provide her an opportunity to retain new counsel.

13. Defendant DePuy has stated it opposes the instant motion on the following grounds:

> "DePuy must oppose both counsel's motions to withdraw in this
> matter. The Rule 60 Motion makes ethical allegations against two federal
> judges and three of the challenged orders it seeks to reverse involve ethical
> allegations against individual attorneys in this case. We feel strongly that a
> member of the bar in good standing must stay on and sign his or her name
> to all filings, representing as an officer of the court that there are factual and
> legal grounds to support all allegations and arguments made. DePuy will be
> unfairly prejudiced by withdrawal at this stage in the litigation, after six and
> a half years of litigation."

**WHEREFORE**, Andre Rouviere of The Law Offices Andre Rouviere respectfully request that this Honorable Court enter an Order granting this Motion to Withdraw and for any further relief deemed necessary and proper.

November 7, 2024  
Miami, Florida.

Respectfully submitted,

*//ss// Andre Rouviere*
Andre Rouviere

**LAW OFFICES OF ANDRE A. ROUVIERE**
4070 Laguna Street
Coral Gables, Florida 33146
Tel: (305)774-7000
Fax:(305)946-6121
*Attorney for Plaintiff*

### CERTIFICATE OF CONFERENCE

I HEREBY CERTIFY that I have conferred with all interested parties including the Plaintiff and counsel for Defendant regarding the instant motion. Plaintiff Jodi Rouviere **AGREES** to the granting of the instant motion. Defendant DePuy's counsel has advised that the instant motion is being **OPPOSED** for the reasons stated above.

*//ss// Andre Rouviere*
Andre Rouviere

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 7, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive notices of filing.

| | |
|---|---|
| November 7, 2024<br>Miami, Florida. | Respectfully submitted,<br><br>*//ss// Andre Rouviere*<br>Andre Rouviere<br><br>**LAW OFFICES OF ANDRE A. ROUVIERE**<br>4070 Laguna Street<br>Coral Gables, Florida 33146<br>Tel: (305)774-7000<br>Fax:(305)946-6121<br>*Attorney for Plaintiff* |

Case No. 1:18-cv-04814-LJL-SDA

**SERVICE LIST**

**Paul E. Asfendis, Esq.**
GIBBONS, P.C.
One Pennsylvania Plaza
New York, NY 10119


**Joseph G. Eaton, Esq.**
J.T. Larson
Barnes & Thornburg, LLP
11 South Meridian Street
Indianápolis, Indiana 46204


*//ss// Andre Rouviere*
Andre Rouviere