UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

JODI ROUVIERE, Individually and
ANDRE ROUVIERE, her husband, Individually,

    Plaintiffs,

v.                                    Case No. 1:18-cv-04814-GHW-GS

DEPUY ORTHOPAEDICS, INC.,
n/k/a MEDICAL DEVICE BUSINESS
SERVICES, INC.,
and
HOWMEDICA OSTEONICS
CORPORATION, d/b/a STRYKER
ORTHOPAEDICS

    Defendants

## APPLICATION TO WITHDRAW AS COUNSEL OF RECORD

Robert E. Godosky, of Godosky & Gentile, P.C., moves to withdraw as counsel of record for Plaintiffs, Jodi Rouviere and Andre Rouviere and sets forth as follows:

1.    Godosky & Gentile, P.C. was retained by the plaintiffs on October 11, 2021.

2.    The retainer specifically set forth the terms of representation which included only proceedings through trial and pre-appeal appearances. Any appeal would be subject to a separate retainer and the Firm is under no obligation of duty to prosecute any appeal or post dispositive determination actions.

3.    By unopposed motion made before the Second Circuit, my firm withdrew from representation of plaintiff Jodi Rouviere as she, at that time, indicated a desire to proceed pro se. That motion was granted by an Order of the Second Circuit Court of Appeals dated March 1, 2023. Case 22-3205, Dkt 96.

4. Since that time, Godosky & Gentile, P.C. has not appeared nor performed any work on this matter as Plaintiff Jodi Rouviere has proceeded, more than competently, pro se.

5. Now, plaintiff pro se, brings a motion before this Court and considering that the case in the District Court had been closed pursuant to Order granting defendants' motion to dismiss dated September 17, 2021. (Dkt. 318) and December 5, 2022 (Dkt. 351), Godosky & Gentile submits this motion to withdraw as counsel on record for plaintiff in the District Court.

6. Further, it remains my understanding, and supported by the undertaken of plaintiff Jodi Rouviere, that she intends to proceed with this matter pro se and will continue with the litigation in that fashion.

7. Pursuant to Local Rule 1.4, Plaintiffs received notice of Robert Godosky and Godosky & Gentile, P.C.'s intention to withdraw as counsel of record and consents to the withdrawal as Plaintiffs intend to pursue the matter pro se.

8. Pursuant to SDNY Local Rule 1.4, counsel for Defendants received notice of Robert Godosky and Godosky & Gentile, P.C.'s intention to withdraw as counsel of record

9. Defense counsel responded by email indicating that as a result of the claims made in a motion submitted by plaintiff, Jodi Rouviere, pro se, that they could not consent to counsel's request to be permitted to withdraw as counsel. A copy of the emails is attached as Exhibit 1.

10. The factors to be considered where counsel seeks to withdraw are straight forward and exist in this matter such that the Court should have no reservation in granting this motion to allow Godosky & Gentile to withdraw.

11. A motion to withdraw as counsel should be granted where the client has sufficient time to find alternative counsel so that no party to the litigation nor the Court is prejudiced, harmed or burdened. *HSW Enter., Inc. v. Woo Lae Oak., Inc.*, 2010 WL 1630686, at *4 (S.D.N.Y. 2010).

12. Considering the posture of this case there is no prejudice to the Court or any of the parties.

13. Godosky & Gentile, P.C. has not been involved in any aspect of this case since the matter was dismissed by the District Court. The facts which existed at the time the prior motion to withdraw was made before the Circuit Court, which the defendants did not oppose, have not changed and it is submitted that the rationale submitted by defendant DePuy for opposing this application is without merit and should be summarily rejected by the Court.

14. In Fernandez v. Landis, 2020 WL 8872789 (SDNY, 2020) this Court held, consistent with numerous decisions, that, "Under Local Civil Rule 1.4, which governs withdrawal of attorneys in this district, district courts must analyze two factors when considering a motion to withdraw: the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding. *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, No. 08 Civ. 6469, 2011 WL 672245, *1 (S.D.N.Y. Feb. 17, 2011.)" *Fernandez v. Landis*, No. 2020 WL 8872789, at *3.

15. Local Civil Rule 1.4, states that, "An attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar." *Blue Angel Films, Ltd. v. First Look Studios, Inc.*, 2011 WL 672245, at *1 (S.D.N.Y. 2011)

16. "Whether to grant or deny a motion to withdraw as counsel 'falls to the sound discretion of the trial court.'" *Stair v. Calhoun*, 722 F. Supp. 2d 258, 264 (E.D.N.Y. 2010) (quoting *In re Albert*, 277 B.R. 38, 47 (Bankr. S.D.N.Y. 2002); see also *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999) (per curiam). In deciding a motion to withdraw as counsel, courts must consider

(1) the reasons for the withdrawal, and (2) the impact withdrawal will have on the timing of the proceeding." *United States v. Est. of Wiesner*, No. 05-CV-1634 (DRH) (AKT), 2017 WL 1450594, at *6 (E.D.N.Y. Mar. 15, 2017), report and recommendation adopted, 2017 WL 1458724 (E.D.N.Y. Apr. 24, 2017)." *Ortega v. 20 St. Wholesale Inc.*, 2023 WL 3571234, at *2 (E.D.N.Y. May 19, 2023)

17. As the reasons for the withdrawal stem from the plaintiff's own desire to proceed pro se and the fact that Godosky & Gentile has had nothing to do with the representation of the plaintiff in over two years, this application should be granted.

18. Further, as mentioned, the case was dismissed and closed by the Court. Plaintiff, pro se, is seeking to re-open the case.

19. Pursuant to SDNY Local Rule 1.4, it is submitted that this application permitting Robert Godosky and Godosky & Gentile, P.C. to withdraw is appropriate and justified.

20. Regardless of the claims made by the plaintiff in her Rule 60 (b) motion, there is no good faith basis to deny this application to withdraw.

21. Neither Robert Godosky nor Godosky & Gentile, P.C. are seeking a charging lien and are not making any claim for attorneys' fees.

WHEREFORE, Robert Godosky, Esq. and Godosky & Gentile, P.C., respectfully request that this Court enter an Order authorizing their withdrawal as counsel for Plaintiffs, Jodi Rouviere and Andre Rouviere.

Respectfully submitted,

*Robert Godosky*
Robert Godosky, Esq.
Godosky & Gentile, P.C.
100 Wall Street, Ste 1702
New York, New York 10005
212-742-9700
212-742-9706
reg@godoskygentile.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic transmission via this Court's CM/ECF filing system on November 8, 2024, on all counsel or parties who have appeared in the above-styled action.

*Robert Godosky*
Robert Godosky