UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JODI ROUVIERE and ANDRE ROUVIERE,

    Plaintiff,

v.

DEPUY ORTHOPAEDICS, INC. n/k/a MEDICAL DEVICE BUSINESS SERVICES, INC. and HOWMEDICA OSTEONICS CORPORATION d/b/a STRYKER ORTHOPAEDICS,

    Defendants.

Case No.: 1:18-cv-04814-GHW-GS

# OMNIBUS BRIEF IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR RELIEF FROM JUDGMENT AND FOR EVIDENTIARY HEARING

**GIBBONS P.C.**
One Pennsylvania Plaza, Suite 4515
New York, New York 10019-3701
(212) 613-2000

*Attorneys for Defendant*
*Howmedica Osteonics Corp.*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ........................................................................................................ ii

PRELIMINARY STATEMENT .............................................................................................. 1

RELEVANT PROCEDURAL HISTORY ................................................................................ 3

ARGUMENT ............................................................................................................................. 5

    I.      PLAINTIFF'S RULE 60(b) MOTION SHOULD BE DENIED
            BECAUSE VACATUR IS NOT WARRANTED .................................................. 5

            A.      Legal Standard .................................................................................................. 5

            B.      The Procedural History of the Case, including Second Circuit *de novo* Review and Affirmance, Warrants Denial of Plaintiff's Motion ................................................................................................................. 6

            C.      Magistrate Judge Aaron Was Not Conflicted, and Vacatur of His Rulings Would Not Affect the Ultimate Dismissal of the Case. ................... 9

    II.     AN EVIDENTIARY HEARING IS NOT WARRANTED AND
            PLAINTIFF'S MOTION FOR A HEARING SHOULD BE DENIED ................ 11

CONCLUSION ....................................................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Anderson v. United States*,
  2013 U.S. Claims LEXIS 214 (Cl. Ct. 2013) ...............................................................10

*Broadway v. City of New York*,
  2003 U.S. Dist. LEXIS 8603 (S.D.N.Y. 2003) ...............................................................6

*Brock v. Zuckerberg*,
  2022 U.S. App. LEXIS 11368 (2d Cir. 2022) .............................................................7, 9

*ExxonMobil Oil Corp. v. TIG Ins. Co.*,
  2021 U.S. Dist. LEXIS 198589 (S.D.N.Y. 2021) ...........................................................6

*ExxonMobil Oil Corp. v. TIG Ins. Co.*,
  44 F.4th 163 (2d Cir. 2022) .....................................................................................6, 7, 9

*Faulkner v. Nat'l Geographic Enterprises, Inc.*,
  409 F.3d 26 (2d Cir. 2005) .............................................................................................6

*Liljeberg v. Health Servs. Acquisition Corp.*,
  486 U.S. 847, 108 S. Ct. 2194 (1988) ............................................................................6

*Litovich v. Bank of Am. Corp.*,
  106 F.4th 218 (2d. Cir. 2024) .........................................................................................8

*Nemaizer v. Baker*,
  793 F.2d 58 (2d Cir. 1986) .............................................................................................6

*Pichardo v. Ashcroft*,
  374 F.3d 46 (2d Cir. 2004) .............................................................................................5

*Saada v. Golan*,
  2021 U.S. App. LEXIS 31090 (2d Cir. 2021) ..............................................................11

*In re: SunEdison Inc.*,
  62 Bankr. Ct. Dec. 160, 2016 Bankr. LEXIS 1966 (Bankr. S.D.N.Y. 2016) ...............10

*United States v. Lovaglia*,
  954 F.2d 811 (2d Cir. 1992) .......................................................................................9, 10

*Mendell ex rel Viacom Inc. v. Gollust*,
  909 F.2d 724 (2d Cir. 1990) ...........................................................................................5

*Xiu Feng Li v. Hock*,
   371 Fed. Appx' 171 (2d Cir., 2010)......................................................................................5

**Statutes**

28 U.S.C. §455(a) ........................................................................................................................6

28 U.S.C. §455(b)(4) ...................................................................................................................6

**Rules**

Rule 60(b) ........................................................................................................................5, 11, 12

