# EXHIBIT 1

22-3205-cv (L)
Rouviere v. Depuy Orthopaedics, Inc

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of April, two thousand twenty-four.

PRESENT:
  REENA RAGGI,
  EUNICE C. LEE,
  BETH ROBINSON,
    *Circuit Judges.*
_____

JODI ROUVIERE, individually,

  *Plaintiff-Appellant*,

ANDRE ROUVIERE, Jodi Rouviere's husband, individually,

  *Plaintiff*,

  v.                                    22-3205 (L)
                                        23-50 (Con)

HOWMEDICA OSTEONICS CORPORATION,
DBA STRYKER ORTHOPAEDICS, DEPUY
ORTHOPAEDICS, INC.,

    *Defendants-Appellees.*

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | JODI ROUVIERE, *pro se*, Miami, FL. |
| FOR DEFENDANT-APPELLEE HOWMEDICA: | Paul E. Asfendis, Kim M. Catullo, Gibbons P.C., New York, NY. |
| FOR DEFENDANT-APPELLEE DEPUY: | Joseph G. Eaton, J.T. Larson, Barnes & Thornburg LLP, Indianapolis, IN. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis J. Liman, *J.*; Stewart D. Aaron, *Mag. J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the January 4, 2023 judgment of the district court is **AFFIRMED**.

\* \* \*

2

Appellant Jodi Rouviere, who was represented by counsel below but is proceeding *pro se* on appeal, sued two medical device companies, Howmedica (a.k.a. Stryker) and DePuy, for products liability and breach of warranty in 2018. Rouviere suffered complications from her hip replacement in 2012 after parts made by Stryker and DePuy allegedly impinged upon one another and eventually caused a wide variety of issues, including metallosis.[1] The district court granted both defendants' motions for summary judgment—DePuy's based primarily on lack of expert evidence and proximate causation, and Stryker's based on the statute of limitations. *See generally Rouviere v. DePuy Orthopaedics, Inc.*, 560 F. Supp. 3d 774 (S.D.N.Y. 2021); *Rouviere v. Howmedica Osteonics Corp.*, 645 F. Supp. 3d 157

---

[1] "Metallosis is defined as the accumulation and deposition of metallic particles secondary to abnormal wear from prosthetic implants that may be visualized as abnormal macroscopic staining of periprosthetic soft tissues. This phenomenon occurs secondary to the release of metal ions and particles from metal-on-metal hip implants in patients with end-stage osteoarthritis. Ions and particles shed from implants can lead to local inflammation of surrounding tissue and less commonly, very rare systemic manifestations may occur in various organ systems." Chinedu C. Edu, et al., *The Mechanism of Metallosis After Total Hip Arthroplasty*, 7 REGENERATIVE ENG'G & TRANSLATIONAL MED. 247, 247 (2021), https://link.springer.com/article/10.1007/s40883-021-00222-1 [https://perma.cc/E324-RV2L].

3

(S.D.N.Y. 2022). Rouviere appealed.[2] We assume the parties' familiarity with the remaining underlying facts, procedural history, and issues on appeal.

## I. Standard of Review

We review decisions granting summary judgment, including those based on a statute of limitations defense, *de novo*. *Benzemann v. Houslanger & Assocs., PLLC*, 924 F.3d 73, 78 (2d Cir. 2019). Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *Id*. *Pro se* submissions are liberally construed to raise the strongest arguments they suggest. *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). "We may affirm on any ground with support in the record, including grounds upon which the district court did not rely." *Jusino v. Fed'n of Cath. Tchrs., Inc.*, 54 F.4th 95, 100 (2d Cir. 2022) (internal quotation marks and citation omitted), *cert. denied*, 143 S. Ct. 1056 (2023).

---

[2] Rouviere's husband was a plaintiff in the district court but has not appealed the district court's dismissal of his derivative claim for loss of consortium.

## II. Statute of Limitations

We affirm the district court's summary judgment decisions for both Stryker and DePuy on limitations grounds. The record reveals no genuine dispute of material fact that the relevant symptoms began before May 2015. Rouviere's 2018 complaint is therefore time barred.

### a. DePuy Raised the Defense Below

We may affirm summary judgment for DePuy based on the statute of limitations because DePuy raised the affirmative defense in its answer to the amended complaint. Accordingly, the defense was preserved. *See Kulzer v. Pittsburgh-Corning Corp.*, 942 F.2d 122, 124–25 (2d Cir. 1991); *see also Nicholas v. Miller*, 189 F.3d 191, 195 (2d Cir. 1999) (considering qualified immunity affirmative defense on appeal where defendants-appellees did not raise the defense in their summary judgment motion but did so in their answer). Rouviere also had an opportunity to respond to the argument below in her opposition to Stryker's motion for summary judgment. *See Curry v. City of Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003) (addressing notice and opportunity to respond). Furthermore, the arguments regarding limitations are identical for both defendants.

