UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JODI ROUVIERE and ANDRE ROUVIERE,

                             Plaintiffs,

              -against-

DEPUY ORTHOPAEDICS, INC.
n/k/a MEDICAL DEVICE
BUSINESS SERVICES, INC., and
HOWMEDICA OSTEONICS
CORPORATION d/b/a STRYKER
ORTHOPAEDICS,

                             Defendants.

**18 Civ. 4814 (GHW) (GS)**

**OPINION & ORDER**

------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

On November 14, 2024, Plaintiff Jodi Rouviere ("Plaintiff"), appearing *pro se*, filed a motion to disqualify the undersigned from this action pursuant to 28 U.S.C. § 455(a). (Dkt. No. 377). For the reasons set forth below, Plaintiff's motion is **DENIED**.[1]

## BACKGROUND

### A. Relevant Procedural History

This products liability action, initiated in 2018 by Plaintiff and her husband, Andre Rouviere, originally named eight corporate defendants. (Dkt. No. 1). These

---

[1] Motions to recuse are non-dispositive. *Adams v. Co-Op City Dep't of Pub. Safety*, No. 21 Civ. 2675 (DEH) (BCM), 2024 WL 3459248, at *2 n.20 (S.D.N.Y. July 18, 2024); *Oneill v. Macy*, No. 19 Civ. 1336V(F), 2020 WL 14011062, at *1 n.1 (W.D.N.Y. Sept. 28, 2020). Accordingly, the undersigned decides this motion via an Opinion & Order rather than a Report & Recommendation.

1

included Stryker Corporation ("Stryker"), a publicly traded corporation; Stryker Sales Corporation ("Stryker Sales"); and Howmedica Osteonics Corporation ("Howmedica"), a subsidiary of Stryker. (*Id*. ¶¶ 53, 58; *see* Dkt. No. 55).[2] In December 2018, Plaintiffs voluntarily dismissed the action as against Stryker (Dkt. No. 46), Stryker Sales (Dkt. No. 45), and four other defendants (Dkt. No. 52).

The action continued against Howmedica and DePuy Orthopaedics, Inc. ("DePuy"), a subsidiary of Johnson & Johnson. (Dkt. No. 38). In September 2021, the Honorable Lewis J. Liman granted summary judgment in favor of DePuy. (Dkt. No. 318). In December 2022, Judge Liman granted summary judgment in favor of Howmedica. (Dkt. No. 351). Plaintiff appealed, and in a Summary Order issued on June 11, 2024, the Court of Appeals affirmed both summary judgment rulings. (Dkt. No. 361 & 363).

On October 31, 2024, Plaintiff filed a motion for relief from the final judgment entered in favor of DePuy and Howmedica pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 364). Plaintiff's motion contends that Judge Liman owned stock in Johnson & Johnson during the pendency of the case and thus had a financial interest in a party that should have led to his disqualification under 28 U.S.C. § 455. (*Id*. at 18, 22-23). Plaintiff's motion also

---

[2] Although Howmedica's Rule 7.1 Corporate Disclosure Statement in this case states only that Stryker "owns 10% or more of the stock of" Howmedica (Dkt. No. 55), other corporate disclosure statements filed by Howmedica, as well as other publicly available information, show that Howmedica is a wholly owned subsidiary of Stryker. *See, e.g.*, Petition for Writ of Certiorari, *Stryker Corp. v. Bausch*, 2011 WL 2559146, at *iii (U.S. Sup. Ct. filed June 24, 2011); Rule 7.1 Corporate Disclosure Statement, *Knight v. Stryker Corp.*, No. 20 Civ. 2798 (AJN), Dkt. No. 3 (S.D.N.Y. Apr. 3, 2020).

contends that Judge Stewart D. Aaron, the designated magistrate judge to whom the case was referred for general pretrial supervision in June 2018 (Dkt. No. 4), should have been disqualified because Johnson & Johnson was a client of his former law firm. (Dkt. No. 364 at 20-23).

