# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| JODI ROUVIERE and | ) | |
| ANDRE ROUVIERE, | ) | |
| | ) | |
| *Plaintiffs*, | ) | |
| v. | ) | Case No. 1:18-cv-04814-GHW-GS |
| | ) | |
| DEPUY ORTHOPAEDICS, INC. n/k/a | ) | |
| MEDICAL DEVICE BUSINESS | ) | |
| SERVICES, INC. and HOWMEDICA | ) | |
| OSTEONICS CORPORATION | ) | |
| d/b/a STRYKER ORTHOPAEDICS, | ) | |
| | ) | |
| *Defendants*. | ) | |

**PLAINTIFF JODI ROUVIERE'S REPLY TO DEFENDANTS' RESPONSE IN
OPPOSITION TO PLAINTIFF'S RULE 60(b)(6) MOTION TO VACATE FINAL
JUDGMENTS AND PRETRIAL ORDERS**

Comes now, the Plaintiff Jodi Rouviere, pro se, in the above-entitled numbered cause

who files this, her Reply to Defendants' Response in opposition to Plaintiff's Rule 60(b)(6)

motion (ECF-364) and Motion for Evidentiary Hearing (ECF-373) and in support thereof states

the following:

# TABLE OF CONTENTS

I.    INTRODUCTION...................................................................................................1

II.   ARGUMENT........................................................................................................1

    A.  Judge Liman's Misconduct.........................................................................2

        1.  Undisclosed Financial Conflicts with DePuy ...................................2

        2.  Legal Errors ......................................................................................2

        3.  Procedural Bias .................................................................................3

    B.  Judge Aaron's Misconduct..........................................................................3

        1.  Undisclosed Financial Conflicts with DePuy ...................................3

        2.  Procedural Bias .................................................................................4

    C.  Appellate Court Misconduct .......................................................................5

        1.  Judge Reena Raggi's Undisclosed Financial Conflicts with HOC ..................5

        2.  Procedural Failures and Misapplication of Law ................................6

III.  DEFENSE MISCONDUCT...................................................................................7

IV.   DEFENDANTS' ARGUMENTS FOR DISMISSING IMPROPRIETIES REST ON UNSTABLE GROUND ..........................................................................................9

V.    EVIDENTIARY HEARING IS REQUIRED..........................................................9

VI.   CONCLUSION....................................................................................................10

i

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Liljeberg v. Health Servs. Acquisition Corp.*,

    486 U.S. 847 (1988) ................................................................................1, 9

*Caperton v. A.T. Massey Coal Co.*,

    556 U.S. 868 (2009) ................................................................................1, 6

*Litovich. v. Bank of Am. Corp.*,

    106 F.4th 218, 223–24 (2d Cir. 2024) ....................................................1, 2, 4

*Tiffany and Company v. Costco Whole Corporation*,

    No. 1 :13-cv-01041-LJL-DCF (S.D.N,Y. 2017) ..............................................2

*Matter of N.Y. County DES Litig.*,

    89 N.Y.2d 506 (1997) ..................................................................................2

*Broadway Rental, Inc. v. U.S. Mineral Prods. Co.*,

    92 N.Y.2d 421 (1998) ..................................................................................2

*Wetherill v. Eli Lilly & Co.*,

    89 N.Y.2d 506 (1997) ..................................................................................2

*Rothstein v. Tennessee Gas Pipeline Co,.*

    87 N.Y.2d 90 (1995) ....................................................................................2

*Cerqua v. Stryker Corp.*,

    2012 WL 5506119 (S.D.N.Y.2012) ..............................................................3

*In Re.SunEdison Inc., 62 Bankr. Ct. Dec. 160.,*

    2016 Bankr. LEXIS 1966 (S.D.N.Y. 2016) ...................................................................3, 4

*Anderson v. United States.,*

    2013 U.S. Claims LEXIS 214 (Cl. Ct. 2013) ...............................................................3, 4

*ORP Surgical Partners v. Howmedica Osteonics Corp.,*

    2022 WL 1468115 ...............................................................................................................5-6

*Rouviere v. Howmedica Osteonics Corp.,*

    2024 U.S. App. LEXIS 8201 *1 (2d Cir. 2024) ..............................................................7

*United States v. Chambers.,*

    192 F.3d 374, 378 (3d Cir. 1999) …..................................................................................9

*Tumey v. Ohio,*

    273 U.S. 510 (1927) …......................................................................................................10

**Statutes**

28 U.S.C. § 455 ..........................................................................................................................1, 2

CPLR 214-c(2) ...............................................................................................................*passim*

**Other Authorities**

Fed. R. Civ. P. 60 ..........................................................................................................*passim*

## I.    INTRODUCTION

Plaintiff Jodi Rouviere respectfully moves this Court to vacate the summary judgment orders favoring the Defendants due to egregious judicial misconduct. Undisclosed financial conflicts and systemic bias permeated this case, warranting relief under Federal Rule of Civil Procedure 60(b)(6). As the Supreme Court has affirmed, judicial integrity demands vacatur when conflicts of interest are present (*Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847 (1988); *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868 (2009). This motion seeks to correct the injustices that resulted from these improprieties.[1]

## II.    ARGUMENT

This case was marred by misconduct by Judges Liman, Aaron, and Raggi and unethical actions by defense counsel which manipulated discovery, suppressed critical evidence, and denied Plaintiff due process. These judges concealed substantial financial relationships with the Defendants violating ethical obligations under 28 U.S.C. § 455(a). As the Second Circuit emphasized in *Litovich v. Bank of Am. Corp.*, 106 F.4th 218 (2d Cir. 2024), even the appearance of impartiality warrants vacatur to preserve judicial integrity. The Court stated:

> "[W]hile there was no direct conflict of interest when the district court judge ruled on the merits of this action, we nonetheless conclude that because § 455(a) and our related precedents required pre-judgment disqualification, vacatur is warranted."

Under 28 U.S.C. § 455(a) the Court highlighted three guiding factors for disqualification present here: (i) the risk of injustice to the parties in the particular case; (ii) the risk that denial of relief will produce injustice in other cases, and (iii) the risk of undermining public confidence in

---

[1] The purpose of Rule 60 is to prevent an injustice due to a failure of the judicial process. An unjust judgment would be corrected, whether the unreliable or corrupt result is caused by fraud committed by opposing counsel, a mistake, fraud by the court, or otherwise. For DePuy to summarily suggest that any case referring to some other trigger causing the unjust result is "inapposite" in its entirety is wrong and deceptive. The issues of review, correction of the unjust judgment, etc., are relevant and salient; the specific trigger that caused the unjust result is not.

the judicial process." (*United States v. Amico*, 486 F.3d 764, 777 (2d Cir. 2007); *Litovich* at 218, 226-27).

### A.  JUDGE LIMAN'S MISCONDUCT

#### 1.  Undisclosed Financial Conflicts with DePuy

Judge Liman actively traded and held financial interests in Johnson & Johnson (J&J) stock[2] while presiding over this case, violating 28 U.S.C. § 455 and ethical standards of impartiality. This misconduct, paralleling prior recusals in similar cases (e.g., *Litovich; Tiffany and Co. v. Costco Wholesale Corp.,* No. 1:13-cv-01041-LJL-DCF (S.D.N.Y. 2017)), undermines judicial impartiality and potentially violates SEC laws in a troubling pattern of misconduct, clearly not an isolated error.

#### 2.  Legal Errors

Judge Liman's discretionary rulings are outlined in the 60(b)(6) motion. Judge Liman obstructed discovery, ignored evidence, and issued flawed rulings on statute of limitations (SOL), by conflating symptom manifestation with discovery of latent injury, contrary to established precedent *(\*Matter of N.Y. County DES Litig.\**, 89 N.Y.2d 506 (1997)); *MRI Broadway Rental, Inc. v. U.S. Mineral Prods. Co.*, 92 N.Y.2d 421 (1998); *Wetherill v. Eli Lilly & Co.*, 89 N.Y.2d 506 (1997); and *Rothstein v. Tennessee Gas Pipeline Co.*, 87 N.Y.2d 90 (1995).

Against Plaintiff's medical evidence, Judge Liman made unsubstantiated medical speculations that ignored science and law. He improperly invoked unrelated neurological symptoms from a diagnosed cervical condition to trigger the statute while disregarding Plaintiff's medical evidence, including medical records, testimony, and expert opinions demonstrating that

---

[2] Johnson & Johnson (J&J) is the parent company of Defendant DePuy.

metallosis was asymptomatic until its diagnosis in 2016. This approach contradicted *Cerqua v. Stryker Corp.*, 2012 WL 5506119 (S.D.N.Y. 2012), which affirms that the discovery of latent injuries is a question for the jury, not a judge's arbitrary determination.

Plaintiff need not prove the full impact of judicial conflicts—appearance alone suffices to grant her Rule 60(b)(6) Motion. Judge Liman concealed financial conflicts in clear violation of ethical duties, undermining the integrity of the proceedings. He misapplied CPLR 214-c(2), conflating unrelated symptoms with latent injury discovery, disregarding expert testimony, and suppressing evidence critical to causation. These errors demand vacatur.

### 3. Procedural Bias

To grant DePuy's unsupported summary judgment, Liman distorted the case's central issue by emphasizing irrelevant stem chemistry over metallosis, the core claim. He excluded critical expert testimony and suppressed key evidence essential to Plaintiff's ability to prove causation. By allowing Aaron's prior erroneous rulings to stand—requiring two separate engineers to opine on a single system's impingement by assessing only half of the device—Liman created insurmountable procedural barriers for the Plaintiff.

### B. JUDGE AARON'S MISCONDUCT

### 1. Undisclosed Financial Conflicts with DePuy

Judge Aaron received direct financial benefits from Arnold & Porter, a law firm concurrently representing J&J, creating a clear conflict of interest. These payments, while Aaron presided over this case, violated ethical standards and compromised Plaintiff's ability to present critical evidence.

Judge Aaron made unsupported rulings which suppressed critical metallosis evidence and restricted discovery into DePuy's knowledge of associated risks. By requiring separate expert

analyses for interconnected device components, Aaron obstructed Plaintiff's ability to prove causation. (ECF-115; ECF-364, p. 3, #4).

Unlike the cases cited by the defense that involve indirect conflicts, such as *In re: SunEdison Inc., 62 Bankr. Ct. Dec. 160* (S.D.N.Y. 2016), or *Anderson v. United States, 2013 U.S. Claims LEXIS 214* (Cl. Ct. 2013)[3], the payments to Judge Aaron from his former law firm were direct and occurred while they concurrently represented J&J in other litigation.[4] These payments, however packaged, far exceed thresholds as reaffirmed by the Second Circuit's decision requiring Liman's recusal for even indirect financial ties, his wife's stock ownership (*Litovich).*

This case involves serious allegations of metallosis caused by a ceramic-on-polyethylene dual mobility hip implant, falsely marketed as a safer alternative to a metal-on-metal implant. Negative rulings could harm J&J's financial standing and its relationship with Arnold & Porter. The defense's reliance on mischaracterized precedents fails to address the direct financial entanglements present here. The implications of receiving direct financial benefits from entities like Arnold & Porter, while ruling on related matters with Defendants who they represent concurrently, are profoundly troubling and cannot be brushed aside.

Aaron suppressed critical evidence that challenged the statute of limitations and limited Plaintiff's ability to provide evidence of metallosis' asymptomatic nature materially affecting the case. HOC's claim that vacatur would yield the same outcome is pure speculation intended to deflect from the procedural and ethical flaws tainting these proceedings.

## 2. Procedural Bias

---

[3] *SunEdison* concerned indirect payments to a judge's spouse, and *Anderson* involved a government pension, not payments from a private law firm.
[4] Aaron was fully aware that J&J's was directly related to Defendants in this case, and its exposure to liability, after confirming J&J was DePuy's parent company on the record (ECF-232, p.7- footnote 4, ECF-242, p.12, lines 19-24).

Aaron suppressed metallosis evidence and restricted discovery into DePuy's knowledge of associated risks. By requiring separate expert analyses for interconnected device components, Aaron obstructed Plaintiff's ability to prove causation.

The defense's opposition to Aaron's recusal is contradictory. They deny material disputes while withholding financial disclosures essential to proving conflicts. Their obstruction underscores bad faith, as does their claim that vacatur would impose undue hardship—hardship stemming from their own concealment of misconduct. Aaron's undisclosed financial ties, procedural errors, and bias necessitate his disqualification and the vacatur of his rulings to restore fairness and integrity to these proceedings.

