**JODI ROUVIERE**
**10950 S.W. 84 Ct.**
**Miami, FL 33156**

January 11, 2025

**Honorable Gregory H. Woods**
**U.S. District Court Judge**
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312

      **Re: Rouviere v. DePuy Orthopaedics, Inc., et al., Case No: 1:18-cv-04814-GHW;**
      **Response to Defendants' Request for Sur-Reply**

Dear Judge Woods:

     Plaintiff writes as a pro-se litigant to strongly oppose DePuy and Howmedica's baseless and procedurally improper joint request for a sur-reply. This request is not only unnecessary but also reflects bad faith litigation tactics aimed at securing an unfair procedural advantage. Defendants fail to identify a single new argument in Plaintiff's reply brief, and their vague, unsupported assertions are a transparent effort to mislead the Court.

**The Defendants' Request is Unnecessary and Improper**

     In their letter motion, the Defendants provided no examples of new arguments or accusations they claim exist because there are none. Plaintiff's reply adhered strictly to the Second Circuit's rule permitting replies to address arguments raised in opposition papers. See *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000). Plaintiff's reply appropriately responded to the factual and legal claims Defendants raised in their opposition, including their erroneous assertion that the three-judge panel in *Rouviere v. Howmedica Osteonics Corp.*, 2024 U.S. App. LEXIS 8201 * (2d Cir. 2024) was unconflicted and properly affirmed the district court's orders.

     The Second Circuit disfavors new arguments in reply papers. See *Keefe v. Shalala*, 71 F.3d 1060, 1066 n.2 (2d Cir. 1995); *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993). District courts have denied a party's request for leave to file a sur-reply where it fails to respond to a new issue raised in a movant's reply. A litigant should be allowed leave to file a sur-reply "when it raises or responds to some new issue or development in the law." *Merril Lynch Life Ins. Co. v. Lincoln Nat'l Life Ins. Co.,* No. 2-09-cv-158, 2009 U.S. Dist. LEXIS 104990, 2009 WL 3762974,

at *1 (N.D. Ind. Nov. 9, 2009). However, no such arguments were raised here. Defendants are attempting to misuse the sur-reply process as a platform to repeat or reframe arguments they have already made—a tactic courts routinely reject. See *MacChia v. Landline Trans, LLC*, 2024 U.S. Dist. LEXIS 143687 (N.D. Ind. Aug. 13, 2024).

**Misrepresentation Regarding Judge Raggi's Conflict**

Defendants falsely assert that Plaintiff introduced new arguments concerning Judge Raggi's financial conflicts. This claim is demonstrably false. Defendants themselves relied on Judge Raggi's financial disclosures to argue that no conflict existed. Plaintiff's reply simply refuted this by highlighting critical facts that Defendants intentionally omitted. According to DePuy's own Exhibit, Judge Raggi received payments from Seyfarth Shaw LLP, where her current husband, Roy Meilman, is a partner. Seyfarth Shaw simultaneously represented Howmedica during this litigation, creating a clear and undeniable conflict of interest while Judge Raggi presided over this case.

Defendants further misrepresented to this Court that these payments were connected to Judge Raggi's deceased husband, David Denton, who has no ties to Seyfarth Shaw or this case. This blatant distortion of the record exemplifies Defendants' bad faith, their repeated disregard for the Code of Conduct for Lawyers, and their ongoing attempt to mislead the Court, this time into granting an unsupported and unwarranted sur-reply.

**Baseless Allegations of New Claims**

Defendants further allege, without specificity or evidence, that Plaintiff raised new claims of unethical conduct. This is patently false. Plaintiff's reply adhered strictly to the issues raised by Defendants in their opposition and did not introduce any *new* allegations. Defendants' inability to cite a single example of a new argument or allegation highlights the frivolous nature of their request.

**Joint Request Highlights Shared Conflicts**

The joint nature of Defendants' request further supports Plaintiff's argument that both DePuy and Howmedica, working in conjunction, were conflicted by shared financial entanglements of judges presiding over this case at both the district and appellate levels.

**Procedural Rules Do Not Support Defendants' Request**

Plaintiff's reply directly rebutted Defendants' claims, focusing on their arguments. Given Defendants raised new issues or arguments for the first time, Plaintiff properly responded. A sur-reply is appropriate only when new matters are raised for the first time in a reply brief,

preventing the opposing party from responding. See *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001). Defendants do not meet this standard because Plaintiff's reply raised no new issues. Instead, it properly refuted Defendants' misstatements and omissions. Defendants' request is a transparent attempt to improperly gain the "last word," contrary to procedural rules. Such tactics unnecessarily delay these proceedings and obfuscate the substantive issues before the Court.

      If the Court is inclined to grant Defendants' request, Plaintiff respectfully requests leave to file a sur-reply to ensure the record remains fair and balanced.

      Thank you for your attention to this matter.

Sincerely,

Jodi Rouviere