**JODI ROUVIERE**
**10950 S.W. 84 Ct.**
**Miami, FL 33156**

January 13, 2025

**Honorable Gregory H. Woods**
**U.S. District Court Judge**
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312
By email, pro-se clerk: prose@nysd.uscourts.gov

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/15/25
```

**MEMORANDUM ENDORSED**

**Re: Rouviere v. DePuy Orthopaedics, Inc., et al., Case No: 1:18-cv-04814-GHW; Request for Leave to File a Sur-Sur-Reply**

Dear Judge Woods:

I appreciate your granting of an exception to the in-person ECF training requirement and have been diligently working toward meeting the Court's expectations to effectively use the ECF system as a pro se litigant. However, with my reply due on January 6 and the holiday season in play, I have not yet fully completed these requirements.

As a result, I only became aware of the Defendants' letter motion (January 10, 2025) requesting a sur-reply by chance, as I did not receive an ECF notification, the Defendants did not provide me an email copy as they agreed to, and their USPS correspondence had not, and has not, arrived yet.

Upon reviewing the Defendants' joint request, I was surprised to find significant factual misstatements. Specifically, the Defendants incorrectly represented the identity of the husband which caused Judge Raggi's conflict at the appellate level. A simple online search confirms that David Denton, Judge Raggi's late husband, was not associated with Seyfarth Shaw LLP. Instead, it is Roy Meilman, Judge Raggi's current husband as a partner at Seyfarth Shaw LLP, who appears on her financial disclosures as contributing to her income.

To address this, I quickly drafted a response and sent it on Saturday via FedEx for delivery before 10:30 a.m. today, with a courtesy copy addressed to your chambers. This morning, the Pro Se Clerk informed me that it had not yet been received, and it could take up to 48 hours to be uploaded to the docket once it has been received. They also indicated they would attempt to deliver the courtesy copy I sent directly to chambers today.*

In light of the factual inaccuracies introduced by the Defendants in their sur-reply request, I respectfully request leave to file a sur-sur-reply to correct the record.

Thank you for your attention to this matter and for your continued consideration of my pro se status.

Sincerely,

*Jodi Rouviere*
Jodi Rouviere

***Attached: Response to Defendant' Request for Sur-Reply, January 11, 2025**

Cc: J.T. Larson
Joe Eaton
Paul Asfendis

---

Application denied. Plaintiff's application for leave to file a response to Defendants' sur-reply, Dkt. No. 390, is denied without prejudice. Defendants have not yet submitted their sur-reply. The importance, if any, of the issues Plaintiff has taken with Defendants' application for leave to file a sur-reply will not become clear until the sur-reply is filed. The Court also observes that Plaintiff's application only addresses one of the several arguments in her reply brief that Defendants raised as a basis for submitting a sur-reply.

Plaintiff may renew her request for leave to file a response to Defendants' sur-reply after it has been submitted.

The Clerk of Court is directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: January 15, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge