UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JODI ROUVIERE and ANDRE ROUVIERE,<br><br>Plaintiff,<br><br>v.<br><br>DEPUY ORTHOPAEDICS, INC. n/k/a MEDICAL DEVICE BUSINESS SERVICES, INC. and HOWMEDICA OSTEONICS CORPORATION d/b/a STRYKER ORTHOPAEDICS,<br><br>Defendants. | Case No.: 1:18-cv-04814-GHW-GS |

**JOINT SUR-REPLY BRIEF IN OPPOSITION TO PLAINTIFF'S MOTIONS FOR RELIEF FROM JUDGMENT AND FOR EVIDENTIARY HEARING**

**BARNES & THORNBURG, LLP**
390 Madison Avenue, 12th Floor
New York, New York 10017-2509
(646) 746-2000

*Attorneys for Defendant DePuy Orthopaedics, Inc. nka Medical Device Business Service, Inc.*

**GIBBONS P.C.**
One Pennsylvania Plaza, Suite 4515
New York, New York 10019
(212) 613-2000

*Attorneys for Defendant Howmedica Osteonics Corp.*

Defendants Howmedica Osteonics Corp. ("HOC") and DePuy Orthopaedics, Inc. ("DePuy") jointly submit this sur-reply brief to address new arguments raised for the first time in Plaintiff's reply brief submitted in support of her motion to vacate final judgements and pre-trial orders. D.I. 389 (Pl. Reply Br.). In her reply brief, Plaintiff Jodi Rouviere takes issue with Defendants' argument that the Second Circuit's *de novo* review and affirmance of dismissal based on statute of limitations warrants denial of Plaintiff's motion. Specifically, Plaintiff argues for the first time in her reply brief that the Second Circuit's review was tainted by a conflict of interest because the spouse of one of the Second Circuit judges on the panel that decided Plaintiff's appeal—Circuit Court Judge Reena Raggi—is a partner at a law firm, Seyfarth Shaw LLP, which previously represented HOC in a supposedly "related" action. Plaintiff argues that Judge Raggi's failure to recuse herself from this case amounts to judicial "misconduct" and caused the Second Circuit to fail to conduct a "genuine" de novo review.[1]

As a preliminary matter, Plaintiff's new argument should be rejected outright as waived and untimely. Issues raised for the first time on reply are generally deemed waived. *See, e.g., Gomez v. Resurgent Cap. Servs., LP*, 129 F. Supp. 3d 147, 159 (S.D.N.Y. 2015). Plaintiff relies on financial disclosure reports of Judge Raggi dated September 27, 2023 and August 12, 2024. *See* Pl. Reply Br., Ex. A. The first was available long before her appeal was decided in April 2024, and both were available long before Plaintiff filed the instant motion to vacate judgments in

---

[1]    Judge Raggi's spouse was not identified by name in either Plaintiff's reply brief or in Judge Raggi's financial disclosures. Based on Defendants' preliminary investigation prior to filing their request to file this sur-reply, Defendants originally believed that Plaintiff's new argument may have been referring to income that Judge Raggi would have received in connection with her deceased former spouse. In subsequent letters to the Court, Plaintiff clarified that Judge Raggi remarried and she identified Judge Raggi's current spouse by name. A search of that individual reveals that he is listed on Seyfarth Shaw's website as Counsel to the firm and his practice focuses on tax counseling.

October 2024. Plaintiff had ample opportunity to challenge Judge Raggi's alleged conflicts in her original motions, but chose not to do so.

Regardless, Plaintiff's new argument also fails on the merits. Judge Raggi's reported income that her spouse earns from Seyfarth Shaw does not present a conflict of interest as it does not raise an appearance of impropriety, as required to demonstrate a violation of 28 U.S.C. §455(a), or constitute a financial interest that could be substantially affected by the outcome of this case, required for a violation of 28 U.S.C. §455(b). Plaintiff blatantly mischaracterizes the cited matter in which Seyfarth Shaw represented HOC as "related" to her lawsuit.  Pl. Reply Br. at 5. As is evident from the reported decision from that case referenced in Plaintiff's brief, *ORP Surgical, LLP v. Howmedica Osteonics Corp*., 2022 U.S. Dist. LEXIS 84398, 2022 WL 1468115 (D. Col. 2022), that matter was in no way, shape or form "related" to this lawsuit. The *ORP Surgical* matter involved breach of contract claims between HOC and a Colorado distributor arising from termination of a distribution agreement, and application of a contractual non-solicitation provision. *See ORP Surgical, LLP v. Howmedica Osteonics Corp*., 2022 U.S. Dist. LEXIS 84398, *3-7, 2022 WL 1468115 (D. Col. 2022). The case was not a products liability lawsuit and did not involve claims regarding any medical device. Furthermore, there is no indication or reason to believe that Judge Raggi's spouse, an attorney whose practice focuses on tax counseling, not litigation, had any involvement in the ORP Surgical case.

