```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/21/25
```

**MEMORANDUM ENDORSED**

**JODI ROUVIERE**
**10950 S.W. 84 Ct.**
**Miami, FL 33156**
**305.608.8076**

January 21, 2025

**Honorable Gregory H. Woods**
**U.S. District Court Judge**
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, New York 10007-1312
By email, pro-se clerk: prose@nysd.uscourts.gov

Re: *Rouviere v. DePuy Orthopaedics, Inc.,* et al., Case No: 1:18-cv-04814-GHW; Letter Motion to Strike Defendants' Sur-Reply or, in the Alternative, for Leave to File a Sur Sur-Reply

Dear Judge Woods:

Plaintiff, Jodi Rouviere, pro se, respectfully moves to strike Defendants' sur-reply (ECF-392) as improper and prejudicial. The sur-reply violates procedural norms by rearguing matters already addressed, introducing new arguments, and misleading the Court. Should the Court decline to strike it, Plaintiff requests leave to file a sur-sur-reply to address these misstatements and new arguments.

Defendants' sur-reply improperly circumvents motion practice to relitigate arguments. They concede Plaintiff's reply responded to their arguments, stating, "In her reply brief, Plaintiff…takes issue with Defendants' argument that the Second Circuit's de novo review and affirmance of dismissal based on statute of limitations warrants denial of Plaintiff's motion" (ECF-392, p. 2).

The sur-reply misrepresents facts and misapplies CPLR 214-c(2), asserting there was no conflict for HOC and that the Second Circuit conducted a full *de novo* review, while admitting DePuy's critical issues like proximate causation and exclusion of expert testimony were not addressed (ECF-392, p. 4). Defendants' argument also misapplies CPLR 214-c(2) by prematurely triggering the statute of limitations contrary to the statute's intent based on generalized symptom manifestation without any nexus to the cause rather than the reasonable discovery of a latent injury ("The Second Circuit affirmed dismissal of the action in its entirety on the basis of statute of limitations, which turned on the question of when Jodi Rouviere first manifested symptoms of the injury she claimed in this case." (ECF-379, p. 14)).

Plaintiff's motion, and her subsequent reply, highlight undisclosed conflicts of interest with both defendants involving Judges Liman, Aaron, and Raggi, including Judge Raggi's financial ties to

Seyfarth Shaw, which represents HOC's business practices and legal issues in matters that mirrored those at the core of this case, including off-label marketing and the improper combinations of HOC's acetabular components and DePuy's stems (*ORP Surgical, LLC v. Howmedica Osteonics Corp.*, Civil Action No. 1:20-cv-01450-RBJ). This revealed a serious conflict under 28 U.S.C. § 455 and Canon 3(C)(1) mandating recusal for impartiality that is reasonably questioned (*Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868 (2009); *Litovich v. Bank of America Corp.,* 106 F.4th 218, 228 (2d Cir. 2024)).

The discovery of the appellate court's conflict of interest involving Judge Raggi and HOC came from Plaintiff's review of the Defendants newly raised claims in their response that no conflict existed for HOC and that the appellate court provided a clean review with their presentation of the appellate judges' Financial Disclosure Forms (See, ECF-382, p. 6-7, 382-2, ECF-389-2).

Judge Raggi's husband's position as partner at Seyfarth Shaw makes him indirectly responsible for all firm work under New York Rules of Professional Conduct Rule 5.1., and his income, derived from Seyfarth Shaw's representation of HOC, is undeniably shared with Judge Raggi, solidifying the egregious nature of this undisclosed conflict. Judge Raggi's husband's role as a Seyfarth Shaw partner links his income to these activities involving HOC, contravening judicial impartiality rules (Caperton v. A.T. Massey Coal Co., 556 U.S. 868 (2009)).

Defendants falsely asserted Judge Raggi's spouse was deceased (ECF-387) to obtain sur-reply permission, later using this filing to obscure the conflict and deflect responsibility onto Plaintiff. Their claims about no overlap between this case and *ORP Surgical* are disingenuous, as both involve similar claims concerning HOC's off-label marketing practices with DePuy's stems and were being litigated concurrently.

Defendants' attempt to shift the burden of disclosure onto Plaintiff contradicts law, which places this duty on the judge. Parties to a lawsuit must be able to expect and rely upon the integrity of the judicial system, and Defendants' suggestion that it took too long for the Plaintiff to discover the cause of the injustice – secreted financial conflicts and partiality of at least three (3) of the judges presiding directly over this case – after the injustice was manifested, is disingenuous.

Defendants' bad faith is further shown by their failure to properly serve the sur-reply request and subsequent attempt to blame Plaintiff, improperly inserting it into the sur-reply. Their assertion that they believed Plaintiff had ECF access is blatantly contradicted by their mailing via USPS, an unnecessary task if Defendants truly believed Plaintiff had ECF access.

The sur-reply presents no new arguments raised by Plaintiff in her reply; instead, it rehashes prior arguments, injects irrelevant and disingenuous claims, and attempts to obscure the undeniable conflict between Judge Raggi, Seyfarth Shaw and HOC by falsely blaming Plaintiff for Defendants' own errors and machinations. These tactics undermine the integrity of the judicial process and must not be allowed. The Second Circuit has held that reply papers may only address new issues that were raised in opposition papers. (See, *Bayway Ref. Co. v. Oxygenated Mktg. &amp; Trading A.G.,* 215 F.3d 219, 226-27 (2d Cir. 2000).

<an

**WHEREFORE,** Plaintiff respectfully requests that this Court strike Defendants' sur-reply in its entirety. In the alternative, should the Court decline to do so, Plaintiff requests leave to file a Sur-Sur-Reply to address the issues raised therein.

Thank you for your attention to this matter.

Respectfully submitted,

/s/ Jodi Rouviere

**Jodi Rouviere**
Pro-se

cc. Joe Eaton
J.T. Larson
Paul Asfendis

---

Application granted in part.  Plaintiff's request that the Court strike Defendants' sur-reply is denied.  Plaintiff's request for leave to submit a response to Defendants' sur-reply is granted.  Plaintiff is granted leave to submit a response to Defendants' sur-reply by no later than January 28, 2025.  The Clerk of Court is directed to mail a copy of this order to Plaintiff.

SO ORDERED.

Dated: January 21, 2025
New York, New York

_____
GREGORY H. WOODS
United States District Judge