UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JODI ROUVIERE and ANDRE ROUVIERE, ) | |
| ) | |
| *Plaintiffs,* ) | |
| ) | |
| v. ) | |
| ) | Case No.: 1:18-cv-04814-GHW-GS |
| DEPUY ORTHOPAEDICS, INC. n/k/a ) | |
| MEDICAL DEVICE BUSINESS SERVICES, ) | |
| INC. and HOWMEDICA OSTEONICS ) | |
| CORPORATION d/b/a STRYKER ) | |
| ORTHOPAEDICS, ) | |
| ) | |
| *Defendants.* ) | |

**PLAINTIFF JODI ROUVIERE'S SUR-SUR REPLY
TO DEFENDANTS' SUR-REPLY
<u>IN OPPOSITION TO PLAINTIFF'S RULE 60(b)(6) MOTION</u>**

Plaintiff Jodi Rouviere, appearing pro se, respectfully submits this Sur-Sur Reply to address Defendants' Sur-Reply (ECF-392) opposing Plaintiff's Rule 60(b)(6) motion to vacate final judgments and pretrial orders (ECF-364) and Motion for Evidentiary Hearing (ECF-373). Contrary to Defendants' assertions, Plaintiff's Reply (ECF-389) introduced no new arguments but directly addressed and rebutted inaccuracies and mischaracterizations in Defendants' Oppositions (ECF-379, ECF-381, 382, 383). Plaintiff Jodi Rouviere respectfully moves this Court to deny Defendants' motion to strike her Reply.

I. **INTRODUCTION**

Plaintiff's Reply refuted arguments made in Defendants' Oppositions to her Rule 60(b)(6) Motion. Defendants' joint Sur-Reply improperly reargues prior issues, shifts blame for their repeated procedural misconduct and obfuscates critical judicial conflicts that have

1

undermined the integrity of these proceedings. Plaintiff seeks to correct the record, highlight procedural and substantive violations, and emphasize the necessity of an impartial tribunal and evidentiary hearing.

## II.     ARGUMENT

### A. Plaintiff's Reply Properly Addressed Defendants' Arguments:

Defendants claim that Plaintiff's Reply introduced new arguments; however, this is demonstrably false. Plaintiff's Reply appropriately:

1. **Clarified CPLR 214-c(2) Misapplication:** Plaintiff demonstrated that the statute of limitations was improperly triggered based on unrelated symptoms, contrary to medical evidence and expert testimony showing metallosis is asymptomatic until surgical confirmation in 2016.
2. **Addressed Mischaracterizations of Second Circuit Review:** Plaintiff argued the *de novo* review by the Second Circuit failed to consider critical evidence and judicial conflicts and that Judge Raggi was conflicted according to DePuy's Exhibits.

Under the clearly established law in the Second Circuit, Plaintiff's reply to Defendant's opposition papers was in all things proper. See, *Bayway Ref. Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226–227 (2d Cir. 2000) ("We affirm the district court's decision because reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party.") (internal quotations and citations omitted).

### B. Judicial Conflicts and Appellate Misconduct Warrant Relief

Plaintiff has established that judicial conflicts, undisclosed financial ties of the jurists in the instant case, and procedural errors necessitate vacatur under Rule 60(b)(6).

#### 1. Judge Raggi's Financial Conflict with HOC Violated 28 U.S.C. § 455(a)

Judge Raggi's financial ties to Seyfarth Shaw, a firm concurrently representing Howmedica Osteonics Corp. (HOC), a defendant in this case, create a clear appearance of

impropriety. See, *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009). In their Sur-Reply, Defendants reargued that the Second Circuit was not conflicted, ignoring Judge Raggi's direct financial ties to Seyfarth Shaw through her spouse's partnership income and Seyfarth Shaw's concurrent representation of HOC in *ORP Surgical Partners v. Howmedica Osteonics Corp.*, 2022 WL 1468115 and Judge Raggi's in *Rouviere v. Howmedica Osteonics Corp.,* 2024 U.S. App. LEXIS 8201 *1 (2d Cir. 2024). Similarly, both cases involved off-label promotion of HOC's hip implant components. This direct financial and concurrent representation distinguishes Defendant's cited cases in which the chain of causation is too attenuated to satisfy the requirements (*In re Digital Music Antitrust Litig.*, 2007 U.S. Dist. LEXIS 13567 (S.D.N.Y. 2007), *In re Billedeaux,* 972 F.2d 104 (5th Cir. 1992)). Judicial impartiality is assessed based on a reasonable person's perception. See, *Liljeberg v. Health Servs. Acquisition Corp.,* 486 U.S. 847, 860–861 (1988), *Liteky v. United States,* 510 U.S. 540, 548, 114 S. Ct. 1147, 127 L. Ed. 2d 474 (1994). "Section 455(a) requires an "objective" evaluation of a potentially disqualifying interest, and that "what matters is not the reality of bias or prejudice but its appearance"(*Chase Manhattan Bank v. Affiliated FM Insurance,* 343 F.3d 120, 126-27 (2d Cir. 2003*)*.

