UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JODI ROUVIERE and ANDRE ROUVIERE,<br><br>*Plaintiffs,*<br><br>v.<br><br>DEPUY ORTHOPAEDICS, INC. n/k/a MEDICAL DEVICE BUSINESS SERVICES, INC. and HOWMEDICA OSTEONICS CORPORATION d/b/a STRYKER ORTHOPAEDICS,<br><br>*Defendants.* | Case No. 18-cv-04814-GHW-GLS |

## NOTICE FOR RECORD CLARITY

Plaintiff Jodi Rouviere, proceeding pro se, respectfully submits this Notice solely for record clarity regarding the fee status of Plaintiff's appeal from ECF 396.

1. In connection with Plaintiff's appeal from ECF 396, the Court certified under 28 U.S.C. § 1915(a)(3) that an appeal would not be taken in good faith. (Ex. A at 1 (ECF 396 at 25).)
2. The appellate docket reflects that Plaintiff paid the required appellate filing and docketing fees and that those fees were received. (Ex. B at 1.)
3. Plaintiff's pending Rule 60(b)(6) motion seeks an integrity-based remedy under 28 U.S.C. § 455(a) and *Liljeberg,* directed to this Court's own orders entered during the disqualification period identified in ECF 396, and does not seek review, alteration, or reconsideration of any decision of the Court of Appeals. This Notice is submitted only to clarify that the § 1915(a)(3) certification did not prevent Plaintiff from paying the appellate fees reflected on the appellate docket, as shown in Exhibit B.

Dated: January 25, 2026

Miami, Florida

Respectfully submitted,

/s/ Jodi Rouviere
Jodi Rouviere
10950 S.W. 84th Ct.
Miami, FL 33156-3526
(305) 608-8076
Jodi.jtm@gmail.com
Appearing pro se

## **CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5 and the SDNY ECF and service rules, I certify that on January 25, 2026, I submitted the foregoing Notice for Record Clarity to the Clerk of Court for filing by electronic mail to the Southern District of New York Pro Se Intake Unit. I further certify that on January 25, 2026, a true and correct copy of the foregoing, including Exhibit A and Exhibit B, was served by electronic mail, consistent with the parties' agreement to accept service by email, upon:

Paul E. Asfendis
GIBBONS, P.C.
PAsfendis@gibbonslaw.com

Joseph G. Eaton
J.T. Larson
Barnes & Thornburg
Joe.Eaton@btlaw.com
jt.larson@btlaw.com

Dated: January 25, 2026
Miami, Florida

                                                                                              /s/ Jodi Rouviere
                                                                                              Jodi Rouviere
                                                                                              10950 S.W. 84th Ct.
                                                                                              Miami, FL 33156-3526
                                                                                              (305) 608-8076
                                                                                              Jodi.jtm@gmail.com
                                                                                              Pro se

# EXHIBIT A

Excerpt of ECF 396 (Opinion and Order dated June 12, 2025),
page 25 (CM/ECF header pagination).

militates in favor of vacatur.

For these reasons, the Court finds that vacatur of the Recused Judge's rulings is not warranted.

### C. An Evidentiary Hearing Is Not Warranted

An evidentiary hearing regarding Plaintiff's Rule 60(b) motion is not warranted because there are no material facts in dispute. As discussed, evidentiary hearings are generally only appropriate when there is a dispute of material fact. *Wells*, 2023 WL 3948628, at *5; *Saada*, 2021 WL 4824129, at *3. Here, the material facts that Plaintiff has proffered in support of her motion are not in dispute. Defendants do not dispute that the Magistrate Judge received annual payments from his former law firm, and they accept, at least for the purposes of this motion, that Johnson & Johnson was a "client and revenue driver" for the law firm. DePuy Memorandum at 16; Howmedica at 2. Defendants also do not dispute that the Circuit Judge's spouse worked at a law firm that represented Howmedica in a separate action, and that the Circuit Judge reported family income from that law firm. Sur-Reply at 4. And Defendants do not dispute that the Recused Judge violated Section 455(a) by not recusing himself from the Underlying Proceedings. Howmedica Memorandum at 2; DePuy Memorandum at 16. The Court has concluded that, on the basis of these undisputed facts, vacatur of the Magistrate Judge's and Recused Judge's rulings is unwarranted. Accordingly, there is no need for an evidentiary hearing on Plaintiff's motion. *See Wells*, 2023 WL 3948628, at *5; *Saada*, 2021 WL 4824129, at *3.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff's motions for vacatur and for an evidentiary hearing are DENIED. The Clerk of Court is directed to terminate the motions pending at Dkt. No. 364 and Dkt. No. 373.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would

# EXHIBIT B

SDNY docket entry excerpt reflecting payment and receipt of appellate fees.

| | | |
|---|---|---|
| Jun 17, 2025 | | Appeal Record Sent to USCA (Electronic File). Certified Indexed record on Appeal Electronic Files for 397 Notice of Appeal filed by Jodi Rouviere were transmitted to the U.S. Court of Appeals..(nd) |
| Jun 26, 2025 | | USCA Appeal Fees |
| Jun 26, 2025 | | USCA Appeal Fees received $ 605.00 receipt number 41035 on 6/26/2025 re: 397 Notice of Appeal filed by Jodi Rouviere..(nd) |