USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/19/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
:
JODI ROUVIERE,                                             :
                                                           :
                                 Plaintiff,   :        1:18-cv-4814-GHW
                                                           :
                  -v-                             :        <u>ORDER</u>
                                                           :
DEPUY ORTHOPAEDICS, INC., *et al.*,                        :
                                                           :
                                Defendants.    :
                                                           :
-----------------------------------------------------------X

GREGORY H. WOODS, United States District Judge:

        On January 23, 2026, Plaintiff Jodi Rouviere filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure. Dkt. No. 398 (the "Motion"). In the Motion, Ms. Rouviere requests the same relief requested in a prior Rule 60(b) motion—vacatur of orders issued by Judge Liman. Dkt. No. 364. The Court issued an opinion and order denying that requested relief on June 12, 2025. Dkt. No. 396 (the "June Opinion"). Ms. Rouviere appealed the June Opinion. And on December 18, 2025, the Second Circuit summarily affirmed the June Order, finding that the "appeal 'lacks an arguable basis either in law or in fact.'" Case 25-1542, Dkt Entry 53.1 (the "December Affirmance"); *see also* Dkt. No. 400.

        In her Motion, Ms. Rouviere requests "reconsideration or modification of the remedial determination in ECF 396 to the extent necessary to grant vacatur sought on the present record." Motion at 7. The change to the record since the date of the June Opinion that would merit reconsideration, in Ms. Rouviere's view, is the fact that the Second Circuit issued a ruling that her appeal of the June Opinion lacked an arguable basis in law or fact. *Id.* ("The issue presented is whether the mitigating weight ECF 396 assigned to prior appellate merits review remains equitable where the subsequent appeal from the Rule 60(b)(6) remedial order was terminated before merits

briefing . . . ."). Ms. Rouviere contends that because the Second Circuit denied her appeal of the June Opinion summarily, the Court should not have given weight to their prior ruling affirming summary judgment against her. To put it more bluntly, Ms. Rouviere argues that the Court should not trust the rulings of the Court of Appeals.

In the June Order, the Court explained the standard for the review of a motion brought under Rule 60(b)(6) by a *pro se* litigant. June Opinion at 9-10. The Court incorporates the legal standard for such a motion from the June Order here by reference.

Ms. Rouviere's Motion falls well short of the standard required to obtain relief under Rule 60(b)(6). She has asked the Court to reconsider the June Opinion because the Court of Appeals found that her appeal of it had no merit. The Second Circuit's summary affirmance of the June Order is not the kind of "highly convincing" evidence required to support a decision to change it.

Moreover, granting the request would not serve the ends of justice or preserve the finality of judgments. To the contrary, Ms. Rouviere's Motion is a transparent effort to permit her to appeal again the substance of an order that she has already appealed once. Ms. Rouviere's assertions that her Motion is not intended to "seek alteration of the Court of Appeals' disposition," Motion at 8, is not credible because the relief that she seeks is for the Court to change the outcome of the Court of Appeals' decision affirming the June Opinion. The Court does not believe that it should exercise its discretion to permit illimitable review.

In the alternative, Ms. Rouviere asks that the Court issue an indicative ruling that it would change its June Opinion upon remand. The Court denies that request. The Court will not change its ruling unless the Second Circuit tells it that it must. What Ms. Rouviere terms the "present record"—consisting of the record before the Court at the time of the June Opinion, plus the December Affirmance—does not support modification of the June Opinion.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and to terminate the motion pending at Dkt. No. 398.

SO ORDERED.

Dated: February 19, 2026
      New York, New York

_____
GREGORY H. WOODS
United States District Judge

3