## PRELIMINARY STATEMENT

More than six and a half years after this action was commenced, and following years of extensive fact and expert discovery, summary judgment and other motion practice, and *de novo* review and affirmance of summary judgment dismissal of the case by the Second Circuit Court of Appeals, Plaintiff now seeks to vacate every adverse decision of both Magistrate Judge Stewart D. Aaron and District Judge Lewis J. Liman so that she can resurrect her case and essentially restart the litigation from scratch. Plaintiff bases her motion to vacate on publicly available financial disclosures of both judges that she claims reveal conflicts of interest involving non-party Johnson & Johnson, the parent company of Defendant DePuy, and which, she argues, should have caused both judges to recuse themselves from this case.

Vacatur of final judgment in favor of Defendant Howmedica Osteonics Corp. ("HOC") is not warranted. It is undisputed that there was never any conflict or potential conflict with either judge involving HOC. When HOC moved for summary judgment based on statute of limitations in March 2022, it was the sole remaining defendant in the case, with DePuy having been dismissed with prejudice six months earlier on completely different grounds unique to DePuy (lack of expert testimony against it and lack of proximate cause regarding DePuy's product warnings). The statute of limitations issue had not been raised or addressed in connection with the earlier dismissal of DePuy and was raised for the first time in HOC's summary judgment motion. Completely conflict-free, Judge Liman granted summary judgment to HOC in December 2022, more than a year after DePuy had exited the case, finding that Plaintiff's claims were time-barred under New York's statute of limitations.

Critically, Plaintiff appealed and the Second Circuit conducted *de novo* review of the evidence and issues on HOC's statute of limitations summary judgment motion. Also before it were DePuy's earlier summary judgment motion and discovery rulings involving Plaintiff's

liability expert. After full briefing by the parties and oral argument by Plaintiff, the Second Circuit affirmed summary judgment dismissal of the Complaint based on statute of limitations. The Second Circuit was not conflicted and its *de novo* review and affirmance of summary judgment on statute of limitations grounds is dispositive as to both HOC and DePuy and warrants denial of Plaintiff's motion to vacate in its entirety. Even if Judge Liman initially erred by not recusing himself when DePuy was still in the case, this would constitute harmless error given the lack of conflict involving HOC, the sole defendant at the relevant time, and the Second Circuit's *de novo* affirmance of summary judgment based on statute of limitations.

Plaintiff also takes issue with discovery rulings by Magistrate Aaron, but he was not conflicted as to any party and there was no basis for his recusal. As discussed below, Magistrate Aaron's entitlement to five years of partnership income from his former law firm does not require recusal simply because that law firm counts Johnson & Johnson among its many clients. In any event, even if a conflict had existed, vacatur of Magistrate Aaron's discovery rulings would not be warranted as they did not change the ultimate outcome of the case. His rulings do not bear on the statute of limitations issue for which summary judgment was ultimately granted to HOC and which the Second Circuit affirmed after *de novo* review as a basis for dismissal of the Complaint against both defendants.

For the above reasons, Plaintiff's separate motion for an evidentiary hearing and discovery on the alleged judicial conflicts should also be denied. Magistrate Aaron certainly was not conflicted, and even if a conflict existed involving Judge Liman and DePuy, that conflict no longer existed when HOC filed its statute of limitations summary judgment motion as the sole remaining defendant and when Judge Liman granted HOC's motion. In any event, dismissal was

affirmed by the Second Circuit on *de novo* review and would stand whether or not Judge Liman was conflicted as to DePuy. Accordingly, both of Plaintiff's motions should be denied.

**RELEVANT PROCEDURAL HISTORY**

In this medical device products liability matter, Plaintiff claims personal injury arising from DePuy and HOC hip replacement components implanted in August 2012. Plaintiff commenced this action by filing a Complaint in this Court on May 31, 2018. Although originally filed *pro se*, Plaintiff's husband and former co-Plaintiff, Andre Rouviere, an attorney admitted to practice in Florida, was admitted *pro hac vice* and formally appeared as counsel on behalf of Jodi Rouviere on October 3, 2019. *See* ECF No. 89. He continued to represent himself and Jodi Rouviere through entry of final judgments.[1] Beginning in January 2021, and through entry of final judgments, Plaintiff Jodi Rouviere was also represented by a succession of outside lawyers. (*See* ECF Nos. 284, 322).