5

b.  **Applicable Law on Statutes of Limitations**

The parties agree a four-year statute of limitations applies to Rouviere's breach of warranty claims, pursuant to N.Y. U.C.C. § 2-725.  A breach of warranty claim accrues "when tender of delivery is made" regardless of "the aggrieved party's lack of knowledge of the breach."  *Id.* § 2-725(2).  "There is no provision for an extension of the limitations period linked to the discovery of the breach."  *Meyer v. Seidel*, 89 F.4th 117, 129 (2d Cir. 2023).

The parties agree that New York law applies to Rouviere's diversity suit, but they dispute which of two statutes governs the accrual of Rouviere's product liability claims under N.Y. C.P.L.R.—§ 214(5), or the more plaintiff-friendly § 214-c(2).  For the purposes of this appeal, we will assume, without deciding, that the case is governed by § 214-c(2), under which "a cause of action accrues in the toxic tort context when a plaintiff discovers an injury."  *In re World Trade Ctr. Lower Manhattan Disaster Site Litig.*, 758 F.3d 202, 211 (2d Cir. 2014) (citing N.Y. C.P.L.R. § 214-c(2)).  Importantly, the New York Court of Appeals has held that this accrual happens "when the injured party discovers the primary condition on which the claim is based," and not when "the connection between [the] symptoms and the

6

injured's exposure to a toxic substance is recognized." *Id*. (alteration in original) (quoting *In re New York Cnty. DES Litig.*, 89 N.Y.2d 506, 509 (1997)). Accordingly, accrual does not depend "on the medical sophistication of the individual plaintiff [or] the diagnostic acuity of his or her chosen physician." *Id*. (alteration in original) (internal quotation marks omitted).

c. **Product Liability Application**

Rouviere's product liability claims are time barred because there is no genuine dispute of material fact that she discovered "the manifestations or symptoms" of her injury from the hip replacement more than three years before she filed suit in 2018. *Id.* (quoting *DES Litig.*, 89 N.Y.2d at 514). In her Rule 56.1 statement, she did not dispute that she experienced the relevant symptoms from 2012 to 2014. She connected those symptoms to her hip replacement in her amended complaint. Even if, as she argues on appeal, Rouviere did not subjectively identify the impingement of the hip replacement products as the cause of these symptoms before her revision surgery in 2016, that would not prevent her claim from accruing. *See id*. And as the district court concluded, Rouviere's claim that her pre-2016 symptoms were due to her pre-existing

7

conditions contradicts her position from an earlier stage in the litigation. *See Rouviere*, 645 F. Supp. 3d at 171–75; *Bellefonte Re Ins. Co. v. Argonaut Ins. Co.*, 757 F.2d 523, 528 (2d Cir. 1985) ("A party's assertion of fact in a pleading is a judicial admission by which it is normally bound throughout the course of the proceeding.").

Accordingly, we affirm summary judgment on Rouviere's product liability claims.

### d.  Breach of Warranty

Rouviere's breach of warranty claims are also time barred because they accrued, at the latest, on the date of her surgery in August 2012, which is the last day the relevant products could have been delivered and was more than four years before she sued in May 2018. *See Schrader v. Sunnyside Corp.*, 297 A.D.2d 369, 371 (2d Dep't 2002) (accrual occurs for express and implied warranty claims when "the product is placed in the stream of commerce or at the time of sale by the manufacturer").

### e.  Equitable Estoppel and Tolling

We also affirm the decision to deny the application of equitable estoppel or

8

tolling to Rouviere's claims. "Under New York law, the doctrines of equitable tolling or equitable estoppel 'may be invoked to defeat a statute of limitations defense when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action.'" *Meyer*, 89 F.4th at 130 (emphasis omitted) (quoting *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007)). To establish either equitable estoppel or tolling, Rouviere must demonstrate that specific actions by defendants kept her from timely bringing suit. *See id*.

Here, Rouviere's argument on behalf of equitable tolling and/or estoppel relies on defendants' alleged concealment of the defectiveness of their products and their misrepresentations to the U.S. Food and Drug Administration ("FDA") about the safety of their products. But even assuming those allegations are true, those are the same allegations that form the substance of Rouviere's failure-to-warn claims. *See Meyer*, 89 F.4th at 130 (explaining that the misrepresentations that trigger tolling cannot be the same misrepresentations underpinning the claim).

Furthermore, Rouviere fails to explain what "subsequent and specific action" DePuy and Stryker took, beyond their initial alleged omissions and representations about the safety of their products, to prevent her from timely

9

suing.  *See Putter v. North Shore Univ. Hosp.*, 7 N.Y.3d 548, 552 (2006).  None of the allegedly fraudulent actions concern Rouviere.  She has not shown that either defendant misrepresented the appropriate statute of limitations or sought to prevent her suit after she began to experience symptoms from her hip replacement.  Furthermore, she has not shown that she did not file her suit within the statute of limitations because she reasonably relied on the defendants' alleged misrepresentations to the FDA.  *See Zumpano v. Quinn*, 6 N.Y.3d 666, 674 (2006).

Accordingly, we affirm the district court's denial of equitable tolling and estoppel and affirm the district court's decisions because Rouviere's claims are time barred.

\* \* \*

We have considered Rouviere's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.  Rouviere's pending motion to file a sur-reply is denied as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