Following the filing of Plaintiff's Rule 60(b)(6) motion, the case was ultimately reassigned to the Honorable Gregory H. Woods as the district judge and to me as the magistrate judge. (*See* Docket Entries dated Nov. 7 & 8, 2024). Although the prior referral to Judge Aaron has now been reassigned to me, I have not yet been asked by Judge Woods or the parties to take any action on the case, and I have taken no action.

### B. The Instant Motion

On November 14, 2024, Plaintiff filed the instant motion for disqualification. (Dkt. No. 377). The motion asserts that, based on my initial Financial Disclosure Report dated January 25, 2024, I "received dividends from Defendant Stryker in the instant case." (*Id.* ¶ 4). Plaintiff submits that this circumstance warrants my disqualification pursuant to 28 U.S.C. § 455(a) and Second Circuit precedent. (*Id.* ¶ 7). Absent disqualification, Plaintiff asserts, she would be deprived of her right to "a conflict free judge to preside over her case and not one who owns stock or received money from Defendants." (*Id.* ¶ 9).

Upon appointment, judicial officers are required to file an initial Financial Disclosure Report. *See* 5 U.S.C. §§ 13103(f), 13104; Administrative Office of the U.S. Courts, Guide to Judiciary Policy, Vol. 2D, § 210.10(a). My initial Financial

3

Disclosure Report, which Plaintiff attaches to her motion (Dkt. No. 377 at 5-37), was filed in compliance with this requirement following my September 15, 2023 appointment as a U.S. Magistrate Judge. (*See* Dkt. No. 377 at 5 (Report Type)). The report requires disclosure of, *inter alia*, investment income received by the filer beginning on January 1 of the preceding calendar year prior to the year of appointment. *See* 5 U.S.C. § 13104(a)(1); Guide to Judiciary Policy, Vol. 2D, § 210.30(b)(1). In my case, this meant the report covered investment income received beginning on January 1, 2022, and ending on December 31, 2023, which includes a period of more than 20 months before my appointment in September 2023. (*See* Dkt. No. 377 at 5 (Reporting Period)).

Section VII of my initial Financial Disclosure Report reflects positions held in hundreds of publicly traded securities during the covered period, along with the receipt of associated investment income from these positions. (*See id*. at 9-33). Among the hundreds of entries in Section VII is one reporting my receipt of dividends of $1,000 or less from Stryker Corp., which, as noted above, is the parent corporation of Defendant Howmedica. (*Id.* at 20, Entry 202). Although not specified in the report, I have, subsequent to the filing of the instant motion, confirmed that the dividends were paid prior to my appointment as a judge, and that all of the Stryker stock was likewise sold prior to my appointment as a judge.

## LEGAL STANDARD

Section 455(a) requires that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality

might reasonably be questioned." 28 U.S.C. § 455(a). "[T]he test for whether an appearance of partiality exists 'is an objective one based on what a reasonable person knowing all the facts would conclude.'" *Litovich v. Bank of Am. Corp.*, 106 F.4th 218, 224 (2d Cir. 2024) (quoting *Chase Manhattan Bank v. Affiliated FM Ins. Co.*, 343 F.3d 120, 127 (2d Cir. 2003)). "[R]ecusal is warranted if 'an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal.'" *Hayes v. ASCAP*, No. 24 Civ. 1883 (LTS), 2024 WL 4215765, at *2 (S.D.N.Y. Sept. 16, 2024) (quoting *United States v. Yousef*, 327 F.3d 56, 169 (2d Cir. 2003)) (cleaned up).

Section 455(a) has been described as a "catchall recusal provision," *Litovich*, 106 F.4th at 224 (citation omitted), that "complements [Section] 455(b), which addresses the problem of actual bias by mandating recusal in certain specific circumstances where partiality is presumed." *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir. 2000); *see* 28 U.S.C. § 455(b). "Unlike section 455(b), which enumerates specific circumstances constituting *actual* conflicts of interest, the purpose of section 455(a) is 'to promote confidence in the judiciary by avoiding even the *appearance* of impropriety whenever possible.'" *Hardy v. United States*, 878 F.2d 94, 96 (2d Cir. 1989) (emphasis in original) (quoting *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 865 (1988)); *see Litovich*, 106 F.4th at 224.