C.  **APPELLATE COURT MISCONDUCT**

The facts demonstrate: 1) The Appellate Court had a conflict of interest with HOC, 2) Both Defendants had ties to the conflicted court, and 3) The Second Circuit failed to conduct a genuine *de novo* review.

1.  **Judge Reena Raggi's Undisclosed Financial Conflicts with HOC**

Judge Reena Raggi was a member of the appellate panel which reviewed this case's appeal that the Defendants now claim cleansed the conflicts due to an "impartial" and "*de novo*" review. Unfortunately, the review was neither *de novo*, nor impartial.

Judge Raggi had undisclosed financial ties to HOC through her husband's law firm in which he is a partner, Seyfarth Shaw LLP.[5] Her Financial Disclosure Reports for 2022 and 2023 confirm family income from her husband's partnership at the firm (Exhibit 1 hereto (Raggi-Reena-Annual-2022, p. 2; Annual-2023, p.2). During Raggi's appellate review of the case, Seyfarth Shaw LLP was concurrently representing HOC in related hip implant litigation (*ORP*

---

[5] Plaintiff has attached hereto as Exhibit 2 her sworn declaration as to Circuit Judge Raggi's financial interest related to Howmedica.

*Surgical Partners v. Howmedica Osteonics Corp* (2022 WL 1468115)) creating an impermissible conflict of interest (*Caperton*). This conflict is exacerbated by Seyfarth Shaw's documented history of abusive litigation tactics, including admonishment by a federal court in *ORP Surgical Partners*, which noted the firm's "nasty litigation tactics and abusive discovery conduct."

The Second Circuit's purported de novo review was compromised by its misapplication of CPLR 214-c(2), affirming dismissal based on unrelated symptom manifestation rather than latent injury discovery. The Court improperly used symptoms from a cervical condition to assert Plaintiff discovered her injury years before her metallosis diagnosis. It disregarded Plaintiff's evidence and contradicted *science* its own cited and presented sources, including an NIH article, *The Mechanism of Metallosis After Total Hip Arthroplasty*, which states, "There are no specific clinical signs or symptoms that indicate metallosis." It also referenced the FDA's 2019 publication, *Biologic Response to Metal Implants*, which echoed this conclusion, finding no reliable diagnostic tools for metallosis, further undermining the district court's flawed ruling.

The *law* tolls the SOL until a plaintiff reasonably discovers an injury caused by exposure. Precedent requires a clear nexus between symptoms and injury. The court disregarded this requirement, effectively nullifying the latent injury exception and setting a dangerous precedent.

## 2. Procedural Failures and Misapplication of Law

The appellate panel's unpublished summary order ignored the intent of CPLR 214c(2). It lacked substantive reasoning and upheld the district court's suppression and exclusion of critical expert testimony and medical evidence that demonstrated metallosis was an asymptomatic condition. The Second Circuit's order falsely stated that there was no genuine dispute about the manifestation of the injury when, in fact, that was a central point of the appeal.

The appellate panel misapplied CPLR 214-c(2), failing to address Plaintiff's central argument: the distinction between symptom manifestation and the discovery of injury perpetuating lower court errors. This shielded DePuy from scrutiny by upholding Aaron's preclusion of expert testimony critical to proximate causation.

The appellate court did not conduct a *de novo* review. It dismissed Plaintiff's claims *because there was no genuine dispute of material fact that she discovered "the manifestations or symptoms" of her injury from the hip replacement more than three years before she filed suit in 2018. Id.* As such, the appellate court never reviewed Plaintiff's appeal regarding DePuy and did not review her case *de novo* as required (ECF-271).

By issuing a non-precedential summary order, the Second Circuit avoided addressing systemic errors, including the exclusion of critical evidence that demonstrated metallosis's asymptomatic nature deliberately suppressed by Aaron and Liman. This failure undermines the integrity of appellate review and perpetuates the procedural and ethical breaches of the lower courts. The Second Circuit's discussion of Liman's granting of DePuy's summary judgment stated:

> "The district court granted both defendants' motions for summary judgment—DePuy's based primarily on lack of expert evidence and proximate causation, . . . " *Rouviere v. Howmedica Osteonics Corp.*, 2024 U.S. App. LEXIS 8201 *1 (2d Cir. 2024).

Plaintiff did in fact present expert testimony on proximate causation and evidence in support of her claims, however, Aaron ordered the expert's opinions related to DePuy be stricken. Of course, there is a strong appearance that Aaron's income from Aaron & Porter, the law firm that represents Johnson & Johnson, the parent company of DePuy, influenced his draconian decision to preclude Plaintiff from presenting her expert's opinion and testimony against DePuy.

## III.    DEFENSE MISCONDUCT

Defense counsel engaged in unethical conduct, including fabricating legal arguments exploiting judicial bias, concealing critical metallosis evidence, hiding conflicts with Plaintiff's experts, and misrepresenting facts. This bad-faith behavior exploited judicial bias and obstructed justice.

HOC distorted the interpretation of CPLR 214-c(2) falsely claiming the statute of limitations was triggered by the onset of unrelated symptoms rather than the discovery of the latent injury:

> "[T]he Second Circuit affirmed dismissal...on the basis of statute of limitations, which turned on the question of when Jodi Rouviere first manifested symptoms of the injury she claimed in this case."

CPLR 214-c(2) hinges on ***discovery of a latent injury*** caused by defendant's act, not by unrelated symptom onset. This legal distortion, whether due to incompetence or deceit, secured summary judgment for both Defendants.

Judge Liman compounded this manipulation by altering HOC's summary judgment argument to sustain its unsupported position—a blatant overreach that substituted conjecture for evidence and disregarded ethical obligations. After rejecting HOC's initial argument as "unavailing" (ECF-336 at 17), Liman unilaterally bolstered the defense's flawed position (ECF-351, p. 12-14) by using irrelevant symptoms he cherry-picked from Plaintiff's medical records diagnosed as a cervical condition to trigger CPLR 214-c(2). This shift transformed HOC's failing argument into an appellate success and allowed the Second Circuit to apply it improperly to DePuy. Absent Liman's intervention, DePuy's rulings likely would have undergone the required *de novo* review.

The Defendants, argue that the appellate process "cleanses" the influence of judicial conflicts and bias in the lower court. They further claim that this Court should not revisit and undo years of obstructed discovery and corrupted litigation because the result was affirmed by an impartial

*de novo* review by an impartial panel. These assertions are inaccurate, and the suggestion that an appeal cleanses a dirty result is antithetical to justice and due process.[6]

## IV.    DEFENDANTS' ARGUMENTS FOR DISMISSING IMPROPRIETIES REST ON UNSTABLE GROUND

Defendants argue that the judicial conflicts arising from financial ties between the presiding judges and certain Defendants should be disregarded as having no impact on the other Defendants at various stages of the case. This argument is fundamentally flawed.

This case seeks to establish that Defendants, individually and collectively, were aware that the subject devices—despite being marketed as distinct from and safer than metal-on-metal devices— were equally or more dangerous. These Defendants were already exposed to billions in liability from toxic injuries caused by metal-on-metal devices. Beyond defending against liability to this Plaintiff, the case implicates Defendants' broader exposure to thousands of victims harmed by the latent and concealed dangers stemming from their knowingly misrepresented and unsafe products.

There is no question that these Defendants, acting individually and in concert, benefited significantly from improper rulings and procedural manipulations by a conflicted Court. These unethical financial entanglements compromised the judicial process and prejudiced the Plaintiff.

## V.    EVIDENTIARY HEARING IS REQUIRED

An evidentiary hearing is necessary if any doubt exists about these judicial conflicts as held in *Liljeberg v. Health Services Acquisition Corp.*. Courts, including *United States v. Chambers*, 192 F.3d 374 (3d Cir. 1999), mandate evidentiary hearings where material factual disputes—such as the extent and impact of judges' financial interests—persist.

---

[6] Defense counsel also misrepresented Judge Nathan's role, falsely claiming she made substantive rulings when her involvement was limited to procedural matters before her replacement by Liman

Defendants dismiss the conflicts, with one asserting that "whether a judicial conflict existed and the details of any such conflict are not material issues" unreasonably contradicting fundamental principles of American jurisprudence. If unresolved questions about the judges' conflicts remain, an evidentiary hearing is essential to uncover and address the full extent of these concealed improprieties. Judicial impartiality is not peripheral; it is the bedrock of justice.

## VI.    CONCLUSION

Rule 60(b)(6) exists to rectify fundamentally unfair judgments. This case's multiple, undisclosed conflicts of interest and procedural abuses go beyond the appearance of impropriety (*Tumey v. Ohio*, 273 U.S. 510 (1927)) and *clearly demonstrate* a systematic effort to undermine justice. The judges' and defense counsels' complete and utter abandonment of judicial impartiality deprived Plaintiff of due process and her constitutional right to redress.

Plaintiff has shown substantial injustice. The concealment of financial conflicts by multiple judges constitutes "exceptional circumstances" under Rule 60(b)(6), undermining the fairness of the proceedings and striking at the heart of judicial impartiality, which is vital to public confidence in the judiciary.

This Court must rectify this injustice and vacate all associated orders, mandate discovery, and transfer this case to an impartial tribunal. To do otherwise condones the improprieties herein, undermines the judicial system, emboldens bad faith, unethical and immoral conduct, and sets dangerous legal precedents that would prevent redress for those suffering from latent injuries due to defective medical devices. This motion seeks to restore fairness and uphold judicial integrity.

Dated: January 6, 2025

Respectfully submitted,

*Jodi Rouviere*

Jodi Rouviere

10

10950 Southwest 84th Court
Miami, FL 33156-3526
(305) 608-8076
jodi.jtm@gmail.com
*Appearing pro se*

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2025, the foregoing documents was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service upon the following parties and participants:

Paul E. Asfendis
GIBBONS, P.C.
One Pennsylvania Plaza
New York, NY 10119

Joseph G. Eaton
J.T. Larson
Barnes & Thornburg, LLP
11 South Meridian Street
Indianapolis, Indiana 46204

Jodi Rouviere

# EXHIBITS

# Exhibit 1

| AO 10<br>Rev. 3/2023 | **FINANCIAL DISCLOSURE REPORT**<br>**FOR CALENDAR YEAR 2022** | *Report Required by the Ethics*<br>*in Government Act of 1978*<br>*(5 U.S.C. app. §§ 13101-13111)* |

| 1. Person Reporting (last name, first, middle initial)<br><br>RAGGI, REENA | 2. Court or Organization<br><br>U.S. COURT OF APPEALS, 2ND CIR | 3. Date of Report<br><br>09/27/2023 |
|---|---|---|
| 4. Title (Article III judges indicate active or senior status;<br>    magistrate judges indicate full- or part-time)<br><br>UNITED STATES CIRCUIT JUDGE | 5a. Report Type (check appropriate type)<br><br>☐ Nomination    Date<br>☐ Initial    ☑ Annual    ☐ Final<br><br>5b. ☑ Amended Report | 6. Reporting Period<br><br>01/01/2022<br>**to**<br>12/31/2022 |

| 7. Chambers or Office Address<br><br>U.S. COURTHOUSE<br>225 CADMAN PLAZA EAST<br>BROOKLYN, NY 11201 |
|---|
| ***IMPORTANT NOTES:*** *The instructions accompanying this form must be followed. Complete all parts,*<br>*checking the NONE box for each part where you have no reportable information.* |

## I. POSITIONS. *(Reporting individual only; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 345 Trustees, Executors, Administrators, and Custodians; § 350 Power of Attorney; § 355 Outside Positions.)*

☐ NONE *(No reportable positions.)*

| POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|
| 1. TRUSTEE | WILLIAM NELSON CROMWELL FOUNDATION, NEW YORK, NEW YORK |
| 2. EMPLOYEE-PROFESSOR | NEW YORK UNIVERSITY LAW SCHOOL |
| 3. SECRETARY | PIERREPONT STREET TENANTS ASSOCIATION, BROOKLYN, NEW YORK |
| 4. | |
| 5. | |

## II. AGREEMENTS. *(Reporting individual only; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 340 Agreements and Arrangements )*

☑ NONE *(No reportable agreements.)*

| DATE | PARTIES AND TERMS |
|---|---|
| 1. | |
| 2. | |
| 3. | |

| **FINANCIAL DISCLOSURE REPORT** | **Name of Person Reporting** | **Date of Report** |
|---|---|---|
| Page 2 of 17 | RAGGI, REENA | 09/27/2023 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 320 Income; § 360 Spouses and Dependent Children.)*