Judge Raggi was not conflicted from hearing Plaintiff's appeal in this case and there is no appearance of impropriety whatsoever. "Courts have uniformly rejected the argument that an appearance of impropriety exists in the following situation: (i) a judge's spouse is a partner in a law firm that represents a litigant in matters other than the case before the judge; and (ii) the spouse did not perform any work at the law firm for the litigant or worked for the litigant on unrelated

matters." *In re Digital Music Antitrust Litig.*, 2007 U.S. Dist. LEXIS 13567, at *40-41 (S.D.N.Y. 2007) citing *Canino v. Barclays Bank, PLC*, 1998 U.S. Dist. LEXIS 53, at *9 (S.D.N.Y. 1998) ("Plaintiff claims that the Judge's husband is a partner in a firm which represented Defendant and that, as a result of this relationship, she and her husband benefited from fees from that client, and thus that her impartiality might reasonably be questioned. This chain of causation is too attenuated to satisfy the requirements of §455(a)."); *In re Billedeaux*, 972 F.2d 104, 105-06 (5th Cir. 1992) ("[A] reasonable person . . . would know that any interest that could be attributed to [the judge] in the fate of her husband's law firm's sometime client is so remote and speculative as to dispel any perception of impropriety.")

Nor does Judge Raggi's spouse's receipt of income from a law firm which has represented HOC in the past present a financial interest that could substantially be affected by the outcome of this lawsuit. "[W]here an interest is not direct, but is remote, contingent, or speculative, it is not the kind of interest which reasonably brings into question a judge's impartiality." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1313 (2d Cir. 1988). The recusal statute "does not compel disqualification 'simply on unfounded innuendo concerning the possible partiality of the presiding judge.'" *Canino*, 1998 U.S. Dist. LEXIS 53, at *7-8 (S.D.N.Y. 1998) (quoting *El Fenix de Puerto Rico v. M/Y Johanny*, 36 F.3d 136, 140 (1st Cir. 1994)).

Nor is there any merit to Plaintiff's argument that the Second Circuit did not conduct *de novo* review simply because it did not reach all of Plaintiff's arguments. There is no question that the Second Circuit conducted *de novo* review of dismissal on statute of limitations grounds. The statute of limitations issue was dispositive as to the entire case and thus there was no reason to address Plaintiff's various assertions of error concerning proximate causation or exclusion of expert opinion against DePuy. These issues were mooted by the statute of limitations dismissal.

For these reasons and the reasons set forth in Defendants' respective opposition briefs, Plaintiff's Rule 60(b) motion for relief from judgments, and Plaintiff's related motion for an evidentiary hearing should both be denied.[2]

Dated: New York, New York
　　　 January 17, 2025

Respectfully Submitted,

**GIBBONS P.C.**

By: */s/Paul E. Asfendis*
Paul E. Asfendis
Kim M. Catullo
One Pennsylvania Plaza- Suite 4515
New York, New York 10119
Tel.:  (212) 613-2000

*Attorneys for Defendant*
*Howmedica Osteonics Corp.*


*/s/ J.T. Larson*
Joseph G. Eaton (#15731-29)
J.T. Larson (#31392-29)
Barnes & Thornburg, LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Tel.: (317) 236-1313

James F. Murdica
Jessica A. Metzger
390 Madison Avenue
12th Floor
New York, New York 10017-2509

*Attorneys for DePuy Orthopaedics, Inc. nka*
*Medical Device Business Service, Inc.*

---

[2] On Monday, January 13, Plaintiff served two letters on Defendants in which she accuses Defendants of improperly failing to serve by email on Plaintiff copies of their joint letter requesting leave to file this sur-reply. [ECF No. 390.] Further to the Court's order granting Plaintiff e-filing privileges, Defendants understood Plaintiff to be receiving ECF notifications, and that email service was therefore unnecessary, but had nevertheless already served a physical copy of the letter on Plaintiff by mail. Defendants will serve this filing by ECF, email, and physical copy.

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 17, 2025, the foregoing document was electronically served via electronic filing and email on the following.

Jodi Rouviere
Jodi.jtm@gmail.com
10950 SW 84 Court
Miami, Florida 33156
*Plaintiff-Appellant, pro se*

Barnes & Thornburg LLP
Joseph Eaton
J.T. Larson
11 South Meridian Street
Indianapolis, Indiana 46204

Jessica Metzger
390 Madison Avenue
12th Floor
New York, New York 10017-2509

*Attorneys for Defendant*
*DePuy Orthopaedics, Inc.*

A copy of the foregoing document was also served on Jodi Rouviere at the above address via U.S. mail on this date:

s/ Paul E. Asfendis
Paul Asfendis