Regarding Judge Liman's spouse, the Second Circuit reaffirmed in *Litovich v. Bank of America,* 106 F.4th 218 (2d Cir. 2024), that the appearance of impartiality requires recusal. The court emphasized three guiding factors under § 455(a): (i) the risk of injustice to the parties, (ii) the risk of injustice in other cases, and (iii) the risk of undermining public confidence in the judiciary. See also*, United States v. Amico,* 486 F.3d 764, 777 (2d Cir. 2007). These factors are directly implicated here and weigh heavily in favor of granting relief.

2. **Misapplication of CPLR 214-c(2)**

- The district court erroneously triggered the statute of limitations based on unrelated symptoms, disregarding evidence that metallosis is asymptomatic until surgical

3

- confirmation, against CPLR214-c(2)'s intent, which triggers upon discovery of the injury.
- Suppressed evidence and excluded expert testimony by the district court prevented Plaintiff from establishing critical details including a factual timeline of metallosis' development.

The district court's faulty orders included the inconsistent application of standards to Plaintiff's experts and the statute of limitations. Judge Aaron disqualified a conflicted expert for HOC, while refusing to apply the same standard for DePuy, contradicting his own ruling and requiring Plaintiff to depend on a conflicted expert's opinion (ECF-193, ECF-266). Judge Aaron then struck the second expert's DePuy-related opinions (ECF-232, ECF-266). These biased orders limited Plaintiff's expert engineers to only analyze some of the components, not all of them. No expert was allowed to opine on Plaintiff's main claim; the metal-on-metal impingement between the two manufacturers' components that led to the wear debris that caused Plaintiff's injury of metallosis; necessary information to develop a factual timeline.

Judge Liman adopted these flawed rulings and after rejecting HOC's summary judgment argument as "unavailing", he plucked unrelated symptoms from Plaintiff's medical records diagnosed as related to a permanent cervical condition to improperly trigger CPLR 214-c(2) before her metallosis was diagnosed in 2016. (ECF-351, p. 12-14, ECF-336, p. 17).

3. **Incomplete De Novo Review**

- The Second Circuit failed to address the district court's significant procedural errors, including improper evidentiary exclusions related to the timeline of development and discovery of metallosis and the misapplications of the law related to the statute of limitations trigger under CPLR214c(2)..
- A complete review is essential to ensure justice and accountability.

The Second Circuit's failure to address the district court's conflicts and its misapplication of law is related to the conflict of interest by Judge Raggi which infected the panel's decision. Alternatively, it constitutes an abuse of discretion. ("A district court `abuses' or `exceeds' the

4

discretion accorded to it when (1) its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or (2) its decision — though not necessarily the product of a legal error or a clearly erroneous factual finding — cannot be located within the range of permissible decisions.", (*Chase Manhattan Bank*)). Errors of law or fact require vacatur to ensure fairness and impartiality. *See id,* (citing *Beal v. Stern*, 184 F.3d 117, 122 (2d Cir. 1999); *Zervos v. Verizon N.Y., Inc.*, 252 F.3d 163, 169 (2d Cir. 2001)). As the Supreme Court held in *Chase Manhattan Bank, citing Liljeberg, 486 U.S. at 867-68, 108 S.Ct. 2194*, correcting such violations reinforces judicial integrity and prevents future injustices:

> "These facts create precisely the kind of appearance of impropriety that § 455(a) was intended to prevent. The violation is neither insubstantial nor excusable. Although [the district judge] did not know of his fiduciary interest in the litigation, he certainly should have known.… Providing relief in cases such as this will not produce injustice in other cases; to the contrary, the Court of Appeal's willingness to enforce § 455 may prevent a substantive injustice in some future case."

**C. Defendants' Procedural Misconduct**

Defendants engaged in procedural misconduct that further compromised the integrity of these proceedings:

1. **Improper Use of Sur-Reply:** It reargued prior issues, raised new arguments, and placed blame onto Plaintiff under the guise of responding to new arguments.
2. **Misplaced Blame for Disclosure:** Defendants improperly blamed Plaintiff for the judge's failure to disclose conflicts, contrary to the law. Judges bear the responsibility to investigate and disclose conflicts; conflicts are non-waivable, and judges must actively investigate and disclose potential conflicts to avoid disqualification (See, *Brown v. Jacobs Eng'g Inc.,* Case. No. 10-10078, 11th Judicial Circuit, May7, 2014 (mandate recalling appellate court opinion due to conflict of interest) See, Exhibit 1. § 455(b)(4)) Even minimal financial interests, including those of a judge's spouse, mandate disqualification. See, *Liljeberg* at 859-60 n.8.
3. **False Representations:** Defendants misrepresented Judge Raggi's husband's identity to conceal financial conflicts and gain permission for a Sur-Reply, then used their Sur-Reply to turn the blame onto Plaintiff for their own lack of due diligence. (ECF-387, ECF-393).