Discovery was overseen by Magistrate Aaron and was extensive. Collectively, the parties produced tens of thousands of pages of documents. HOC alone produced approximately 14,000 pages, many of which were confidential design, manufacturing and regulatory records. Nine fact witnesses were deposed, including several non-party witnesses. A total of 14 expert reports were exchanged among the parties (not including the report of one expert who was disqualified after serving his report). Six expert depositions were taken.

On October 21, 2020, before the end of expert discovery, DePuy filed a motion for summary judgment based on Plaintiffs' failure to offer liability expert opinion against it, as well as lack of evidence supporting a failure to warn as to DePuy. Plaintiffs had offered expert opinion testimony against HOC, and so HOC did not move for summary judgment at that time or

---

[1] After entry of final judgments, Andre Rouviere waived his right to appeal and withdrew his derivative claim, leaving Jodi Rouviere as the sole plaintiff.

on that basis. DePuy's motion was fully briefed and on September 17, 2021, it was granted by District Judge Liman. DePuy was dismissed from the case leaving HOC as the sole remaining defendant.

After dismissal of DePuy, Plaintiffs and HOC continued to conduct expert discovery. On March 18, 2022, after completion of all discovery, HOC filed its own motion for summary judgment based solely on expiration of New York's statute of limitations. *See* ECF Nos. 332-336. The statute of limitations issue was not raised or briefed in connection with DePuy's earlier motion, and the decision granting DePuy's summary judgment motion did not mention or turn on statute of limitations. The central issue on HOC's statute of limitations motion was the timing of when Plaintiff Jodi Rouviere first experienced symptoms of her claimed injury, and the evidence in support of that motion consisted almost entirely of pleadings and discovery from Plaintiff, including her medical records, interrogatory responses and deposition testimony, as well as reports and testimony of her medical experts. The discovery rulings that Plaintiff now seeks to vacate did not concern this discovery.

On December 5, 2022, more than a year after DePuy had exited the case, Judge Liman granted HOC's motion for summary judgment finding that Plaintiff's action was time-barred by New York's statute of limitations and dismissing the Complaint against HOC in its entirety. *See* ECF No. 351. Plaintiff, Jodi Rouviere, filed an appeal from multiple orders of Judge Liman and Magistrate Aaron, including both of the summary judgment orders issued by Judge Liman. *See* ECF No. 359.

After full briefing of the appeal and oral argument by Plaintiff, on April 8, 2024 the Second Circuit issued a Summary Order affirming dismissal of the action in its entirety based on statute of limitations. *See* Exhibit "A," Summary Order. The Order confirmed that the Second

4

Circuit had conducted *de novo* review of Judge Liman's decision granting summary judgment to HOC. *Id*. at 4. The Court construed the evidence in the light most favorable to Plaintiff and liberally construed her *pro se* submissions to raise the strongest arguments that they suggested. *Id*. The Court found that the record revealed no genuine dispute of material fact that Plaintiff's relevant symptoms began before May 2015, and held that her 2018 Complaint was time barred. *Id*. at 5. Because the statute of limitations issue was dispositive as to both HOC and DePuy, the Second Circuit affirmed dismissal of both defendants with prejudice solely on that ground. *Id*. Plaintiff then filed a petition for panel rehearing or, in the alternative, for rehearing *en banc*, which the Second Circuit denied on May 31, 2024.[2]

Nearly five months later, Plaintiff filed the instant motions to vacate the final judgments entered in favor of DePuy and HOC and for evidentiary hearing.

## ARGUMENT

**I.  PLAINTIFF'S RULE 60(B) MOTION SHOULD BE DENIED BECAUSE VACATUR IS NOT WARRANTED.**

**A.  Legal Standard**

"Motions under Rule 60(b) are addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." *Xiu Feng Li v. Hock*, 371 Fed. Appx' 171, 175-176 (2d Cir., 2010), quoting *Mendell ex rel Viacom Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990) (citation omitted). Motions under Rule 60(b) are disfavored and the burden of proof is on the party seeking relief from the judgment. *Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004). "While Rule 60(b) was designed to strike a balance between the interests of fairness and the finality of judgments, 'final judgments should not be lightly reopened.'"