"'The [Second Circuit] has cautioned that . . . the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality.'" *Sun v. Mo*,

5

No. 24 Civ. 3630 (KPF), 2024 WL 4252580, at *2 (S.D.N.Y. Sept. 19, 2024) (quoting *Barnett v. United States*, No. 11 Civ. 2376 (LAP), 2012 WL 1003594, at *1 (S.D.N.Y. Mar. 26, 2012)). Importantly, "where the standards governing disqualification are *not* met, 'disqualification is not optional; rather, it is prohibited.'" *Id.* (emphasis in original) (quoting *In re Aguinda*, 241 F.3d 194, 201 (2d Cir. 2001)).

## DISCUSSION

At the outset, I note that Plaintiff does not claim I suffer from an actual conflict of interest under Section 455(b). Nor is there a basis for such a claim. In pertinent part, Section 455(b) prescribes mandatory disqualification where the judge "knows that he . . . or his spouse . . . has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4).

Section 455(b)(4) is phrased in the present tense; it asks whether the judge "*has* a financial interest" in, *inter alia*, a party to the proceeding. *See Canale v. Colgate-Palmolive Co.*, No. 16 Civ. 3308 (CS), 2017 WL 112610, at *3 (S.D.N.Y. Jan. 10, 2017) ("Congress could have broadened the scope of § 455(b)(4) by requiring recusal when a judge 'has or had' a financial interest, and its silence is instructive."). I do not have a financial interest in any party to this proceeding or any other interest described in Section 455(b). My ownership of Stryker stock ended before I became a U.S. Magistrate Judge on September 15, 2023, and more than a year before I was designated as the magistrate judge in this case.

6

Accordingly, there is no violation of Section 455(b)(4).  *See, e.g.*, *Union Carbide Corp. v. U.S. Cutting Serv., Inc.*, 782 F.2d 710, 714 (7th Cir. 1986) (holding that Section 455(b)(4) did not mandate recusal of judge who previously owned stock in members of plaintiff class; once judge divested herself of the stock, "[i]f she were to rule in favor of the plaintiffs it could not put a nickel in her pocket"); *In re Bair Hugger Forced Air Warning Prods. Liab. Litig.*, 677 F. Supp. 3d 925, 932 (D. Minn. 2023) (holding judge's past ownership of stock in defendant did not require recusal under Section 455(b)(4); "[s]imply stated, § 455(b)(4) applies if the judge *has* a financial interest in a party to the litigation") (emphasis in original).

Plaintiff nonetheless argues that my prior ownership of Stryker stock[3] creates an appearance of partiality, mandating recusal under Section 455(a).  In particular, Plaintiff argues that my participation in the case would be "in direct conflict" with the Second Circuit's recent holding in *Litovich*.  (Dkt. No. 377 ¶ 8). But that is not so.

In *Litovich*, the district judge's spouse owned stock in one of the defendants *during* the time the judge presided over the case.  106 F.4th at 223, 226.  While the judge's spouse divested the stock before the judge issued his ruling granting the defendant's motion to dismiss, "[t]his conflict-creating ownership and financial interest in a party to the litigation existed until some time after" the briefing on the

---

[3] Stryker, having been voluntarily dismissed in 2018, is no longer a defendant in this case.  That fact is immaterial, however, since Howmedica, its wholly-owned subsidiary, is a defendant.  *See* Judicial Conference of the United States, Committee on Codes of Conduct, Advisory Opinion No. 57 (Feb. 2024) ("If a parent corporation owns all or a majority of stock in a subsidiary that is a party, the Committee advises that a judge who owns stock in the parent then has a financial interest in the subsidiary, requiring recusal.").

7

motion. *Id.* at 224, 226. Concluding that "it is reasonable to question the partiality of a judge presiding over a case in which his spouse holds an ownership interest in a party" (even assuming the judge had no knowledge of the conflict at the time), the Second Circuit held that Section 455(a) had been violated. *Id.* at 226.[4]

Here, by contrast, I have not owned Stryker stock at any point since I was designated to this case on November 8, 2024—or at any point since I became a judge more than a year ago (and neither has my spouse). I do not have, and have never had, a conflict in this case. Thus, there is no basis to question my partiality as "a judge presiding over a case in which [he or] his spouse holds an ownership interest in a party," *id.*, as that circumstance has never been present.