### A. Filer's Non-Investment Income

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME<br>(yours, not spouse's) |
|---|---|---|
| 1. 2022 | NEW YORK UNIVERSITY LAW SCHOOL - SALARY | $30,000.00 |
| 2. | | |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*

*(Dollar amount not required except for honoraria.)*

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE |
|---|---|
| 1. 2022 | SEYFARTH SHAW LLP LAW OFFICE W-2 |
| 2. | |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*

*(Includes those to spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 330 Gifts and Reimbursements; § 360 Spouses and Dependent Children.)*

☐ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | FEDERALIST SOCIETY | 11/11/2022-11/12/2022 | WASHINGTON, DC | 2022 NATIONAL LAWYERS CONVENTION | HOTEL AND MEALS |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| | | |
|---|---|---|
| **FINANCIAL DISCLOSURE REPORT**<br>Page 3 of 17 | **Name of Person Reporting**<br><br>**RAGGI, REENA** | **Date of Report**<br><br>09/27/2023 |

## V. GIFTS. *(Includes those to spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 330 Gifts and Reimbursements; § 360 Spouses and Dependent Children.)*

**✔** NONE *(No reportable gifts.)*

| SOURCE | DESCRIPTION | VALUE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 335 Liabilities; § 360 Spouses and Dependent Children.)*

**✔** NONE *(No reportable liabilities.)*

| CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |
| 4. | | |
| 5. | | |

**FINANCIAL DISCLOSURE REPORT**

Page 4 of 17

| Name of Person Reporting | Date of Report |
|---|---|
| RAGGI, REENA | 09/27/2023 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| | A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e.g.,<br>div., rent,<br>or int.) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e.g.,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) |
| 1. | CITIBANK CHECKING ACCOUNT | A | Interest | N | T | | | | |
| 2. | CITI PERSONAL WEALTH MANAGEMENT | | | | | | | | |
| 3. | -GOLDMAN SACHS BK USA NEW YORK CTF DEP ACT/365 2.40% 06/19/19 | B | Interest | | T | Redeemed | 06/21/22 | M | |
| 4. | -UNITED STATES TREAS NTS 2.50% 08/15/23 B/E DTD 08/15/13 | B | Interest | M | T | Buy | 08/03/22 | M | |
| 5. | -UNITED STATES TREAS NTS 0.250% 03/15/24 B/E DTD 03/15/21 | A | Interest | M | T | Buy | 02/16/22 | M | |
| 6. | -UNITED STATES TREAS NTS 2.375% 08/15/24 B/E DTD 08/15/14 | B | Interest | M | T | Buy | 08/03/22 | M | |
| 7. | CITI PERSONAL WEALTH RETIREMENT PLANS-IRA | | | | | | | | |
| 8. | -PUTNAM SHORT DURATION BOND FUND CLASS A | D | Dividend | O | T | | | | |
| 9. | -CASH ACCOUNT-CITIBANK BANK DEPOSIT PROGRAM | A | Interest | L | T | | | | |
| 10. | -UNITED STATES TREAS NTS 0.25% 03/15/24 B/E DTD 03/15/21 | B | Interest | L | S | Buy | 02/16/22 | L | |
| 11. | CHARLES SCHWAB-CONTRIBUTORY IRA-HIGHTOWER ADVISORS LLC | | | | | | | | |
| 12. | -CASH ACCOUNT | A | Interest | K | T | | | | |
| 13. | -ISHARES TR IS 1-5 YR IN GR CR BD ETF | B | Dividend | L | T | | | | |
| 14. | -VANGUARD TOTAL BOND MARKET ETF | B | Dividend | L | T | | | | |
| 15. | -CALVERT SHORT DURATION INC A MUTUAL FUNDS | B | Dividend | L | T | | | | |
| 16. | -DELAWARE LTD-TERM DIVERS INC A MUTUAL FUNDS | B | Dividend | L | T | | | | |
| 17. | -PIMCO TOTAL RETURN A MUTUAL FUNDS | B | Dividend | L | T | | | | |

1 Income Gain Codes:    A =$1,000 or less    B =$1,001 - $2,500    C =$2,501 - $5,000    D =$5,001 - $15,000    E =$15,001 - $50,000
(See Columns B1 and D4)    F =$50,001 - $100,000    G =$100,001 - $1,000,000    H1 =$1,000,001 - $5,000,000    H2 =More than $5,000,000
2 Value Codes    J =$15,000 or less    K =$15,001 - $50,000    L =$50,001 - $100,000    M =$100,001 - $250,000
(See Columns C1 and D3)    N =$250,001 - $500,000    O =$500,001 - $1,000,000    P1 =$1,000,001 - $5,000,000    P2 =$5,000,001 - $25,000,000
   P3 =$25,000,001 - $50,000,000    P4 =More than $50,000,000
3 Value Method Codes    Q =Appraisal    R =Cost (Real Estate Only)    S =Assessment    T =Cash Market
(See Column C2)    U =Book Value    V =Other    W =Estimated

# FINANCIAL DISCLOSURE REPORT
Page 5 of 17

| Name of Person Reporting | Date of Report |
|---|---|
| **RAGGI, REENA** | 09/27/2023 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐  NONE *(No reportable income, assets, or transactions.)*

| | A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e g ,<br>div , rent,<br>or int ) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e g ,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) |
| 18. | -VIRTUS MULTI-SECTOR S/T BD A MUTUAL FUNDS | C | Dividend | L | T | | | | |
| 19. | -TEMPLETON GLOBAL BD FD A | B | Dividend | K | T | | | | |
| 20. | -TEMPLETON GLOBAL TOTAL RET A | B | Dividend | K | T | | | | |
| 21. | -INVESCO S&P 500 EQUAL EFT | B | Dividend | M | T | | | | |
| 22. | NATIONAL FINANCIAL SERVICES LLC-HIGHTOWER SECURITIES, LLC | | | | | | | | |
| 23. | -FIDELITY GOVT MMKT CAPITAL RESERVES | C | Dividend | M | T | | | | |
| 24. | -FIEDELITY NY MUNI MONEY MARKET | A | Dividend | | T | Sold | 08/04/22 | N | |
| 25. | -GENERAL ELECTRIC CO | A | Dividend | | T | Sold | 07/05/22 | J | |
| 26. | -PFIZER INC | A | Dividend | | T | Sold | 07/05/22 | L | E |
| 27. | -VIATRIS INC COM | A | Distribution | | T | Sold | 03/24/22 | J | A |
| 28. | -NEW YORK ST TWY AUTH GEN REV GEN REV-01/01/2032 | A | Interest | | T | Redeemed | 01/03/22 | K | |
| 29. | -NEW YORK N Y GO BDS SER B 4.00% 08/01/2022 | A | Interest | | T | Redeemed | 08/01/22 | K | |
| 30. | -NEW YORK ST DORM AUTH REVS NON ST 3.00% 07/01/2028 | B | Interest | L | T | | | | |
| 31. | -ALBANY CNTY N Y ARPT AUTH ARPT REV REV 3.00% 12/15/2028 | B | Interest | L | T | | | | |
| 32. | -MONROE CNTY N Y PUB IMPT SERIAL BDS 3.00% 06/01/2029 | B | Interest | L | T | | | | |
| 33. | -METROPOLITAN TRANSN AUTH N Y DEDICATED 11/15/2030 | A | Interest | K | T | | | | |
| 34. | -TRIBOROUGH BRDG & TUNL AUTH N Y REVS 11/15/2030 | A | Interest | K | T | | | | |

1 Income Gain Codes:    A =$1,000 or less    B =$1,001 - $2,500    C =$2,501 - $5,000    D =$5,001 - $15,000    E =$15,001 - $50,000
   (See Columns B1 and D4)    F =$50,001 - $100,000    G =$100,001 - $1,000,000    H1 =$1,000,001 - $5,000,000    H2 =More than $5,000,000
2 Value Codes    J =$15,000 or less    K =$15,001 - $50,000    L =$50,001 - $100,000    M =$100,001 - $250,000
   (See Columns C1 and D3)    N =$250,001 - $500,000    O =$500,001 - $1,000,000    P1 =$1,000,001 - $5,000,000    P2 =$5,000,001 - $25,000,000
    P3 =$25,000,001 - $50,000,000    Q =Appraisal    R =Cost (Real Estate Only)    S =Assessment    P4 =More than $50,000,000
3 Value Method Codes    U =Book Value    V =Other    W =Estimated    T =Cash Market
   (See Column C2)

**FINANCIAL DISCLOSURE REPORT**
Page 6 of 17

| Name of Person Reporting | Date of Report |
|---|---|
| **RAGGI, REENA** | 09/27/2023 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE *(No reportable income, assets, or transactions.)*

| A Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B Income during reporting period | | C Gross value at end of reporting period | | D Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
| 35.  -NEW YORK N Y CITY TRANSITIONAL FIN 5.00% 05/01/2034 | | None | | T | Redeemed | 05/02/22 | K | |
| 36.  -METROPOLITAN TRANSN AUTH N Y REV REF 4.00% 11/15/2034 | B | Interest | L | T | | | | |
| 37.  -HUDSON YDS INFRASTRUCTURE CIRO 5.00% 02/15/2037 | B | Interest | L | T | | | | |
| 38.  -CALVERT SHORT DURATION INC CL A-MUTUAL FUNDS | B | Dividend | L | T | | | | |
| 39.  -UNITED STATES TREAS SER AL-2024 0.25000% 03/15/2024 NTS NOTE | C | Interest | M | T | Buy | 03/22/22 | M | |
| 40.  -UNITED STATES TREAS NTS NOTE 2.500% 05/15/2024 | C | Interest | M | T | Buy | 07/01/22 | M | |
| 41.  -UNITED STATES TREAS BD STRIOO ZERO CON 08/15/2023 | D | Interest | M | T | Buy | 08/05/22 | M | |
| 42.  -UNITED STATES TREAS SER BE-2024 3. % 07/31/2024 NTS NOTE | D | Interest | M | T | Buy | 08/05/22 | M | |
| 43.  -INVESCO ROCHESTER LMTD TERM MUNI A-MUTUAL FUND | | None | | T | Sold | 07/02/22 | L | |
| 44.  -MAINSTAY MACKAY HIGH YIELD CORP BD CL A-MUTUAL FUND | C | Dividend | L | T | | | | |
| 45.  -PGIM SHORT-TERM CORP BOND CL A-MUTUAL FUND | | None | | T | Sold | 07/05/22 | L | |
| 46.  -VIRTUS NEWFLEET LOW DUR CORE PLUS BD A-MUTUAL FUND | A | Dividend | K | T | | | | |
| 47.  -VIRTUS NEWFLEET MLT SECTOR SH TERM BD A-MUTUAL FUND | B | Dividend | M | T | | | | |
| 48.  -ALLSPRING SHORT TERM MUNI BOND FUND A | A | Dividend | L | T | | | | |
| 49.  CHARLES SCHWAB ONE ACCOUNT | A | Interest | K | T | | | | |
| 50.  CHARLES SCHWAB-INHERITED IRA | | | | | | | | |
| 51.  -FIDELITY PURITAN FUND | A | Dividend | K | T | | | | |

1 Income Gain Codes:       A =$1,000 or less         B =$1,001 - $2,500        C =$2,501 - $5,000          D =$5,001 - $15,000        E =$15,001 - $50,000
  (See Columns B1 and D4)   F =$50,001 - $100,000    G =$100,001 - $1,000,000  H1 =$1,000,001 - $5,000,000  H2 =More than $5,000,000
2 Value Codes               J =$15,000 or less        K =$15,001 - $50,000       L =$50,001 - $100,000       M =$100,001 - $250,000
  (See Columns C1 and D3)   N =$250,001 - $500,000   O =$500,001 - $1,000,000   P1 =$1,000,001 - $5,000,000  P2 =$5,000,001 - $25,000,000
                            P3 =$25,000,001 - $50,000,000                        P4 =More than $50,000,000
3 Value Method Codes        Q =Appraisal              R =Cost (Real Estate Only)  S =Assessment               T =Cash Market
  (See Column C2)            U =Book Value             V =Other                    W =Estimated