4. **Improper Service:** Defendants failed to properly serve their Sur-Reply request, delaying Plaintiff's awareness of their misrepresentations and compounding procedural irregularities. (ECF-393). Defendants then used their Sur-Reply to blame Plaintiff for their "error". The fact that they mailed a USPS copy contradicted false claims they believed the Plaintiff had ECF access.
5. **Joint Off-Label Promotion**: For over seven years, Defendants' coordinated actions demonstrate shared liability for Plaintiff's metallosis, caused by their marketing and sale of off-label device combinations. These combinations resulted in metal-on-metal impingement, excessive metal wear debris, and ultimately Plaintiff's injuries. Both Defendants actively promoted their devices for use with products from other manufacturers, despite the absence of FDA testing or clearance for such off-label use. See, *ORP Surgical Partners v. Howmedica Osteonics Corp., Rouviere v. Howmedica Osteonics Corp.).*

### D. Necessity of an Evidentiary Hearing

An evidentiary hearing is critical to uncover the full extent of judicial conflicts and procedural violations. Due process requires impartiality, and the concealment of financial conflicts undermines public confidence in the judiciary. See *Liljeberg*, 486 U.S. at 847, 867–68.

### III. CONCLUSION

Plaintiff's Reply appropriately addressed Defendants' arguments and exposed significant ethical and procedural violations. Defendants' motion to strike is a baseless attempt to divert attention from their misconduct.

Just like the appellate Court ruled in *Brown v. Jacobs Eng'g Inc.*, these two defendants will suffer no risk of injustice for the Plaintiff's case to be heard by an unconflicted tribunal ("[N]o risk of injustice exists to Jacobs by allowing a single manager to have her case heard by a conflict-free panel"), and since the Second Circuit's opinion was unpublished in this case, like in *Brown v. Jacobs Eng'g Inc.*, the likelihood is decreased that any other cases rely on it.

The undisclosed financial conflicts of Judges Raggi, Liman, and Aaron, combined with Defendants' procedural misconduct, constitute "exceptional circumstances" warranting relief

under Rule 60(b)(6). Correcting these violations will reinforce judicial integrity and prevent future injustices.

Plaintiff respectfully requests that this Court:

1. Deny Defendants' motion to strike Plaintiff's Reply.
2. Vacate conflicted rulings and mandate discovery.
3. Transfer this case to an impartial tribunal.
4. Alternatively, stay proceedings or permit Plaintiff to move to recall the appellate court's mandate and vacate the panel's opinion based on newly disclosed conflicts Judge Raggi labored under while on the panel in the instant case while on direct review.

**WHEREFORE,** Plaintiff prays for the above relief and any additional relief this Court deems just and proper.

Dated: January 28, 2025                                    Respectfully submitted,

                                                           s/ Jodi Rouviere

                                                           Jodi Rouviere

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy was provided via electronic mail this 28th day of January 2025 to:

**Paul E. Asfendis, Esq.**
Gibbons P.C.
One Pennsylvania Plaza | 37th Floor
New York, NY 10119-3701
PAsfendis@gibbonslaw.com

**Joe Eaton, Esq.**
**J.T. Larson, Esq.**
Barnes & Thornburg LLP
11 South Meridian Street,
Indianapolis, IN 46204
Joe.Eaton@btlaw.com
jt.larson@btlaw.com

                                                           s/ Jodi Rouviere
                                                           Jodi Rouviere

7

# EXHIBIT 1

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

John Ley
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

May 07, 2014

Sharon Harris
U.S. District Court
101 HOLMES AVE
HUNTSVILLE, AL 35801

Appeal Number: 10-10078-BB
Case Style: Shirley Brown v. Jacobs Engineering, Inc.
District Court Docket No: 5:07-cv-02119-CLS

The Clerk's Office has been directed to recall the mandate. The clerk of the district court is requested to return the opinion and judgment previously issued as mandate.

The Clerk has been further directed to vacate the Court's opinion issued October, 28, 2010 and to resubmit the appeal to another panel for determination on the merits. Any further actions in this appeal will be directed by that panel.

Sincerely,

JOHN LEY, Clerk of Court

Reply to: Brenda McConnell, Operations Manager
Phone #: (404) 335-6209

MDT-3 Letter to DC Recalling Mandate

# IN THE UNITED STATES COURT OF APPEALS

# FOR THE ELEVENTH CIRCUIT

---

No. 10-10078-BB

---

SHIRLEY BROWN,

                                                                        Plaintiff - Appellant,

versus

JACOBS ENGINEERING, INC.,

                                                                   Defendant - Appellee.

---

On Appeal from the United States District Court for the
Northern District of Alabama

---

ORDER:

Having considered the parties' responses to the Clerk's letter of March 31, 2014, and the circumstances prompting the Clerk's letter, I have determined that this appeal should be submitted to another panel for consideration and a determination on the merits.

As the sole remaining panel member,[1] I direct the Clerk to RECALL the mandate issued in this appeal and to VACATE the opinion issued on October 28,

---

[1] Judge Barkett is no longer a member of this Court, having retired on September 30, 2013, and Judge Hull has recused from this appeal.

2010. Once those actions are taken, the Clerk is DIRECTED to re-submit this appeal to another panel for determination on the merits. Any further actions in this appeal will be directed by that panel.

_____
UNITED STATES CIRCUIT JUDGE