---

[2] Plaintiff subsequently filed a petition for certiorari to the U.S. Supreme Court. That petition has been distributed by the Court Clerk for conference and is expected to be ruled upon on December 13, 2024. (*See* Supreme Court Docket No. 24-5945.)

5

*Broadway v. City of New York*, 2003 U.S. Dist. LEXIS 8603, *9 (S.D.N.Y. 2003), quoting *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986). "[T]he heavy burden for securing relief from final judgments applies to *pro se* litigants as well as those who are represented by counsel." *Id*. at *8-9.

    **B.    The Procedural History of the Case, including Second Circuit *de novo* Review and Affirmance, Warrants Denial of Plaintiff's Motion.**

28 U.S.C. §455(a) requires recusal of a judge "in any proceeding in which his impartiality might reasonably be questioned." A judge should also recuse where "[h]e knows that he…has a financial interest in the subject matter of the controversy or in a party to the proceeding, or any other interest that could substantially affect the outcome of the proceeding." 28 U.S.C. §455(b)(4). The proper remedy varies when such a conflict is discovered after a judge has issued a ruling on a matter, and courts make the determination on a case-by-case basis. *See ExxonMobil Oil Corp. v. TIG Ins. Co.*, 44 F.4th 163, 172 (2d Cir. 2022). In determining how best to address a violation of §455, courts consider three factors: (i) the risk of injustice to the parties in the particular case; (ii) the risk that the denial of relief will cause injustice in other cases, and (iii) the risk of undermining the public's confidence in the judicial process. *ExxonMobil*, 44 F.4th 163, 172, citing *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 864, 108 S. Ct. 2194 (1988). Importantly, the Second Circuit has held that harmless error review applies to §455 violations: "should the Court conclude that [the conflicted judge's] rulings were correct, the Court may deny the Motion to Vacate because Respondent would not have been harmed as regards this proceeding." *ExxonMobil Oil Corp. v. TIG Ins. Co.*, 2021 U.S. Dist. LEXIS 198589, *5-6 (S.D.N.Y. 2021), citing *Faulkner v. Nat'l Geographic Enterprises, Inc.*, 409 F.3d 26, 42 (2d Cir. 2005).

The Second Circuit has applied the above three factors to deny vacatur in situations similar to this case. For instance, in *ExxonMobil*, 44 F.4th 163 (2d Cir. 2022), the assigned district judge issued case determinative rulings in favor of the plaintiff, ExxonMobil. *Id*. at 169-170. Subsequently, it was learned that the district judge owned stock in ExxonMobil when he issued the rulings. *Id*. at 170-171. Critically, when the defendant, TIG, moved to vacate those decisions, a newly assigned district judge reviewed the underlying motions, agreed with the decisions of the conflicted judge, and denied vacatur. *Id*. at 171. TIG appealed and the Second Circuit, after considering the three factors mentioned above, affirmed denial of the motion to vacate because of the subsequent *de novo* review by the non-conflicted district judge. *Id*. at 173. As to the first factor, the Second Circuit found little risk of injustice to the parties in the absence of vacatur because of the subsequent *de novo* review. *Id*. Likewise, the second factor, the risk that denial of relief will cause injustice in other cases, was found to be minimal largely due to the fact that TIG had had ample opportunity to challenge the conflicted judge's rulings before a non-conflicted judge. *Id*. at 174. And the third factor, the risk of undermining public confidence in the judicial process, was also found to be minimal, even though that particular case had already drawn significant public attention, because of the *de novo* review by a non-conflicted judge. *Id*.

Similarly, in *Brock v. Zuckerberg*, 2022 U.S. App. LEXIS 11368 (2d Cir. 2022), the Second Circuit refused to vacate dismissal of the plaintiff's complaint even though it found that the district judge who dismissed the complaint should have recused himself from the case. Although in that case the Court found that the second and third factors actually weighed in favor of vacatur, the first factor, risk of injustice to the parties, weighed "heavily" against vacatur because the Second Circuit had reviewed and agreed with the conflicted judge's decision to dismiss the Complaint. *Id*. at *10. On that basis, vacatur was denied.