Plaintiff cites no cases, nor am I aware of any, finding that a judge's stock ownership or other financial interest in a party held *prior* to the judge's appointment warranted recusal. To the contrary, it has long been understood that "[w]here a judge has disposed of stock prior to the institution of litigation before him, his past interest in the involved corporation has been deemed an insufficient predicate of disqualification." Annotation, *Disqualification of Judge Because of His or Another's Holding or Owning Stock in Corporation Involved in Litigation*, 25 A.L.R.3d 1331, § 2(a) (1969); *see also In re Doninton Inv., N.V.*, 97 B.R. 112, 115 (Bankr. S.D. Fla. 1988) ("I have been unable to find a case that upheld recusal in a situation that involved a financial transaction which occurred between a party and

---

[4] Because recusal under Section 455(b)(4) requires knowledge by the judge of the financial interest, and the record was unclear in *Litovich* as to when the judge had such knowledge, the Second Circuit analyzed the recusal issue under Section 455(a) rather than under Section 455(b)(4). *Id.* at 225-26.

8

a person who later became a judge but was not a judge at the time of the transaction.").

Even a judge's prior representation of a party before taking the bench—"a far more significant relationship than any that ever existed between the Court and [Stryker]," *see Gordon v. McGinley*, No. 11 Civ. 1001 (RJS), 2013 WL 12617130, at *1 (S.D.N.Y. June 4, 2013)—has been held to not warrant recusal. *See, e.g.*, *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992) ("A judge's prior representation of one of the parties in a proceeding . . . does not automatically warrant disqualification."); *Fifty-Six Hope Road Music Ltd. v. UMG Recordings, Inc.*, No. 08 Civ. 6143 (KBF), 2011 WL 5825321, at *2 (S.D.N.Y. Nov. 16, 2021) (finding that judge's prior representation of defendant record company in an unrelated matter "does not come close to meeting any principle or standard suggesting that recusal would be appropriate—let alone required"—where, *inter alia*, judge did not have any ongoing personal relationships with any of the defendant's employees); *In re Wyoming Tight Sands Antitrust Cases*, 726 F. Supp. 288, 292 (D. Kan. 1989) (fact that judge represented corporate defendant on one occasion in unrelated matter while in private practice "does not create a question regarding the appearance of impartiality under Section 455(a)").[5]

Applying the objective test for recusal under Section 455(a), and considering the authorities discussed above, I cannot conclude that a reasonable person

---

[5] For the avoidance of doubt, neither my spouse nor I had any relationship with, or dealings with, anyone at Stryker at the time of, or in connection with, our ownership of Stryker stock. Nor do we have any current relationship with anyone at Stryker.

knowing all the facts would find any appearance of impropriety or partiality under the circumstances present here. I have had no interest in any of the parties in this action since becoming a judge or being designated to this action. Thus, there are no facts present that warrant recusal.

"Section 455 'is not intended to give litigants a veto power over sitting judges, or a vehicle for obtaining a judge of their choice.'" *Sun*, 2024 WL 4252580, at *2 (quoting *United States* v. *Cooley*, 1 F.3d 985, 993 (10th Cir. 1993)). And, as noted above, the Second Circuit has instructed that where, as is the case here, the standards for disqualification are not met, "disqualification is not optional; rather, it is prohibited." *In re Aguinda*, 241 F.3d at 201; *see also In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988) ("A judge is as much obliged not to recuse himself when it is not called for as he is obliged to when it is."). The Court is thus constrained to deny Plaintiff's motion.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion for disqualification is **DENIED**. The Clerk of Court is respectfully directed to terminate the pending motion at Dkt. No. 377.

**SO ORDERED.**

DATED: December 12, 2024
          New York, New York

                                                                The Honorable Gary Stein
                                                                United States Magistrate Judge