**FINANCIAL DISCLOSURE REPORT**

Page 7 of 17

| Name of Person Reporting | Date of Report |
|---|---|
| **RAGGI, REENA** | 09/27/2023 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐　　NONE *(No reportable income, assets, or transactions.)*

| A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e.g.,<br>div., rent,<br>or int.) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e.g.,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) |
| 52.　UBS FINANCIAL SERVICES INC IRA ROLLOVER | | | | | | | | |
| 53.　-UBS BANK USA DEP ACCT | A | Interest | J | T | | | | |
| 54.　-FLEXSHARES MORNINGSTAR GLOBAL UPSTREAM NATURAL | A | Int./Div. | | T | Sold | 01/05/22 | J | A |
| 55.　-ISHARES CORE S&P SMALL-CAP ETF | A | Interest | J | T | | | | |
| 56.　-ISHARES RUSSELL MID-CAP VALUE ETF | A | Int./Div. | | T | Sold | 03/07/22 | J | |
| 57.　-ISHARES MSCI EAFE ETF | B | Interest | J | T | Sold<br>(part) | 03/25/22 | K | A |
| 58.　-ISHARES CORE MSCI EAFE ETF | B | Interest | M | T | Buy<br>(add'l) | 07/12/22 | K | |
| 59.　-ISHARES CORE MSCI EMERGING MARKETS ETF | B | Interest | L | T | Buy<br>(add'l) | 07/12/22 | J | |
| 60.　-SPDR SER TRUST S&P OIL & GAS EXPL & PRODTN ETF | A | Int./Div. | J | T | Buy | 10/21/22 | J | |
| 61.　-ISHARES CURRENCT HEDGED MISC JAPAN ETF | A | Int./Div. | | T | Sold | 01/28/22 | J | |
| 62.　-VANGUARD VALUE ETF | B | Interest | L | T | Sold<br>(part) | 07/12/22 | J | C |
| 63.　-VANGUARD MID-CAP ETF | A | Interest | K | T | Sold<br>(part) | 02/25/22 | J | C |
| 64.　-VANGUARD GROWTH ETF | B | Interest | L | T | Sold<br>(part) | 10/21/22 | J | B |
| 65.　-VANGUARD RUSSELL 1000 GROWTH ETF | A | Int./Div. | J | T | Buy<br>(add'l) | 12/27/22 | J | |
| 66.　-VANGUARD RUSSELL 1000 VALUE | A | Int./Div. | K | T | | | | |
| 67.　-VANGUARD RUSSELL 2000 ETF | A | Interest | K | T | | | | |
| 68.　-WISDOMTREE JAPAN HEDGED EQUITY FUND ETF | A | Int./Div. | | T | Sold | 01/28/22 | J | A |

| 1 Income Gain Codes:<br>(See Columns B1 and D4)<br>2 Value Codes<br>(See Columns C1 and D3)<br><br>3 Value Method Codes<br>(See Column C2) | A =$1,000 or less<br>F =$50,001 - $100,000<br>J =$15,000 or less<br>N =$250,001 - $500,000<br>P3 =$25,000,001 - $50,000,000<br>Q =Appraisal<br>U =Book Value | B =$1,001 - $2,500<br>G =$100,001 - $1,000,000<br>K =$15,001 - $50,000<br>O =$500,001 - $1,000,000<br><br>R =Cost (Real Estate Only)<br>V =Other | C =$2,501 - $5,000<br>H1 =$1,000,001 - $5,000,000<br>L =$50,001 - $100,000<br>P1 =$1,000,001 - $5,000,000<br>P4 =More than $50,000,000<br>S =Assessment<br>W =Estimated | D =$5,001 - $15,000<br>H2 =More than $5,000,000<br>M =$100,001 - $250,000<br>P2 =$5,000,001 - $25,000,000<br><br>T =Cash Market | E =$15,001 - $50,000 |

**FINANCIAL DISCLOSURE REPORT**

Page 8 of 17

| Name of Person Reporting | Date of Report |
|---|---|
| RAGGI, REENA | 09/27/2023 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| | A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|---|
| | | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e g ,<br>div , rent,<br>or int ) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e g ,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) |
| 69. | -ISHARES 20 YEAR TREAS BOND ETF | A | Interest | K | T | Buy<br>(add'l) | 06/24/22 | J | |
| 70. | -ISHARES BROAD USD INVT GRADE CORPORATE BOND ETF | C | Interest | L | T | Buy<br>(add'l) | 10/21/22 | K | |
| 71. | -ISHARES MBS ETF | A | Interest | J | T | Buy | 10/21/22 | J | |
| 72. | -ISHARES JP MORGAN USD EMERGING MARKETS BOND ETF | A | Interest | J | T | | | | |
| 73. | -ISHARES BROAD USD HIGH YIELD BOND ETF | B | Interest | K | T | | | | |
| 74. | -VANECK VECTORS JP MORGAN EM LOCAL CURRENCY BOND ETF | A | Interest | J | T | | | | |
| 75. | -VANGUARD INTER TERM TREAS ETF | A | Interest | J | T | Buy | 10/21/22 | J | |
| 76. | -INVESCO OPTIMUM YIELD DIVERSIFIED COMMODITY STRATEGY | A | Interest | J | T | Buy | 12/27/22 | J | |
| 77. | UBS FINANCIAL SERVICES INC IRA ROLLOVER | | | | | | | | |
| 78. | -UBS BANK USA DEP ACCT | A | Interest | J | T | | | | |
| 79. | -ESCROW LB PAR VALUE | | None | J | T | | | | |
| 80. | -MAN-AHL DIVERSIFIED I CLASS B | A | Int./Div. | L | T | | | | |
| 81. | UBS FINANCIAL SERVICES INC TRADITIONAL IRA | | | | | | | | |
| 82. | -UBS BANK USA DEP ACCT | A | Interest | K | T | | | | |
| 83. | -INVESCO OPPENHEIMER S&P SMALLCAP 600 REV ETF | A | Int./Div. | K | T | | | | |
| 84. | -ISHARES CORE S&P SMALL-CAP ETF | A | Int./Div. | K | T | | | | |

| 1 Income Gain Codes: | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| (See Columns B1 and D4) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| (See Columns C1 and D3) | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4=More than $50,000,000 | | |
| 3 Value Method Codes | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| (See Column C2) | U =Book Value | V =Other | W =Estimated | | |

# FINANCIAL DISCLOSURE REPORT
Page 9 of 17

| Name of Person Reporting | Date of Report |
|---|---|
| **RAGGI, REENA** | 09/27/2023 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e g ,<br>div , rent,<br>or int ) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e g ,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) |
| 85. -ISHARES GLOBAL ENERGY ETF | A | Int./Div. | J | T | | | | |
| 86. -ISHARES CORE MSCI EAFE ETF | C | Int./Div. | L | T | | | | |
| 87. -ISHARES CORE MSCI EMERGING MARKETS ETF | B | Int./Div. | L | T | | | | |
| 88. -SCHWAB FUNDAMENTAL INTL LARGE CO INDEX EFT | B | Int./Div. | K | T | | | | |
| 89. -FIRST EAGLE OVERSEAS FUND CLASS I | A | Int./Div. | K | T | | | | |
| 90. -THE GABELLI GOLD FUND INC CLASSI | A | Int./Div. | J | T | | | | |
| 91. -UBS US QUALITY GROWTH | B | Int./Div. | O | T | | | | |
| 92. -VAN ECK GLOBAL HARD ASSETS CL Y | A | Int./Div. | J | T | | | | |
| 93. -ISHARES SHORT-TERM 1-5 CREDIT CORPORATE BOND ETF | B | Int./Div. | K | T | | | | |
| 94. -BNY MELLON INTERNATIONAL BONF DUND - CLASS 1 | A | Int./Div. | K | T | | | | |
| 95. -DOUBLE LINE TOTAL RETURN FUND INSTL | C | Int./Div. | L | T | | | | |
| 96. -JPMORGAN STRATEGIC INCOME OPPORTUNITIES FUND CLASS 1 | C | Int./Div. | L | T | | | | |
| 97. -LORD ABBETT BOND DEBENTURE FUND CLASS F | B | Int./Div. | K | T | | | | |
| 98. -METROPOLITAN WEST TOTAL RETURN BOND FUND CLASS 1 | B | Int./Div. | K | T | | | | |
| 99. -PIMCO TOTAL RETURN FUND CLASS 12 | B | Int./Div. | K | T | | | | |
| 100. MERRILL LYNCH-RAMIREZ WEALTH MANAGEMENT | | | | | | | | |
| 101. -CASH/MONEY ACCOUNTS - BANK OF AMERICA | A | Interest | J | T | | | | |

1 Income Gain Codes:     A =$1,000 or less     B =$1,001 - $2,500     C =$2,501 - $5,000     D =$5,001 - $15,000     E =$15,001 - $50,000
(See Columns B1 and D4)     F =$50,001 - $100,000     G =$100,001 - $1,000,000     H1 =$1,000,001 - $5,000,000     H2 =More than $5,000,000
2 Value Codes     J =$15,000 or less     K =$15,001 - $50,000     L =$50,001 - $100,000     M =$100,001 - $250,000
(See Columns C1 and D3)     N =$250,001 - $500,000     O =$500,001 - $1,000,000     P1 =$1,000,001 - $5,000,000     P2 =$5,000,001 - $25,000,000
     P3 =$25,000,001 - $50,000,000                             P4 =More than $50,000,000
3 Value Method Codes     Q =Appraisal     R =Cost (Real Estate Only)     S =Assessment     T =Cash Market
(See Column C2)     U =Book Value     V =Other     W =Estimated

# FINANCIAL DISCLOSURE REPORT
Page 10 of 17

| Name of Person Reporting | Date of Report |
|---|---|
| **RAGGI, REENA** | 09/27/2023 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐ **NONE** *(No reportable income, assets, or transactions.)*

| A<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B<br>Income during<br>reporting period | | C<br>Gross value at end<br>of reporting period | | D<br>Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e g ,<br>div , rent,<br>or int ) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e g ,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) |
| 102.  -GNM SECURITY BOND | A | Interest | J | T | | | | |
| 103.  -GNM SECURITY BOND | A | Interest | J | T | | | | |
| 104.  UBS FINANCIAL SERVICES INC ACCOUNT | | | | | | | | |
| 105.  -UBS BANK USA DEP ACCT/MMF YIELD | A | Interest | M | T | | | | |
| 106.  -US TREASURY BILL 06/15/23 | C | Interest | N | T | Buy | 12/14/22 | N | |
| 107.  -ISHARES RUSSELL 2000 ETF | A | Interest | J | T | | | | |
| 108.  -ISHARES CORE S&P SMALL-CAP ETF | B | Int./Div. | M | T | | | | |
| 109.  -ISHARES RUSSELL 1000 VALUE ETF | A | Interest | K | T | | | | |
| 110.  -ISHARES RUSSELL 1000 GROWTH ETF | A | Interest | | T | Sold | 06/15/22 | K | D |
| 111.  -ISHARES SELECT DIVID ETF | B | Int./Div. | K | T | Buy | 08/10/22 | K | |
| 112.  -ISHARES CORE MSCI EAFE ETF | D | Int./Div. | M | T | | | | |
| 113.  -ISHARES CORE MSCI EMERGING MARKETS ETF | B | Int./Div. | L | T | | | | |
| 114.  -VANGUARD VALUE ETF | A | Int./Div. | K | T | Buy | 08/10/22 | K | |
| 115.  -VANGUARD DIVID APPRECIATION | A | Int./Div. | K | T | Buy | 08/10/22 | K | |
| 116.  -BNY MELLON SMALL/MID CAP GROWTH FUND | B | Int./Div. | L | T | | | | |
| 117.  -CALAMOS EVOLVING WORLD GROWTH FUND CLASS 1 | A | Int./Div. | L | T | | | | |
| 118.  -FIRST EAGLE OVERSEAS FUND CLASS 1 | A | Int./Div. | M | T | | | | |

| 1 Income Gain Codes:<br>(See Columns B1 and D4)<br>2 Value Codes<br>(See Columns C1 and D3)<br><br>3 Value Method Codes<br>(See Column C2) | A =$1,000 or less<br>F =$50,001 - $100,000<br>J =$15,000 or less<br>N =$250,001 - $500,000<br>P3 =$25,000,001 - $50,000,000<br>Q =Appraisal<br>U =Book Value | B =$1,001 - $2,500<br>G =$100,001 - $1,000,000<br>K =$15,001 - $50,000<br>O =$500,001 - $1,000,000<br><br>R =Cost (Real Estate Only)<br>V =Other | C =$2,501 - $5,000<br>H1 =$1,000,001 - $5,000,000<br>L =$50,001 - $100,000<br>P1 =$1,000,001 - $5,000,000<br>P4 =More than $50,000,000<br>S =Assessment<br>W =Estimated | D =$5,001 - $15,000<br>H2 =More than $5,000,000<br>M =$100,001 - $250,000<br>P2 =$5,000,001 - $25,000,000<br><br>T =Cash Market | E =$15,001 - $50,000 |