In the instant case, the factors favoring denial of Plaintiff's vacatur motion are even more compelling:

- At no time was there any conflict or potential conflict with either Judge Liman or Magistrate Aaron involving Defendant HOC.

- At the time HOC moved for summary judgment in March 2022, DePuy was no longer a party to the case. The only parties to the case were Plaintiffs and HOC, none of whom presented a conflict for Judge Liman. When Judge Liman granted HOC's summary judgment motion in December 2022, DePuy had been out of the case for more than a year.

- HOC's motion for summary judgment was based on application of the statute of limitations, a new and completely different issue than those raised in DePuy's earlier summary judgment motion and addressed in Judge Liman's decision on that motion.

- Plaintiff appealed both orders granting summary judgment to DePuy and HOC to the Second Circuit. She had a full opportunity to brief the issues and to be heard, including at oral argument. The Second Circuit conducted a *de novo* review and affirmed dismissal of the Complaint based on statute of limitations, finding that it did not even need to reach the DePuy-specific issues on DePuy's summary judgment motion.

These facts and the case history materially distinguish this case from the *Litovich* case cited by Plaintiff in which vacatur was granted. *See Litovich v. Bank of Am. Corp.*, 106 F.4th 218, 228 (2d. Cir. 2024). In *Litovich*, critically, there had been no subsequent *de novo* review of the decision at issue by a non-conflicted judge or by the Court of Appeals. And that case did not involve the situation present here where the ruling judge had no conflict with any party to the case when the motion at issue was made and the decision rendered.

As illustrated in the Second Circuit decisions in *ExxonMobil* and *Brock*, where a conflicted judge's decision is subsequently reviewed by a non-conflicted judge and found to be sound, vacatur should be denied. Indeed, if vacatur were granted, HOC would be forced to make the same motion for summary judgment based on statute of limitations proffering the same evidence in support and ultimately requiring the same result (dismissal) in light of the Second Circuit's *de novo* affirmance of the original summary judgment order. This would simply cause further delay and unnecessary work for the court and parties, all for the same result. *See Exxon Mobil*, 44 F.4th at 174 (denying vacatur where "[v]acating the judgment would delay the case for months or longer, all to no benefit.").

### C. Magistrate Judge Aaron Was Not Conflicted, and Vacatur of His Rulings Would Not Affect the Ultimate Dismissal of the Case.

At no point was Magistrate Aaron conflicted from serving as the assigned magistrate judge and overseeing discovery in this case. Plaintiff argues that Magistrate Aaron was conflicted because he was entitled to, and in 2019 began to receive, five years of annual partnership payments from his former law firm, Arnold & Porter, which counts Johnson & Johnson as one of its many clients. Plaintiff is incorrect. The receipt of partnership payments from his former law firm presented no conflict, nor did it require Magistrate Aaron to recuse himself from this case.

"Where a case…involves remote, contingent, indirect or speculative interests, disqualification is not required." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) (noting as an example that even a judge's prior representation of one of the parties in a proceeding does not automatically warrant disqualification). The question is, would an objective, disinterested observer fully informed of the underlying facts entertain significant doubt that

justice would be done absent recusal? *Lovaglia,* 954 F.2d 811, 815. The clear answer here is "No."

There is no evidence that Magistrate Aaron had any financial interest in Johnson & Johnson or was biased in favor of DePuy (let alone HOC). Nor is there any basis to believe that his entitlement to partnership payments from his former law firm created an interest in the outcome of Ms. Rouviere's personal injury case against DePuy. Plaintiff's assertion that Judge Liman and Magistrate Aaron "collaborated for their own financial benefit" by issuing rulings adverse to Plaintiff (Pl Br. at 23) is wholly unsupported and simply cannot be taken seriously. Plaintiff cites no law, rule, guideline or case suggesting that a limited term entitlement to partnership profits from a former law firm would require disqualification. In fact, relevant case law suggests the opposite. *See In re: SunEdison Inc.,* 62 Bankr. Ct. Dec. 160, 2016 Bankr. LEXIS 1966 (Bankr. S.D.N.Y. 2016) (judge assigned to Chapter 11 bankruptcy case not disqualified where spouse received retirement benefits from law firm retained to represent debtors); *Anderson v. United States*, 2013 U.S. Claims LEXIS 214 (Cl. Ct. 2013) (judge's receipt of military pension does not require disqualification from cases in which a military service is a party).