# FINANCIAL DISCLOSURE REPORT
Page 11 of 17

| Name of Person Reporting | Date of Report |
|---|---|
| **RAGGI, REENA** | 09/27/2023 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 119.  -UBS US DIVIDEND RULER PRICE FUND CLASS P | C | Int./Div. | N | T | | | | | | |
| 120.  -UBS US QUALITY GROWTH AT REASONABLE PRICE FUND CLASS P | A | Int./Div. | M | T | Sold (part) | 06/15/22 | M | | | |
| 121.  UBS FINANCIAL SERVICES INC TRADITIONAL IRA | | | | | | | | | | |
| 122.  -UBS BANK USA DEP ACCOUNT | A | Interest | J | T | | | | | | |
| 123.  UBS FINANCIAL SERVICES INC RMA MPF FI-MANAGED BY HV ETF MUNICIPAL | | | | | | | | | | |
| 124.  -UBS INSURED SWEEP PROGRAM | A | Interest | L | T | | | | | | |
| 125.  -INVESCO SENIOR LN ETF | A | Int./Div. | | T | Sold | 04/08/22 | K | | | |
| 126.  -INVESCO NATL AMT FREE MUNICIPAL BOND ETF | D | Int./Div. | O | T | Buy (add'l) | 08/01/22 | N | | | |
| 127.  -ISHARES 20 YEAR TREAS BOND ETF | B | Int./Div. | L | T | Buy (add'l) | 08/26/22 | L | | | |
| 128.  -ISHARES MBS ETF | A | Int./Div. | K | T | Buy | 08/01/22 | K | | | |
| 129.  -ISHARES NATL MUNI BOND ETF | D | Int./Div. | O | T | Buy (add'l) | 08/01/22 | N | | | |
| 130.  -ISHARES JP MORGAN USD EMERGING MARKETS BOND ETF | C | Int./Div. | L | T | Buy (add'l) | 08/01/22 | L | | | |
| 131.  -ISHARES SHORT-TERM NATL MUNI BOND ETF | B | Int./Div. | M | T | Buy (add'l) | 08/01/22 | M | | | |
| 132.  -ISHARES CMBS ETF | A | Int./Div. | | T | Sold | 02/11/22 | J | | | |
| 133.  -ISJARES BROAD USD HIGH YIELD BOND ETF | C | Int./Div. | L | T | Buy (add'l) | 08/01/22 | L | | | |
| 134.  -VANGUARD INTER TERM TREAS ETF | C | Int./Div. | M | T | Buy (add'l) | 08/01/22 | M | | | |

1 Income Gain Codes:       A =$1,000 or less        B =$1,001 - $2,500        C =$2,501 - $5,000        D =$5,001 - $15,000        E =$15,001 - $50,000
  (See Columns B1 and D4)  F =$50,001 - $100,000    G =$100,001 - $1,000,000  H1 =$1,000,001 - $5,000,000  H2 =More than $5,000,000
2 Value Codes              J =$15,000 or less       K =$15,001 - $50,000      L =$50,001 - $100,000     M =$100,001 - $250,000
  (See Columns C1 and D3)  N =$250,001 - $500,000   O =$500,001 - $1,000,000  P1 =$1,000,001 - $5,000,000  P2 =$5,000,001 - $25,000,000
                           P3 =$25,000,001 - $50,000,000                      P4 =More than $50,000,000
3 Value Method Codes       Q =Appraisal             R =Cost (Real Estate Only)  S =Assessment            T =Cash Market
  (See Column C2)          U =Book Value            V =Other                   W =Estimated

# FINANCIAL DISCLOSURE REPORT
Page 12 of 17

| Name of Person Reporting | Date of Report |
|---|---|
| **RAGGI, REENA** | 09/27/2023 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B Income during reporting period | | C Gross value at end of reporting period | | D Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
| 135.   -VANGUARD SHORT-TERM TREAS ETF | A | Int./Div. | L | T | Buy (add'l) | 08/01/22 | L | |
| 136.  UBS FINANCIAL SERVICES INC-RMA UBS AM MUNI | | | | | | | | |
| 137.   -UBS INSURED SWEEP PROGRAM | | None | | T | Closed | | | |
| 138.   -ST DORM AUTH SALES TAX R A-GRO RV-03/15/22 | A | Interest | | T | Sold | 07/27/22 | K | |
| 139.   -DORMITORY AUTH OF NY ST-0701/42 | A | Interest | | T | Sold | 07/27/22 | L | |
| 140.   -ROCHESTER NY GENL OBLIG SR 11 NTS-08/03/22 | A | Interest | | T | Sold | 07/27/22 | L | |
| 141.   -OYSTER BAY TOWN-08/26/22 | A | Interest | | T | Sold | 07/27/22 | L | |
| 142.   -METROPOLITAN TRANSN AUTH-09/01/22 | A | Interest | | T | Sold | 07/27/22 | K | |
| 143.   -METROPOLITAN TRANSN AUTH-11/15/42 | A | Interest | | T | Sold | 07/27/22 | K | |
| 144.   -METROPOLITAN TRANSN AUTH-11/15/22 | A | Interest | | T | Sold | 07/27/22 | K | |
| 145.   -TRIBOROUGH BRDG&TUNL NY-11/15/22 | A | Interest | | T | Sold | 07/27/22 | K | |
| 146.   -METROPOLITAN TRANSN AUTH-11/15/26 | A | Interest | | T | Sold | 07/27/22 | K | |
| 147.   -MONROE CNTY NY INDL DEV-07/01/24 | A | Interest | | T | Sold | 07/27/22 | K | |
| 148.   -NEW YORK CITY TRANSIT-05/01/25 | A | Interest | | T | Sold | 06/15/21 | J | |
| 149.   -PORT AUTH NY & NJ-05/01/25 | A | Interest | | T | Sold | 07/27/22 | K | |
| 150.   -ST DORM AUTH SALES TAX RA-GRO RV-03/15/26 | A | Interest | | T | Sold | 07/27/22 | K | |
| 151.   -NEW YORK NY CITY TRANSIT-11/01/26 | A | Interest | | T | Sold | 07/27/22 | K | |

| 1 Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

**FINANCIAL DISCLOSURE REPORT**

Page 13 of 17

| Name of Person Reporting | Date of Report |
|---|---|
| RAGGI, REENA | 09/27/2023 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A | B | | C | | D | | | |
|---|---|---|---|---|---|---|---|---|
| Description of Assets (including trust assets) | Income during reporting period | | Gross value at end of reporting period | | Transactions during reporting period | | | |
| Place "(X)" after each asset exempt from prior disclosure | (1) Amount Code 1 (A-H) | (2) Type (e g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
| 152.  -NY ST DORM AUTH SALES-03/15/27 | A | Interest | T | | Sold | 07/27/22 | K | |
| 153.  -NEW YORK ST ENVIRON FACS-06/15/27 | A | Interest | T | | Sold | 07/27/22 | K | |
| 154.  -NEW YORK ST DORM AUTH RE-07/01/27 | A | Interest | T | | Sold | 07/27/22 | L | |
| 155.  -NEW YORK NY GO BDS-04/01/28 | A | Interest | T | | Sold | 07/27/22 | K | |
| 156.  -LONG ISLAND POWER AUTHORITY-09/01/28 | A | Interest | T | | Sold | 07/27/22 | K | |
| 157.  -TRIBOROUGH BRDG & TUNL AUTH-11/01/28 | A | Interest | T | | Sold | 07/27/22 | J | |
| 158.  -TRIBOROUGH BRDG & TUNL AUTH-11/15/28 | A | Interest | T | | Sold | 07/27/22 | K | |
| 159.  -NEW YORK ST DORM AUTH-07/01/29 | A | Interest | T | | Sold | 07/22/22 | L | |
| 160.  -NEW YORK ST ENVIRON FACS-06/15/30 | A | Interest | T | | Sold | 07/27/22 | K | |
| 161.  -NEW YORK CITY TRANS FINA-07/15/30 | A | Interest | T | | Sold | 07/27/22 | K | |
| 162.  -NASSAU NY INTERIM FIN AUTH-11/15/30 | A | Interest | T | | Sold | 07/27/22 | K | |
| 163.  -NEW YORK ST DORM AUTH-07/01/32 | A | Interest | T | | Sold | 07/27/22 | J | |
| 164.  -NEW YORK CITY TRANS FINA-07/15/33 | A | Interest | T | | Sold | 07/27/22 | K | |
| 165.  -NEW YORK ST DORM AUTH ST 2021-03/15/34 | A | Interest | T | | Sold | 07/27/22 | J | |
| 166.  -TRIBOROUGH BRDG & TUNL AUTH-05/15/38 | A | Interest | T | | Sold | 07/27/22 | K | |
| 167.  -NEW YORK N Y CITY MUNI-06/15/41 | A | Interest | T | | Sold | 07/27/22 | K | |
| 168.  -NEW YORK N Y GO BDS-03/01/43 | A | Interest | T | | Sold | 07/27/22 | J | |

1 Income Gain Codes:          A =$1,000 or less          B =$1,001 - $2,500          C =$2,501 - $5,000          D =$5,001 - $15,000          E =$15,001 - $50,000
  (See Columns B1 and D4)     F =$50,001 - $100,000      G =$100,001 - $1,000,000     H1 =$1,000,001 - $5,000,000   H2 =More than $5,000,000
2 Value Codes                 J =$15,000 or less         K =$15,001 - $50,000        L =$50,001 - $100,000       M =$100,001 - $250,000
  (See Columns C1 and D3)     N =$250,001 - $500,000     O =$500,001 - $1,000,000    P1 =$1,000,001 - $5,000,000   P2 =$5,000,001 - $25,000,000
                              P3 =$25,000,001 - $50,000,000                          P4 =More than $50,000,000
3 Value Method Codes          Q =Appraisal               R =Cost (Real Estate Only)  S =Assessment               T =Cash Market
  (See Column C2)             U =Book Value              V =Other                    W =Estimated

**FINANCIAL DISCLOSURE REPORT**

Page 14 of 17

| Name of Person Reporting | Date of Report |
|---|---|
| RAGGI, REENA | 09/27/2023 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A | B (1) | B (2) | C (1) | C (2) | D (1) | D (2) | D (3) | D (4) |
|---|---|---|---|---|---|---|---|---|
| Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | Amount Code 1 (A-H) | Type (e g , div , rent, or int ) | Value Code 2 (J-P) | Value Method Code 3 (Q-W) | Type (e g , buy, sell, redemption) | Date mm/dd/yy | Value Code 2 (J-P) | Gain Code 1 (A-H) |
| 169.  -NEW YORK ST URBAN DEV CO-03/15/44 | A | Interest | | T | Sold | 07/27/22 | K | |
| 170.  -NEW YORK NY CITY MUN WT-06/15/44 | A | Interest | | T | Sold | 07/27/22 | L | |
| 171.  -NEW YORK NY CITY TRANSIT-08/01/45 | A | Interest | | T | Sold | 07/27/22 | K | |
| 172.  -TRIBOROUGH BRDG & TUNL AUTH-05/15/46 | A | Interest | | T | Sold | 07/27/22 | K | |
| 173.  UBS FINANCIAL SERVICES INC-RMA | | | | | | | | |
| 174.  -UBS INSURED SWEEP PROGRAM | A | Interest | J | T | | | | |
| 175.  -CITIBANK NA BAR-MLCD SPX 03/22/2024 | A | Interest | L | T | Buy | 09/19/22 | L | |
| 176.  -GOLDMAN SACH BANK USA BAR-MLCD SPX 02/15/2024 | A | Interest | L | T | Buy | 08/12/22 | L | |
| 177.  -GOLDMAN SACH BANK USA BAR-MLCD SPX 05/20/2024 | A | Interest | L | T | Buy | 11/15/22 | L | |
| 178.  GOLDMAN SACH BANK USA BAR-MLCD SPX 05/31/2024 | A | Interest | L | T | Buy | 11/28/22 | L | |
| 179. | | | | | | | | |
| 180. | | | | | | | | |
| 181. | | | | | | | | |
| 182. | | | | | | | | |
| 183. | | | | | | | | |
| 184. | | | | | | | | |
| 185. | | | | | | | | |

| 1 Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2 Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