Importantly, even if Plaintiff were able to point to a disqualifying conflict of Magistrate Aaron, it would still not require vacatur because Magistrate Aaron's rulings did not affect the ultimate outcome of the case. The Second Circuit affirmed dismissal of the action in its entirety on the basis of statute of limitations, which turned on the question of when Jodi Rouviere first manifested symptoms of the injury she claimed in this case. The evidence relevant to that issue consisted of Plaintiff's pleadings, discovery responses, medical records, and the testimony of Plaintiff and her medical experts. None of that evidence was affected by the discovery rulings

Plaintiff now takes issue with, and none of those rulings affected the ultimate dismissal of this case. In fact, the rulings of Magistrate Aaron on the issues of discovery and Plaintiff's experts were among those included as part of her appeal, but the Second Circuit found it did not need to reach those rulings given the dispositive nature of the statute of limitations issue to the entire case.

## II. AN EVIDENTIARY HEARING IS NOT WARRANTED AND PLAINTIFF'S MOTION FOR A HEARING SHOULD BE DENIED.

In a separate motion, Plaintiff asks the Court to permit discovery and hold an evidentiary hearing on the rhetorical question, "Why didn't Judge Liman and Judge Aaron disqualify themselves from the instant case?" (Pl Evidentiary Hearing Br. at 3) To answer this question, Plaintiff seeks depositions of Judge Liman, Magistrate Aaron, Arnold & Porter, and the brokerage firms "conducting transactions on behalf of and/or sending money to Judge Liman and Judge Aaron related directly or indirectly to Johnson & Johnson." (Pl Br at 3-5) Plaintiff also seeks any related documents from these individuals and entities.

"In the Rule 60(b) context, a party is not automatically entitled to an evidentiary hearing. [citations omitted]. As a general matter, in the Rule 60(b) context, evidentiary hearings should be held to decide disputes concerning "material issues of fact." *Saada v. Golan*, 2021 U.S. App. LEXIS 31090, *8 (2d Cir. 2021) (citations omitted).

Here, an evidentiary hearing is not warranted because whether a judicial conflict existed and the details of any such conflict are not material issues. There is not even a valid basis for claiming a conflict as to Magistrate Aaron, and whether or not Judge Liman was conflicted as to DePuy is immaterial for the reasons discussed above, namely that HOC's summary judgment motion was made and decided when DePuy was not a party to the case, and in any event, the Second Circuit's *de novo* review and affirmance of dismissal renders as harmless error any

11

conflict that Judge Liman may have had at one point. As recognized in the Second Circuit's Summary Order, the statute of limitations dismissal applies to the case as a whole and is applicable to both HOC and DePuy. Therefore, dismissal of the Complaint based on statute of limitations would still stand regardless of the outcome of any evidentiary hearing.

## **CONCLUSION**

For the reasons set forth above, Plaintiff's Rule 60(b) motion for relief from judgments, and Plaintiff's related motion for an evidentiary hearing should both be denied.

Dated: New York, New York
December 6, 2024

Respectfully Submitted,

**GIBBONS P.C.**

By: */s/Paul E. Asfendis*
Paul E. Asfendis
Kim M. Catullo
One Pennsylvania Plaza- Suite 4515
New York, New York 10119
Tel.: (212) 613-2000

*Attorneys for Defendant
Howmedica Osteonics Corp.*

# CERTIFICATE OF SERVICE

I hereby certify that on December 6, 2024, the foregoing document was electronically served via electronic filing and email on the following.

Jodi Rouviere
Jodi.jtm@gmail.com
4070 Laguna Street
Coral Gables, Florida 33146
*Plaintiff-Appellant, pro se*

Joseph Eaton
J.T. Larson
Jessica Metzger
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, Indiana 46204
*Attorneys for Defendant*
*DePuy Orthopaedics, Inc.*

A copy of the foregoing document was also served on Jodi Rouviere at the above address via U.S. mail on this date:

s/ Paul E. Asfendis
Paul Asfendis