# FINANCIAL DISCLOSURE REPORT
Page 15 of 17

| Name of Person Reporting | Date of Report |
|---|---|
| RAGGI, REENA | 09/27/2023 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B Income during reporting period | | C Gross value at end of reporting period | | D Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e g , div , rent, or int ) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e g , buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
| 186. | | | | | | | | |

| 1 Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| 2 Value Codes (See Columns C1 and D3) | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3 Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 16 of 17 | RAGGI, REENA | 09/27/2023 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

**FINANCIAL DISCLOSURE REPORT**

Page 17 of 17

| Name of Person Reporting | Date of Report |
|---|---|
| RAGGI, REENA | 09/27/2023 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 13141 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature:  **s/ REENA RAGGI**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILLFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 13106)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite G-330
One Columbus Circle, N.E.
Washington, D.C. 20544

AO 10
Rev. 3/2023

# FINANCIAL DISCLOSURE REPORT
## FOR CALENDAR YEAR 2023

*Report Required by the Ethics
in Government Act of 1978
(5 U.S.C. app. §§ 13101-13111)*

| 1. Person Reporting (last name, first, middle initial) | 2. Court or Organization | 3. Date of Report |
|---|---|---|
| RAGGI, REENA | U.S. COURT OF APPEALS, 2ND CIR | 08/12/2024 |

| 4. Title (Article III judges indicate active or senior status; magistrate judges indicate full- or part-time) | 5a. Report Type (check appropriate type) | 6. Reporting Period |
|---|---|---|
| UNITED STATES CIRCUIT JUDGE | ☐ Nomination    Date<br>☐ Initial    ☑ Annual    ☐ Final<br>**5b.** ☑ Amended Report | 01/01/2023<br>**to**<br>12/31/2023 |

**7. Chambers or Office Address**

U.S. COURTHOUSE
225 CADMAN PLAZA EAST
BROOKLYN, NY 11201

***IMPORTANT NOTES:*** *The instructions accompanying this form must be followed. Complete all parts, checking the NONE box for each part where you have no reportable information.*

# I. POSITIONS. *(Reporting individual only; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 345 Trustees, Executors, Administrators, and Custodians; § 350 Power of Attorney; § 355 Outside Positions.)*

☐ NONE *(No reportable positions.)*

| | POSITION | NAME OF ORGANIZATION/ENTITY |
|---|---|---|
| 1. | TRUSTEE | WILLIAM NELSON CROMWELL FOUNDATION, NEW YORK, NEW YORK |
| 2. | EMPLOYEE-PROFESSOR | NEW YORK UNIVERSITY LAW SCHOOL |
| 3. | | |
| 4. | | |
| 5. | | |

# II. AGREEMENTS. *(Reporting individual only; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 340 Agreements and Arrangements.)*

☑ NONE *(No reportable agreements.)*

| | DATE | PARTIES AND TERMS |
|---|---|---|
| 1. | | |
| 2. | | |
| 3. | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 2 of 15 | RAGGI, REENA | 08/12/2024 |

## III. NON-INVESTMENT INCOME. *(Reporting individual and spouse; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 320 Income; § 360 Spouses and Dependent Children.)*

### A. Filer's Non-Investment Income

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE AND TYPE | INCOME (yours, not spouse's) |
|---|---|---|
| 1. 2023 | NEW YORK UNIVERSITY LAW SCHOOL - SALARY | $30,000.00 |
| 2. | | |
| 3. | | |
| 4. | | |

### B. Spouse's Non-Investment Income - *If you were married during any portion of the reporting year, complete this section.*

*(Dollar amount not required except for honoraria.)*

☐ NONE *(No reportable non-investment income.)*

| DATE | SOURCE |
|---|---|
| 1. 2023 | SEYFARTH SHAW LLP LAW OFFICE W-2 |
| 2. | |
| 3. | |
| 4. | |

## IV. REIMBURSEMENTS -- *transportation, lodging, food, entertainment.*

*(Includes those to spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 330 Gifts and Reimbursements; § 360 Spouses and Dependent Children.)*

☐ NONE *(No reportable reimbursements.)*

| | SOURCE | DATES | LOCATION | PURPOSE | ITEMS PAID OR PROVIDED |
|---|---|---|---|---|---|
| 1. | USC GOULD SCHOOL OF LAW | 11/13/2023-11/16/2023 | LAS ANGELES, CALIF | JURIST IN RESIDENCE PROGRAM | HOTEL AND MEALS |
| 2. | | | | | |
| 3. | | | | | |
| 4. | | | | | |
| 5. | | | | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 3 of 15 | RAGGI, REENA | 08/12/2024 |

## V. GIFTS. *(Includes those to spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 330 Gifts and Reimbursements; § 360 Spouses and Dependent Children.)*

☑　　NONE *(No reportable gifts.)*

| | SOURCE | DESCRIPTION | VALUE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

## VI. LIABILITIES. *(Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 335 Liabilities; § 360 Spouses and Dependent Children.)*

☑　　NONE *(No reportable liabilities.)*

| | CREDITOR | DESCRIPTION | VALUE CODE |
|---|---|---|---|
| 1. | | | |
| 2. | | | |
| 3. | | | |
| 4. | | | |
| 5. | | | |

# FINANCIAL DISCLOSURE REPORT
Page 4 of 15

| Name of Person Reporting | Date of Report |
|---|---|
| **RAGGI, REENA** | 08/12/2024 |

## VII. INVESTMENTS and TRUSTS -- income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)

☐ NONE *(No reportable income, assets, or transactions.)*

| | A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1. | CITIBANK CHECKING ACCOUNT | A | Interest | N | T | | | | | | |
| 2. | CITI PERSONAL WEALTH MANAGEMENT | | | | | | | | | | |
| 3. | -UNITED STATES TREAS NTS 2.50% 08/15/23 B/E DTD 08/15/13 | B | Interest | | | Redeemed | 08/15/23 | M | | | |
| 4. | -UNITED STATES TREAS NTS 0.250% 03/15/24 B/E DTD 03/15/21 | A | Interest | M | T | | | | | | |
| 5. | -UNITED STATES TREAS NTS 2.375% 08/15/24 B/E DTD 08/15/14 | C | Interest | M | T | | | | | | |
| 6. | -UNITED STATES TREAS NTS 2.875% 07/31/25 DTD 07/31/18 | D | Interest | N | T | Buy | 08/21/23 | N | | | |
| 7. | CITI PERSONAL WEALTH RETIREMENT PLANS-IRA | | | | | Closed | 12/21/23 | O | | | |
| 8. | -PUTNAM SHORT DURATION BOND FUND CLASS A | D | Dividend | | | Sold | 08/23/23 | L | | | |
| 9. | -CASH ACCOUNT-CITIBANK BANK DEPOSIT PROGRAM | B | Interest | M | T | | | | | | |
| 10. | -UNITED STATES TREAS NTS 0.25% 03/15/24 B/E DTD 03/15/21 | B | Interest | L | T | | | | | | |
| 11. | -UNITED STATES TREAS NTS 3.625% 05/31/28 B/E DTD 05/31/23 | C | Interest | M | T | Buy | 08/23/23 | M | | | |
| 12. | UNITED STATES TREAS NTS 4-125% 01/31/25 B/E DTD 01/31/23 | C | Interest | N | T | Buy | 08/23/23 | N | | | |
| 13. | CHARLES SCHWAB-CONTRIBUTORY IRA-HIGHTOWER ADVISORS LLC | | | | | | | | | | |
| 14. | -CASH ACCOUNT-CHARLES SCHWAB | B | Interest | N | T | | | | | | |
| 15. | -ISHARES TR IS 1-5 YR IN GR CR BD ETF | | None | | | Sold | 02/23/23 | L | | | |
| 16. | -VANGUARD TOTAL BOND MARKET ETF | | None | | | Sold | 02/23/23 | L | | | |
| 17. | -CALVERT SHORT DURATION INC A MUTUAL FUNDS | | None | | | Sold | 02/22/23 | L | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

**FINANCIAL DISCLOSURE REPORT**

Page 5 of 15

| Name of Person Reporting | Date of Report |
|---|---|
| RAGGI, REENA | 08/12/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐  NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets)<br><br>Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
| 18.  -DELAWARE LTD-TERM DIVERS INC A MUTUAL FUNDS | | None | | | Sold | 02/22/23 | L | |
| 19.  -PIMCO TOTAL RETURN A MUTUAL FUNDS | | None | | | Sold | 02/22/23 | L | |
| 20.  -VIRTUS MULTI-SECTOR S/T BD A MUTUAL FUNDS | | None | | | Sold | 02/22/23 | L | |
| 21.  -TEMPLETON GLOBAL BD FD A | | None | | | Sold | 02/22/23 | K | |
| 22.  -TEMPLETON GLOBAL TOTAL RET A | | None | | | Sold | 02/22/23 | K | |
| 23.  -INVESCO S&P 500 EQUAL EFT | B | Dividend | M | T | | | | |
| 24.  -UNITED STATES TREASURY 1.125% DUE 10/31/2026 | A | Interest | K | T | Buy | 02/23/23 | K | |
| 25.  -UNITED STATES TREASURY 1.25% DUE 03/31/2028 | C | Interest | N | T | Buy | 02/23/23 | N | |
| 26.  -UNITED STATES TREASURY 2.25% DUE 10/31/2024 | A | Interest | K | T | Buy | 02/23/23 | K | |
| 27.  -UNITED STATES TREASURY 3% DUE 10/31/2025 | A | Interest | K | T | Buy | 02/23/23 | K | |
| 28.  -UNITED STATES TREASURY 4/125% DUE 10/31/2027 | B | Interest | K | T | Buy | 02/23/23 | K | |
| 29.  NATIONAL FINANCIAL SERVICES LLC-HIGHTOWER SECURITIES, LLC | | | | | | | | |
| 30.  -FIDELITY GOVT MMKT CAPITAL RESERVES | A | Dividend | L | T | | | | |
| 31.  -NEW YORK ST DORM AUTH REVS NON ST 3.00% 07/01/2028 | B | Interest | L | T | | | | |
| 32.  -ALBANY CNTY N Y ARPT AUTH ARPT REV REV 3.00% 12/15/2028 | B | Interest | L | T | | | | |
| 33.  -MONROE CNTY N Y PUB IMPT SERIAL BDS 3.00% 06/01/2029 | B | Interest | L | T | | | | |
| 34.  -METROPOLITAN TRANSN AUTH N Y DEDICATED 11/15/2030 | A | Interest | K | T | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

**FINANCIAL DISCLOSURE REPORT**

Page 6 of 15

| Name of Person Reporting | Date of Report |
|---|---|
| **RAGGI, REENA** | 08/12/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐    NONE *(No reportable income, assets, or transactions.)*

| A.<br>Description of Assets<br>(including trust assets)<br><br>Place "(X)" after each asset<br>exempt from prior disclosure | B.<br>Income during<br>reporting period | | C.<br>Gross value at end<br>of reporting period | | D.<br>Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1)<br>Amount<br>Code 1<br>(A-H) | (2)<br>Type (e.g.,<br>div., rent,<br>or int.) | (1)<br>Value<br>Code 2<br>(J-P) | (2)<br>Value<br>Method<br>Code 3<br>(Q-W) | (1)<br>Type (e.g.,<br>buy, sell,<br>redemption) | (2)<br>Date<br>mm/dd/yy | (3)<br>Value<br>Code 2<br>(J-P) | (4)<br>Gain<br>Code 1<br>(A-H) |
| 35.   -METROPOLITAN TRANSN AUTH N Y REV REF 4.00% 11/15/2034 | B | Interest | L | T | | | | |
| 36.   -HUDSON YDS INFRASTRUCTURE CIRO 5.00% 02/15/2037 | B | Interest | L | T | | | | |
| 37.   -CALVERT SHORT DURATION INC CL A-MUTUAL FUNDS | | None | | | Sold | 02/21/23 | L | |
| 38.   -UNITED STATES TREAS SER AL-2024 0.25000% 03/15/2024 NTS NOTE | C | Interest | M | T | | | | |
| 39.   -UNITED STATES TREAS NTS NOTE 2.500% 05/15/2024 | C | Interest | M | T | | | | |
| 40.   -UNITED STATES TREAS BD STRIOO ZERO CON 08/15/2023 | D | Interest | | | Redeemed | 08/15/23 | M | |
| 41.   -UNITED STATES TREAS SER BE-2024 3.00% 07/31/2024 NTS NOTE | D | Interest | M | T | | | | |
| 42.   -MAINSTAY MACKAY HIGH YIELD CORP BD CL A-MUTUAL FUND | | None | | | Sold | 02/21/23 | L | |
| 43.   -VIRTUS NEWFLEET LOW DUR CORE PLUS BD A-MUTUAL FUND | | None | | | Sold | 02/21/23 | K | |
| 44.   -VIRTUS NEWFLEET MLT SECTOR SH TERM BD A-MUTUAL FUND | | None | | | Sold | 02/21/23 | L | |
| 45.   -ALLSPRING SHORT TERM MUNI BOND FUND A | | None | | | Sold | 02/21/23 | L | |
| 46.   -UNITED STATES TREASURY SER U-2028 3.50% 01/31/2028 | D | Interest | N | T | Buy | 02/23/23 | N | |
| 47.   -US TREAS SEC STRIPPED INT PMT 0.00% 08/15/2034 ZERO CPN | A | Interest | N | T | Buy | 11/13/23 | N | |
| 48.   CHARLES SCHWAB ONE ACCOUNT | A | Interest | K | T | | | | |
| 49.   CHARLES SCHWAB-INHERITED IRA | | | | | | | | |
| 50.   -FIDELITY PURITAN FUND | A | Dividend | K | T | Redeemed<br>(part) | 10/11/23 | J | |
| 51.   UBS FINANCIAL SERVICES INC IRA ROLLOVER | | | | | | | | |

| | | | | |
|---|---|---|---|---|
| 1. Income Gain Codes:<br>(See Columns B1 and D4) | A =$1,000 or less<br>F =$50,001 - $100,000 | B =$1,001 - $2,500<br>G =$100,001 - $1,000,000 | C =$2,501 - $5,000<br>H1 =$1,000,001 - $5,000,000 | D =$5,001 - $15,000<br>H2 =More than $5,000,000 | E =$15,001 - $50,000 |
| 2. Value Codes<br>(See Columns C1 and D3) | J =$15,000 or less<br>N =$250,001 - $500,000<br>P3 =$25,000,001 - $50,000,000 | K =$15,001 - $50,000<br>O =$500,001 - $1,000,000 | L =$50,001 - $100,000<br>P1 =$1,000,001 - $5,000,000<br>P4 =More than $50,000,000 | M =$100,001 - $250,000<br>P2 =$5,000,001 - $25,000,000 | |
| 3. Value Method Codes<br>(See Column C2) | Q =Appraisal<br>U =Book Value | R =Cost (Real Estate Only)<br>V =Other | S =Assessment<br>W =Estimated | T =Cash Market | |

# FINANCIAL DISCLOSURE REPORT
Page 7 of 15

| Name of Person Reporting | Date of Report |
|---|---|
| **RAGGI, REENA** | 08/12/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐ **NONE** *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
| 52.  -UBS BANK USA DEP ACCT | A | Interest | K | T | | | | |
| 53.  -ISHARES CORE S&P SMALL-CAP ETF | A | Dividend | K | T | | | | |
| 54.  -ISHARES MSCI EAFE ETF | | None | | | Sold | 01/20/23 | J | A | |
| 55.  -ISHARES CORE MSCI EAFE ETF | D | Dividend | M | T | Sold (part) | 07/27/23 | K | A | |
| 56.  -ISHARES CORE MSCI EMERGING MARKETS ETF | B | Dividend | L | T | Sold (part) | 06/16/23 | J | A | |
| 57.  -SPDR SER TRUST S&P OIL & GAS EXPL & PRODTN ETF | | None | | | Sold | 02/24/23 | J | | |
| 58.  -VANGUARD VALUE ETF | B | Int./Div. | L | T | Sold (part) | 06/16/23 | J | C | |
| 59.  -VANGUARD MID-CAP ETF | A | Int./Div. | L | T | | | | |
| 60.  -VANGUARD GROWTH ETF | A | Int./Div. | L | T | Sold (part) | 01/16/23 | K | D | |
| 61.  -VANGUARD RUSSELL 1000 GROWTH ETF | A | Int./Div. | K | T | Buy (add'l) | 11/10/23 | J | | |
| 62.  -VANGUARD RUSSELL 1000 VALUE | A | Int./Div. | K | T | Buy (add'l) | 11/10/23 | J | | |
| 63.  -VANGUARD RUSSELL 2000 ETF | A | Int./Div. | K | T | Buy (add'l) | 12/18/23 | J | | |
| 64.  -ISHARES 20 YEAR TREAS BOND ETF | B | Dividend | K | T | Buy (add'l) | 07/11/23 | J | | |
| 65.  -ISHARES BROAD USD INVT GRADE CORPORATE BOND ETF | C | Dividend | M | T | Buy (add'l) | 07/11/23 | K | | |
| 66.  -ISHARES MBS ETF | | None | | | Sold | 04/21/23 | J | A | |
| 67.  -ISHARES JP MORGAN USD EMERGING MARKETS BOND ETF | A | Dividend | J | T | Buy (add'l) | 06/20/23 | J | | |
| 68.  -ISHARES BROAD USD HIGH YIELD BOND ETF | B | Dividend | K | T | Buy (add'l) | 06/20/23 | K | | |

| | | | | |
|---|---|---|---|---|
| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

**FINANCIAL DISCLOSURE REPORT**

Page 8 of 15

| Name of Person Reporting | Date of Report |
|---|---|
| RAGGI, REENA | 08/12/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐    NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
| 69.  -ISHARES 0-3 MNTH TREASURY BOND ETF | A | Dividend | J | T | Buy | 07/14/23 | J | |
| 70.  -SCHWAB US TIPS ETF | A | Dividend | J | T | Buy | 09/12/23 | J | |
| 71.  -VANECK VECTORS JP MORGAN EM LOCAL CURRENCY BOND ETF | A | Dividend | J | T | Buy (add'l) | 07/11/23 | J | |
| 72.  -VANGUARD INTER TERM TREAS ETF | A | Dividend | K | T | Buy (add'l) | 07/11/23 | J | |
| 73.  -INVESCO OPTIMUM YIELD DIVERSIFIED COMMODITY STRATEGY | | None | | | Sold | 06/16/23 | J | |
| 74.  UBS FINANCIAL SERVICES INC IRA ROLLOVER | | | | | | | | |
| 75.  -UBS BANK USA DEP ACCT | A | Interest | J | T | | | | |
| 76.  -ESCROW LB PAR VALUE | | None | | T | | | | |
| 77.  -MAN-AHL DIVERSIFIED I CLASS B | A | Int./Div. | L | T | | | | |
| 78.  UBS FINANCIAL SERVICES INC TRADITIONAL IRA | | | | | | | | |
| 79.  -UBS BANK USA DEP ACCT | A | Interest | K | T | | | | |
| 80.  -INVESCO OPPENHEIMER S&P SMALLCAP 600 REV ETF | A | Int./Div. | K | T | | | | |
| 81.  -ISHARES CORE S&P SMALL-CAP ETF | A | Int./Div. | L | T | | | | |
| 82.  -ISHARES GLOBAL ENERGY ETF | A | Int./Div. | J | T | | | | |
| 83.  -ISHARES CORE MSCI EAFE ETF | C | Int./Div. | L | T | | | | |
| 84.  -ISHARES CORE MSCI EMERGING MARKETS ETF | B | Int./Div. | L | T | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

# FINANCIAL DISCLOSURE REPORT
Page 9 of 15

| Name of Person Reporting | Date of Report |
|---|---|
| **RAGGI, REENA** | 08/12/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) | | |
|---|---|---|---|---|---|---|---|---|---|---|
| 85.  -SCHWAB FUNDAMENTAL INTL LARGE CO INDEX EFT | B | Int./Div. | K | T | | | | | | |
| 86.  -FIRST EAGLE OVERSEAS FUND CLASS I | A | Int./Div. | K | T | | | | | | |
| 87.  -THE GABELLI GOLD FUND INC CLASSI | A | Int./Div. | J | T | | | | | | |
| 88.  -UBS US QUALITY GROWTH | B | Int./Div. | N | T | | | | | | |
| 89.  -VAN ECK GLOBAL HARD ASSETS CL Y | A | Int./Div. | J | T | | | | | | |
| 90.  -ISHARES SHORT-TERM 1-5 CREDIT CORPORATE BOND ETF | B | Int./Div. | K | T | | | | | | |
| 91.  -BNY MELLON INTERNATIONAL BONF DUND - CLASS 1 | A | Int./Div. | K | T | | | | | | |
| 92.  -DOUBLE LINE TOTAL RETURN FUND INSTL | A | | | | Sold | 11/20/23 | L | | | |
| 93.  -JPMORGAN STRATEGIC INCOME OPPORTUNITIES FUND CLASS I | C | Int./Div. | L | T | | | | | | |
| 94.  -LORD ABBETT BOND DEBENTURE FUND CLASS F | B | Int./Div. | K | T | | | | | | |
| 95.  -METROPOLITAN WEST TOTAL RETURN BOND FUND CLASS 1 | B | Int./Div. | K | T | | | | | | |
| 96.  -PIMCO TOTAL RETURN FUND CLASS 12 | B | Int./Div. | K | T | | | | | | |
| 97.  MERRILL LYNCH-RAMIREZ WEALTH MANAGEMENT | | | | | | | | | | |
| 98.  -CASH/MONEY ACCOUNTS - BANK OF AMERICA | A | Interest | J | T | | | | | | |
| 99.  -GNM SECURITY BOND | A | Interest | J | T | | | | | | |
| 100.  -GNM SECURITY BOND | A | Interest | J | T | | | | | | |
| 101.  UBS FINANCIAL SERVICES INC ACCOUNT RMA SA | | | | | | | | | | |

1. Income Gain Codes:  A =$1,000 or less    B =$1,001 - $2,500    C =$2,501 - $5,000    D =$5,001 - $15,000    E =$15,001 - $50,000
(See Columns B1 and D4)    F =$50,001 - $100,000    G =$100,001 - $1,000,000    H1 =$1,000,001 - $5,000,000    H2 =More than $5,000,000
2. Value Codes    J =$15,000 or less    K =$15,001 - $50,000    L =$50,001 - $100,000    M =$100,001 - $250,000
(See Columns C1 and D3)    N =$250,001 - $500,000    O =$500,001 - $1,000,000    P1 =$1,000,001 - $5,000,000    P2 =$5,000,001 - $25,000,000
   P3 =$25,000,001 - $50,000,000    P4 =More than $50,000,000
3. Value Method Codes    Q =Appraisal    R =Cost (Real Estate Only)    S =Assessment    T =Cash Market
(See Column C2)    U =Book Value    V =Other    W =Estimated

**FINANCIAL DISCLOSURE REPORT**

Page 10 of 15

| Name of Person Reporting | Date of Report |
|---|---|
| **RAGGI, REENA** | 08/12/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
| 102.  -UBS BANK USA DEP ACCT/MMF YIELD | A | Interest | L | T | | | | |
| 103.  -US TREASURY BILL 06/15/23 | B | Interest | | | Sold | 05/25/23 | N | |
| 104.  -US TREASURY BILL MATURES 10/03/2024 | A | Interest | N | T | Buy | 10/10/23 | N | |
| 105.  -US TREASURY BILL MATURES 11/29/2024 | A | Interest | O | T | Buy | 12/18/23 | O | |
| 106.  -US TREASURY NOTE RATE 0.8750% MATURES 01/31/2024 | B | Interest | N | T | Buy | 02/09/23 | N | |
| 107.  -US TREASURY NOTE RATE 0.2500% MATURES 06/15/24 | A | Interest | N | T | Buy | 02/09/23 | N | |
| 108.  -US TREASURY NOTE RATE 4.250% MATURES 09/30/2024 | D | Interest | N | T | Buy | 02/09/23 | N | |
| 109.  -ISHARES RUSSELL 2000 ETF | A | Interest | J | T | | | | |
| 110.  -ISHARES CORE S&P SMALL-CAP ETF | B | Int./Div. | M | T | | | | |
| 111.  -ISHARES RUSSELL 1000 VALUE ETF | A | Dividend | K | T | | | | |
| 112.  -ISHARES SELECT DIVID ETF | B | Int./Div. | K | T | | | | |
| 113.  -ISHARES CORE MSCI EAFE ETF | D | Int./Div. | M | T | | | | |
| 114.  -ISHARES CORE MSCI EMERGING MARKETS ETF | B | Int./Div. | L | T | | | | |
| 115.  -VANGUARD VALUE ETF | A | Int./Div. | K | T | | | | |
| 116.  -VANGUARD DIVID APPRECIATION | A | Int./Div. | K | T | | | | |
| 117.  -BNY MELLON SMALL/MID CAP GROWTH FUND | B | Int./Div. | L | T | | | | |
| 118.  -CALAMOS EVOLVING WORLD GROWTH FUND CLASS 1 | A | Int./Div. | L | T | | | | |

| | | | | |
|---|---|---|---|---|
| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

**FINANCIAL DISCLOSURE REPORT**

Page 11 of 15

| Name of Person Reporting | Date of Report |
|---|---|
| **RAGGI, REENA** | 08/12/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
|---|---|---|---|---|---|---|---|---|
| 119.  -FIRST EAGLE OVERSEAS FUND CLASS 1 | A | Int./Div. | M | T | | | | |
| 120.  -UBS US DIVIDEND RULER PRICE FUND CLASS P | C | Int./Div. | N | T | | | | |
| 121.  -UBS US QUALITY GROWTH AT REASONABLE PRICE FUND CLASS P | A | Int./Div. | M | T | | | | |
| 122.  -BANK AMER CORP SER KK 5.375% PREFERRED CLBL PAR VALUE | B | Interest | L | T | Buy | 09/13/23 | L | |
| 123.  -JPMORGAN CHASE & CO SER DD 5.75% PREFERRED CLBL PAR VALUE | B | Interest | L | T | Buy | 09/13/23 | L | |
| 124.  -MORGAN STANLEY SER K OREFERRED CLBL PAR VALUE RT 5.85% | B | Interest | L | T | Buy | 09/13/23 | L | |
| 125.  -WELLS FARGO & CO 4.75% PREFERRES CLBL PAR VALUE | B | Interest | L | T | Buy | 09/13/23 | L | |
| 126.  UBS FINANCIAL SERVICES INC TRADITIONAL IRA | | | | | | | | |
| 127.  -UBS BANK USA DEP ACCOUNT | A | Interest | J | T | | | | |
| 128.  UBS FINANCIAL SERVICES INC RMA MPF FI-MANAGED BY HV ETF MUNICIPAL | | None | | | Closed | 02/07/23 | P1 | |
| 129.  -UBS INSURED SWEEP PROGRAM | | None | J | T | | | | |
| 130.  -INVESCO NATL AMT FREE MUNICIPAL BOND ETF | | None | | T | Sold | 02/07/23 | N | |
| 131.  -ISHARES 20 YEAR TREAS BOND ETF | | None | | | Sold | 02/07/23 | M | |
| 132.  -ISHARES MBS ETF | | None | | | Sold | 02/07/23 | J | |
| 133.  -ISHARES NATL MUNI BOND ETF | | None | | | Sold | 02/07/23 | O | |
| 134.  -ISHARES JP MORGAN USD EMERGING MARKETS BOND ETF | | None | | | Sold | 02/07/23 | M | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

**FINANCIAL DISCLOSURE REPORT**

Page 12 of 15

| Name of Person Reporting | Date of Report |
|---|---|
| RAGGI, REENA | 08/12/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | C. Gross value at end of reporting period (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | D. Transactions during reporting period (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
|---|---|---|---|---|---|---|---|---|
| 135. -ISHARES SHORT-TERM NATL MUNI BOND ETF | | None | | | Sold | 02/07/23 | M | |
| 136. -ISJARES BROAD USD HIGH YIELD BOND ETF | | None | | | Sold | 02/07/23 | M | |
| 137. -VANGUARD INTER TERM TREAS ETF | | None | | | Sold | 02/07/23 | M | |
| 138. -VANGUARD SHORT-TERM TREAS ETF | | None | | | Sold | 02/07/23 | M | |
| 139. UBS FINANCIAL SERVICES INC-RMA | | | | | | | | |
| 140. -UBS INSURED SWEEP PROGRAM | A | Interest | J | T | | | | |
| 141. -CITIBANK NA BAR-MLCD SPX 03/22/2024 | A | Interest | L | T | | | | |
| 142. -GOLDMAN SACH BANK USA BAR-MLCD SPX 02/15/2024 | A | Interest | L | T | | | | |
| 143. -GOLDMAN SACH BANK USA BAR-MLCD SPX 05/20/2024 | A | Interest | L | T | | | | |
| 144. GOLDMAN SACH BANK USA BAR-MLCD SPX 05/31/2024 | A | Interest | L | T | | | | |
| 145. -CITIBANK NA BAR-MLCD SPX 08/30/2024 | A | Interest | L | T | Buy | 02/23/23 | L | |
| 146. | | | | | | | | |
| 147. | | | | | | | | |
| 148. | | | | | | | | |
| 149. | | | | | | | | |
| 150. | | | | | | | | |
| 151. | | | | | | | | |

1. Income Gain Codes: (See Columns B1 and D4)     A =$1,000 or less     B =$1,001 - $2,500     C =$2,501 - $5,000     D =$5,001 - $15,000     E =$15,001 - $50,000
F =$50,001 - $100,000     G =$100,001 - $1,000,000     H1 =$1,000,001 - $5,000,000     H2 =More than $5,000,000
2. Value Codes (See Columns C1 and D3)     J =$15,000 or less     K =$15,001 - $50,000     L =$50,001 - $100,000     M =$100,001 - $250,000
N =$250,001 - $500,000     O =$500,001 - $1,000,000     P1 =$1,000,001 - $5,000,000     P2 =$5,000,001 - $25,000,000
P3 =$25,000,001 - $50,000,000     P4 =More than $50,000,000
3. Value Method Codes (See Column C2)     Q =Appraisal     R =Cost (Real Estate Only)     S =Assessment     T =Cash Market
U =Book Value     V =Other     W =Estimated

# FINANCIAL DISCLOSURE REPORT
Page 13 of 15

| Name of Person Reporting | Date of Report |
|---|---|
| RAGGI, REENA | 08/12/2024 |

## VII. INVESTMENTS and TRUSTS -- *income, value, transactions (Includes those of spouse and dependent children; see Guide to Judiciary Policy, Volume 2D, Ch. 3, § 310 Reporting Thresholds for Assets; § 312 Types of Reportable Property; § 315 Interests in Property; § 320 Income; § 325 Purchases, Sales, and Exchanges; § 360 Spouses and Dependent Children; § 365 Trusts, Estates, and Investment Funds.)*

☐ NONE *(No reportable income, assets, or transactions.)*

| A. Description of Assets (including trust assets) Place "(X)" after each asset exempt from prior disclosure | B. Income during reporting period | | C. Gross value at end of reporting period | | D. Transactions during reporting period | | | |
|---|---|---|---|---|---|---|---|---|
| | (1) Amount Code 1 (A-H) | (2) Type (e.g., div., rent, or int.) | (1) Value Code 2 (J-P) | (2) Value Method Code 3 (Q-W) | (1) Type (e.g., buy, sell, redemption) | (2) Date mm/dd/yy | (3) Value Code 2 (J-P) | (4) Gain Code 1 (A-H) |
| 152. | | | | | | | | |

| 1. Income Gain Codes: (See Columns B1 and D4) | A =$1,000 or less | B =$1,001 - $2,500 | C =$2,501 - $5,000 | D =$5,001 - $15,000 | E =$15,001 - $50,000 |
|---|---|---|---|---|---|
| | F =$50,001 - $100,000 | G =$100,001 - $1,000,000 | H1 =$1,000,001 - $5,000,000 | H2 =More than $5,000,000 | |
| 2. Value Codes (See Columns C1 and D3) | J =$15,000 or less | K =$15,001 - $50,000 | L =$50,001 - $100,000 | M =$100,001 - $250,000 | |
| | N =$250,001 - $500,000 | O =$500,001 - $1,000,000 | P1 =$1,000,001 - $5,000,000 | P2 =$5,000,001 - $25,000,000 | |
| | P3 =$25,000,001 - $50,000,000 | | P4 =More than $50,000,000 | | |
| 3. Value Method Codes (See Column C2) | Q =Appraisal | R =Cost (Real Estate Only) | S =Assessment | T =Cash Market | |
| | U =Book Value | V =Other | W =Estimated | | |

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 14 of 15 | **RAGGI, REENA** | 08/12/2024 |

## VIII. ADDITIONAL INFORMATION OR EXPLANATIONS. *(Indicate part of report.)*

LINE 7 PART VII-CITI PERSONAL WEALTH RETIREMENT PLANS-IRA 0 ACCOUNT WAS CLOSED AND ALL ASSETS TRANSFERRED TO CHARLES SCHWAB-CONTRIBUTORY IRA-HIGHTOWER ADVISORS LLC LINE 13

| FINANCIAL DISCLOSURE REPORT | Name of Person Reporting | Date of Report |
|---|---|---|
| Page 15 of 15 | RAGGI, REENA | 08/12/2024 |

## IX. CERTIFICATION.

I certify that all information given above (including information pertaining to my spouse and minor or dependent children, if any) is accurate, true, and complete to the best of my knowledge and belief, and that any information not reported was withheld because it met applicable statutory provisions permitting non-disclosure.

I further certify that earned income from outside employment and honoraria and the acceptance of gifts which have been reported are in compliance with the provisions of 5 U.S.C. app. § 13141 et. seq., 5 U.S.C. § 7353, and Judicial Conference regulations.

Signature: **s/ REENA RAGGI**

NOTE: ANY INDIVIDUAL WHO KNOWINGLY AND WILLFULLY FALSIFIES OR FAILS TO FILE THIS REPORT MAY BE SUBJECT TO CIVIL AND CRIMINAL SANCTIONS (5 U.S.C. app. § 13106)

Committee on Financial Disclosure
Administrative Office of the United States Courts
Suite G-330
One Columbus Circle, N.E.
Washington, D.C. 20544

# Exhibit 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JODI ROUVIERE and<br>ANDRE ROUVIERE,<br><br>      *Plaintiffs*,<br>v.<br><br>DEPUY ORTHOPAEDICS, INC. n/k/a<br>MEDICAL DEVICE BUSINESS<br>SERVICES, INC. and HOWMEDICA<br>OSTEONICS CORPORATION<br>d/b/a STRYKER ORTHOPAEDICS,<br><br>      *Defendants*. | )<br>)<br>)<br>)<br>)    Case No. 1:18-cv-04814-GHW-GS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DECLARATION OF JODI ROUVIERE**

JODI ROUVIERE, being duly sworn, deposes and says:

1. I am Jodi Rouviere and over the age of 18. I am the Plaintiff in the above captioned numbered case and this declaration is based upon my own personal knowledge.

2. On December 6, 2024, DePuy and HOC filed their responses to my rule 60B(6) motion specifically pointing out that the appellate judges had no financial conflict. DePuy included the financial disclosures for all of the appellate judges including Judge Reena Raggi (ECF-383-2, ECF-383-3).

3. I reviewed the financial documents provided by the defense and discovered that United States Circuit Judge Reena Raggi was in fact also financially conflicted.

4. Judge Raggi's financial disclosure report for calendar year 2022 & 2023 showed her receipt of Non-Investment Income from her husband's law firm in which he was a

partner, SEYFARTH SHAW LLP (Exhibit 1, (Raggi-Reena-Annual-2022 (p. 2), Raggi-Reena-Annual-2023 (p. 2)).

5. SEYFARTH SHAW LLP represented Howmedica-Stryker, a defendant in this case in other concurrent litigation related to hip implants ( *ORP Surgical v. Howmedica Osteonics Corp.*, No.20-1450, 2022 WL 1468115 (D.Colo. May 10, 2022)).

6. SEYFARTH SHAW LLP was admonished in 2022 for 'Abusive' Discovery Conduct in representing Howmedica- Stryker. A federal judge in Colorado said the firm "turned this case sour with nasty litigation tactics." (*ORP Surgical v. Howmedica Osteonics Corp.*, No.20-1450, 2022 WL 1468115 (D.Colo. May 10, 2022)).

7. On April 5, 2024, Judge Raggi ruled against Rouviere in her case against Howmedica-Stryker, even while Howmedica was still being represented by her husband's law firm in *ORP Surgical, LLC et al v. Howmedica Osteonics Corp.* 1:20-cv-01450-RBJ, terminated on 09/03/2024.

PURSUANT TO TITLE 28 U.S.C, 1746 I, JODI ROUVIERE hereby declare and affirm under penalties of perjury under the laws of the United States of America that the forgoing statement and claims are true and correct. Done this 6th day of January 2025.

JODI ROUVIERE